Civil Action No. 05-1291 (PLF)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TIMOTHY D. LAURENT,<br>On behalf of himself and on behalf of all<br>others similarly situated,<br><br>    Plaintiff,<br> vs.<br><br>PRICEWATERHOUSECOOPERS LLP, et al,<br><br>    Defendants | )<br>)<br>)<br>)<br>) Civil Action No. 05-1291 (PLF)<br>)<br>) Judge Paul L. Friedman<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS' MOTION TO DISMISS THE
## FIRST AMENDED CLASS ACTION COMPLAINT

Defendants PricewaterhouseCoopers LLP ("PwC"), PricewaterhouseCoopers LLP Board of Partners and Principals, the Retirement Benefit Accumulation Plan for Employees of PricewaterhouseCoopers LLP ("RBAP"), the Savings Plan for Employees and Partners of PricewaterhouseCoopers LLP (the "401(k) Plan"), the Savings Plan for Employees of PricewaterhouseCoopers LLP, the Administrative Committee to the Retirement Benefit Accumulation Plan for Employees of PricewaterhouseCoopers LLP, the Administrative Committee to the Savings Plan for Employees and Partners of PricewaterhouseCoopers LLP, and the Administrative Committee to the Savings Plan for Employees of PricewaterhouseCoopers LLP (collectively the "served defendants") hereby jointly move this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(b)(1), to dismiss the First Amended Class Action Complaint ("Complaint") for failure to state a claim and lack of subject matter jurisdiction.[*] The

---

[*] Plaintiff filed his Complaint on June 28, 2005, and his Amended Complaint on July 5, 2005. Plaintiff's Complaint names 84 separate defendants. Plaintiff did not attempt to effect service on 76 of these defendants, but rather sent

(Continued…)

Civil Action No. 05-1291 (PLF)

served defendants specifically move pursuant to Rule 12(b)(6) to dismiss Counts One through Ten of the Complaint for failure to state a claim. The served defendants also move pursuant to Rule 12(b)(1) to dismiss Counts Ten and Eleven of the Complaint for lack of subject matter jurisdiction. In support of this motion, the served defendants state as follows:

1. Counts One through Nine of the Complaint should be dismissed as time-barred. Plaintiff's claims under each of these counts are governed by the District of Columbia's three-year statute of limitations for breach of contract actions. Plaintiff's claims accrued no later than May 20, 2002, the date on which plaintiff received his final lump sum payment of benefits from the RBAP and 401(k) Plan. Plaintiff's Complaint was filed on June 28, 2005, more than three years after this date, and therefore his claims under Counts One through Nine are barred by the statute of limitations.

2. If this Court reaches the merits of plaintiff's claims under Counts One through Nine, those counts should be dismissed for failure to state a claim. The claims under each count are defeated by clear statutory language as well as the IRS guidance and caselaw interpreting these provisions.

3. Counts One, Two, and Three all fail because the definition of normal retirement age in the RBAP complies with ERISA's unambiguous standard. Plaintiff's argument that the RBAP's normal retirement age is invalid and should be replaced by an age 65 normal retirement age is without legal support and is merely an attempt by him to rewrite the terms of the plan to create ERISA violations where none exist. Plaintiff's claim in Count One fails because his lump sum benefit payment included all to which he was entitled. The forward projections plaintiff

---

forms requesting that they waive service pursuant to Rule 4(d). The responsive pleading for those defendants who choose to waive service will be due, pursuant to Rule 4(d) and Rule 12(a)(1)(B), on or before September 6, 2005.

claims were necessary to calculate this payment are not required once a participant reaches normal retirement age, as plaintiff concedes he had done here under the terms of the RBAP. Plaintiff's age discrimination claims in Counts Two and Three cannot succeed because the RBAP's normal retirement age ensures that a participant's benefits are not decreased based upon age. These claims also fail because the "reductions" plaintiff complains of have nothing to do with age and do not violate ERISA.

    4.    Count Four should be dismissed because benefits under the RBAP are not unlawfully backloaded and the plan fully complies with ERISA's benefit accrual rules.

    5.    Count Five fails because plaintiff cannot state a claim under ERISA's forfeiture provision based on the theory his benefits were allegedly reduced when the funds he selected suffered negative investment returns because, as a matter of law, this does not constitute a forfeiture under ERISA.

    6.    Counts Six and Eight should be dismissed because the Internal Revenue Code regulations on which plaintiff's claims are based do not provide a basis for a private cause of action and are not incorporated into PwC's benefit plans.

    7.    Count Seven fails because plaintiff cannot state a "discrimination" claim based merely on allegations that partners were awarded greater benefits than employees under the PwC benefit plans. ERISA provides relief only if a plaintiff can show that he was specifically targeted as an individual for the purpose of interfering with his particular right to benefits. Plaintiff does not, and cannot, allege, that he was the victim of such conduct.

    8.    Count Nine should be dismissed because the RBAP does not prescribe any investment measures for determining additions to participants' accounts, and thus the RBAP was never amended when investment fund measures were added or deleted from the options provided

to participants. ERISA's anti-cutback rules are triggered only when there has been an amendment to the benefit plan.

9. Counts Ten and Eleven should both be dismissed because plaintiff, as a past participant in the RBAP and 401(k) Plan, lacks standing to assert these breach of fiduciary claims. Count Ten should also be dismissed for failure to state a claim because plaintiff's allegations do not support a claim for benefits under the plan or any form of equitable relief available to past participants.

10. In further support of this motion, the served defendants submit the accompanying Memorandum of Points and Authorities In Support Of Their Motion to Dismiss the First Amended Complaint and Appendix of Exhibits.

WHEREFORE, the served defendants move this Court for an order dismissing the Complaint with prejudice for failure to state a claim and lack of subject matter jurisdiction.

Dated: July 29, 2005

Respectfully submitted,

BY /S/ DAVID E. MENDELSON
David E. Mendelson (471863)
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C.   20005-5793
(202) 879-5000 (phone)
(202) 879-5200 (fax)
dmendelson@kirkland.com

Robert J. Kopecky
Douglas G. Smith
Jason W. Callen
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL   60601-6636
(312) 861-2000 (phone)
(312) 861-2200 (fax)

Civil Action No. 05-1291 (PLF)

*Counsel for defendants PricewaterhouseCoopers LLP, PricewaterhouseCoopers LLP Board of Partners and Principals, the Retirement Benefit Accumulation Plan for Employees of PricewaterhouseCoopers LLP, the Savings Plan for Employees and Partners of PricewaterhouseCoopers LLP, the Savings Plan for Employees of PricewaterhouseCoopers LLP, the Administrative Committee to the Retirement Benefit Accumulation Plan for Employees of PricewaterhouseCoopers LLP, the Administrative Committee to the Savings Plan for Employees and Partners of PricewaterhouseCoopers LLP, and the Administrative Committee to the Savings Plan for Employees of PricewaterhouseCoopers LLP*