# Ex. B

Civil Action No. 05-1291

(PLF)

INTERNAL REVENUE SERVICE                          DEPARTMENT OF THE TREASURY
P. O. BOX 2508
CINCINNATI, OH  45201

Date: MAR 2 2 2004          Employer Identification Number:
                              13-4008324
                            DLN:
                              17007178010032
PRICEWATERHOUSECOOPERS LLP  Person to Contact:
1301 AVENUE OF THE AMERICAS   JUANITA M FRERICH          ID# 75310
NEW YORK, NY  10019-6013    Contact Telephone Number:
                              (877) 829-5500
                            Plan Name:
                              RETIREMENT BENEFIT ACCUMULATION
                              PLAN FOR PWC LLP
                            Plan Number: 002

Dear Applicant:

     We have made a favorable determination on the plan identified above based
on the information you have supplied.  Please keep this letter, the application
forms submitted to request this letter and all correspondence with the Internal
Revenue Service regarding your application for a determination letter in your
permanent records.  You must retain this information to preserve your reliance
on this letter.

     Continued qualification of the plan under its present form will depend
on its effect in operation.  See section 1.401-1(b)(3) of the Income Tax
Regulations.  We will review the status of the plan in operation periodically.

     The enclosed Publication 794 explains the significance and the scope of
this favorable determination letter based on the determination requests
selected on your application forms.  Publication 794 describes the information
that must be retained to have reliance on this favorable determination letter.
The publication also provides examples of the effect of a plan's operation on
its qualified status and discusses the reporting requirements for qualified
plans.  Please read Publication 794.

     This letter relates only to the status of your plan under the Internal
Revenue Code.  It is not a determination regarding the effect of other federal
or local statutes.

     This determination is subject to your adoption of the proposed amendments
submitted in your letter dated February 27, 2004.  The proposed amendments
should be adopted on or before the date prescribed by the regulations under
Code section 401(b).

     This determination letter is applicable for the amendment(s) executed
on May 21, 2002.

     Issues arising from the amendment of a defined benefit plan's benefit
formula to convert that formula into a cash balance type benefit formula are
under study, and this determination letter does not express an opinion on any
of these issues.  A cash balance type formula generally defines a benefit for

                                        Letter  835 (DO/CG)

Ex. B
Civil Action No. 05-1291
(PLF)

-2-

PRICEWATERHOUSECOOPERS LLP

each employee by reference to a single-sum amount, such as 10 percent of final average pay times years of service, or the amount of the employee's hypothetical account balance.

This letter considers the changes in qualification requirements made by the Uruguay Round Agreements Act, Pub. L. 103-465, the Small Business Job Protection Act of 1996, Pub. L. 104-188, the Uniformed Services Employment and Reemployment Rights Act of 1994, Pub. L. 103-353, the Taxpayer Relief Act of 1997, Pub. L. 105-34, the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, and the Community Renewal Tax Relief Act of 2000, Pub. L. 106-554.

This letter may not be relied on with respect to whether the plan satisfies the requirements of section 401(a) of the Code, as amended by the Economic Growth and Tax Relief Reconciliation Act of 2001, Pub. L. 107-16.

The requirement for employee benefits plans to file summary plan descriptions (SPD) with the U.S. Department of Labor was eliminated effective August 5, 1997.  For more details, call 1-800-998-7542 for a free copy of the SPD card.

If you have questions concerning this matter, please contact the person whose name and telephone number are shown above.

Sincerely yours,


Paul T. Shultz
Director,
Employee Plans Rulings & Agreements

Enclosures:
Publication 794

# EXHIBIT 3

1997 Enrolled Actuaries Meeting

Questions to IRS/Treasury

and Summary of their Responses

March, 1997

Summary of Meeting Between the Enrolled Actuaries Program Committee
and Staff of the Treasury Department
and Internal Revenue Service on February 6, 1997

The following pages set forth the questions posed to Staff of the Treasury Department and the Internal Revenue Service at a meeting on February 6, 1997 with representatives of the Enrolled Actuaries Program Committee. Included also are summaries of the answers to those questions. The summary answers to the questions are intended to reflect as accurately as possible the statements made by the government representatives. However, this material does not represent the official position of the Treasury Department or the Internal Revenue Service or of any other governmental agency. Moreover, neither the Treasury nor the Service has in any way approved this booklet or reviewed it to determine whether the statements herein are accurate or complete.

The following representatives of the Enrolled Actuaries Program Committee attended the meeting:

> James G. Durfee, Towers Perrin
> Ethan E. Kra, William M. Mercer, Inc.
> Marjorie R. Martin, Sedgwick Noble Lowndes
> Donald J. Segal, The Segal Company
> Lawrence J. Sher, Coopers & Lybrand L.L.P. - Kwasha Lipton Group
> Amy Viener, A. Foster Higgins & Co., Inc.

The following representatives of the Treasury Department and the Internal Revenue Service attended the meeting:

> James E. Holland, Jr., Chief, Actuarial Branch 1, Internal Revenue Service
> Linda Marshall, Senior Attorney, Chief Counsel Branch 1, Internal Revenue Service
> Harlan M. Weller, Government Actuary, U.S. Department of Treasury
> Richard Wickersham, Chief, Projects Branch 3, Internal Revenue Service
> Ken Yednock, Chief, Projects Branch 1, Internal Revenue Service

The Program Committee would like to thank the many practitioners who submitted questions for this booklet.

Copyright © 1997, Enrolled Actuaries Meeting
All rights reserved by Enrolled Actuaries Meeting. Permission is granted to print or otherwise reproduce a limited number of copies of the material on the diskette for personal, internal, classroom, or other instructional use, on the condition that the foregoing copyright notice is used so as to give reasonable notice of the copyright of the Enrolled Actuaries Meeting. This consent for free limited copying without prior consent of the Enrolled Actuaries Meeting does not extend to making copies for general distribution, for advertising or promotional purposes, for inclusion in new collective works, or for sale or resale.

# INDEX

| **Subject Matter** | **Questions** |
|---|---|
| 1. Funding | 1-11 |
| 2. Funding Limits | 12-13 |
| 3. §415 | 14-17 |
| 4. Nondiscrimination - SBJPA | 18-26 |
| 5. Nondiscrimination - Other | 27-30 |
| 6. Minimum Distribution Requirements | 31-33 |
| 7. Other DB Issues | 34-38 |
| 8. Other DC Issues | 39-42 |
| 9. Other | 43-47 |

## QUESTION #35

### Other DB Issues: In-service Distributions and Normal Retirement Age

A qualified DB plan allows for in-service distributions at or after Normal Retirement Age (NRA).

    (a)  Are there any restrictions as to how NRA is defined under such a plan (other than the age 65/fifth anniversary of participation maximum)? For example, could it be age 50?

    (b)  Could the plan provide two different NRAs with respect to two distinct benefits under the plan?

## RESPONSE

(a)  There is no general rule providing a minimum NRA. Therefore, a normal retirement age of 50 is permissible.

(b)  No. The plan cannot have two different NRAs with respect to two distinct benefits.