# Ex. F

Civil Action No. 05-1291

(PLF)

**FILED**

JAN 26 1998

RALPH L. DeLOACH, CLERK
By _____ Deputy

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

Wichita, Kansas

January 15, 1998

RE: Stamper, et al. v. Total Petroleum Plan, et al.
    USDC No. 96-1418-WEB

RECEIPT

Received from RALPH L. DeLOACH, CLERK, and filed upon receipt, the Preliminary Record on Appeal of the U.S. District Court for the District of Kansas in the above referenced case, directed to the Clerk, U.S. Court of Appeals for the Tenth Circuit.

Dated:_____          PATRICK FISHER, CLERK


                                         By: _____
                                             Deputy Clerk


Please sign, date & return to:

Clerk, U.S. District Court
401 North Market, Room 204
Wichita, Kansas  67202

UNITED STATES DISTRICT COURT
OFFICE OF THE CLERK
DISTRICT OF KANSAS

RALPH L. DELOACH
CLERK
204 U.S. COURTHOUSE
401 N. MARKET
WICHITA, KANSAS 67202
(316) 269-6491

Wichita, KS
February 5, 1998

SHERYL L. LOESCH
CHIEF DEPUTY CLERK
259 U.S. COURTHOUSE
500 STATE AVENUE
KANSAS CITY, KANSAS 66101
(913) 551-6719

490 U.S. COURTHOUSE
444 S.E. QUINCY
TOPEKA, KANSAS 66683
(913) 295-2610

**FILED**

FEB 05 1998

RALPH L. DeLOACH, CLERK
By /s/ Deputy

Clerk, U.S. Court of Appeals
The Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257

Re: Stamper, et al. v. Total Petroleum Plan, et al.
    USDC No. 96-1418-WEB
    USCA No. 98-3013

Dear Clerk,

Please be advised that the record is complete for the purposes of appeal.

| | |
|---|---|
| _____ | The transcript was filed this date. |
| XX | A transcript is not necessary for this appeal. |
| _____ | The necessary transcript is all ready on file in the U.S. District Court. |
| _____ | The necessary transcript was ordered previously in appeal #_____. |

Sincerely,

RALPH L. DeLOACH, CLERK

By: /s/
    Deputy Clerk

cc: counsel

FILED
U.S. DISTRICT COURT
DISTRICT OF KANSAS

JUL 18  3 53 PM '97

RALPH L. DELOACH
CLERK
BY_____ DEPUTY
AT WICHITA, KS.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PAUL H. STAMPER, et al.,  )
    Plaintiffs,  )
    )
vs.  )  Civil Action No. 96-1418-WEB
    )
TOTAL PETROLEUM, INC. RETIREMENT  )
PLAN FOR HOURLY RATED EMPLOYEES  )
WITH THE BARGAINING UNIT  )
REPRESENTED BY LOCAL 642 OF THE  )
INTERNATIONAL UNION OF OPERATING  )
ENGINEERS, (AFL-CIO), et al.,  )
    Defendants.  )

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

COME NOW the Defendants, by and through counsel Jeffrey E. Goering and Lee Thompson of Triplett, Woolf & Garretson, LLC, and submit the following memorandum in support of Defendants' motion for summary judgment, which has been filed contemporaneously with this memorandum.

### NATURE OF THE CASE

This is a case brought pursuant to the Employee Retirement Income Security Act (ERISA). The Plaintiffs are all former employees of a refinery located in Arkansas City, Kansas, which is owned by the Defendant Total Petroleum, Inc. (hereafter "Total"). In the fall of 1996, the operations of the refinery shut down which resulted in the termination of the Plaintiffs' employment with Total. At that time, all Plaintiffs were vested participants in the Total Petroleum, Inc. Retirement Plan for Hourly-Rated Employees within the Bargaining Units

Represented by Local 642, International Union of Operating Engineers, AFL-CIO (hereafter "the Plan").

All Plaintiffs were fully vested under the Plan, and all were under the age of 55 at the time of their termination. The Plan classifies the Plaintiffs as "deferred vested participants." The Plan provides that deferred vested participants are entitled to receive their vested accrued benefit, commencing any time after attaining age 55, actuarially reduced to reflect the fact that benefits were commencing prior to their normal retirement age (i.e. age 65).

Plaintiffs, in this action, contend that they are entitled to receive either vested accrued benefits any time after age 55 with no actuarial reduction, or that they are entitled to receive benefits equal to those paid to early retirees under the plan (which results in a reduction, but less than an actuarial reduction).

As will be shown below, Plaintiffs' cause of action is unsupported by the facts or the law. Based upon the uncontroverted facts, Defendants are entitled to summary judgment as a matter of law.

## STATEMENT OF UNCONTROVERTED FACTS

1. On April 3, 1978, Total adopted the Plan by executing a document captioned Total Petroleum, Inc., Retirement Plan for Hourly-Rated Employees within the Bargaining Units Represented by Local 642, International Union of Operating Engineers, AFL-CIO, effective April 1, 1978 (hereafter "the 1978 Plan Document"). Plaintiffs' Complaint, ¶8; Affidavit of William R. Bettag and Attachment 1 thereto, attached hereto as Exhibit A; Stipulations, Pretrial Conference Order.

2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Answer was deposited in the United States mail, postage prepaid, on the 15th day of July, 1997, addressed to the following:

Mr. Marc Rifkind
Mr. Thomas J. Hart
SLEVIN & HART, P.C.
1625 Massachusetts Avenue, N.W.
Suite 450
Washington, D.C. 20036

Mr. Charles R. Schwartz
BLAKE & UHLIG
753 State Avenue, Suite 475
Kansas City, KS 66101

Attorneys for Plaintiffs

/101485

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PAUL H. STAMPER, et al.,   )
        Plaintiffs,   )
                              )
vs.   )   Case No. 96-1418-WEB
                              )
TOTAL PETROLEUM, INC.   )
RETIREMENT PLAN, et al.,   )
        Defendants.   )

## AFFIDAVIT OF WILLIAM R. BETTAG

I, William R. Bettag, of lawful age and after first being duly sworn on oath, to hereby state the following:

1.    I am employed by Total Petroleum, Inc. ("Total") as the employee benefits manager, and have been employed in this position since 1993.

2.    My job duties include the administration of the Total Petroleum, Inc. Retirement Plan for Hourly-Rated Employees within the Bargaining Units Represented by Local 642, International Union of Operating Engineers, AFL-CIO (the Plan), for the benefit of Total's employees at the Arkansas City, Kansas, refinery who met the eligibility requirements of the Plan. The Plan was established on April 3, 1978, effective April 1, 1978, by the execution of the document (the "1978 Plan") attached hereto as Attachment 1.

3.    Under the 1978 Plan, participants who were vested when they terminated their employment with Total Petroleum, Inc. prior to age 55 (hereafter "deferred vested participants"), were entitled to an unreduced pension commencing at age 65 equal to their vested accrued benefit determined at the time of termination of employment. After reaching the age of 55, such

deferred vested participants could elect to commence receiving their pension, except that under Section 6.04 of the 1978 Plan the amount of pension was required to be actuarially reduced to reflect such early payment.

4. Under the 1978 Plan, Total adopted the actuarial reduction tables applicable to payments to deferred vested participants under Section 6.04. A copy of such tables are attached hereto as Attachment 3. Such tables were based on an annual interest rate assumption of 5% and the Basic UP-1984 Mortality Table set forward one year. The tables and the actuarial assumptions upon which the tables were based were never changed.

5. On November 15, 1996, Total amended and restated the Plan effective January 1, 1989 by the execution of the document (the "1989 Plan") attached hereto as Attachment 2.

6. Section 10.10 of the 1989 Plan specified the actuarial reduction factors applicable to deferred vested participants. Those factors are the same factors as set forth in paragraph 4 above. These actuarial reduction factors have never been changed since their original adoption.

7. On January 27, 1997, the Internal Revenue Service issued a favorable determination letter for the 1989 Plan (Attachment 2). A copy of that determination letter is attached hereto as Attachment 4.

8. The 1978 Plan and the 1989 Plan are the only retirement plans adopted by Total Petroleum, Inc., for the benefit of Total Petroleum, Inc.'s hourly rated employees at the refinery in Arkansas City, Kansas. Total Petroleum, Inc., has never adopted any plan or plan amendments providing for anything other than the actuarial reduction of deferred vested benefits payable prior to age 65.

Further affiant sayeth naught.

Date: 7/7/97

_William R. Bettag_ (signature)
William R. Bettag

County of Denver          )
                          ) §§
State of Colorado         )

Subscribed and sworn to before me this 7th day of July, 1997.



_Yrene A. Nunez_ (signature)
Notary Public

My commission expires:

10-30-98

/101401

TOTAL PETROLEUM, INC.
RETIREMENT PLAN FOR HOURLY-RATED EMPLOYEES
WITHIN THE BARGAINING UNITS
REPRESENTED BY LOCAL 642,
INTERNATIONAL UNION OF OPERATING ENGINEERS, AFL-CIO

Effective January 1, 1989

(THO/3443)
(11/06/96)

## TABLE OF CONTENTS

|  |  |  | Page |
|---|---|---|---|
| ARTICLE 1 | PREAMBLES | | |
| Section | 1.01 | Establishment and Amendment of Plan.................... | 1 |
| Section | 1.02 | Applicable Law..................... | 2 |
| Section | 1.03 | Applicability of Plan............. | 2 |
| Section | 1.04 | Defined Terms..................... | 2 |
| ARTICLE 2 | ELIGIBILITY AND PARTICIPATION | | |
| Section | 2.01 | Eligibility....................... | 3 |
| Section | 2.02 | Participation..................... | 3 |
| ARTICLE 3 | SERVICE CREDITS | | |
| Section | 3.01 | Miscellaneous Service Definitions. | 4 |
| Section | 3.02 | Years of Service for Eligibility and Vesting...................... | 6 |
| Section | 3.03 | Years of Service for Benefits..... | 7 |
| Section | 3.04 | Break in Service Rules............ | 8 |
| ARTICLE 4 | RETIREMENT AND BENEFITS | | |
| Section | 4.01 | Accrued Benefit................... | 10 |
| Section | 4.02 | Normal Retirement................. | 11 |
| Section | 4.03 | Delayed Retirement................ | 11 |
| Section | 4.04 | Early Retirement.................. | 11 |
| Section | 4.05 | Disability Retirement............. | 12 |
| Section | 4.06 | Other Termination of Employment... | 12 |
| ARTICLE 5 | PAYMENT OPTIONS AND DEATH BENEFITS | | |
| Section | 5.01 | Payment of Retirement Benefits.... | 13 |
| Section | 5.02 | Payment of Death Benefits......... | 16 |
| Section | 5.03 | Beneficiary Designations.......... | 17 |
| Section | 5.04 | Cash-Out of Benefits.............. | 17 |
| Section | 5.05 | Direct Rollovers.................. | 18 |

|  |  | Page |
|---|---|---|
| ARTICLE 6 | FINANCING | |
| Section 6.01 | Retirement Fund | 19 |
| Section 6.02 | Company Contributions | 20 |
| Section 6.03 | No Employee Contributions | 22 |
| ARTICLE 7 | ADMINISTRATION | |
| Section 7.01 | Plan Administrator | 23 |
| Section 7.02 | Claims Procedure | 24 |
| Section 7.03 | Special Rulings | 26 |
| Section 7.04 | Allocation of Fiduciary Responsibilities | 26 |
| Section 7.05 | Authorization for Further Allocation of Fiduciary Responsibilities | 27 |
| Section 7.06 | Employment of Advisers | 27 |
| Section 7.07 | Delegation to Officers or Employees | 28 |
| Section 7.08 | Bonding | 28 |
| ARTICLE 8 | AMENDMENT, TERMINATION, AND MERGER | |
| Section 8.01 | Amendment | 28 |
| Section 8.02 | Termination | 29 |
| Section 8.03 | Merger | 31 |
| Section 8.04 | Notice | 31 |
| Section 8.05 | Predecessor and Successor Employers | 31 |
| ARTICLE 9 | SPECIAL RULES | |
| Section 9.01 | Limitation on Commencement and Form of Benefit Payments | 32 |
| Section 9.02 | Limitations on Amount of Benefit Payments | 35 |
| Section 9.03 | Benefits upon Reemployment | 40 |
| Section 9.04 | Adoption of Plan by Related Entities | 41 |
| Section 9.05 | Transfer Rules | 41 |
| Section 9.06 | Leased Employees | 42 |

Page

ARTICLE 10    MISCELLANEOUS PROVISIONS

| | | | |
|---|---|---|---|
| Section | 10.01 | Non-Alienation of Benefits...... | 44 |
| Section | 10.02 | Payments for the Benefit of a Payee........................ | 45 |
| Section | 10.03 | Location of Participants and Beneficiaries................. | 45 |
| Section | 10.04 | Forfeitures........................ | 46 |
| Section | 10.05 | Approval of Commissioner of Internal Revenue.............. | 46 |
| Section | 10.06 | Action by Company................. | 47 |
| Section | 10.07 | Company's Rights.................. | 47 |
| Section | 10.08 | Construction...................... | 47 |
| Section | 10.09 | Written Explanations and Notices. | 47 |
| Section | 10.10 | Actuarial Assumptions............. | 48 |
| Section | 10.11 | Compensation...................... | 48 |

ARTICLE 11    DEFINITIONS

| | | | |
|---|---|---|---|
| Section | 11.01 | Accrued Benefit................... | 49 |
| Section | 11.02 | Beneficiary....................... | 49 |
| Section | 11.03 | Break in Service.................. | 49 |
| Section | 11.04 | Code.............................. | 49 |
| Section | 11.05 | Company........................... | 49 |
| Section | 11.06 | Credited Service.................. | 49 |
| Section | 11.07 | Custodian......................... | 49 |
| Section | 11.08 | Deferred Vested Benefit........... | 49 |
| Section | 11.09 | Delayed Retirement Benefit/Date.. | 49 |
| Section | 11.10 | Early Retirement Benefit/Date.... | 49 |
| Section | 11.11 | Effective Date.................... | 49 |
| Section | 11.12 | Employee.......................... | 49 |
| Section | 11.13 | ERISA............................. | 49 |
| Section | 11.14 | 5-Percent Owner................... | 50 |
| Section | 11.15 | Fund.............................. | 50 |
| Section | 11.16 | Hour of Service................... | 50 |
| Section | 11.17 | Investment Manager................ | 50 |
| Section | 11.18 | Named Fiduciary................... | 50 |
| Section | 11.19 | Normal Retirement Age/Benefit/Date................ | 50 |
| Section | 11.20 | Participant....................... | 50 |
| Section | 11.21 | PBGC.............................. | 50 |
| Section | 11.22 | Plan.............................. | 50 |
| Section | 11.23 | Plan Administrator................ | 50 |
| Section | 11.24 | Plan Year......................... | 50 |
| Section | 11.25 | Trustee........................... | 51 |
| Section | 11.26 | Year of Service................... | 51 |

ARTICLE 1

PREAMBLES

This article traces a brief history of the Plan, describes the applicable law, and refers to the important definitions at the end of the Plan.

Section 1.01  Establishment and Amendment of Plan.

(a) Original Plan. Effective April 1, 1978, Total Petroleum, Inc. established the Total Petroleum, Inc. Retirement Plan for Hourly-Rated Employees within the Bargaining Units Represented by Local 642, International Union of Operating Engineers, AFL-CIO. Various amendments to the plan followed.

(b) Current Amended and Restated Plan. The original plan as so amended is hereby amended and restated effective January 1, 1989, except as provided by paragraph (c) below, and continues to be known as the Total Petroleum, Inc. Retirement Plan for Hourly-Rated Employees within the Bargaining Units Represented by Local 642, International Union of Operating Engineers, AFL-CIO, which is referred to hereinafter as the "Plan."

(c) Special Effective Dates. Notwithstanding any provision herein to the contrary, Plan provisions that reflect the requirements of the Tax Equity and Fiscal Responsibility Act of 1982, the Deficit Reduction Act of 1984 and the Retirement Equity Act of 1984 are effective for such Plan Years beginning after 1982 as are specifically provided in those statutes with respect to collectively bargained plans. With respect to all other provisions of the Plan, this amendment and restatement is generally effective January 1, 1989; provided, that the following provisions of the Plan will be considered effective and operative as otherwise indicated, in order to comply with the Tax Reform Act of 1986, subsequent legislation, and associated regulations:

| Section | Subject | Effective |
|---|---|---|
| 4.03 | Accruals after Normal Retirement Age | January 1, 1988 |
| 5.05 | Direct Rollovers | January 1, 1993 |
| 9.01 | Limitation on Commencement and Form of Benefits | January 1, 1987 |

| Section | Subject | Effective |
|---|---|---|
| 9.02 | Limitation on Amount of Benefits | January 1, 1987 |
| 9.06 | Leased Employees | January 1, 1987 |
| 10.11 | Compensation | January 1, 1994 |

Section 1.02 **Applicable Law**. The Plan is intended to qualify as a defined benefit pension plan under Section 401(a) of the Internal Revenue Code of 1986, as amended. In addition, it is intended that the Plan meet the applicable requirements of the Employee Retirement Income Security Act of 1974, as amended. Where not governed by these laws, by regulations promulgated under them, or by other federal laws, the Plan shall be administered and construed in accordance with Michigan law.

Section 1.03 **Applicability of Plan**. The provisions set forth herein apply only to Employees (and beneficiaries of such Employees) who are eligible to participate in the Plan in a Plan Year beginning after December 31, 1988. Any Employee who retired or whose employment with the Company terminated before January 1, 1989 (and any beneficiary of such Employee) shall have his rights determined under the provisions of this Plan as in effect at the time his employment terminated, except as otherwise provided in Section 1.01(c), elsewhere herein, or as required by law.

Section 1.04 **Defined Terms**. Throughout the Plan, various terms are used repeatedly, which terms have very specific and definite meanings when capitalized in the text. Such terms are collected and defined in Article 11. Wherever such capitalized terms appear, they shall have the meanings specified in that article.

## ARTICLE 2

## ELIGIBILITY AND PARTICIPATION

This article generally describes the requirements for eligibility to participate in the Plan and the rules for continuing participation. Also relevant to participation are the Break in Service rules in Article 3 and the reemployment and transfer rules in Article 9.

- 2 -