## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TIMOTHY D. LAURENT, )<br>On behalf of himself and on behalf of )<br>all others similarly situated, )<br> )<br>Plaintiff, )<br> )<br>vs. )<br> )<br>PRICEWATERHOUSECOOPERS LLP, et al., )<br> )<br>Defendants. )<br> )<br> ) | Civil Action No. 05-1291 (PLF)<br><br>Judge Paul L. Friedman |

### INDIVIDUAL DEFENDANTS'
### MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

Defendants Lawrence H. Anderson, John J. Barry, William L. Bax, Michael J. Boberschmidt, W. Keith Booth, David J. Breen, Willard W. Brittain, Jay Brodish, J. Frank Brown, Philip J. Clements, Ira Cohen, Marsha R. Cohen, Michael S. Collins, Brian L. Cornell, James E. Daley, G. William Dauphinais, Jonathan J. Davies, Sherry T. Davis, Samuel A. DiPiazza, Robert B. Dubner, John R. Dunleavy, J. Christopher Everett, Iris D. Goldfein, Robert H. Herz, Stephen D. Higgins, Roger C. Hindman, Craig M. Jacobsen, Eugene S. Katz, Scott W. Kaufman, Richard Kearns, Peter Kelly, Richard R. Kilgust, Wendy L. Kornreich, James P. Kovacs, Fredric L. Laughlin, D. Leon Leonhardt, Keith D. Levingston, Dennis J. Lubozynski, Ronald T. Maheu, Philip P. Mannino, Anthony F. Martin, James L. McDonald, Donald A. McGovern, James P. McNally, Nicholas G. Moore, Robert C. Morris, Jr., Dennis M. Nally, Donald T. Nicolaisen, Eldon Olson, Shaun F. O'Malley, Matthew O'Rourke, Gary Pell, Lawrence F. Portnoy, Walter G. Ricciardi, Louise A. Root, Denis J. Salamone, Robert M. Sarsany, Frank V. Scalia, James J. Schiro, Christine G. Snyder, Garrett L. Stauffer, George G.

Strong, Jr., Paul J. Sullivan, Robert P. Sullivan, Ann M. Thornburg, Randal S. Vallen, Francis J. Van Kirk, Peggy M. Vaughn, Gary W. Van Wagnen, Gerald M. Ward, Brett D. Yacker, George J. Yost III[1], (hereinafter "the Individual Defendants"), hereby join in the Motion to Dismiss filed by defendants on July 29, 2005, and jointly move this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(b)(1), to dismiss the First Amended Class Action Complaint ("Complaint"). In support of this motion, the served defendants state as follows:

1. Counts One through Eleven of the Complaint should be dismissed for all the reasons stated in the Memorandum in Support of the Motion to Dismiss filed by all other defendants on July 29, 2005.

2. In addition, Counts One through Nine of the Complaint should be dismissed for failure to state a claim against the Individual Defendants who are no longer affiliated with PricewaterhouseCoopers LLP and/or no longer serve in his or her alleged fiduciary roles.

3. In Counts One through Nine of the Complaint, plaintiff brings claims for benefits under Section 502(a)(1)(B) against all defendants, including the "separately and individually named" Individual Defendants who were either Trustees to the Plan or members of either the PwC Board of Partners and Principals ("Board") and/or the Administrative Committee. (*See* Cmplt. ¶¶ 26, 30, 36)

4. In his prayer for relief, plaintiff seeks injunctive relief against the Individual Defendants to implement alleged payments of benefits due from the plan entity. This type of prospective, injunctive relief cannot be performed by Individual Defendants who are "former"

---

[1] Plaintiff also names Individual Defendants Robert K. Waters, Thomas Chamberlain, Barry L. De Martini and Eric C. Ruliffson. (Cmplt. ¶¶ 26, 30) These individuals are deceased.

alleged fiduciaries that are either no longer employed by PwC or no longer serve in the capacities specified in the Complaint.

WHEREFORE, the Individual Defendants move this Court for an order dismissing the Complaint with prejudice for lack of standing and for failure to state a claim.

Dated: September 6, 2005               Respectfully submitted,


                                       BY  /S/ DAVID E. MENDELSON
                                       David E. Mendelson (471863)
                                       KIRKLAND & ELLIS LLP
                                       655 Fifteenth Street, N.W.
                                       Washington, D.C.  20005-5793
                                       (202) 879-5000 (phone)
                                       (202) 879-5200 (fax)
                                       dmendelson@kirkland.com

                                       Robert J. Kopecky
                                       Douglas G. Smith
                                       Jason W. Callen
                                       KIRKLAND & ELLIS LLP
                                       200 East Randolph Drive
                                       Chicago, IL  60601
                                       (312) 861-2000

                                       *Counsel for Lawrence H. Anderson, John J. Barry, William L. Bax, Michael J. Boberschmidt, W. Keith Booth, David J. Breen, Willard W. Brittain, Jay Brodish, J. Frank Brown, Philip J. Clements, Ira Cohen, Marsha R. Cohen, Michael S. Collins, Brian L. Cornell, James E. Daley, G. William Dauphinais, Jonathan J. Davies, Sherry T. Davis, Samuel A. DiPiazza, Robert B. Dubner, John R. Dunleavy, J. Christopher Everett, Iris D. Goldfein, Robert H. Herz, Stephen D. Higgins, Roger C. Hindman, Craig M. Jacobsen, Eugene S. Katz, Scott W. Kaufman, Richard Kearns, Peter Kelly, Richard R. Kilgust, Wendy L. Kornreich, James P. Kovacs, Fredric L. Laughlin, D. Leon Leonhardt, Keith D. Levingston, Dennis J. Lubozynski, Ronald T. Maheu, Philip P. Mannino, Anthony F. Martin, James L. McDonald, Donald A. McGovern, James P. McNally, Nicholas G. Moore, Robert C. Morris, Jr., Dennis M. Nally, Eldon Olson, Shaun F. O'Malley, Matthew O'Rourke, Gary Pell, Lawrence F. Portnoy, Louise A. Root, Denis J. Salamone, Robert M. Sarsany, Frank V. Scalia, James J. Schiro, Christine G.*

4

*Snyder, Garrett L. Stauffer, George G. Strong, Jr., Paul J. Sullivan, Robert P. Sullivan, Ann M. Thornburg, Randal S. Vallen, Francis J. Van Kirk, Peggy M. Vaughn, Gary W. Van Wagnen, Gerald M. Ward, Brett D. Yacker, George J. Yost III*

BY  /S/ PATRICK J. ATTRIDGE
Patrick James Attridge (357973)
KING & ATTRIDGE
The Anderson House
39 West Montgomery Avenue
Rockville, MD 20850
(301) 279-0780 (phone)
(301) 279-2988 (fax)

*Counsel for Walter G. Ricciardi and Donald T. Nicolaisen*

5

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TIMOTHY D. LAURENT, ) <br> On behalf of himself and on behalf of ) <br> all others similarly situated, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> PRICEWATERHOUSECOOPERS LLP, et al., ) <br> ) <br> Defendants. ) <br> ) <br> ) | Civil Action No. 05-1291 (PLF) <br><br> Judge Paul L. Friedman |

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF INDIVIDUAL DEFENDANTS' MOTION TO DISMISS
## THE FIRST AMENDED CLASS ACTION COMPLAINT

David E. Mendelson (471863)
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005-5793
(202) 879-5000 (phone)
(202) 879-5200 (fax)
dmendelson@kirkland.com

Robert J. Kopecky
Douglas G. Smith
Lauren O. Casazza
Jason W. Callen
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL 60601
(312) 861-2000

Counsel for Lawrence H. Anderson, John J. Barry, William L. Bax, Michael J. Boberschmidt, W. Keith Booth, David J. Breen, Willard W. Brittain, Jay Brodish, J. Frank Brown, Philip J. Clements, Ira Cohen, Marsha R. Cohen, Michael S. Collins, Brian L. Cornell,

Patrick James Attridge (357973)
KING & ATTRIDGE
The Anderson House
39 West Montgomery Avenue
Rockville, MD 20850
(301) 279-0780 (phone)
(301) 279-2988 (fax)

Counsel for Walter G. Ricciardi and
Donald T. Nicolaisen

James E. Daley, G. William Dauphinais, Jonathan J. Davies, Sherry T. Davis, Samuel A. DiPiazza, Robert B. Dubner, John R. Dunleavy, J. Christopher Everett, Iris D. Goldfein, Robert H. Herz, Stephen D. Higgins, Roger C. Hindman, Craig M. Jacobsen, Eugene S. Katz, Scott W. Kaufman, Richard Kearns, Peter Kelly, Richard R. Kilgust, Wendy L. Kornreich, James P. Kovacs, Fredric L. Laughlin, D. Leon Leonhardt, Keith D. Levingston, Dennis J. Lubozynski, Ronald T. Maheu, Philip P. Mannino, Anthony F. Martin, James L. McDonald, Donald A. McGovern, James P. McNally, Nicholas G. Moore, Robert C. Morris, Jr., Dennis M. Nally, Eldon Olson, Shaun F. O'Malley, Matthew O'Rourke, Gary Pell, Lawrence F. Portnoy, Louise A. Root, Denis J. Salamone, Robert M. Sarsany, Frank V. Scalia, James J. Schiro, Christine G. Snyder, Garrett L. Stauffer, George G. Strong, Jr., Paul J. Sullivan, Robert P. Sullivan, Ann M. Thornburg, Randal S. Vallen, Francis J. Van Kirk, Peggy M. Vaughn, Gary W. Van Wagnen, Gerald M. Ward, Brett D. Yacker, George J. Yost III

Dated:  September 6, 2005

## INTRODUCTION

The Individual Defendants[1] named in the First Amended Complaint ("the Complaint" or "Cmplt.") bring this motion to dismiss and hereby join in the motion to dismiss filed by all other defendants on July 29, 2005.  In addition to all the reasons set forth in that motion and accompanying memorandum, Counts One through Nine also fail to state a claim against the Individual Defendants who are no longer affiliated with PricewaterhouseCoopers LLP ("PwC") and/or no longer serve in his or her alleged fiduciary roles, because these Individual Defendants are not subject to any of the relief plaintiff seeks in these claims for benefits, which arise (if at all) under Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).

## STATEMENT OF FACTS

In addition to naming PwC, PwC's Board of Partners and Principals, the Retirement Benefit Accumulation Plan for Employees of PricewaterhouseCoopers LLP ("RBAP"), the Savings Plan for Employees and Partners of PricewaterhouseCoopers LLP (the "401(k) Plan"), the Savings Plan for Employees of PricewaterhouseCoopers LLP, and the Administrative Committee to each of these Plans, the Complaint names 76 additional Individual Defendants that plaintiff alleges are "current or former" fiduciaries to the Plans.  (Cmplt. ¶¶ 26, 30, 36)

Plaintiff asserts that these individuals served as fiduciaries in one of three capacities. First, plaintiff names all "current or former" members of the PwC Board of Partners and Principals. (Cmplt ¶ 26)  Second, plaintiff names all "current or former partners" who served as Administrative Committee members to all three Plans at issue in this case. (*Id.* ¶ 30)  Finally, plaintiff names the "partner-Trustees" that serve or served as a Trustee of each Plan. (*Id.* ¶ 36)

---

[1] The names of the Individual Defendants are listed in the Motion to Dismiss which accompanies this Memorandum.

Although the Complaint does not allege a time period for the Individual Defendants' service in one or more of these three different capacities, it appears that plaintiff seeks to bring claims against all persons alleged to have acted as fiduciaries from 1994 (the RBAP's effective date) through to the present. As plaintiff expressly recognizes by use of the term "former" to describe these Individual Defendants within the Complaint, many of the Individual Defendants named by plaintiff are no longer affiliated with PwC and/or no longer serve in the capacities named in the Complaint.[2]

## ARGUMENT

### I.  Each Count Fails To State A Claim Against The Individual Defendants.

Plaintiff brings eleven counts against the Individual Defendants, each of which should be dismissed pursuant to Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure. Counts One through Ten fail to state a claim, and Counts Ten and Eleven should be dismissed for lack of standing. As explained in the motion to dismiss filed by all other defendants, in which the Individual Defendants join, the grounds for dismissal can be summarized as follows:

- Counts One through Nine of the Complaint are time-barred. Plaintiff's claims under each of these counts are governed by the District of Columbia's three-year statute of limitations for breach of contract actions. Plaintiff's claims accrued no later than May 20, 2002, the date on which plaintiff received his final lump sum payment of benefits from the RBAP and the 401(k) Plan, and plaintiff's Complaint was filed on June 28, 2005, more than three years after this date.

---

[2] Four of these individuals are now deceased. These individuals are Robert K. Waters, Thomas Chamberlain, Barry L. De Martini and Eric C. Ruliffson. (*See* Cmplt. ¶¶ 26, 30)

2

- Counts One, Two and Three all fail because ERISA unambiguously provides plan sponsors the right to define "normal retirement age" in their plans. Plaintiff's argument that the RBAP's normal retirement age is invalid and should be replaced by an age 65 normal retirement age lacks legal support and is merely an attempt to rewrite the terms of the plan to create ERISA violations where none exist.

- Plaintiff's claim in Count One fails because his lump sum benefit payment included all to which he was entitled under the terms of the RBAP. The forward projections plaintiff claims were necessary to augment this payment are not required once a participant reaches normal retirement age under the terms of the RBAP, which plaintiff did before receiving his lump sum distribution.

- Plaintiff's age discrimination claims in Counts Two and Three fail because the allegations of the Complaint do not establish that benefits under the RBAP are decreased based upon age in violation of ERISA.

- Count Four fails to state a claim because benefits under the RBAP are not unlawfully backloaded, and the plan fully complies with ERISA's benefit accrual rules.

- Count Five fails to state a claim under ERISA's forfeiture provision based on the theory that plaintiff's benefits were allegedly reduced when the funds he selected as investment measures suffered negative investment returns because, as a matter of law, this does not constitute a forfeiture under ERISA.

- Counts Six and Eight should be dismissed because the Internal Revenue Code regulations on which plaintiff's claims are based, are not incorporated into PwC's benefit plans and do not provide a basis for a private cause of action under ERISA.

- Count Seven fails because plaintiff cannot state a "discrimination" claim based merely on allegations that partners were awarded greater benefits than employees under the PwC benefit plans. ERISA Section 510 provides relief only if a plaintiff can show that he was specifically targeted as an individual for the purpose of interfering with his particular right to benefits. Plaintiff has not alleged that he was the victim of such conduct.

- Count Nine should be dismissed because ERISA Section 204(g) applies only to plan amendments, and the RBAP was not amended when investment fund measures were added or deleted from the options provided to participants.

- Counts Ten and Eleven should both be dismissed because plaintiff, as a past participant in the RBAP and the 401(k) Plan, lacks standing to assert these breach of fiduciary claims. Count Ten should also be dismissed for failure to state a claim because plaintiff's allegations do not support a claim for benefits under the Plan or any form of equitable relief available to past participants.

Each of these arguments applies with equal force with respect to the Individual Defendants and thus these claims should be dismissed.

## II.     Counts One Through Nine Should Also Be Dismissed Against Those Individual Defendants Who Are "Former" Fiduciaries To The Plans.

In addition to all the reasons stated above and in the motion to dismiss and accompanying memorandum filed by all other defendants on July 29, 2005, Counts One through Nine should be dismissed against the Individual Defendants who are no longer affiliated with PwC and/or who no longer serve in the capacities alleged in the Complaint because these individuals cannot provide the prospective injunctive relief requested by plaintiff.

Counts One through Nine all claim that, as a result of alleged violations of ERISA, the Tax Code and the RBAP, the benefit that plaintiff received was less than what he would have

received had his benefit been calculated as required by ERISA and/or the Code. (*See* Cmplt. ¶¶ 132, 142, 151, 161, 169, 173, 179, 187, 195)  As such, each of these claims, seeking benefits, is brought under Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).  Plaintiff brings these claims against all defendants, including the "current and former" Individual Defendants who were either members of the PwC Board of Partners and Principals, the Administrative Committee, and/or served as Trustees to the Plan.  (*See* Cmplt. ¶¶ 26, 30, 36)

Although the D.C. Circuit has not yet addressed this issue, several courts of appeals, including those in the Second, Seventh and Ninth Circuits, have concluded that relief for these types of claims may generally be awarded only against the pension plan entity. *See, e.g.*, *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1490 (7th Cir. 1996); *Lee v. Burkhart*, 991 F.2d 1004, 1009 (2d Cir. 1993); *Gelardi v. Pertec Computer Corp.*, 761 F.2d 1323, 1324 (9th Cir. 1985).  In other words, because the relief sought is benefits payable by the plan, no other party can offer the monetary remedy sought through this type of claim.

Apparently recognizing that any alleged additional benefits owed to plaintiff and members of the purported class can ***only*** be paid from the plan entity itself, plaintiff's prayer for relief does not seek an order requiring the Individual Defendants to pay benefits to him or members of the purported class.  Thus, he seeks an order requiring "the Plans to pay" the additional benefits he claims are due.  (Cmplt. Prayer for Relief ¶ F).  With respect to the Individual Defendants, plaintiff prays for an "order requiring Defendants to re-calculate the contributions and benefit amounts due under the terms of the Plans in accordance with the requirements of ERISA."  (*Id.*)

Former fiduciaries are not properly sued under Counts One through Nine because the only relief plaintiff seeks from the Individual Defendants on these claims – and arguably the only

5

available relief a fiduciary could possibly provide under a claim brought pursuant to Section 502(a)(1)(B) – is prospective injunctive relief to "re-calculate" and implement a requested order requiring "the *Plans* to pay the difference." (*Id.*) (emphasis added). A "former" fiduciary who is no longer in the position articulated in the Complaint and/or is no longer employed or affiliated with PwC cannot provide this relief. For this reason, therefore, Counts One through Nine should be dismissed against all "former" alleged fiduciaries named as Individual Defendants.[3]

## CONCLUSION

For the reasons stated above, and those within the accompanying Motion to Dismiss, each count of plaintiff's complaint should be dismissed against the Individual Defendants, and, at a minimum, Counts One through Nine should be dismissed against the Individual Defendants who are no longer employed and/or serve in the alleged fiduciary capacities listed in the Complaint.

---

[3] Upon entry of such an order, defendants can promptly supply, via declarations, the names of such individuals in connection with a motion for summary judgment.

Dated: September 6, 2005    Respectfully submitted,

BY /S/ DAVID E. MENDELSON
David E. Mendelson (471863)
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005-5793
(202) 879-5000 (phone)
(202) 879-5200 (fax)
dmendelson@kirkland.com

Robert J. Kopecky
Douglas G. Smith
Jason W. Callen
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL 60601
(312) 861-2000

*Counsel for Lawrence H. Anderson, John J. Barry, William L. Bax, Michael J. Boberschmidt, W. Keith Booth, David J. Breen, Willard W. Brittain, Jay Brodish, J. Frank Brown, Philip J. Clements, Ira Cohen, Marsha R. Cohen, Michael S. Collins, Brian L. Cornell, James E. Daley, G. William Dauphinais, Jonathan J. Davies, Sherry T. Davis, Samuel A. DiPiazza, Robert B. Dubner, John R. Dunleavy, J. Christopher Everett, Iris D. Goldfein, Robert H. Herz, Stephen D. Higgins, Roger C. Hindman, Craig M. Jacobsen, Eugene S. Katz, Scott W. Kaufman, Richard Kearns, Peter Kelly, Richard R. Kilgust, Wendy L. Kornreich, James P. Kovacs, Fredric L. Laughlin, D. Leon Leonhardt, Keith D. Levingston, Dennis J. Lubozynski, Ronald T. Maheu, Philip P. Mannino, Anthony F. Martin, James L. McDonald, Donald A. McGovern, James P. McNally, Nicholas G. Moore, Robert C. Morris, Jr., Dennis M. Nally, Eldon Olson, Shaun F. O'Malley, Matthew O'Rourke, Gary Pell, Lawrence F. Portnoy, Louise A. Root, Denis J. Salamone, Robert M. Sarsany, Frank V. Scalia, James J. Schiro, Christine G.*

7

*Snyder, Garrett L. Stauffer, George G. Strong, Jr., Paul J. Sullivan, Robert P. Sullivan, Ann M. Thornburg, Randal S. Vallen, Francis J. Van Kirk, Peggy M. Vaughn, Gary W. Van Wagnen, Gerald M. Ward, Brett D. Yacker, George J. Yost III*

BY  /S/ PATRICK J. ATTRIDGE
Patrick James Attridge (357973)
KING & ATTRIDGE
The Anderson House
39 West Montgomery Avenue
Rockville, MD 20850
(301) 279-0780 (phone)
(301) 279-2988 (fax)

*Counsel for Walter G. Ricciardi and Donald T. Nicolaisen*

8