IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TIMOTHY D. LAURENT <br><br> On behalf of himself and all others similarly situated, <br><br> Plaintiff, <br> v. <br><br> PRICEWATERHOUSECOOPERS LLP, *et al.*, <br><br> Defendants. | Civil Action No.  05-1291 (PLF) |

**PLAINTIFF'S OPPOSITION
TO THE INDIVIDUAL DEFENDANTS' MOTION TO DISMISS
THE FIRST AMENDED CLASS ACTION COMPLAINT**

**INTRODUCTION**

In Doc. 21, the Individual Defendants join in the motion to dismiss the First Amended Class Action Complaint (the "Complaint") filed by Defendant PricewaterhouseCoopers LLP ("PwC" or the "Firm") and the other PwC-related entities (Doc. 9).  *See* Mtn. (Doc. 21) at 2; Mem. in Support of Mtn. ("Mem.") at 1-4.  Plaintiff opposes the Individual Defendants' motion for the same reasons Plaintiff opposes the PwC entity Defendants' motion to dismiss, set forth in Plaintiff's opposition (Doc. 20).  Plaintiff respectfully incorporates that opposition here by reference.

This filing addresses an additional ground for dismissal raised by a subset of two or more unnamed and otherwise unspecified Individual Defendants -- a subset of Individual Defendants that Plaintiff refers to here as the "Unnamed Subset."  These unspecified persons state that they are "either no longer employed by PwC *or* no longer serve in the capacities specified in the

Complaint" – *i.e.,* "either Trustees to the Plan or members of either the PwC Board of Partners and Principals ("Board") and/or the Administrative Committee."  Mtn. at 2 (emphasis added) (citing Complaint ¶¶ 26, 30, 36).[1]  The Unnamed Subset of Individual Defendants contend that this "fact" -- that they are "former[ly]" affiliated with the Plans -- means that they must be dismissed from the case because Plaintiff cannot obtain "prospective, injunctive relief" against them under Counts One through Nine even if they are deemed to have been Plan fiduciaries and each and every one of those Counts are otherwise sustained in all respects.  *Id.* at 2-3; Mem. at 1-2, 4-6.  They seek an order dismissing any "'former' fiduciary who is no longer in the position articulated in the Complaint and/or is no longer employed or affiliated with PwC."  Mem. at 6.[2]  In a footnote in their memorandum in support of their motion, these Defendants state:  "Upon entry of such an order, defendants can promptly supply, via declarations, the names of such individuals in connection with a motion for summary judgment."  Mem. at 6 n.3.

## ARGUMENT

The order of dismissal the Unnamed Subset of Individual Defendants seek would require the Court to enter an order providing that *if* there exists any person described in the manner they have variously described,[3] then that person is or those persons are entitled to dismissal with prejudice of Counts One through Nine.  The impermissibly advisory nature of requested opinion the Unnamed Subset of Individual Defendants seek is readily apparent.  Indeed, it seems readily apparent to these unnamed Defendants themselves:  they effectively concede that the order they

---

[1] Elsewhere Defendants describe themselves somewhat differently:  they are "no longer affiliated with PwC *and/or* no longer serve in the capacities named in the Complaint."  Mem. at 2 (emphasis added); *see also id.* at 4.

[2] Although the Individual Defendants (including the Unnamed Subset Defendants) attach a proposed order to their motion, it contains no provision for dismissal of the Unnamed Subset Defendants on the grounds asserted specially on their behalf:  the attached proposed order merely states in conclusory fashion that the Complaint is dismissed against all individual Defendants, as if the unspecified, unnamed Individual Defendants meeting one or more of the various descriptions provided for them in Doc. 21 had not separately asserted any additional grounds for dismissal.

[3] And who remains a Defendant following Plaintiff's voluntary dismissal of four deceased Individual Defendants (Doc. 27).

ask for will actually get them nowhere until there is a *second* round of motions (and briefing on those motions) under Rule 56.  Mem. at 6 n.3.  *That* is when they propose to reveal themselves and seek a second order that would get them removed from Counts One through Nine.  *Id.*  How a defendant can possibly move for summary judgment *after he has already been dismissed* is just one of many questions, Plaintiff respectfully submits, these unnamed Individual Defendants did not fully think through before filing their motion.

      The Unnamed Subset Defendants make no attempt to explain why, even if the Constitution (*i.e.,* Article III) would allow Defendants to proceed in such an unnecessarily duplicative fashion, it is sensible or fair for them to do so.  A Fed. R. Civ. P. 12(b)(6) motion is designed to test the Complaint, not test the waters.  If there are one or more Individual Defendants who believe he or she is entitled to entry of a summary judgment in his or her favor, they should identify themselves and attempt to establish that there exists no genuine issue as to whatever facts these Defendants consider material on the relief question presented under Counts One through Nine.  Even on their mistaken reading of the Complaint and the applicable law (discussed below), the Unnamed Subset Defendants would each have to prove that they are indeed persons against whom no form of relief will ever be available under any set of circumstances, *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957) – not merely that they are "former" this (*e.g.,* Trustee) or "former" that (*e.g.,* Administrative Committee member).[4]

      This, Plaintiff respectfully contends, is not possible taking the allegations of the Complaint as true and drawing all reasonable inferences in Plaintiff's favor.  For example, there is nothing in the three Plans' plan documents that states that no former partner may serve as a

---

[4] The suggestion in footnote 3 that in a follow-on summary judgment motion all these Defendants would have to do is "supply" their "*names,*" Mem. at 6 n.3 (emphasis added), is obviously wrong.  To the contrary, each Defendant would be required to establish as is their burden that they are not subject to any form of relief under any set of circumstances.

3

Trustee or Administrative Committee Member now or in the future; no former partner, former member of the Board of Partners and Principals and/or former Trustee may serve as an Administrative Committee member now or in the future; or no former partner, former member of the Board of Partners and Principals and/or former Administrative Committee member may serve as a Trustee now or in the future. Nothing in the Complaint states or implies that Plaintiff does not seek every form of relief available under the law against any named Defendant, including potential restrictions on the role a Defendant may play in the future with respect to any of the three ERISA plans at issue here. The Complaint says quite explicitly the contrary. *See* Complaint, Prayer for Relief, C.

Counts One through Nine are brought under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), which authorizes a civil action -

> by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan.

ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).[5]

Among the relief this provision authorizes against a fiduciary or former plan fiduciary that

---

[5] Without supporting citations or references, Defendants insist that Counts One through Nine are brought under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), and are mere "claim[s] for benefits." Mtn. at 2; Mem. at 5. But as Defendants know from the extensive briefing of these issues in the Southern District of Illinois in this case and the related Bank of America case in which PwC is also a defendant, Plaintiff would invoke ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) here (if at all) only after the Court indicates that the declaratory and equitable relief requested under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3) – which in this case is a necessary predicate to relief under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) – is to be granted. *See also, e.g.,* Compl. ¶ 16. For an informative discussion of the differences between and intersection of ERISA § 502(a)(1)(B) with ERISA § 502(a)(3), *see, e.g.,* Judge Posner's discussion in *May Dept. Stores Co. v. Federated Ins. Co.,* 305 F.3d 597 (7th Cir. 2002). (It would appear that Defendants' repeated insistence that Counts One through Nine are brought exclusively under ERISA § 502(a)(1)(B) is due to some belief on their part that if credited this might make the Court more amenable to watering-down the "clear repudiation" test as the standard for determining when Plaintiff's claims accrued and the statute of limitations began to run on the theory that the less egregious the violations the more "contract-like" they were and the greater the duty was on participants such as Plaintiff to discover them. Such a suggestion would be meritless. However, if the Court still has questions as to the validity of Defendants' statute of limitations defense after reading Plaintiff's opposition to the PwC entity Defendants' motion to dismiss, Plaintiff would respectfully request the opportunity to separately brief these questions or present oral argument on the matter).

is found to have participated or orchestrated serious violations of participants' rights under ERISA is an order enjoining the fiduciary or former fiduciary from doing so again in the future or barring such person from serving in such a capacity for a specified period of time or ever again.[6] Moreover, this type of relief is clearly sought in the Complaint. *See* Compl., Prayer for Relief, C-F. Given that there is indeed nothing preventing any of the Unnamed Subset Defendants from *resuming* their activities with respect to the Plans, Plaintiff has every interest in obtaining declaratory relief establishing that these Defendants participated in the violations of ERISA and the terms of the Plans alleged in Counts One through Nine,[7] and related injunctive relief prohibiting them from violating ERISA and the terms of the Plans in like manner in the future or barring them from serving as fiduciaries with respect to the Plans for some specified period of time or forever more.

---

[6] This type of relief is routinely available under the statute and has been repeatedly order under ERISA § 409, 29 U.S.C. § 1109 (via ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2)), which in language virtually identical to ERISA § 502(a)(3), authorizes "*equitable* or remedial relief *as the court may deem appropriate,*" ERISA § 409(a), 29 U.S.C. § 1109(a) (emphasis added). *See, e.g., Martin v. Feilen*, 965 F.2d 660 (8th Cir. 1992) (finding an abuse of discretion for district court not to issue injunction barring individuals from providing fiduciary or other services to ERISA plans); *Beck v. Levering*, 947 F.2d 639 (2d Cir. 1991) (upholding permanent injunction against principals of investment firm from ever serving as fiduciaries or service providers to ERISA plans); *Reich v. Lancaster,* 843 F. Supp. 194 (N.D. Tex. 1993) (permanent injunction against serving as a fiduciary or service provider), *aff'd*, 55 F.3d 1034 (5th Cir. 1995). *See also Harris Trust & Savings Bank v. Salomon Smith Barney Inc*., 530 U.S. 238, 246 (2000) (noting in case involving a non-fiduciary's liability under ERISA § 502(a)(3) that "§ 502(a)(3) admits of no limit . . . on the universe of possible defendants").

[7] Just as Defendants continue to ignore this case involves more than just the RBAP, Defendants also omit reference to the declaratory as well as injunctive relief Plaintiff seeks against all Defendants. *See* Compl., Prayer for Relief, C-F.

5

## **CONCLUSION**

Wherefore, for the foregoing reasons, such other reasons as Plaintiff sets forth in Doc. 20 and may have elsewhere adduced or may subsequently adduce, and/or for such other reasons as may appear to the Court, Plaintiff respectfully requests that the Court deny the instant motion.


September 19, 2005                              Respectfully submitted,


   /s/ Eli Gottesdiener
Eli Gottesdiener
**GOTTESDIENER LAW FIRM, PLLC**
1025 Connecticut Avenue, N.W.
Suite 1000
Washington, D.C.  20036
Phone: (202) 243-1000
Fax:    (202) 243-1001

Attorney for the Plaintiff and the proposed Class