UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TIMOTHY D. LAURENT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 05-1291 (PLF) |
| vs. | ) |
| | ) Judge Paul L. Friedman |
| PRICEWATERHOUSECOOPERS LLP, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**REPLY MEMORANDUM IN SUPPORT
OF INDIVIDUAL DEFENDANTS' MOTION TO DISMISS**

In their motion to dismiss, the Individual Defendants demonstrated that plaintiff fails to state a claim in Counts One through Nine against those Individual Defendants not alleged to be currently serving as fiduciaries of the PwC Plans at issue in this case (the "non-fiduciaries").[1] In each of these counts, plaintiff seeks to recover benefits he is allegedly due under the Plans and an order requiring the Individual Defendants to "re-calculate" contribution and benefit amounts under the terms of the Plans and ERISA (Cmplt. Prayer ¶F). As the Individual Defendants explained in their opening brief, and plaintiff does not dispute, ERISA does not authorize recovery of benefits directly from either present or former individual plan fiduciaries. Nor does plaintiff dispute that the order he requests compelling the Individual Defendants to recalculate benefit amounts cannot be directed toward an individual who is no longer affiliated with the Plans and therefore in no position to provide this relief. Instead,

---

[1] In their memorandum, the Individual Defendants joined in the arguments set forth by the entity defendants in their motion to dismiss filed on July 29, 2005. The Individual Defendants also join in the arguments set forth in the entity defendants' reply memorandum filed on September 16, 2005.

plaintiff raises two spurious arguments to avoid dismissal of these counts against the non-fiduciaries.

*First*, plaintiff complains of what he calls the "impermissibly advisory nature" of the order sought by the non-fiduciaries. (Pl. Mem. 2) Plaintiff contends, without any supporting authority, that it is inappropriate to enter an order dismissing claims against a category of defendants – here defendants alleged to be *former* Plan fiduciaries – on the ground that the claims against them are legally insufficient. Plaintiff also argues that this motion is improper because the relief requested would somehow be "duplicative" of further relief sought in a motion for summary judgment on behalf of the individuals not currently serving as fiduciaries. (Pl. Mem. 3) Neither of these procedural arguments provides any basis for denying the Individual Defendants' motion.

There is nothing "advisory" about the ruling the Individual Defendants seek. The Complaint asserts claims against numerous individuals who plaintiff claims are either "current or former" fiduciaries, in one or more capacities, of the PwC Plans at issue in this case. (*See*, *e.g.*, Cmplt. ¶¶ 26, 30) The Complaint does not differentiate between those individuals who are alleged to be currently acting as fiduciaries and those who are not.[2] The present motion seeks a ruling that Counts One through Nine fail to state a claim against any of the non-fiduciaries because those counts do not allege a basis for any equitable relief against them – the only form of relief available since plaintiff's claims for benefits are payable solely by the Plans. (*See* Def. Mem. 5-6) There is similarly nothing "duplicative" about this motion and the relief it seeks. If

---

[2] Plaintiff suggests there may be a question whether *any* of the Individual Defendants fall into the latter category. (*See* Pl. Mem. 2 (. . . "*if* there exists any person" in this category. . . .) (emphasis in original)) Plaintiff cannot seriously contend that all of the Individual Defendants are currently fiduciaries of the Plans. Indeed, plaintiff's counsel knows from discussions regarding service of process that numerous Individual Defendants are no longer affiliated with PwC including, for example, two defendants who are currently senior officials of the United States Securities and Exchange Commission.

the Court were to grant such an order, a motion for summary judgment seeking judgment for specific defendants would not need to relitigate this issue. Rather, such a motion would be limited to demonstrating, via declarations, those persons as to whom there is no triable issue of fact regarding their status as non-fiduciaries.

*Second*, there is no basis for plaintiff's argument that he has stated a claim for equitable relief against the non-fiduciaries in Counts One through Nine pursuant to ERISA § 502(a)(3).[3] Specifically, plaintiff has not stated a claim for an injunction barring the non-fiduciaries from serving as PwC Plan fiduciaries in the future. (Pl. Mem. 4-5) Plaintiff, who ceased working for PwC and participating in the Plans over three years ago, has no standing to seek prospective injunctive or other equitable relief against the non-fiduciaries because he no longer faces any threat of injury and would therefore obtain no relief from such an injunction. *See*, *e.g.*, *Impress Communications v. Unumprovident Corp.*, 335 F. Supp. 2d 1053, 1060 (C.D. Calif. 2003) (past participants cannot seek to enjoin defendants from making future misrepresentations because "they would obtain no relief from such an injunction and would thus have no standing to pursue it"). Plaintiff does not allege that he has any prospect of becoming a participant in the Plans again in the future, much less allege any basis for the hypothetical possibility that the non-fiduciaries will become fiduciaries of the Plans in the future.

Nor is there any basis for plaintiff's argument that he has stated a claim for an injunction barring the non-fiduciaries from ever serving in the future as a fiduciary of *any* ERISA plan. In each of the cases cited by plaintiff (Pl. Mem. 5 n.6), such draconian relief was

---

[3] Although his Complaint does not say so explicitly, plaintiff contends that Counts One through Nine "are brought under ERISA § 502(a)(3)" (Pl. Mem. 4), even though it is ERISA § 502(a)(1)(B) that authorizes recovery of benefits due under a plan. Plaintiff cites *May Dept. Stores Co. v. Federal Ins. Co.*, 305 F.3d 597 (7th Cir. 2002), to support his suggestion that these Counts therefore seek something other than benefits under the Plan. The decision in *May Dept. Stores*, however, does not support this contention. The Court there emphasized that it was "irrelevant" whether plaintiffs had sought relief under Section 502(a)(1)(B) or equitable relief under Section 502(a)(3) because either way, "[w]hat was being sought were benefits." *Id.* at 602.

granted only against fiduciaries who had been found to have looted employee benefit plans by engaging in egregious self-dealing with plan assets. In *Beck v. Levering*, 947 F.2d 639, 641 (2d Cir. 1991), defendants caused the plan to invest $30 million in companies in which they had an economic interest and/or from which they received fees or other consideration. In *Martin v. Feilen*, 965 F.2d 660, 663, 672 (8th Cir. 1992), defendants had engaged in numerous self-dealing transactions and "had repeatedly used their fiduciary control over the ESOP's assets to profit from self-dealing." And in *Reich v. Lancaster*, 843 F. Supp. 194, 204-05 (N.D. Tex. 1993), self-dealing fiduciaries had been paid over $500,000 in unreasonable commissions from a fund that had only $750,000 in assets. The Complaint here does not allege any comparable conduct by any of the Individual Defendants that could support such extraordinary relief.

## CONCLUSION

For the reasons stated above and in the Individual Defendants' opening memorandum, Counts One through Nine should be dismissed against the non-fiduciaries for the reasons stated therein. In addition, the entire Complaint against all the Individual Defendants should be dismissed for the reasons set forth in the entity defendants' separate motion to dismiss and memorandum filed on July 29, 2005 and their reply memorandum filed on September 16, 2005.

Dated:  September 29, 2005                    Respectfully submitted,

                                                    s/ David E. Mendelson
David E. Mendelson
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C.  20005-5793
(202) 879-5000 (phone)
(202) 879-5200 (fax)
dmendelson@kirkland.com

Robert J. Kopecky
Douglas G. Smith
Lauren O. Casazza
Jason W. Callen
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL  60601
(312) 861-2000 (phone)
(312) 861-2200 (fax)

*Counsel for Defendants Lawrence H. Anderson, John J. Barry, William L. Bax, Michael J. Boberschmidt, W. Keith Booth, David J. Breen, Willard W. Brittain, Jay Brodish, J. Frank Brown, Philip J. Clements, Ira Cohen, Marsha R. Cohen, Michael S. Collins, Brian L. Cornell , James E. Daley, G. William Dauphinais, Jonathan J. Davies, Sherry T. Davis, Samuel A. DiPiazza, Robert B. Dubner, John R. Dunleavy, J. Christopher Everett, Iris D. Goldfein, Robert H. Herz, Roger C. Hindman, Stephen D. Higgins, Craig M. Jacobsen, Eugene S. Katz, Scott W. Kaufman, Richard P. Kearns, Peter Kelly, Richard R. Kilgust, Wendy L. Kornreich, James P. Kovacs,Frederic L. Laughlin, D. Leon Leonhardt, Keith D. Levingston, Dennis J. Lubozynski, Ronald T. Maheu, Philip P. Mannino, Anthony F. Martin, James L. McDonald, Donald A. McGovern, James P. McNally, Nicholas G. Moore, Robert C. Morris, Jr., Dennis M. Nally, Eldon Olson, Shaun F. O'Malley, Matthew O'Rourke, Gary Pell, Lawrence F. Portnoy, Louise A. Root, Denis J. Salamone, Robert M. Sarsany, Frank V. Scalia, James J. Schiro, Christine G. Snyder, Garrett L. Stauffer, George G. Strong Jr., Paul J. Sullivan, Robert P. Sullivan, Ann M. Thornburg, Randell S. Vallen, Francis J. Van Kirk, Peggy M. Vaughn, Gary W. Van Wagnen, Gerald M. Ward, Brett D. Yacker, and George J. Yost III.*

                          s/ Patrick James Attridge
Patrick James Attridge (357973)
KING & ATTRIDGE
39 West Montgomery Avenue
Rockville, MD  20850
(301)-279-0780 (phone)
(301)-279-2988 (fax)

*Counsel for Defendants Donald T. Nicolaisen and Walter G. Ricciardi*