IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TIMOTHY D. LAURENT<br><br>On behalf of himself and on<br>behalf of all others similarly situated,<br><br>       Plaintiff,<br>  v.<br><br>PRICEWATERHOUSECOOPERS LLP, *et al.*<br><br>       Defendants. | Civil Action No. 05-1291 (PLF) |

[Proposed] ORDER CERTIFYING CLASS,
CERTIFYING ACTION AS CLASS ACTION
AND APPOINTING CLASS COUNSEL

Upon consideration of Plaintiff's Motion for Class Certification and Appointment of Class Counsel and Memorandum in Support, the Opposition filed by Defendants, the Plaintiff's Reply, and the entire record herein, the Court finds that Plaintiff has established that the prerequisites for class certification pursuant to Fed. R. Civ. P. 23(b)(1)(A), (b)(1)(B), and (b)(2) have been met and that Plaintiff's counsel should be appointed class counsel pursuant to Fed. R. Civ. P. 23(g).  This action should be certified as a class action because such an order will facilitate prosecution and resolution of the case, protect the Defendants (including the Defendant Plans) from inconsistent and differing rulings, protect absent Class members from an adjudication that will be as a practical matter dispositive of their interests without the procedural safeguards of Rule 23, and promote efficiency in the federal courts by precluding unnecessary duplicative proceedings in this District and elsewhere.

It is therefore hereby ORDERED, that Plaintiff's Motion is GRANTED.

The Court hereby finds as follows:

A.  The proposed Class is defined as:

All persons participating in the Retirement Benefit Accumulation Plan for Employees of PricewaterhouseCoopers LLP ("RBAP"), the Savings Plan for Employees and Partners of PricewaterhouseCoopers LLP (the "401(k) Plan") or the Savings Plan for Employees of PricewaterhouseCoopers LLP (the "Segregated 401(k) Plan") (collectively, the "Plans") at any time after June 30, 1994, and the beneficiaries and estates of such persons, who at any point became vested or may become vested in their benefits under one of those Plans; but excluding any Defendant and excluding any partner (or beneficiary thereof) who would be liable under any form of injunctive, declaratory or monetary order, relief or award that might result from the instant suit.

The Court finds that proposed Class is sufficiently well-defined for the Court to determine whether or not an individual is a member of the Class.

B.  In accordance with Fed. R. Civ. P. 23(a) and for the reasons set forth in Plaintiff's memorandum of points and authorities in support of their motion, the Court further finds that:

(1)  The Class is so numerous that joinder of all members is impracticable;

(2)  There are numerous questions of law and/or fact common to the Class pertaining to liability and relief;

(3)  The claims of Plaintiff Timothy D. Laurent are typical of the claims of the Class; and

(4)  Plaintiff Timothy D. Laurent will fairly and adequately protect the interests of the Class.

C.  The Court further finds, in accordance with Fed. R. Civ. P. 23(b)(1)(A) and for the reasons set forth in Plaintiff's memorandum of points and authorities in support of his motion, that the prosecution of separate actions by or against the individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members

of the Class that would establish incompatible standards of conduct for Defendants including the Defendant Plans.

      D.      The Court further finds in accordance with Fed. R. Civ. P. 23(b)(1)(B) and for the reasons set forth in Plaintiff's memorandum of points and authorities in support of his motion, that adjudications with respect to individual Class members would as a practical matter be dispositive of the interests of other members not parties to the adjudication or substantially impair or impede their ability to protect their interests.

      E.      The Court further finds in accordance with Fed. R. Civ. P. 23(b)(2) and for the reasons set forth in Plaintiff's memorandum of points and authorities in support of his motion, that Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole if Plaintiffs' claims are found to have merit. The Court finds that the request for monetary relief is incidental to the request for declaratory and injunctive relief and that the request for monetary relief does not predominate.

      F.      The Court certifies the Class and this action as a class action for all purposes of liability and relief under Fed. R. Civ. P. 23(b)(1)(A), 23(b)(1)(B), and 23(b)(2).

      G.      The Court certifies the Class with respect to all claims arising under First Amendment Class Action Complaint, all relief available and all defenses raised thereto.

      H.      In accordance with Fed. R. Civ. P. 23(g), the Court appoints Eli Gottesdiener, of the Gottesdiener Law Firm, PLLC as Class counsel.

      I.      This Order is without prejudice to any party's right to move this Court to alter, amend or decertify these classes or to raise issues concerning the classes; it is

**IT IS SO ORDERED.**

DATED this \_\_\_\_ day of _____, 2005.

_____
Paul L. Friedman
United States District Court Judge