IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TIMOTHY D. LAURENT** | : |
| | : |
| On behalf of himself and on behalf of all others similarly situated, | : |
| | : |
| Plaintiff, | : Civil Action No. 05-1291 (PLF) |
| v. | : |
| | : |
| **PRICEWATERHOUSECOOPERS LLP**, *et al.* | : |
| | : |
| Defendants. | : |

## ERRATA

Attached hereto is a corrected copy of page 1 of Plaintiff's Memorandum of Points and Authorities in Support of His Motion for Partial Summary Judgment Under Counts One Through Four of the First Amended Class Action Complaint, Doc. 13, filed August 11, 2005.

                                              Respectfully submitted,

                                              _____/s/ Eli Gottesdiener_____
                                              Eli Gottesdiener

                                              **GOTTESDIENER LAW FIRM, PLLC**
                                              1025 Connecticut Avenue, N.W., Suite 1000
                                              Washington, D.C.  20036
                                              Phone: (202) 243-1000
                                              Fax:    (202) 243-1001

October 11, 2005                            Attorney for Plaintiff and the proposed Class

**INTRODUCTION**

The First Amended Class Action Complaint (Doc. 3) (hereinafter "Complaint" or "Compl.") challenges the legality under ERISA[1] of the design and operation of three ERISA-governed employee benefit plans (the "Plans") – one defined benefit "cash balance" pension plans and two defined contribution savings plans – sponsored by Defendant PricewaterhouseCoopers LLP ("PwC" or the "Firm").  This motion seeks a declaration in Plaintiff's favor on a question of law concerning the cash balance pension plan, the Retirement Benefit Accumulation Plan ("RBAP" or the "Plan"), which expressly states and PwC agrees is a "defined benefit" pension plan.  That question is:  **Is the "normal retirement age" of employees covered by the Plan the date each employee completes 5 years of employment with the Firm, merely because PwC _says_ it is** – even if this allows PwC to avoid complying with several key provisions of ERISA and the Internal Revenue Code?

The Court's ruling on this question may be the single most important decision it makes in this case.  An early ruling promises to significantly streamline the remainder of the case – dramatically so, if decided in Plaintiff's favor.[2]  A ruling for Plaintiff would almost inevitably lead to the restoration of tens of millions of dollars of retirement benefits owed now and in the future to thousands of PwC employees and former employees.

\*   \*   \*

ERISA-governed retirement plans come in only two basic varieties:  a plan is either a "defined contribution" plan or a "defined benefit" plan.  A *defined contribution* plan is a plan that provides for an individual account for each participant and calculates benefits for each participant

---

[1] The Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq*.

[2] If decided in Plaintiff's favor, the RBAP's liability under Counts One (improper lump sum calculations; forfeiture of vested benefits) is all but inevitable.  As to Counts Two and Three (age discrimination) and Count Four (excessive backloading), although PwC does advance arguments for why the Plan might still avoid liability, Plaintiff submits and shows separately in his forthcoming opposition to PwC's motion to dismiss (Doc. 9) that its contentions lack merit.  As to Count Five, Plaintiff also notes that if normal retirement age is age 65 and not 5 years of service, an aspect of that count will have been mooted.