IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TIMOTHY D. LAURENT** : | |
| : | |
| **On behalf of himself and on** : | |
| **behalf of all others similarly situated,** : | |
| : | Civil Action No.  05-1291 (PLF) |
| : | |
| **Plaintiff,** : | |
| v. : | |
| : | |
| **PRICEWATERHOUSECOOPERS LLP,** *et al.*, : | |
| : | |
| **Defendants** : | |
| : | |

**[PROPOSED] ORDER**

Upon consideration of Plaintiff's Motion for Partial Summary Judgment Under Counts One through Four of the First Amended Class Action Complaint, the Defendants' Response thereto, Plaintiff's Reply and the entire record herein, it is hereby ORDERED that Plaintiff's Motion is GRANTED.

The issue before the Court concerns the validity of the Normal Retirement Age of 5 years of service set forth in § 2.32 of the PricewaterhouseCoopers, LLP ("PwC") Retirement Benefit Accumulation Plan (the "RBAP").  Plaintiff argues that the 5th anniversary of an RBAP participant's date of hire is not a "normal retirement age" within the meaning of ERISA § 3(24), 29 U.S.C. § 1002(24).  The PwC Defendants argue that "normal retirement age" means whatever age or date the terms of the RBAP says it means.

The terms of the Plan are not in dispute.  Nor is there a genuine dispute as to whether PwC employees normally retire after only 5 years of work – they obviously do not.  The Court agrees with Plaintiff that there are no other material facts to consider.

The Court finds that Plaintiff is entitled to a judgment and declaration as a matter of law that 5 years of service is not a valid normal retirement age under ERISA.

The RBAP 5-year "retirement age" fails any plain meaning reading of ERISA § 3(24), 29 U.S.C. § 1002(24).  The statute is unambiguous:  although the sponsor is entitled to designate the normal retirement age for the plan, it must be a "normal" retirement age.  The 5-year retirement age used in the RBAP is not "normal."  While 5 years of work may be a normal retirement age for an NFL running back, it is not for accountants, consultants and other office workers.

Even if the Court were to find the statute ambiguous in this regard, the Court finds compelling support for Plaintiff's reading of the statute based other provisions of ERISA. An arbitrary or fictitious 5-year retirement age such as that contained in the RBAP could not have been intended by Congress.  Evidence for that is found in the fact that such an age would render ERISA's backloading provisions, central to ERISA's participant protections, mere surplusage.  A 5-year retirement age also would allow employees to draw down their pensions while still working, which would be inconsistent with the very nature of a qualified pension plan as a retirement plan.

The legislative history also forecloses the free-for-all reading PwC espouses.  That history shows that there was a general understanding of what "normal retirement age" meant when Congress enacted ERISA in 1974, consistent with its plain meaning.  Congress was familiar with the IRS's long-standing definition of the phrase as set forth in a series of Compendium rulings, including one on which Congress explicitly relied when drafting ERISA. These understandings and definitions do not allow for use of a fictitious normal retirement age that would make compliance with ERISA's provisions effectively optional.

Accordingly, the Court concludes that ERISA does not give a plan sponsor the right to select *any* age as the retirement age under a pension plan, but only a "*normal* retirement age." The Court holds that the "Normal Retirement Age" under § 2.32 of the RBAP, defined as 5 years of work regardless of age, is therefore invalid as a purported "normal retirement age" within the meaning of ERISA § 3(24), 29 U.S.C. § 1002(24).

A legitimate normal retirement age must be given recognition. Here, that would be age 65, the ERISA statutory default normal retirement age. Age 65 also is consistent with the Plan's alternative definition under RBAP § 2.32 ("age 65"), the age stated as the Plan's normal retirement age in numerous Summary Plan Descriptions, and with the undisputed evidence as to the age at which PwC employees in fact normally retire.

It is therefore the judgment of this Court that, since the RBAP's inception, the true "normal retirement age" per ERISA § 3(24), 29 U.S.C. § 1002(24) was and is age 65. In light of the Court's ruling, the parties are ordered to confer and submit a joint report suggesting proposed changes to the existing scheduling order.

_____
Paul L. Friedman
United States District Judge