IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TIMOTHY D. LAURENT**, *et al.* : | |
| : | |
| **On behalf of himself and on** : | |
| **behalf of all others similarly situated,** : | |
| : | |
| Plaintiff, : | Civil Action No. 05-1291 (PLF) |
| v. : | |
| : | |
| **PRICEWATERHOUSECOOPERS LLP**, *et al.* : | |
| : | |
| Defendants. : | |

### PARTIES' JOINT RULE 16.3(d) REPORT

Pursuant to Fed. R. Civ. P. 26(f) and Local Rules 16.3(d) and 26.2, the parties hereby submit this report which outlines their Rule 26(f) discovery plan, provides a succinct statement of the parties' agreements and disagreements as to the fourteen (14) matters set forth in Local Rule 16.3(c). The parties are submitting separate proposed Scheduling Orders that reflect their disagreement regarding the scope of discovery pending rulings on Defendants' motions to dismiss.

**1.    Case Resolution Via Dispositive Motions.**

The parties believe this case can be resolved via dispositive motions. Plaintiff believes that the case can be resolved on motions for summary judgment. Defendants believe the Complaint should be dismissed in its entirety pursuant to Rules 12(b)(1) and 12(b)(6).

There are three dispositive motions already on file: (1) Defendants' motion to dismiss (Doc. 9); (2) the Individual Defendants' motion to dismiss (Doc. 21); and (3) Plaintiff's motion

for partial summary judgment under Counts One through Four (Docs. 12-14).  Briefing on all three motions is now complete.

> 2. **Joinder of Other Parties/Amendment of the Pleadings/Narrowing of Issues**

The parties believe joinder of other parties should be governed by the Federal Rules of Civil Procedure.

Plaintiff believes that the parties should be permitted to amend their pleadings without leave of Court once up to 30 days following fact discovery.[1]  Defendant believes that amendments should be governed by the Federal Rules.

The parties are not currently able to agree or narrow the factual and legal issues involved.

> 3. **Assignment to a Magistrate Judge**

The parties do not wish the case assigned to a Magistrate Judge other than for the resolution of discovery disputes.

> 4. **Whether There is a Realistic Possibility of Settlement.**

The parties do not believe there is a realistic possibility of settlement, at least at this time.

> 5. **Whether the Case Could Benefit from ADR.**

The parties do not believe the case could benefit from ADR at this time.

> 6. **Dispositive Motions.**

The parties agree that the deadline for filing dispositive motions should be 45 days after the date for completion of all discovery.  The schedule for decision on dispositive motions, and any hearings thereon, should be as set by the Court.

The parties also agree that oppositions should be due 30 days from the date that the dispositive motion is filed, with replies, if any, due 21 days from the date the opposition is filed.

---

[1] Plaintiff notes that he used his one amendment as a matter of course solely to correct the inadvertent omission of his address from the caption of the original Complaint.

The due date for oppositions to summary judgment motions where a party has filed a Rule 56(f) affidavit should be modified on a case-by-case basis.

### 7. Rule 26(a)(1) Initial Disclosures.

The parties believe that the initial disclosures required by Rule 26(a)(1) are not necessary in this case.

### 8. Discovery Matters.

#### A. Commencement of Discovery.

The parties have commenced discovery as to Plaintiff's class certification motion (Doc. 32). Plaintiff has voluntarily produced documents, a November 3, 2005 deposition date for the taking of Plaintiff's deposition has been agreed upon, and Defendants have propounded formal written discovery. However, the parties do not agree on whether merits discovery should proceed pending a ruling on Defendants' motions to dismiss.

Plaintiff does not believe that class and merits discovery should be bifurcated as Defendants propose. Plaintiff notes that the Federal and Local Rules make no such distinction, even when Rule 12(b) motions have been filed and the defense contends they are case-dispositive. Plaintiff contends that in this case such a distinction would be inefficient, artificial and likely to generate discovery disputes over line-drawing. Plaintiff submits that it is apparent that (1) all or most of the Complaint will survive the pending motions to dismiss and, as set forth in Plaintiff's pending summary judgment motion, that the RBAP's 5 years of service "normal retirement age" is an invalid attempt to evade ERISA's defined benefit plan standards, and (2) this action is substantially similar to numerous other ERISA actions in which class certification has been found to be appropriate. If the Court were to permit discovery to commence generally (*i.e.,* without regard to the bifurcation of "class" and "merits" discovery that Defendants

propose), Plaintiff would confine his initial discovery requests to "core" matters pertaining to the design and operation of the Plans.

Defendants believe that only class discovery should go forward at this time. Defendants believe that merits discovery should not proceed until the Court resolves Defendants' pending motions to dismiss the eleven-count Complaint in its entirety. Local Rule 16.3(c)(1) specifically states that if a dispositive motion has been filed, the parties may "recommend to the Court that discovery or other matters should await a decision on the motion." *See* L.R. 16.3(c)(1). Defendants have moved pursuant to Rule 12(b)(6) to dismiss Counts One through Nine as barred by the applicable statute of limitations. Defendants have also moved to dismiss Counts One through Ten for failure to state a claim. Finally, Defendants have moved pursuant to Rule 12(b)(1) to dismiss Counts Ten and Eleven of the Complaint for lack of subject matter jurisdiction. Defendants believe that it would be more efficient, and less likely to waste the parties' resources, to defer merits discovery until the Court rules on Defendants' motions to dismiss. Defendants do not believe any of Plaintiff's claims can survive these motions.

   **B.**  **Extent of Discovery.**

Plaintiff believes the following subjects, among others, are appropriate for discovery:

- Materials that will support Plaintiff's contention that the legal issues at stake in the case relate to the unlawful design of the Plans rather than the individual characteristics of Plaintiff or any other member of the proposed class. Examples include the following items:

- History and design of the three ERISA-governed plans (the "Plans") at issue, including history of the 5 year normal retirement age and the cash balance plan's participant-directed "investment" feature;

- Benefit projections performed for various purposes under the Plans, *e.g.*, for income discrimination testing purposes, funding, accounting; etc.;

- Presentation and marketing of similar plans or plan designs to PwC clients;

- Communications with other plan sponsors or consultants, the media, executive and legislative branch officials (including independent agencies) concerning the Plans or the plans of other companies with similar plan designs or cash balance plan legislation, policy, and/or rules and regulations and internal materials (including internal education and marketing materials) relating to same;

- Internal technical analyses and/or risk assessments pertaining to any of the plan designs or design features at issue here;

- Board, Administrative Committee and Trustee meeting minutes and related materials relative to the Plans;

- Documents, computer data, calculations, descriptions, and other information, data and materials regarding numerosity of potential class members and necessary to calculate damages/harm/loss/lost investment opportunity/ill-gotten gains.

As noted, if the Court were to permit discovery to commence generally, Plaintiff would not seek discovery on all such topics until the Court has ruled on the motions to dismiss. Plaintiff submits that the fact that the parties will or may disagree as to the proper scope of discovery is not a reason for Defendants to refuse to begin production of basic Plan-related documents and information now.

Defendants disagree with the scope of discovery set forth by Plaintiff and believe that the topics set forth by Plaintiff are overbroad even if the entire Complaint were to survive Defendants' motions to dismiss. As set forth above, Defendants believe that the Complaint should be dismissed in its entirety and accordingly no merits discovery will be needed or appropriate. Defendants believe that the proper scope of merits discovery (if any) should be determined after the Court has resolved the pending motions to dismiss and determined what, if any, claims remain in the case.

5

   **C.** **How Long Discovery Should Take.**

Plaintiff believes that fact discovery should commence now and that all fact discovery should be completed within six (6) months from the entry of a scheduling order, with additional time added equal to the time that any Motion to Compel is fully briefed and pending before the Court.

Defendants believe that discovery regarding class certification should be completed by November 15, 2005. Under Defendants' proposal, merits discovery (if any) would begin only after the Court resolved Defendants' motions to dismiss. Depending on the timing of the Court's resolution of those motions, Defendants expect that merits discovery, if any, could be completed within seven months of the Court's ruling on the motions to dismiss.

   **D.** **Limits on Discovery.**

The parties do not currently see the need for any limits on discovery other than what is contained in the Federal Rules of Civil Procedure and the Local Rules. Plaintiff believes this issue should be revisited once the Court has had the opportunity to issue rulings on the pending motions to dismiss, for summary judgment and class certification.

   **E.** **Protective Order.**

The parties agree that a protective order regarding participants' identities and benefit calculations may be appropriate.

   **F.** **Dates for completion of discovery.**

See 8.C., above.

   **9.** **Experts.**

The parties propose the following schedules for designation of expert witnesses:

(a)         Plaintiff proposes that he will designate his experts and make the required Fed. R. Civ. P. 26(a)(2) disclosures no later than 30 days after completion of fact discovery and that similarly Defendants designate their experts and make the required Fed. R. Civ. P. 26(a)(2) disclosures no later than 30 days after receipt of Plaintiff's designations and disclosures.

(b)         Defendants propose that their expert disclosures be due 45 days after receipt of Plaintiff's designations and disclosures in order to allow Defendants the opportunity to depose Plaintiff's experts and determine which experts they will need to use in order to respond to the opinions tendered by Plaintiff's experts.

(c)         Plaintiff proposes that if the Court were to give Defendants 45 days instead of 30 days, Plaintiff should also have 45 days after the completion of fact discovery to designate experts but respectfully submits that 30 days is adequate for both sides.

(d)         Plaintiff wishes to identify rebuttal experts and make the required Fed. R. Civ. P. 26(a)(2) disclosures within 21 days of the receipt of Defendants' designations and required disclosures; Defendants do not believe the Scheduling Order should provide for rebuttal experts as a matter of course.

(e)         The parties agree that they will make their experts (along with any person not previously deposed upon whom any expert relies for his or her opinion) available for deposition within 30 days of the designations and disclosures pertaining to that expert.

**10.    <u>Motion for Class Certification</u>.**

Plaintiff filed his motion for class certification on October 5, 2005 (Doc. 32), proposing that the Court certify the following class:

> All persons participating in the Retirement Benefit Accumulation Plan for Employees of PricewaterhouseCoopers LLP ("RBAP"), the Savings Plan for Employees and Partners of PricewaterhouseCoopers LLP (the "401(k) Plan") or the Savings Plan for Employees of PricewaterhouseCoopers LLP (the "Segregated 401(k) Plan") (collectively, the "Plans") at any time after June 30, 1994, and the beneficiaries and estates of such persons, who at any point became vested or may become vested in their benefits under one of those Plans; but excluding any Defendant and excluding any partner (or beneficiary thereof) who would be liable under any form of injunctive, declaratory or monetary order, relief or award that might result from the instant suit.

*See* Pl. Mot. at 6 (citing Compl. ¶ 208).

Plaintiff believes the prerequisites of Rule 23(a) are met because the factual underpinnings and legal theories Plaintiff advances apply to the proposed class, and the relief Plaintiff seeks is no different than the relief sought for the proposed class. The requirements of Rule 23(b)(1) are satisfied because the prosecution of separate actions would create a risk of incompatible standards of conduct for the three employee benefit plans at issue here and/or because a ruling in this case would as a practical matter be dispositive of the interests of other putative class members not parties to the adjudication, or would substantially impair or impede their ability to protect their interests. Additionally (or alternatively), the requirements of Rule 23(b)(2) are satisfied because Plaintiff seeks injunctive and declaratory relief and that relief predominates over the monetary relief sought which would flow directly from the requested injunctive and declaratory relief.

Defendants believe class certification is inappropriate for a variety of reasons, including among other things: (1) Plaintiff's claims are not typical of the class he purports to represent and he is subject to unique defenses; (2) many of Plaintiff's claims require individualized proof for

8

members of the purported class and therefore are not appropriate for class adjudication; (3) certification is not appropriate under either Rule 23(b)(1) or (b)(2) because the damages claims are not merely incidental but predominate over any claims for equitable relief; (4) Plaintiff lacks standing to represent the class; and (5) Plaintiff is not an adequate representative of the class he purports to represent.

The parties have commenced discovery relating to Plaintiff's motion, as noted above. The briefing schedule proposed to the Court by Defendants' unopposed motion filed October 17, 2005 provides for Defendants to file their opposition by November 29, 2005 and Plaintiff to reply by December 20, 2005

The parties believe decision on the motion for class certification should be as set by the Court and that oral argument on the motion should be had if the Court deems that appropriate.

### 11.     **Bifurcation of Discovery and Trial.**

The parties believe fact and class discovery should precede expert discovery. The parties do not currently envision bifurcation of trial.

### 12.     **Pretrial Conference.**

The parties agree that the final pretrial conference, if any, should be held within 30 days after rulings on dispositive motions.

### 13.     **Trial.**

The parties do not believe the Court need set a firm trial date but should rather at this time provide only that trial, if any, will be set at the final pretrial conference from 30 to 60 days after that conference.

**14.** **Other matters**

The parties request that the Court convene the parties for a scheduling conference under Local Rule 16.4 unless the Court deems that unnecessary.

Respectfully submitted,

_____s/Eli Gottesdiener_____
Eli Gottesdiener (D.C. Bar No. 420764)
**Gottesdiener Law Firm, PLLC**
1025 Connecticut Avenue, N.W.
Suite 1000
Washington, D.C. 20016
Telephone:  (202) 243-1000
Facsimile:   (202) 243-1001
eli@gottesdienerlaw.com


Attorney for Plaintiff and the proposed Class



_____s/David E. Mendelson__
David E. Mendelson (471863)
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C.  20005-5793
(202) 879-5000 (phone)
(202) 879-5200 (fax)
dmendelson@kirkland.com

Robert J. Kopecky
Douglas G. Smith
Lauren Casazza
Jason W. Callen
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois  60601
(312) 861-2000

Counsel for Defendants PricewaterhouseCoopers LLP, PricewaterhouseCoopers LLP Board of Partners and Principals, the Retirement Benefit Accumulation Plan for Employees of

PricewaterhouseCoopers LLP, the Savings Plan for Employees and Partners of PricewaterhouseCoopers LLP, the Savings Plan for Employees of PricewaterhouseCoopers LLP, the Administrative Committee to the Retirement Benefit Accumulation Plan for Employees of PricewaterhouseCoopers LLP, the Administrative Committee to the Savings Plan for Employees and Partners of PricewaterhouseCoopers LLP, the Administrative Committee to the Savings Plan for Employees of PricewaterhouseCoopers LLP, Lawrence H. Anderson, John J. Barry, William L. Bax, Michael J. Boberschmidt, W. Keith Booth, David J. Breen, Willard W. Brittain, Jay Brodish, J. Frank Brown, Philip J. Clements, Ira Cohen, Marsha R. Cohen, Michael S. Collins, Brian L. Cornell, James E. Daley, G. William Dauphinais, Jonathan J. Davies, Sherry T. Davis, Samuel A. DiPiazza, Robert B. Dubner, John R. Dunleavy, J. Christopher Everett, Iris D. Goldfein, Robert H. Herz, Roger C. Hindman, Stephen D. Higgins, Craig M. Jacobsen, Eugene S. Katz, Scott W. Kaufman, Richard P. Kearns, Peter Kelly, Richard R. Kilgust, Wendy L. Kornreich, James P. Kovacs, Frederic L. Laughlin, D. Leon Leonhardt, Keith D. Levingston, Dennis J. Lubozynski, Ronald T. Maheu, Philip P. Mannino, Anthony F. Martin, James L. McDonald, Donald A. McGovern, James P. McNally, Nicholas G. Moore, Robert C. Morris, Jr., Dennis M. Nally, Eldon Olson, Shaun F. O'Malley, Matthew O'Rourke, Gary Pell, Lawrence F. Portnoy, Louise A. Root, Denis J. Salamone, Robert M. Sarsany, Frank V. Scalia, James J. Schiro, Christine G. Snyder, Garrett L. Stauffer, George G. Strong Jr., Paul J. Sullivan, Robert P. Sullivan, Ann M. Thornburg, Randell S. Vallen, Francis J. Van Kirk, Peggy M. Vaughn, Gary W. Van Wagnen, Gerald M. Ward, Robert K. Waters, Brett D. Yacker, and George J. Yost III.

      s/Patrick J. Attridge
Patrick J. Attridge
KING & ATTRIDGE
39 W. Montgomery Ave
Rockville, Md. 20850
(301)-279-0780 (phone)
(301)-279-2988 (fax)

Counsel for Defendants Donald T. Nicolaisen and Walter G. Ricciardi