IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TIMOTHY D. LAURENT<br><br>    On behalf of himself and all<br>    others similarly situated,<br><br>                          Plaintiff,<br>v.<br><br>PRICEWATERHOUSECOOPERS LLP, *et al.*,<br><br>                          Defendants. | Civil Action No. 05-1291 (PLF) |

**PLAINTIFF'S MOTION FOR AN ORDER DIRECTING DEFENDANTS
TO OBJECT AND RESPOND TO THE COMBINED DISCOVERY REQUESTS
SERVED UPON THEM IN CONFORMING FASHION,
<u>AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT</u>**

**<u>INTRODUCTION</u>**

      Plaintiff Timothy D. Laurent, through undersigned counsel, respectfully moves the Court for an order directing Defendants (hereinafter, referred to as "PwC" for ease of reference) to object and respond to the combined discovery request -- Plaintiff's First Set of Discovery Requests Pertaining to Class Certification -- served upon them on October 21, 2005 (due Monday, November 21, 2005) in a fashion that conforms to the combined format Plaintiff has elected to employ. As set forth below, undersigned counsel has made good faith efforts to meet-and-confer with PwC concerning this matter to avoid the filing of this motion. However, PwC refuses to meet-and-confer or provide the assurance Plaintiff requested that PwC not rewrite and reconfigure Plaintiff's discovery request as it did the similar combined request of plaintiffs in related litigation in which undersigned is also serving as plaintiffs' counsel.

In that case, *Pender v. Bank of America Corp.,* Civ. No. 05-238-C (W.D.N.C.), undersigned counsel and his staff were forced to spend hours collating PwC's objections and responses with plaintiffs' requests as originally propounded simply to understand PwC's responses.[1]  Regrettably, that seems to have been PwC's goal.  PwC in that case has refused to serve a proper, single set of objections and responses or even agree to refrain from rewriting plaintiffs' requests in this way in the future.

No legitimate purpose is served if PwC in this case does to Plaintiff what it did to the plaintiffs in *Pender.*  Plaintiff does not have PwC's unlimited resources and cannot afford to have his counsel and counsel's staff spend another whole day pulling together into one document objections and responses that belong in one document, and not three (or six).[2]  Plaintiff's class reply is due December 20th with Thanksgiving in between.  Morever, Plaintiff may need to petition the Court for relief in connection with one or more of PwC's objections and responses to the discovery served upon it.  Plaintiff therefore respectfully requests that the Court act now and direct PwC to object and respond in a fashion that conforms to the combined format Plaintiff purposefully elected to employ.

## FACTUAL BACKGROUND

1.      Plaintiff's First Set of Discovery Requests Pertaining to Class Certification, *see* Ex. 1, uses three different types of discovery permitted under the Federal Rules of Civil Procedure: requests for admission, interrogatories and requests for production of documents.  In numerous instances, Plaintiff employs each device in sequential, coordinated fashion to narrow

---

[1] Many requests and the corresponding objections and responses were, standing alone, unintelligible because follow-on interrogatories and requests for production of document typically referred to the immediately proceeding request for admission or interrogatory by number.  The request at issue here is modeled on the request served in *Pender.*

[2] Two PwC Defendants have separate counsel.  Thus, Plaintiff here may indeed receive six separate objections and responses on Monday, not merely three (instead of one), if the Court does not intervene.

the facts and issues genuinely in dispute regarding class and uncover what if anything there is that PwC claims supports its stated grounds for opposing certification.  *See* Joint Rule 16.3(d) Report (Doc. 36) ¶ 10 (parties' respective positions on class).

    2.    Combining discovery requests in one unified document is both common and highly desirable.[3]  So common and unquestioned is the practice of combined discovery requests (and combined objections and responses) that while one can find dozens of cases referring to the practice, rarely is the combination *per se* a topic of the court's attention.[4]

    3.    Research reveals no case in which a party has even argued, as PwC does here, *see infra,* that while the propounding party's combination of two or more discovery devices in a single request is not improper, the responding party should nevertheless be entitled to *de-combine* those requests into a multiplicity of separate documents before objecting and responding.

    4.    In refusing to commit to conforming its objections and responses to the discovery served upon it as propounded, *i.e.,* in one unified document, PwC does not contend that Plaintiff has done anything inappropriate in combining in a single document more than one kind of discovery method.  It simply contends that the fact that three different "forms" were used, *see*

---

[3] *See, e.g.,* The Hon. Thomas D. Lambros, The Federal Rules of Civil Procedure:  A New Adversarial Model for a New Era, 50 U. Pitt. Law. Rev.  789, 805 (Spring 1989) ("I urge counsel to use consolidated forms of discovery, combining interrogatories with document requests and requests for admissions"); Hon. Daniel M. Taubman, 12 Colo. Prac., Civil Proc. Forms & Commentary § 33.13 Introduction -- Combined Interrogatories and Production Request ("Neither Rule 33 nor Rule 34 provides specifically for combining interrogatories with a request for production of documents.  However, combining these two discovery forms is a common, time-saving practice"); Reback and Wright, "Government Antitrust Review of High Technology Mergers," Computer Lawyer, 9 No. 6 CLW 1 (June 1992) (noting that "second requests" issued by government antitrust authorities "are typically a combination of document requests and interrogatories").

[4] One example is *Whisenaut v. Gray,* 375 S.E.2d 619 (Ga. Ct. App. 1989), where the court was faced with a litigant who failed to respond *at all* to a combined set of document requests and interrogatories on grounds that, among other things, the commingling of the two types of discovery devices was "unauthorized."  The argument was rejected, with the court saying "[i]n this case there is a clear delineation, the law applicable to each is cited, the procedure outlined is correctly stated, and plaintiff points to no part of it which he does not know how to respond to."  *Id.* at 620

Ex. 2, PwC letter dated November 10, 2005, means there is nothing that Plaintiff can do to prevent PwC from ignoring Plaintiff's combined request. *See, e.g.,* Ex. 2; Ex. 3-4, PwC letters dated November 10th and November 11th. PwC identifies no prejudice that it would suffer if it responded in one single document and no reason why it would want to draft and serve three documents rather than one. *Id.*

5. Without leave of court or prior notice to plaintiffs, last week in *Pender,* where PwC is a defendant along with the Bank of America Corporation Defendants (the "Bank"), PwC and the Bank de-combined plaintiffs' unified single set of discovery requests served upon them, *see* Ex. 5, into three separate documents, one for each of the different forms of discovery utilized in the combined request. Only then, after reconfiguring the discovery served upon them, did PwC and the Bank object and respond.

6. Thus, instead of receiving one set of objections and responses from PwC and one from the Bank, plaintiffs received *six,* three from each defendant. *See* Exs. 6-8 (PwC's three separate documents; Exs. 9-11 (the Bank's three separate documents).

7. Upon receiving PwC and the Bank's objections and responses in *Pender* last week*,* undersigned counsel promptly objected in letters sent to both PwC and the Bank's counsel:

> You had no right to trifurcate and jumble our requests for some perceived tactical advantage. Again [this was a reference to a separate issue raised earlier in the letter], your decision to proceed in this fashion is extremely prejudicial given the short time in which we have to file our motion for class certification. You chose not to alert us in advance of your plan to breakup our requests into three different documents and discuss the matter with us or give us the opportunity to petition the Court for relief. We object.
>
> You should immediately respond in one unified document to our requests as propounded. We further ask that you agree for purposes of further meet-and-confers and motions to compel relative to our First Set of Discovery Requests to conform your written replies to the format that it was our right to elect and your obligation to honor.

4

Ex. 12, November 8, 2005 letter to Bank and PwC's counsel.

       8.      The next day, undersigned counsel again asked that the Bank and PwC conform their objections and responses to the discovery as served upon them.  Exs. 13-14.  Both defendants refused to reformat their objections and responses and further refused to commit in the future to not do the same thing again.  This was confirmed Monday, November 14th in a conference call held with opposing counsel in that matter.[5]

       9.      As a result of PwC's and the Bank's refusal to resubmit their objections and responses in one unified document, tracking the order in which plaintiffs presented their various requests, counsel and his staff, as noted, were forced to spend many hours collating the six sets of objections and responses received with the one unified set of requests served.

      10.      In view of PwC's conduct in *Pender*, on Wednesday, November 9th, undersigned counsel wrote PwC to urge that it voluntarily commit now to not doing what it did in *Pender* when it serves its objections and responses next Monday, November 21st:

> The manner in which PricewaterhouseCoopers LLP ("PwC") chose to respond to a very similar set of written discovery requests in the related action of *Pender, et al. v. Bank of America Corp., et al.,* Civ. No. 05-236-C (W.D.N.C.) is unacceptable to us.  In that case, in addition to serving [Plaintiffs] with objections and responses two days beyond the agreed deadline and without producing a privilege log notwithstanding the assertion of privilege as the basis for withholding responsive material, PwC unilaterally elected to rewrite Plaintiffs' single set of unified discovery requests and purported to object and respond to those requests as if they had been separately propounded in *three* separate set of requests, unnecessarily complicating and confusing their logical, interlocking sequence, apparently for some perceived tactical advantage.
>
> *              *              *              *
>
> [We therefore request that you not] proceed here as PwC proceeded in *Pender* by breaking up our single set of discovery requests into two or three different parts and objecting and responding in two or more different documents instead of proceeding sequentially through the unified set of requests as served.

---

[5] Plaintiffs intend to seek relief from the Court in *Pender* such as Plaintiff seeks here.

Ex. 15. The letter specifically requested an immediate meet-and-confer in conformance with Local Civil Rule 7(m). *Id.*[6]

11. PwC responded on November 10th by asking Plaintiff to cite authority for the proposition that PwC was "required" not to object and respond in the manner it did. Ex. 2 at 1 (subparagraph (a)). PwC ignored the request for an immediate meet-and-confer, saying only that "we are prepared to have a conference regarding your requests *after* we have served our objections and responses." Ex. 2 at 2 (emphasis added).

12. Undersigned counsel responded the next day, Friday, November 11th:

Thank you for your reply to my letter dated November 10th.

From what you say under "(a)" together with what you say in your November 10th letter in the *Pender* case, we will assume that you refuse to conform your objections and responses to the discovery requests and their accompanying definitions and instructions as they were served upon you. You have also refused our request for an immediate meet-and-confer to discuss this matter and the other matters raised in my November 9th letter. *See* your letter page 2.

Kindly let me know by the end of the day if you are willing to reconsider.

Ex. 16. *See also* Exs. 13-14 (November 9th letters to PwC and the Bank in *Pender* sent the preceding day, saying "We would like to know, yes or no, whether or not you (and PwC) are going to serve us with objections and responses to the First Set of Discovery Requests").

13. PwC's counsel replied the same day, November 11th, again refusing to meet-and-confer until *after* PwC served its objections and responses on Plaintiff, and refusing to state whether or not PwC was going to breakup its objections and responses across three separate documents:

---

[6] Plaintiff also sought PwC's commitment to cause the objections and responses to arrive the day they are due, which was not done in *Pender*; to contemporaneously serve a privilege log as was not done in *Pender*; and not withhold responsive documents on confidentiality grounds without following the procedures set forth in Fed. R. Civ. P. 26(c) for doing so, as was also not done in *Pender*. The instant motion does not concern these other matters.

> You should not assume anything about the form in which we will respond to your requests. We asked you to provide us with some authority for your view that we are obligated under the Rules to combine responses to all forms of discovery in a single document. If you respond, we will consider whatever authority you wish to share.
>
> As for the remainder of your letter, we do not understand what dispute exists that requires a conference under Local Rule 7(m) at this time, since we have not yet even served our responses and objections to your requests. In particular, we do not understand how any motion to compel regarding your discovery requests can even be ripe until you have seen our responses.
>
> Again, we are willing to meet and confer to discuss any disagreements you may have regarding our responses and objections after we have served them within the time provided by the Federal Rules.

Ex. 4.

    14.    Undersigned counsel responded immediately, also on Friday, November 11th, saying:

> Your last two communications make clear that you refuse to meet-and-confer (and yet you still want a preview of our arguments we will make to the Court) on a matter which is plainly ripe for such a meeting and ripe for a ruling from the Court. My correspondence in the *Pender* matter makes clear the prejudice that Plaintiff in this case will suffer if PwC does in this case what PwC and the Bank did in *Pender*. PwC knows full well why what it did in *Pender* is wrong and why it would be wrong to do here. The matter is ripe because of what you did in that case and the fact that you are unwilling to commit to *not* doing the same thing here. If Defendants do not promptly commit to conforming their objections and responses to our requests in the manner in which those requests are set forth, we will seek relief from the Court.

Ex. 17.

    15.    As of Wednesday, November 16, 2005, PwC has not responded to this letter. However, in the meet-and-confer held on Monday, November 14th, in the *Pender* case, PwC, represented by the same lawyer who sent the above referenced letter on PwC's behalf in this case, stated that PwC would not reformat their objections and responses in *Pender*. *See* Ex. 18.

**DISCUSSION**

This Court has broad discretion over the control of discovery in matters pending before it. The Federal Rules direct that the Court construed and administer the Rules "to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1.

Here, to grant the instant motion it is not necessary for the Court to say that in all cases that the recipient of a combined discovery request is "required" to object and respond in like fashion. It is enough for the Court to simply agree there is no compelling reason for PwC not to conform its objections and responses to the combined format that Plaintiff elected to use. Indeed, the Court does not have to find that what PwC did in *Pender* was improper or even that it has until now acted improperly: it can simply find that there is no legitimate basis for serving Plaintiff in this case with three separate sets of objections and responses when one is called for, and no cognizable prejudice PwC will suffer by doing what Plaintiff has asked.[7]

It is especially noteworthy that in *Pender,* PwC not only has refused plaintiffs' request that it re-serve a unified set of objections and responses for the discovery request served in the past, but PwC also has refused to commit to not reconfigure combined set of requests plaintiffs may serve in the future. PwC's protestations that this matter is not yet "ripe" for a meet-and-confer, *see* Ex. 4, let alone a decision by the Court, are disingenuous.

---

[7] Inspection of the six set of objections and responses in *Pender* confirms this. If there had been some valid reason for defendants to not respond in a combined format and to insist on dividing requests into different documents depending on whether they were requests for admission, interrogatories or requests for production, one would expect to see that reflected in the preamble, introduction and general objections to each of the three documents PwC and the Bank each generated. Yet those introductions and general objections are virtually carbon-copies of one another.

## **CONCLUSION**

Wherefore, for the reasons set forth above and such other reasons as may appear to the Court, Plaintiff respectfully requests that the instant motion be granted.

November 16, 2005                               Respectfully submitted,


                                                _____s/ Eli Gottesdiener____
                                                Eli Gottesdiener

                                                **GOTTESDIENER LAW FIRM, PLLC**
                                                1025 Connecticut Avenue, N.W.
                                                Suite 1000
                                                Washington, D.C.  20036
                                                Phone:       (202) 243-1000
                                                Fax:         (202) 243-1001

                                                Attorneys for Plaintiff and the proposed Class