**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

**Civil Action No. 3:05-CV-00238-C**

| | |
|---|---|
| **WILLIAM L. PENDER,** *et al.,* | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **BANK OF AMERICA CORP.,** *et al.* | ) |
| | ) |
| **Defendants.** | ) |

**PLAINTIFFS' FIRST SET OF DISCOVERY REQUESTS**
**PERTAINING TO CLASS CERTIFICATION**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs request that each

and every Defendant produce within thirty (30) days of service of this First Set of Requests

("Requests" or "Request") all documents requested herein that are within their possession,

custody, or control and respond to the following requests for production in writing.  Production

of all responsive documents should be made at the offices of Gottesdiener Law Firm, PLLC, 498

7th Street, Brooklyn, New York 11215 within the required time period.  Production of

Summation-ready Tiff images with dii files, Word documents, PDFs and/or other Summation-

readable electronic or digital documents may be made to ftp://ftp.gottesdienerlaw.com (user

name and password to be separately disclosed) also within the required time period.  (Production

in electronic or digital format is preferred by Plaintiffs over hard-copy format).  Defendants

should also disclose within the required time period the dates and locations for Plaintiffs' counsel

to view the originals of all responsive documents, inspection of which is hereby explicitly

requested, even if Defendants take the position that they are providing identical duplicates.[1]

Production should not be delayed due to the absence of an agreed protective order: Plaintiffs are

ready to negotiate an agreed order immediately.

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiffs also hereby

request that each and every Defendant answer the interrogatories set forth below within thirty

(30) days of service.

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiffs also hereby

request that each and every Defendants respond in writing to the Requests for Admission set

forth below within thirty (30) days of service.

## DEFINITIONS AND INSTRUCTIONS

1.    "Litigation" means the case pending in the U.S. District Court for the Western

District of North Carolina styled *Pender et al v. Bank of America Corp., et al.,* Civ. No. 05-238-C,

formerly styled, *Pothier et al.  v. Bank of America Corp. et al.,* and formerly pending in the

Southern District of Illinois where it was styled *Pothier v. Bank of America Corp. et al*., Civ. No.

04-458 GPM (S.D. Ill.).

2.    "Complaint" refers to the Third Amended Class Action Complaint dated

September 7, 2005 and filed in the United States District Court for the Western District of North

Carolina.

3.    "Plaintiff" or "Plaintiffs" refer to William L. Pender and David L. McCorkle.

4.    "Participant" means participant, beneficiary, alternate payee, or estate.

5.    "Proposed Class" shall mean either or both of the two proposed classes as defined

in the Complaint.

---

[1] Plaintiffs' request to inspect originals may be held in abeyance in whole or in part upon review of Defendants' responses to these Requests.

6.     "Pension Plan" means The Bank of America Pension Plan and/or the Nations Bank Cash Balance Plan.  "Pension Plan" also refers to the Plan's sponsors, administrators, fiduciaries, representatives, agents, service providers, and all other persons acting or purporting to act on behalf of the BAC Plan or the Pension Plan.

7.     "The 401(k) Plan" refers to The Bank of America 401(k) Plan as well as the 401(k) Plan's sponsors, administrators, fiduciaries, representatives, agents, service providers, and all other persons acting or purporting to act on behalf of the 401(k) Plan.  "401(k) Plan" also refers to the Barnett Bank Employee Savings and Thrift Plan, the Oxford Resources 401(k) Profit Sharing Plan, the NationsBanc Montgomery 401(k) Plan, or any other 401(k) plan in which any Plaintiff or proposed Class member was a participant and from which assets in his or her account under such plan were transferred to the Pension Plan in a 401(k) asset transfer.

8.     "401(k) asset transfer" refers to the transfer of any portion of a participant's 401(k) account balance to the BAC Plan in a coordinated transfer of the type described in the Complaint ¶¶ 38-42.

9.     "Plans" means the Pension Plan and the 401(k) Plan, as defined above.

10.     The "Bank" and the "Bank of America Defendants" means Bank of America Corporation, Bank of America, N.A., The Bank of America Pension Plan, The Bank of America 401(k) Plan, Bank of America Corporation Corporate Benefits Committee, and/or the Individual Defendants as well as predecessors, successors, parents, subsidiaries, affiliates and their present and former directors, officers, employees, agents, representatives, lawyers, and all other persons acting or purporting to act on their, its, his or her behalf or behalves.

11.     The "Individual Defendants" means the individually-named defendants including: J. Steele Alphin; Amy Woods Brinkley; Edward J. Brown III; Charles J. Cooley; Richard M.

DeMartini; Barbara J. Desoer; James H. Hance; Kenneth D. Lewis; Jr, Liam E. McGee; Eugene

M. McQuade; Alvaro G. de Molina; Michael E. O'Neill; Owen G. Shell, Jr; R. Eugene Taylor;

F. William Vandiver, Jr; and Bradford H. Warner.  "Individual Defendants" also means one or

more of these defendants' agents, representatives, lawyers and all other persons acting or

purporting to act on their, his or her behalf or behalves.

12.    "PwC" means PricewaterhouseCoopers LLP, Price Waterhouse LLP or any other

predecessor partnerships and/or its partners, principals, directors, employees, agents,

representatives, lawyers, and all other persons acting or purporting to act on their, its, his or her

behalf or behalves.

13.    The "relevant period" for purposes of these Requests only means from July 1, 1998

to the present.

14.    "Document" refers to anything subject to production under Rule 34 of the Federal

Rule of Civil Procedure and means among other things all written, printed, typed, transcribed,

filmed, digitized, electromagnetic, or graphic matter, and all other tangible things and media

upon which any handwriting, typing, printing, drawing, representation, electrostatic, or other

copy, sound or video recording, magnetic or electrical impulse, visual reproduction or

communication is recorded, reproduced, or represented.  Without limiting the generality of the

foregoing, "document" or "documents" also includes but are not limited to books, papers,

records, correspondence, reports, memoranda, electronic mail (*i.e.*, e-mail), articles, newspapers,

contracts, tables, tabulations, graphs, charts, diagrams, plans, schedules, appointment books,

calendars, diaries, time sheets, reports, studies, analyses, drafts, telegrams, teletype, or telecopy

messages, files, telephone logs and messages, checks, microfilms, microfiche, pictures,

photographs, printouts, electronic data compilations, tapes, diskettes, drives, removable media,

notes, minutes, or transcripts of proceedings, and every means of recording upon any tangible thing any form of communication or representation, including letters, words, pictures, sounds, or symbols, or any combinations thereof. **Documents shall include originals and all non-identical copies (whether different from the originals because of notes made on or attached to such copies, or otherwise), all other data compilations from which information can be obtained (translated, if necessary, into usable form), and any preliminary versions, drafts, or revisions of any of the foregoing.**

15.    Where a document existed in both hard copy and electronic or digital formats, both must be produced.  The hard copy document, however, may be imaged and produced in that format so long as the pre-existing electronic or digital version of the document is *also* produced.

16.    The singular form of a word shall be interpreted in the plural and vice versa, especially whenever necessary to bring within the scope of these Requests documents, information and responses that might otherwise be construed outside the scope.

17.    The use of any masculine or feminine pronoun includes both the masculine and feminine.

18.    The use of any verb in any tense shall be construed as the use of the verb in all other tenses, especially whenever necessary to bring within the scope of these Requests documents, information and responses that might otherwise be construed outside the scope.

19.    The terms "and" and "or" shall be both conjunctive and disjunctive.

20.    "Including" or "include" means "including, but not limited to" or "include, without limitation."

21.    "Communication" means the transmittal of information in the form of facts, ideas, inquiries or otherwise whether by writing, oral conversation, conversation by telephone, meeting

or any other method.  A "communication" shall also include, without limitation, all copies of documents that reference, contain or evidence the same.  A communication "between" two or more parties includes communications originating from any of the parties mentioned.

22.     "Relating" or "related" to or "regarding" includes without limitation:  referring to, alluding to, responding to, referencing, concerning, constituting, containing, noting, recording, embodying, identifying, dealing with, reflecting, mentioning, defining, explaining, discussing, commenting upon, monitoring, supporting, evidencing, modifying, contradicting, quoting, criticizing, describing, creating or maintaining, bearing upon, having any relationship to, constituting a basis for, deriving or arising from, connected with, commenting upon in respect of, about, establishing, analyzing, criticizing, touching upon, constituting, or being or in any manner whatsoever pertinent to that subject.

23.     "Any" and "all" each mean "any and all."

24.     "Person" means without limitation any natural person, alive or deceased; any corporation, organization, partnership, joint venture, sole proprietorship, other business entity or association, foundation, trust; or any government or governmental body, commission, department, committee, board, or agency.

25.     "Defendant" means each Defendant in this action, its predecessors, successors, subsidiaries, parent, departments, divisions, or affiliates, including without limitation, any organization or entity in which any Defendant has management or control interests, together with all present and former directors, officers, employees, agents, attorneys, representatives, or any persons acting or purporting to act on behalf of the Defendant.  The words "you" and "yours" mean any Defendant or Defendants and any agent, attorney, representative or other person acting, or purporting to act, on his, her, its or their behalf or behalves.

6

26.    "Identify" or "identity," when applied to a person, shall mean to state the present or last known full name, social security number, date of birth, current office and home addresses, current telephone numbers, and current email addresses.

27.    "Describe" or "state" shall mean to specify in detail and to particularize the content of the answer to the question and not just to state the reply in summary or outline fashion.

28.    These Requests are continuing in nature and you must provide supplemental responses promptly under the circumstances and to the extent set forth in Fed. R. Civ. P. 26(e).

29.    As noted, you must provide all documents and/or information in your possession, custody, or control.

30.    These Requests cover all documents, information and responses now and formerly in your actual or constructive possession, custody and/or control, regardless of the date of preparation, including but not limited to, documents, information and responses in the possession of your predecessors, successors, or current or former parents, subsidiaries, affiliates, divisions, officers, directors, partners, employees, agents, consultants, servants, representatives, attorneys, and/or other persons directly or indirectly employed or retained by you, or anyone else acting on your behalf or otherwise subject to your control.

31.    These Requests seek disclosure of responsive documents, information and responses that would be or might be privileged under the attorney-client and/or work product or other privileges but for the fiduciary relationship that exists or existed between Plaintiffs and Defendants

32.    If documents, information or responses responsive to any of the following Requests are withheld from production on the basis of privilege or otherwise, then, with respect

to each document, information or response withheld, provide a log containing information sufficient to challenge the claim of privilege, including without limitation:  (a) the nature of the document, information or response (*e.g.*, interoffice memorandum, correspondence); (b) the title or subject line; (c) its author(s) or sender(s); (d) the addressees; (e) the date of the item; (f) the names of all people who received the item or a copy of it, or were listed on any circulation list or with the "cc" designation; (g) a description of the subject matter; and (h) all privileges asserted or other grounds for withholding production.

33.    If information is redacted from an item produced pursuant to these Requests, identify the redaction by stamping the word "Redacted" on the document at the place where information has been redacted, and separately log each redaction in the privilege log.

34.    In the event that any document called for by this set of Requests has been destroyed, lost, discarded, or otherwise disposed of, or is no longer in your possession, custody, or control, identify the document as completely as possible; state what disposition was made of it; and identify the date or dates on which such disposition was made.

35.    Produce the documents requested in the order in which they have been kept in the ordinary course of business.

36.    Document all efforts made to respond to respond to these Requests.  If Defendants do not comply with their obligations under the Rules in responding, those efforts will become the subject of discovery and litigation.

## **REQUESTS**

### **Request for Production No. 1**

Produce all plan documents under which the Plans have been or are now operated since January 1, 1998, including all versions of the operative formal Plan documents, all amendments to the

operative formal Plan documents, all versions of the summary plan descriptions ever provided to

a participant under the Plans, and all versions of the operative trust documents.

**Request for Production No.  2**
Produce all applications to the IRS for a determination letter on any of the Plans since January 1,

1997, including but not limited to complete submissions, with all attachments, demonstrations,

exhibits, explanations, and alike.

**Request for Production No.  3**
Produce all documents relating to the consideration, planning, analysis, and drafting of the

Pension Plan, including but not limited to all documents relating to the adoption of the Pension

Plan's Normal Retirement Date or normal retirement age, and the Pension Plan's participant-

directed investment feature and/or their uniform application to all or substantial all Pension Plan

participants.

**Request for Production No.  4**
Produce all documents relating to PwC's advice regarding the accounting treatment and other

potential benefits to either Plan and/or the Bank of the proposed Pension Plan design and/or the

401(k) asset transfer prepared between January 1, 1995 and December 31, 1998, including but

not limited to any advice or conclusions relating to the anticipated or potential impact of the

participant-directed investment feature and 5-years of service normal retirement date, and

including but not limited to valuations or quantifications of the potential benefits.

**Request for Production No.  5**
Produce all documents analyzing or discussing the legal or tax implications and/or risks

potentially arising from, or addressed by, the cash balance design features that are incorporated

into the Pension Plan, including issues relating to "whipsaw" calculations, age discrimination,

backloading, and fiduciary duties.

**Request for Production No. 6**

Produce all documents and records of other communications between the Bank and PwC relating to the Letter from Ira Cohen, PricewaterhouseCoopers LLP, to IRS Commissioner Charles O. Rossotti and Deputy Assistant Secretary for Tax Policy Jonathan Talisman, dated Sept. 30, 1999, *reprinted in* Tax Notes Today, Nov. 18, 1999, *see* Complaint ¶ 34, including but not limited to all documents and records of other communications relating to the consideration, preparation, or approval of the letter or any drafts or outlines of the letter; and including the letter itself and all drafts, outlines, preliminary versions, or revisions.

**Request for Production No. 7**

Produce all documents and records of other communications between the Bank and PwC relating to class certification issues in this litigation and/or class certification in the putative class action filed against PwC by Timothy D. Laurent.  If a claim of privilege is interposed under the joint defense privilege in whole or in part, produce all documents evidencing the existence and scope of any such purported joint defense privilege between and/or among one or more Bank of America Defendants and PwC.

**Request for Admission No. 1**

Admit that Plaintiff William L. Pender is a current Bank employee and fully vested participant in the Plans.

**Request for Admission No. 2**

Admit that Plaintiff David L. McCorkle was a Bank employee and fully vested participant in the Plans.

**Request for Admission No. 3**

Admit that Plaintiffs Pender and McCorkle are both members of each of the two proposed Classes as defined in Complaint ¶ 92.

**Request for Production No.  8**

Produce all documents relating to Plaintiff Pender and/or Plaintiff McCorkle including without limitation all documents relating to their participation in the Plans and their employment with the

Bank and all documents that came into your possession, custody or control relating to them in any way subsequent to the time you first learned that they were plaintiffs and proposed class representatives in this case.

**Request for Admission No. 4**
Admit that all or most of the 111,800 "participants with cash balance accounts who were employed by the Bank or its subsidiaries" as of June 30, 2004 that the Bank discusses in Doc. 68 are members of the proposed Cash Balance Formula Class.

**Interrogatory No. 1**
If you do not provide an unqualified admission in response to Request for Admission No. 4, explain the grounds or bases for your less than unqualified admission, admitting such portion of the Request for Admission as you can, and denying by explanation that portion of the Request which is not accurate.  In particular, identify all participants who are not members of the proposed Cash Balance Formula Class from among the 111,800 referenced above and explain the reason(s) they are not member of the proposed Class.

**Request for Production No. 9**
Produce all documents supporting your response to Interrogatory No. 1.

**Request for Production No. 10**
Produce all documents that support any argument you will make or are giving serious consideration to making that either of the two Classes proposed by Plaintiffs does not meet the numerosity requirements of Federal Rule of Civil Procedure 23(a)(1).

**Request for Production No.  11**
Produce all documents that support any argument you will make or are giving serious consideration to making that the claims of the two Classes proposed by Plaintiffs do not meet the commonality requirements of Federal Rule of Civil Procedure 23(a)(2).

**Request for Production No.  12**

Produce all documents that support any argument you will make or are giving serious

consideration to making that Plaintiff Pender or Plaintiff McCorkle as the class representatives

named in this case do not meet the typicality requirements of Federal Rule of Civil Procedure

23(a)(3).

**Request for Production No.  13**
Produce all documents that support any argument you will make or are giving serious

consideration to making that the class representatives do not meet the adequacy requirements of

Federal Rule of Civil Procedure 23(a)(4).

**Request for Production No.  14**
Produce all documents that support any argument you will make or are giving serious

consideration to making that any of the Plaintiffs' counsel do not meet the adequacy

requirements of Federal Rule of Civil Procedure 23(a)(4).

**Request for Admission No.  5**
Admit that for all participants and former participants in the Pension Plan, all benefits have been,

are being, and will be calculated assuming that the normal retirement age under the Pension Plan

is the "Normal Retirement Date" defined in § 2.1(c)(35) of the Pension Plan, and without taking

into account the value of the right to continue earning investment credits after the Normal

Retirement Date for as long as a participant's benefits remain in the Plan.

**Interrogatory No.  2**
If you do not provide an unqualified admission in response to Request for Admission No. 5,

explain the grounds or bases for your less than unqualified admission, admitting such portion of

the Request for Admission as you can, and denying by explanation that portion of the Request

which is not accurate.  In particular, identify participants whose benefits were calculated based

on a different retirement date assumption and explain the reason the assumption was different.

**Request for Production No. 15**
Produce all documents supporting your response to Interrogatory No. 2.

**Request for Admission No. 6**

Admit that for all participants and former participants in the Pension Plan, all benefit distribution options disclosed in distribution election and spousal consent forms have been, are being, and will be calculated assuming that the normal retirement age under the Pension Plan is the "Normal Retirement Date" defined in § 2.1(c)(35) of the Pension Plan, and without taking into account the value of the right to continue earning investment credits after the Normal Retirement Date for as long as a participant's benefits remain in the Plan.

**Interrogatory No. 3**

If you do not provide an unqualified admission in response to Request for Admission No. 6, explain the grounds or bases for your less than unqualified admission, admitting such portion of the Request for Admission as you can, and denying by explanation that portion of the Request which is not accurate. In particular, identify participants whose optional forms were calculated based on a different retirement date assumption and explain the reason the assumption was different.

**Request for Production No. 16**

Produce all documents supporting your response to Interrogatory No. 3.

**Request for Admission No. 7**

Admit that all participants whose benefits under the Pension Plan have been paid or will in the future be paid in the form of a single lump sum were or will be paid an amount equal to the nominal balance of the participant's hypothetical account balance under the Pension Plan as of the Benefit Commencement Date.

**Interrogatory No. 4**

If you do not provide an unqualified admission in response to Request for Admission No. 7, explain the grounds or bases for your less than unqualified admission, admitting such portion of the Request for Admission as you can, and denying by explanation that portion of the Request

which is not accurate.  In particular, identify participants whose lump sum benefits were

calculated in a different manner and explain the reason the calculation was different.

**Request for Production No. 17**
Produce all documents supporting your response to Interrogatory No. 4.

**Request for Admission No.  8**
Admit that the manner in which the benefit distribution options provided to Plaintiff McCorkle

were calculated, and the manner in which the amount of Plaintiff McCorkle's lump sum

distribution was calculated, was substantially similar to the manner in which distribution options

and lump sum distribution amounts have been calculated for all or substantially all other

participants in the Pension Plan.

**Interrogatory No. 5**
If you do not provide an unqualified admission in response to Request for Admission No. 8,

explain the grounds or bases for your less than unqualified admission, admitting such portion of

the Request for Admission as you can, and denying by explanation that portion of the Request

which is not accurate.  In particular, explain how Plaintiff McCorkle's lump sum benefit was

calculated differently than other participants' lump sum payments or vice versa, or how some

groups of participants lump sums were calculated differently than others, and explain the reason

the calculations were different.

**Request for Production No. 18**
Produce all documents supporting your response to Interrogatory No. 8.

**Request for Admission No. 9**
Admit that all participants whose benefits under the Pension Plan have been paid or will in the

future be paid in the form of annual payments were or will be paid an amount equal to the

nominal balance of the participant's hypothetical account balance under the Pension Plan as of

the Benefit Commencement Date multiplied (or divided by) an immediate annuity factor.

**Interrogatory No. 6**

If you do not provide an unqualified admission in response to Request for Admission No. 9,

explain the grounds or bases for your less than unqualified admission, admitting such portion of

the Request for Admission as you can, and denying by explanation that portion of the Request

which is not accurate.  In particular, identify which participants who have been paid or will in the

future be paid in the form of annual payments were not or will not be paid an amount equal to the

nominal balance of the participant's hypothetical account balance under the Pension Plan as of

the Benefit Commencement Date multiplied or divided by an immediate annuity factor and

explain the calculation that was or will in fact be made.

**Request for Production No. 19**
Produce all documents supporting your response to Interrogatory No. 6.

**Request for Admission No.  10**
Admit that Plaintiffs and all members of the proposed Cash Balance Formula Class accrued, are

now accruing, and/or will in the future receive compensation credits determined pursuant to the

chart that appears in Section 5.2 of the Pension Plan (or the predecessor chart under the

NationsBank Cash Balance Plan).

**Interrogatory No. 7**
If you do not provide an unqualified admission in response to Request for Admission No. 10,

explain the grounds or bases for your less than unqualified admission, admitting such portion of

the Request for Admission as you can, and denying by explanation that portion of the Request

which is not accurate.  In particular, identify which participants did not or will not receive

compensation credits pursuant to the chart that appears in Section 5.2 of the Pension Plan (or the

predecessor chart under the NationsBank Cash Balance Plan) and the reason why.

**Request for Production No. 20**
Produce all documents supporting your response to Interrogatory No. 7.

**Request for Production No. 21**

Produce a copy of all media on which the data and/or archival data for the Pension Plan's

pension benefit distributions and the 401(k) Plan's asset transfers is kept for time period July 1,

1998 to the present, together with the necessary software and instructions for utilizing same.

**Request for Admission No.  11**
Admit that no participant in the Pension Plan during the relevant period received a "suspension

of benefits" notice.

**Interrogatory No. 8**
If you do not provide an unqualified admission in response to Request for Admission No. 11,

explain the grounds or bases for your less than unqualified admission, admitting such portion of

the Request for Admission as you can, and denying by explanation that portion of the Request

which is not accurate.  In particular, identify which participants received suspension of benefits

notices and the reasons why they received the notice.

**Request for Production No. 22**
Produce all documents supporting your response to Interrogatory No. 8.

**Request for Production No. 23**
Produce all documents from which it can be ascertained which and/or how many participants

received single lump sum distributions of their vested "account" balances under the Pension

Plan, and what percentage of all distributions from the Pension Plan this number represents.

**Request for Production No. 24**
Produce all documents from which it can be ascertained which and/or how many participants in

the Pension Plan received any form of distribution other than a single lump sum distribution, and

which particular form was paid.

**Interrogatory No. 9**
Identify all participants who signed or executed any type of release that ran or runs or could

reasonably be construed as running in favor of any named Defendant and that arguably releases

one or more of them from liability for any of the alleged violations of ERISA and/or the terms of

the Pension Plan or 401(k) Plan referred to in the Complaint.

**Request for Production No. 25**
Produce one example of every different type or version of the releases referred to in

Interrogatory No. 1 (and your responses thereto), using a copy of an actual release signed by an

actual participant.

**Interrogatory No. 10**
For each participant identified in Interrogatory No. 9, identify the type of release (as provided

pursuant to Request for Production No. 25) that was signed or executed by the participant.

**Request for Production No. 26**
Produce all documents relating to any participant's challenge to the proper calculation of their

benefits under the Pension Plan including but not limited to those that are "relevant" as that term

is defined by 29 C.F.R. § 52560.503-1(m)(8).

**Interrogatory No. 11**
Identify the assumptions used to estimate returns on participant-directed "investments" under the

Pension Plan for any and all purposes under the Plan (e.g., Code nondiscrimination testing,

funding, accounting, SEC disclosures, actuarial assumptions) and identify all estimated returns

on participant-directed "investments" under the Pension Plan.

**Request for Production No. 27**
Produce all documents reflecting all estimated returns on participant-directed "investments"

under the Pension Plan and all assumptions used to estimate those returns.

**Request for Production No. 28**
Produce all documents that reflect the number of participants and/or the percentage of

participants and/or which participants in the 401(k) Plan (and under each specific 401(k) plan

affected) whose account assets were transferred in one or more 401(k) asset transfers.

**Request for Admission No. 12**

Admit that each of the 401(k) asset transfers was implemented in substantially the same manner. For purposes of this Request for Admission, "in substantially the same manner" means that each transfer was accomplished via 401(k) Plan or 401(k) plan amendments that required the in-service transfer to the Pension Plan of assets from 401(k) Plan accounts of participants who authorized such transfers.

**Interrogatory No. 12**

If you do not provide an unqualified admission in response to Request for Admission No. 12, explain in what manner and for which specific participants or groups of participants the 401(k) asset transfer were not implemented in a substantially same manner as for all other participants.

**Request for Production No. 29**

Produce all documents supporting your response to Interrogatory No. 12.

**Request for Admission No.  13**

Admit that the 401(k) transfers of assets from Plaintiff Pender's and Plaintiff McCorkle's 401(k) Plan accounts was accomplished in a manner substantially similar to substantially all of the other asset transfers from the 401(k) Plan accounts of other participants.

**Interrogatory No. 13**

If you do not provide an unqualified admission in response to Request for Admission No. 13, explain the grounds or bases for your less than unqualified admission, admitting such portion of the Request for Admission as you can, and denying by explanation that portion of the Request which is not accurate.  In particular, how the transfers in question differed and explain the reasons why.

**Request for Production No. 30**

Produce all documents supporting your response to Interrogatory No. 13.

**Request for Production No. 31**

Produce all of the documents relating to the implementation of each of the 401(k) asset transfers (including Plan amendments, participant communications, communications to the Plan Trustees

and other fiduciaries, and asset transfer records) that reflect that the transfers were accomplished in a substantially similar manner for all or substantially all participants.

**Request for Admission No. 14**
Admit that following each of the 401(k) asset transfers, the assets that had been held in individual accounts for each participant in the 401(k) Plan (within the meaning of ERISA § 3(34), 29 U.S.C. § 1002(34)) were and are no longer held in individual accounts (within the meaning of ERISA § 3(34), 29 U.S.C. § 1002(34)), within the Pension Plan or otherwise.

**Interrogatory No. 14**
If you do not provide an unqualified admission in response to Request for Admission No. 14, explain the grounds or bases for your less than unqualified admission, admitting such portion of the Request for Admission as you can, and denying by explanation that portion of the Request which is not accurate.

**Request for Production No. 32**
Produce all documents supporting your response to Interrogatory No. 14.

**Request for Production No. 33**
Produce all documents, without regard to their admissibility under the Federal Rules of Evidence, provided to or received from the Internal Revenue Service that can be used to support or challenge the contention that the issue of whether the 401(k) asset transfers were made in violation of ERISA § 204(g), 29 U.S.C. § 1054(g) and/or IRC § 411(d)(6) and/or the applicable regulations thereunder or any other provisions of ERISA (including the fiduciary duty provisions) is an issue common to Plaintiffs and the proposed Cutback Class.

**Request for Production No. 34**
Produce all documents, without regard to their admissibility under the Federal Rules of Evidence, provided to or received from the Internal Revenue Service that relate in whole or in part to the appropriate relief to be afforded any individual participant, group of participants, and/or the Plans that will, should or may follow as a result of the IRS's tentative or final

conclusion that the 401(k) asset transfers violated IRC § 411(d)(6) or that will, should or may follow a substantially similar finding under ERISA § 204(g), 29 U.S.C. § 1054(g) by the federal courts.

**Request for Production No. 35**
Produce all documents received from the Internal Revenue Service that evidence the Bank's statement in its March 2005 SEC 10-K filing that the Internal Revenue Service informed the Bank on December 10, 2004 that the IRS had reached the tentative but formal conclusion that the 401(k) plan transfers resulted in illegal cutbacks in participants' accrued retirement benefits, and all documents sent to or received from the Internal Revenue Service since December 10, 2004.

**Request for Production No. 36**
Provide all documents prepared by pension consultants or advisors other than PwC (*e.g.,* Towers Perrin, Hewitt Consultants, Mercer, Kwasha Lipton) that identify potential legal or tax issues or risks relating to the design of the Pension Plan.

**Request for Admission No. 15**
Admit that all or most of the participants whose account assets were transferred in whole or part to the Pension Plan pursuant to any of the 401(k) asset transfers are members of the proposed Cutback Class.

**Interrogatory No. 15**
If you do not provide an unqualified admission in response to Request for Admission No. 15, identify participants who fit the description in such Request but are not members of the proposed Cutback Class, and explain the reason they are not members of the proposed Class.

**Request for Production No. 37**
Produce all documents supporting your response to Interrogatory No. 15.

This 16th day of September, 2005.

_____

F. Lane Williamson
North Carolina State Bar No. 8568


Thomas D. Garlitz
North Carolina State Bar No. 8277

Garlitz & Williamson, PLLC
Attorneys for Plaintiffs and Proposed Classes
212 South Tryon Street, Suite 930
Charlotte, NC  28281
Telephone:    (704) 372-1282
Fax:    (704) 372-1621
E-mail address: lwilliams@gwattorneys.com


_____

Eli Gottesdiener
Admitted *Pro Hac Vice*


Gottesdiener Law Firm, PLLC
Attorney for Plaintiffs and Proposed Classes
498 7th Street
Brooklyn, New York 11215
Phone:          (718) 788-1500
Fax:          (718) 788-1650
E-mail address:  eli@gottesdienerlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 16, 2005 I caused all Defendants to be served by

causing a copy of the foregoing Requests to be served on their North Carolina counsel, listed

below, by hand delivery as follows:

Irving Michael Brenner
Helms, Mulliss & Wicker, PLLC
201 N. Tryon St.
Charlotte, NC  28202

Attorneys for the Bank of America Defendants
identified in paragraphs 10 and 11 above


Angelique Regail Vincent
Robinson, Bradshaw & Hinson, P. A.
101 No. Tryon Street
Suite 1900
Charlotte, NC 28246

Attorneys for Defendant PricewaterhouseCoopers LLP




_____

F. Lane Williamson
Attorney for Plaintiffs and Proposed Classes