UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

|  |  |
|---|---|
| WILLIAM L. PENDER, *et al.*, <br><br> Plaintiffs, <br> v. <br><br> BANK OF AMERICA CORP., et al, <br><br> Defendants | CIVIL ACTION NO. 3:05-CV-00238-C |

## PRICEWATERHOUSECOOPERS LLP'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' REQUESTS TO ADMIT PERTAINING TO CLASS CERTIFICATION

Defendant PricewaterhouseCoopers LLP ("PwC") hereby responds to Plaintiffs' Requests To Admit Pertaining to Class Certification ("Requests") as follows:

### GENERAL RESPONSES AND OBJECTIONS

The following comments and objections apply to all of PwC's responses regardless of whether they are referenced in the body of those answers. Each of these General Objections is incorporated into the objections to each specific request. In some instances, however, certain comments and objections are referenced in the body of PwC's responses for the sake of emphasis. Any reference in a specific objection to any of the General Objections does not limit the applicability of all of the General Objections to each specific request.

1. PwC objects to plaintiffs' instructions, definitions, and requests to the extent they purport to impose any obligations beyond those imposed by the Federal Rules of Civil Procedure, local rules or order of the Court.

2. PwC objects to plaintiffs' definition of "PwC," "Defendant," "you," and "your" as overly broad, unduly burdensome and vague and that, as defined, calls for admissions based on information held by third parties that are not within PwC's possession, custody or control.

3. PwC objects to the Requests to the extent they seek admissions protected from disclosure by the attorney-client privilege, the joint defense privilege or common interest privilege, the work product doctrine, and any other applicable doctrine or privilege. PwC does not intend any inadvertent disclosure of privileged or protected information to constitute a waiver of any privilege or protection.

4. PwC objects to the Requests to the extent it purports to require PwC to provide admissions relevant, if at all, solely to the merits of plaintiffs' claims and not to class certification. The Court made clear at the scheduling hearing as well as through its scheduling order that the parties are not required to engage in merits discovery until after the filing of PwC's answer, assuming that plaintiffs' claim survives PwC's pending motion to dismiss. (*See* Dkt. No. 143, Pretrial Order and Case Management Plan, at II. G.; *see* 8/30/05 Tr. at 32-36)

5. PwC objects to the Requests to the extent it seeks admissions not relevant to the subject matter involved in this action or reasonably calculated to lead to discovery of admissible evidence. By responding to a request, PwC does not concede the relevance, existence, or admissibility of the admission sought.

6. PwC reserves the right to assert additional general and specific objections or supplemental responses should it discover any additional information or grounds for objection and to supplement or amend this response at any time. PwC also reserves the right to assert additional general and specific objections arising from matters discovered during the course of this litigation.

# REQUESTS

## REQUEST FOR ADMISSION NO. 1:

Admit that Plaintiff William L. Pender is a current Bank employee and fully vested participant in the Plans.

## RESPONSE:

Currently lacking any information to the contrary, PwC admits this request based on Mr. Pender's sworn deposition testimony, Plaintiffs' Objections and Responses To The Bank of America Defendants' First Set of Interrogatories To Plaintiffs, and the documents produced by plaintiffs.

## REQUEST FOR ADMISSION NO. 2:

Admit that Plaintiff David L. McCorkle was a Bank employee and fully vested participant in the Plans.

## RESPONSE:

Currently lacking any information to contrary, and based on Mr. McCorkle's sworn deposition testimony, Plaintiffs' Objections and Responses To The Bank of America Defendants' First Set of Interrogatories To Plaintiffs, and the documents produced by plaintiffs, PwC admits that Mr. McCorkle was a Bank employee and was a fully vested participant in the Plans.

## REQUEST FOR ADMISSION NO. 3:

Admit that Plaintiffs Pender and McCorkle are both members of each of the two proposed Classes as defined in Complaint ¶ 92.

## RESPONSE:

Currently lacking any information to contrary, and based on Messrs. Pender's and McCorkle's sworn deposition testimony, Plaintiffs' Objections and Responses To The Bank of America Defendants' First Set of Interrogatories To Plaintiffs, and the documents produced by

plaintiffs, PwC admits that Messrs. Pender and McCorkle fall within the definition of the proposed classes set forth in paragraph 92 of the Complaint.

**REQUEST FOR ADMISSION NO. 4:**

Admit that all or most of the 111,800 "participants with cash balance accounts who were employed by the Bank or its subsidiaries" as of June 30, 2004 that the Bank discusses in Doc. 68 are members of the proposed Cash Balance Formula Class.

**RESPONSE:**

The Declaration of Richard J. Dorazil, offered in support of the Bank of America Defendants' motion to transfer this case from the Southern District of Illinois to the Western District of North Carolina, states that there are "approximately 111,800 participants [in the Bank of America Pension Plan] employed by Bank of America or its subsidiaries who had cash balance accounts." (Dkt. No. 68, Ex. A) While this information provided by the Dorazil Declaration is the only information known to PwC concerning Request No. 4, PwC has no reason to doubt the accuracy of the statements in the declaration. Thus, based solely on the information provided in the Dorazil Declaration, PwC admits that the individuals referred to therein fall within the definition of the proposed Cash Balance Formula Class set forth in paragraph 92 of the Complaint.

**REQUEST FOR ADMISSION NO. 5:**

Admit that for all participants and former participants in the Pension Plan, all benefits have been, are being, and will be calculated assuming that the normal retirement age under the Pension Plan is the "Normal Retirement Date" defined in § 2.1(c)(35) of the Pension Plan, and without taking into account the value of the right to continue earning investment credits after the Normal Retirement Date for as long as a participant's benefits remain in the Plan.

**RESPONSE:**

PwC has made a reasonable inquiry into the information known or readily available to it, but lacks information or personal knowledge regarding all past, present and future benefit calculations under the Pension Plan sufficient to admit or deny this request.

4

**REQUEST FOR ADMISSION NO. 6:**

Admit that for all participants and former participants in the Pension Plan, all benefit distribution options disclosed in distribution election and spousal consent forms have been, are being, and will be calculated assuming that the normal retirement age under the Pension Plan is the "Normal Retirement Date" defined in § 2.1(c)(35) of the Pension Plan, and without taking into account the value of the right to continue earning investment credits after the Normal Retirement Date for as long as a participant's benefits remain in the Plan.

**RESPONSE:**

PwC has made a reasonable inquiry into the information known or readily available to it, but lacks information or personal knowledge regarding all past, present and future benefit calculations under the Pension Plan sufficient to admit or deny this request.

**REQUEST FOR ADMISSION NO. 7:**

Admit that all participants whose benefits under the Pension Plan have been paid or will in the future be paid in the form of a single lump sum were or will be paid an amount equal to the nominal balance of the participant's hypothetical account balance under the Pension Plan as of the Benefit Commencement Date.

**RESPONSE:**

PwC has made a reasonable inquiry into the information known or readily available to it, but lacks information or personal knowledge regarding the details of all past payments to Plan participants or future payments that will be made to participants sufficient to admit or deny this request.

**REQUEST FOR ADMISSION NO. 8:**

Admit that the manner in which the benefit distribution options provided to Plaintiff McCorkle were calculated, and the manner in which the amount of Plaintiff McCorkle's lump sum distribution was calculated, was substantially similar to the manner in which distribution options and lump sum distribution amounts have been calculated for all or substantially all other participants in the Pension Plan.

**RESPONSE:**

PwC has made a reasonable inquiry into the information known or readily available to it, but lacks information or personal knowledge regarding the calculation of Mr. McCorkle's lump

sum distribution sufficient to admit or deny this request. PwC also objects to the request as vague and ambiguous. Plaintiffs' provide no definition for the phrase "substantially similar," and as used in this request, the phrase is vague and ambiguous.

## REQUEST FOR ADMISSION NO. 9:

Admit that all participants whose benefits under the Pension Plan have been paid or will in the future be paid in the form of annual payments were or will be paid an amount equal to the nominal balance of the participant's hypothetical account balance under the Pension Plan as of the Benefit Commencement Date multiplied (or divided by) an immediate annuity factor.

## RESPONSE:

PwC has made a reasonable inquiry into the information known or readily available to it, but lacks information or personal knowledge regarding the details of all past payments to Plan participants or future payments that will be made to participants sufficient to admit or deny this request.

## REQUEST FOR ADMISSION NO. 10:

Admit that Plaintiffs and all members of the proposed Cash Balance Formula Class accrued, are now accruing, and/or will in the future receive compensation credits determined pursuant to the chart that appears in Section 5.2 of the Pension Plan (or the predecessor chart under the NationsBank Cash Balance Plan).

## RESPONSE:

PwC has made a reasonable inquiry into the information known or readily available to it, but lacks information or personal knowledge regarding the past, present and future accruals of benefits by all members of the proposed Cash Balance Formula Class sufficient to admit or deny this request.

## REQUEST FOR ADMISSION NO. 11:

Admit that no participant in the Pension Plan during the relevant period received a "suspension of benefits" notice.

## RESPONSE:

For the reasons stated in General Objection No. 4, PwC objects to this request on the grounds that it seeks admissions relevant, if at all, solely to the merits of plaintiffs' claims and not to class certification. PwC will respond to this Request For Admission after filing its Answer, if any, to the Complaint.

### REQUEST FOR ADMISSION NO. 12:

Admit that each of the 401(k) asset transfers was implemented in substantially the same manner. For purposes of this Request for Admission, "in substantially the same manner" means that each transfer was accomplished via 401(k) Plan or 401(k) plan amendments that required the in-service transfer to the Pension Plan of assets from 401(k) Plan accounts of participants who authorized such transfers.

### RESPONSE:

PwC has made a reasonable inquiry into the information known or readily available to it, but lacks information or personal knowledge regarding the circumstances of each and every 401(k) asset transfer sufficient to admit or deny this request.

### REQUEST FOR ADMISSION NO. 13:

Admit that the 401(k) transfers of assets from Plaintiff Pender's and Plaintiff McCorkle's 401(k) Plan accounts was accomplished in a manner substantially similar to substantially all of the other asset transfers from the 401(k) Plan accounts of other participants.

### RESPONSE:

PwC has made a reasonable inquiry into the information known or readily available to it, but lacks information or personal knowledge regarding the circumstances of each and every 401(k) asset transfer sufficient to admit or deny this request. PwC also objects to the request as vague and ambiguous. Plaintiffs' provide no definition for the phrase "substantially similar," and as used in this request, the phrase is vague and ambiguous.

### REQUEST FOR ADMISSION NO. 14:

Admit that following each of the 401(k) asset transfers, the assets that had been held in individual accounts for each participant in the 401(k) Plan (within the meaning of ERISA

§ 3(34), 29 U.S.C. § 1002(34)) were and are no longer held in individual accounts (within the meaning of ERISA § 3(34), 29 U.S.C. § 1002(34)), within the Pension Plan or otherwise.

**RESPONSE:**

For the reasons stated in General Objection No. 4, PwC objects to this request on the grounds that it seeks admissions relevant, if at all, solely to the merits of plaintiffs' claims and not to class certification. PwC will respond to this Request For Admission after filing its Answer, if any, to the Complaint.

**REQUEST FOR ADMISSION NO. 15:**

Admit that all or most of the participants whose account assets were transferred in whole or part to the Pension Plan pursuant to any of the 401(k) asset transfers are members of the proposed Cutback Class.

**RESPONSE:**

PwC has made a reasonable inquiry into the information known or readily available to it, but lacks information or personal knowledge regarding the circumstances of each and every 401(k) asset transfers sufficient to admit or deny this request.

Dated: November 7, 2005

*Angelique R. Vincent*
Mark W. Merritt
N.C. State Bar No. 12198
Angelique R. Vincent
N.C. State Bar No. 29547
Robinson, Bradshaw & Hinson, P.A.
101 N. Tryon St., Suite 1900
Charlotte, North Carolina 28246
(704) 377-8357 (telephone)
(704) 378-4000 (facsimile)


Robert J. Kopecky
Douglas G. Smith
Lauren O. Casazza
Jason W. Callen
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

*Co-Counsel for Defendant*
*PricewaterhouseCoopers LLP*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served counsel for the opposing party with a copy of the within and foregoing **PRICEWATERHOUSECOOPERS LLP'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' REQUESTS TO ADMIT PERTAINING TO CLASS CERTIFICATION** by depositing a copy of same in the United States mail in an envelope properly addressed to the following, with adequate postage thereon to ensure proper delivery:

> Eli Gottesdiener
> Gottesdiener Law Firm, PLLC
> 498 7th Street
> Brooklyn, NY 11215
>
> F. Lane Williamson
> Thomas D. Garlitz
> Garlitz & Williamson, PLLC
> 212 South Tryon Street, Suite 930
> Charlotte, NC 28281
>
> Mr. Irving M. Brenner
> Helms Mulliss & Wicker, PLLC
> P.O. Box 31247
> Charlotte, NC 28231

This 7th day of November, 2005.

_____
Angelique R. Vincent