UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| WILLIAM L. PENDER, *et al.*, | ) |
| Plaintiffs, | ) CIVIL ACTION NO. 3:05-CV-00238-C |
| v. | ) |
| BANK OF AMERICA CORP., *et al.*, | ) |
| Defendants | ) |

## PRICEWATERHOUSECOOPERS LLP'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' INTERROGATORIES PERTAINING TO CLASS CERTIFICATION

Defendant PricewaterhouseCoopers LLP ("PwC") hereby responds to Plaintiffs' Interrogatories Pertaining to Class Certification ("Interrogatories") as follows:

### GENERAL RESPONSES AND OBJECTIONS

The following comments and objections apply to all of PwC's responses regardless of whether they are referenced in the body of those responses. Each of these General Objections is incorporated into the objections to each specific interrogatory. In some instances, however, certain comments and objections are referenced in the body of PwC's responses for the sake of emphasis. Any reference in a specific objection to any of the General Objections does not limit the applicability of all of the General Objections to each specific interrogatory.

1. PwC objects to plaintiffs' instructions, interrogatories and definitions to the extent they purport to impose any obligations beyond those imposed by the Federal Rules of Civil Procedure, local rules or order of the Court.

2. PwC objects to plaintiffs' instructions that PwC identify all persons providing information or conflicting information and documents believed to support a response because

they are overbroad, unduly burdensome and seek information protected by the attorney-client and/or attorney work product privileges.

3. PwC objects to the Interrogatories to the extent they call for information or documents already in plaintiff's possession or that are publicly available to plaintiff.

4. PwC objects to plaintiffs' definition of "PwC," "Defendant," "you," and "your" as overly broad, unduly burdensome and vague and that, as defined, calls for information or documents from third parties that are not within PwC's possession, custody or control.

5. PwC objects to the Interrogatories to the extent they seek information that is protected from disclosure by the attorney-client privilege, the joint defense privilege or common interest privilege, the work product doctrine, and any other applicable doctrine or privilege. PwC does not intend any inadvertent disclosure of privileged or protected information or to constitute a waiver of any privilege or protection.

6. PwC objects to the Interrogatories to the extent it purports to require PwC to provide information relevant, if at all, solely to the merits of plaintiffs' claims and not to class certification. The Court made clear at the scheduling hearing as well as through its scheduling order that the parties are not required to engage in merits discovery until after the filing of PwC's answer, assuming that plaintiffs' claim survives PwC's pending motion to dismiss. (*See* Dkt. No. 143, Pretrial Order and Case Management Plan, at II. G.; *see* 8/30/05 Tr. at 32-36)

7. PwC objects to the Interrogatories to the extent they seek information not relevant to the subject matter involved in this action or reasonably calculated to lead to discovery of admissible evidence. By responding to an interrogatory, PwC does not concede the relevance, existence, or admissibility of the information sought.

8.  PwC reserves the right to assert additional general and specific objections or supplemental responses should it discover any additional information or grounds for objection and to supplement or amend this Response at any time. PwC also reserves the right to assert additional general and specific objections arising from matters discovered during the course of this litigation.

## INTERROGATORIES

### INTERROGATORY NO. 1:

If you do not provide an unqualified admission in response to Request for Admission No. 4, explain the grounds or bases for your less than unqualified admission, admitting such portion of the Request for Admission as you can, and denying by explanation that portion of the Request which is not accurate. In particular, identify all participants who are not members of the proposed Cash Balance Formula Class from among the 111,800 referenced above and explain the reason(s) they are not member[sic] of the proposed Class.

### RESPONSE:

PwC stated in response to Request for Admission No. 4 that it admits this request based solely on the Declaration of Richard J. Dorazil In Support Of Bank Of America Defendants' Motion To Transfer Pursuant To 28 U.S.C. § 1404(a). (Dkt. No. 68, Ex. A) In particular, PwC does not have possession of or access to records of past benefit calculations and payments, nor does it have any role in calculating, or access to information about, future benefit payments. PwC lacks knowledge or information sufficient to answer the second sentence of Interrogatory No. 1.

### INTERROGATORY NO. 2:

If you do not provide an unqualified admission in response to Request for Admission No. 5, explain the grounds or bases for your less than unqualified admission, admitting such portion of the Request for Admission as you can, and denying by explanation that portion of the Request which is not accurate. In particular, identify participants whose benefits were calculated based on a different retirement date assumption and explain the reason the assumption was different.

### RESPONSE:

3

PwC stated in its responses to Request for Admission No. 5, that it lacks information or personal knowledge sufficient to admit or deny Request for Admission No. 5. In particular, PwC does not have possession of or access to records of past benefit calculations and payments, nor does it have any role in calculating, or access to information about, future benefit payments. PwC lacks knowledge or information sufficient to answer the second sentence of Interrogatory No. 2.

**INTERROGATORY NO. 3:**

If you do not provide an unqualified admission in response to Request for Admission No. 6, explain the grounds or bases for your less than unqualified admission, admitting such portion of the Request for Admission as you can, and denying by explanation that portion of the Request which is not accurate. In particular, identify participants whose option forms were calculated based on a different retirement date assumption and explain the reason the assumption was different.

**RESPONSE:**

PwC stated in its responses to Request for Admission No. 6, that it lacks information or personal knowledge sufficient to admit or deny Request for Admission No. 6. In particular, PwC does not have possession of or access to records of past benefit calculations and payments, nor does it have any role in calculating or access to information about future benefit payments. PwC lacks knowledge or information sufficient to answer the second sentence of Interrogatory No. 3.

**INTERROGATORY NO. 4:**

If you do not provide an unqualified admission in response to Request for Admission No. 7, explain the grounds or bases for your less than unqualified admission, admitting such portion of the Request for Admission as you can, and denying by explanation that portion of the Request which is not accurate. In particular, identify participants whose lump sum benefits were calculated in a different manner and explain the reason the calculation was different.

**RESPONSE:**

PwC stated in its responses to Request for Admission No. 7, that it lacks information or personal knowledge sufficient to admit or deny Request for Admission No. 7. In particular, PwC

does not have possession of or access to records of past benefit calculations and payments, nor does it have any role in calculating or access to information about future benefit payments. PwC lacks knowledge or information sufficient to answer the second sentence of Interrogatory No. 4.

**INTERROGATORY NO. 5:**

If you do not provide an unqualified admission in response to Request for Admission No. 8, explain the grounds or bases for your less than unqualified admission, admitting such portion of the Request for Admission as you can, and denying by explanation that portion of the Request which is not accurate. In particular, explain how Plaintiff McCorkle's lump sum benefit was calculated differently than other participants' lump sum payments or vice versa, or how some groups of participants lump sums were calculated differently than others, and explain the reason the calculations were different.

**RESPONSE:**

PwC stated in its responses to Request for Admission No. 8, that it lacks information or personal knowledge sufficient to admit or deny Request for Admission No. 8. In particular, PwC does not have possession of or access to records of past benefit calculations and payments, nor does it have any role in calculating or access to information about future benefit payments. PwC lacks knowledge or information sufficient to answer the second sentence of Interrogatory No. 5.

**INTERROGATORY NO. 6:**

If you do not provide an unqualified admission in response to Request for Admission No. 9, explain the grounds or bases for your less than unqualified admission, admitting such portion of the Request for Admission as you can, and denying by explanation that portion of the Request which is not accurate. In particular, identify which participants who have been paid or will in the future be paid in the form of annual payments were not or will not be paid an amount equal to the nominal balance of the participant's hypothetical account balance under the Pension Plan as of the Benefit Commencement Date multiplied or divided by an immediate annuity factor and explain the calculation that was or will in fact be made.

**RESPONSE:**

PwC stated in its responses to Request for Admission No. 9, that it lacks information or personal knowledge sufficient to admit or deny Request for Admission No. 9. In particular, PwC does not have possession of or access to records of past benefit calculations and payments, nor

5

does it have any role in calculating or access to information about future benefit payments. PwC lacks knowledge or information sufficient to answer the second sentence of Interrogatory No. 6.

**INTERROGATORY NO. 7:**

If you do not provide an unqualified admission in response to Request for Admission No. 10 explain the grounds or bases for your less than unqualified admission, admitting such portion of the Request for Admission as you can, and denying by explanation that portion of the Request which is not accurate. In particular, identify which participants did not or will not receive compensation credits pursuant to the chart that appears in Section 5.2 of the Pension Plan (or the predecessor chart under the NationsBank Cash Balance Plan) and the reason why.

**RESPONSE:**

PwC stated in its responses to Request for Admission No. 10, that it lacks information or personal knowledge sufficient to admit or deny Request for Admission No. 10. In particular, PwC does not have possession of or access to records of past benefit calculations and payments, nor does it have any role in calculating or access to information about future benefit payments. PwC lacks knowledge or information sufficient to answer the second sentence of Interrogatory No. 7.

**INTERROGATORY NO. 8:**

If you do not provide an unqualified admission in response to Request for Admission No. 11, explain the grounds or bases for your less than unqualified admission, admitting such portion of the Request for Admission as you can, and denying by explanation that portion of the Request which is not accurate. In particular, identify which participants received suspension of benefits notices and the reasons why they received the notice.

**RESPONSE:**

For the reasons stated in General Objection No. 6, PwC objects to Interrogatory No. 8 on the grounds that it seeks information relevant, if at all, solely to the merits of plaintiffs' claims and not to class certification.

**INTERROGATORY NO. 9:**

Identify all participants who signed or executed any type of release that ran or runs or could reasonably be construed as running in favor of any named Defendant and that arguably

6

releases one or more of them from liability for any of the alleged violations of ERISA and/or the terms of the Pension Plan or 401(k) Plan referred to in the Complaint.

**RESPONSE:**

Subject to and without waiving its General Objections, PwC states that it lacks information or personal knowledge sufficient to answer Interrogatory No. 9.

**INTERROGATORY NO. 10:**

For each participant identified in Interrogatory No. 9, identify the type of release (as provided pursuant to Request for Production No. 25) that was signed or executed by the participant.

**RESPONSE:**

Subject to and without waiving its General Objections, PwC states that it lacks information or personal knowledge sufficient to answer Interrogatory No. 10.

**INTERROGATORY NO. 11:**

Identify the assumptions used to estimate returns on participant-directed "investments" under the Pension Plan for any and all purposes under the Plan (e.g., Code nondiscrimination testing, funding, accounting, SEC disclosures, actuarial assumptions) and identify all estimated returns on participant-directed "investments" under the Pension Plan.

**RESPONSE:**

For the reasons stated in General Objection No. 6, PwC objects to Interrogatory No. 11 on the grounds that it seeks information relevant, if at all, solely to the merits of plaintiffs' claims and not to class certification.

**INTERROGATORY NO. 12:**

If you do not provide an unqualified admission in response to Request for Admission No. 12, explain in what manner and for which specific participants or groups of participants the 401(k) asset transfer were not implemented in a substantially same manner as for all other participants.

**RESPONSE:**

7

PwC stated in its responses to Request for Admission No. 12, that it lacks information or personal knowledge sufficient to admit or deny Request for Admission No. 12. In particular, PwC does not have possession of or access to records sufficient to answer Interrogatory No. 12.

**INTERROGATORY NO. 13:**

If you do not provide an unqualified admission in response to Request for Admission No. 13, explain the grounds or bases for your less than unqualified admission, admitting such portion of the Request for Admission as you can, and denying by explanation that portion of the Request which is not accurate. In particular, how the transfers in question differed and explain the reasons why.

**RESPONSE:**

PwC stated in its responses to Request for Admission No. 13, that it lacks information or personal knowledge sufficient to admit or deny Request for Admission No. 13. In particular, PwC does not have possession of or access to records relating to each and every of the 401(k) asset transfers. PwC lacks knowledge or information sufficient to answer the second sentence of Interrogatory No. 13.

**INTERROGATORY NO. 14:**

If you do not provide an unqualified admission in response to Request for Admission No. 14, explain the grounds or bases for your less than unqualified admission, admitting such portion of the Request for Admission as you can, and denying by explanation that portion of the Request which is not accurate.

**RESPONSE:**

For the reasons stated in General Objection No. 6, PwC objects to Interrogatory No. 14 on the grounds that it seeks information relevant, if at all, solely to the merits of plaintiffs' claims and not to class certification.

**INTERROGATORY NO. 15:**

If you do not provide an unqualified admission in response to Request for Admission No. 15, identify participants who fit the description in such Request but are not members of the proposed Cutback Class, and explain the reason they are not members of the proposed Class.

**RESPONSE:**

PwC stated in its responses to Request for Admission No. 15, that it lacks information or personal knowledge sufficient to admit or deny Request for Admission No. 15. In particular, PwC does not have possession of or access to records sufficient to answer Interrogatory No. 15.

Dated: November 7, 2005

*Angelique R. Vincent*
Mark W. Merritt
N.C. State Bar No. 12198
Angelique R. Vincent
N.C. State Bar No. 29547
Robinson, Bradshaw & Hinson, P.A.
101 N. Tryon St., Suite 1900
Charlotte, North Carolina 28246
(704) 377-8357 (telephone)
(704) 378-4000 (facsimile)

Robert J. Kopecky
Douglas G. Smith
Lauren O. Casazza
Jason W. Callen
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

*Co-Counsel for Defendant*
*PricewaterhouseCoopers LLP*

## VERIFICATION

I have reviewed the foregoing PricewaterhouseCoopers LLP's Responses and Objections to Plaintiffs' Interrogatories Pertaining To Class Certification and hereby certify that the statements contained therein are true and accurate to the best of my knowledge, information and belief, which knowledge, information and belief are based in part on information provided to me by others employed by PricewaterhouseCoopers LLP. PricewaterhouseCoopers LLP reserves its right to revise, correct or clarify the foregoing responses.

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 3, 2005.

_____
Jack Abraham
Tax Principal
PricewaterhouseCoopers LLP

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served counsel for the opposing party with a copy of the within and foregoing **PRICEWATERHOUSECOOPERS LLP'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' INTERROGATORIES PERTAINING TO CLASS CERTIFICATION** by depositing a copy of same in the United States mail in an envelope properly addressed to the following, with adequate postage thereon to ensure proper delivery:

Eli Gottesdiener
Gottesdiener Law Firm, PLLC
498 7th Street
Brooklyn, NY 11215

F. Lane Williamson
Thomas D. Garlitz
Garlitz & Williamson, PLLC
212 South Tryon Street, Suite 930
Charlotte, NC 28281

Mr. Irving M. Brenner
Helms Mulliss & Wicker, PLLC
P.O. Box 31247
Charlotte, NC 28231

This 7th day of November, 2005.

_____
Angélique R. Vincent