UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| WILLIAM L. PENDER, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> BANK OF AMERICA CORP., *et al.*, <br><br> Defendants | ) ) ) ) ) CIVIL ACTION NO. 3:05-CV-00238-C ) ) ) ) ) ) ) ) ) ) |

**PRICEWATERHOUSECOOPERS LLP'S
RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST REQUEST FOR
THE PRODUCTION OF DOCUMENTS PERTAINING TO CLASS CERTIFICATION**

Defendant PricewaterhouseCoopers LLP ("PwC") hereby responds to Plaintiffs' First Request For The Production Of Documents Pertaining to Class Certification ("First Request") as follows:

**GENERAL RESPONSES AND OBJECTIONS**

The following comments and objections apply to all of PwC's responses regardless of whether they are referenced in the body of those responses. Each of these General Objections is incorporated into the objections to each specific request. In some instances, however, certain comments and objections are referenced in the body of PwC's responses for the sake of emphasis. Any reference in a specific objection to any of the General Objections does not limit the applicability of all of the General Objections to each specific request for production.

1. PwC objects to plaintiffs' instructions, definitions, and requests for production to the extent they purport to impose any obligations beyond those imposed by the Federal Rules of Civil Procedure, local rules or order of the Court.

2.    PwC objects to plaintiffs' definitions of "PwC," "Defendant," "you," and "your" as overly broad, unduly burdensome and vague and that, as defined, may call for documents from third parties that are not within PwC's possession, custody or control.

3.    PwC objects to the First Request to the extent it seeks any documents protected from disclosure by the attorney-client privilege, the joint defense privilege or common interest privilege, the work product doctrine, and any other applicable doctrine or privilege. PwC does not intend any inadvertent disclosure of privileged or protected information or to constitute a waiver of any privilege or protection.

4.    PwC objects to the First Request to the extent it calls for documents already in plaintiff's possession (including documents produced to PwC by plaintiffs) or that are publicly available to plaintiff.

5.    PwC objects to the First Request to the extent it seeks documents not relevant to the subject matter involved in this action or reasonably calculated to lead to discovery of admissible evidence.

6.    PwC objects to the First Request to the extent it purports to require PwC to provide information or documents relevant, if at all, solely to the merits of plaintiffs' claims and not to class certification. The Court made clear at the scheduling hearing as well as through its scheduling order that the parties are not required to engage in merits discovery until after the filing of PwC's answer, assuming that plaintiffs' claim survives PwC's pending motion to dismiss. (*See* Dkt. No. 143, Pretrial Order and Case Management Plan, at II. G.; *see* 8/30/05 Tr. at 32-36)

7.    PwC's decision, now or in the future, to provide documents notwithstanding the objectionable nature of any of the definitions or instructions, or the requests themselves, should

not be construed as: (a) a stipulation that the material is relevant or admissible, (b) a waiver of PwCs' General Objections or objections asserted in response to specific requests, or (c) an agreement that requests for similar information will be treated in a similar manner.

8. PwC reserves the right to assert additional general and specific objections to the production of documents as appropriate and to supplement these objections and responses. PwC also reserves the right to assert additional general and specific objections arising from matters discovered during the course of this litigation.

9. By stating that it will agree to produce responsive documents within its possession, custody or control, PwC is not representing that any such documents exist.

10. Plaintiffs have requested documents dating back over ten years. PwC has made a good faith effort to gather and produce responsive documents. PwC's efforts in this regard, however, remain ongoing and PwC will continue to produce any additional responsive documents promptly subject to the objections stated herein.

## REQUESTS

### REQUEST FOR PRODUCTION NO. 1:

Produce all plan documents under which the Plans have been or are now operated since January 1, 1998, including all versions of the operative formal Plan documents, all amendments to the operative formal Plan documents, all versions of the summary plan descriptions ever provided to a participant under the Plans, and all versions of the operative trust documents.

### RESPONSE:

Subject to and without waiving its General Objections, PwC will produce documents, if any, within its possession, custody, and control that are responsive to Request No. 1.

### REQUEST FOR PRODUCTION NO. 2:

Produce all applications to the IRS for a determination letter on any of the Plans since January 1, 1997, including but not limited to complete submissions, with all attachments, demonstrations, exhibits, explanations, and alike.

**RESPONSE:**

For the reasons stated in General Objection No. 6, PwC objects to Request No. 2 on the grounds that it seeks documents relevant, if at all, solely to the merits of plaintiffs' claims and not to class certification.

**REQUEST FOR PRODUCTION NO. 3:**

Produce all documents relating to the consideration, planning, analysis, and drafting of the Pension Plan, including but not limited to all documents relating to the adoption of the Pension Plan's Normal Retirement Date or normal retirement age, and the Pension Plan's participant-directed investment feature and/or their uniform application to all or substantial[sic] all Pension Plan participants.

**RESPONSE:**

For the reasons stated in General Objection No. 6, PwC objects to Request No. 3 on the grounds that it seeks documents relevant, if at all, solely to the merits of plaintiffs' claims and not to class certification.

**REQUEST FOR PRODUCTION NO. 4:**

Produce all documents relating to PwC's advice regarding the accounting treatment and other potential benefits to either Plan and/or the Bank of the proposed Pension Plan design and/or the 401(k) asset transfer prepared between January 1, 1995 and December 31, 1998, including but not limited to any advice or conclusions relating to the anticipated or potential impact of the participant-directed investment feature and 5-years of service normal retirement date, and including but not limited to valuations or quantifications of the potential benefits.

**RESPONSE:**

For the reasons stated in General Objection No. 6, PwC objects to Request No. 4 on the grounds that it seeks documents relevant, if at all, solely to the merits of plaintiffs' claims and not to class certification.

**REQUEST FOR PRODUCTION NO. 5:**

Produce all documents analyzing or discussing the legal or tax implications and/or risks potentially arising from, or addressed by, the cash balance design features that are incorporated into the Pension Plan, including issues relating to "whipsaw" calculations, age discrimination, backloading, and fiduciary duties.

**RESPONSE:**

For the reasons stated in General Objection No. 6, PwC objects to Request No. 5 on the grounds that it seeks documents relevant, if at all, solely to the merits of plaintiffs' claims and not to class certification. PwC also objects to Request No. 5 to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, and any other applicable doctrine or privilege.

**REQUEST FOR PRODUCTION NO. 6:**

Produce all documents and records of other communications between the Bank and PwC relating to the Letter from Ira Cohen, PricewaterhouseCoopers LLP, to IRS Commissioner Charles O. Rossotti and Deputy Assistant Secretary for Tax Policy Jonathan Talisman, dated Sept. 30, 1999, *reprinted in* Tax Notes Today, Nov. 18, 1999, *see* Complaint ¶ 34, including but not limited to all documents and records of other communications relating to the consideration, preparation, or approval of the letter or any drafts or outlines of the letter; and including the letter itself and all drafts, outlines, preliminary versions, or revisions.

**RESPONSE:**

For the reasons stated in General Objection No. 6, PwC objects to Request No. 6 on the grounds that it seeks documents relevant, if at all, solely to the merits of plaintiffs' claims and not to class certification.

**REQUEST FOR PRODUCTION NO. 7:**

Produce all documents and records of other communications between the Bank and PwC relating to class certification issues in this litigation and/or class certification in the putative class action filed against PwC by Timothy D. Laurent. If a claim of privilege is interposed under the joint defense privilege in whole or in part, produce all documents evidencing the existence and scope of any such purported joint defense privilege between and/or among one or more Bank of America Defendants and PwC.

**RESPONSE:**

PwC objects to Request No. 7 on the grounds that it seeks documents protected by attorney client privilege, the joint-defense or common interest privilege, and/or the work product doctrine.

**REQUEST FOR PRODUCTION NO. 8:**

Produce all documents relating to Plaintiff Pender and/or Plaintiff McCorkle including without limitation all documents relating to their participation in the Plans and their employment with the Bank and all documents that came into your possession, custody or control relating to them in any way subsequent to the time you first learned that they were plaintiffs and proposed class representatives in this case.

**RESPONSE:**

Subject to and without waiving its General Objections, PwC will produce documents, if any, within its possession, custody, and control that are responsive to Request No. 8.

**REQUEST FOR PRODUCTION NO. 9:**

Produce all documents supporting your response to Interrogatory No. 1.

**RESPONSE:**

Subject to and without waiving its General Objections, PwC states that it will produce documents, if any, within its possession, custody and control responsive to this request.

**REQUEST FOR PRODUCTION NO. 10:**

Produce all documents that support any argument you will make or are giving serious consideration to making that either of the two Classes proposed by Plaintiffs does not meet the numerosity requirements of Federal Rule of Civil Procedure 23(a)(1).

**RESPONSE:**

PwC objects to Request No. 10 on the grounds that it seeks material protected from disclosure under the attorney work product doctrine.

**REQUEST FOR PRODUCTION NO. 11:**

Produce all documents that support any argument you will make or are giving serious consideration to making that the claims of the two Classes proposed by Plaintiffs do not meet the commonality requirements of Federal Rule of Civil Procedure 23(a)(2).

**RESPONSE:**

PwC objects to Request No. 10 on the grounds that it seeks material protected from disclosure under the attorney work product doctrine.

**REQUEST FOR PRODUCTION NO. 12:**

Produce all documents that support any argument you will make or are giving serious consideration to making that Plaintiff Pender or Plaintiff McCorkle as the class representatives named in this case do not meet the typicality requirements of Federal Rule of Civil Procedure 23(a)(3).

**RESPONSE:**

PwC objects to Request No. 10 on the grounds that it seeks material protected from disclosure under the attorney work product doctrine.

**REQUEST FOR PRODUCTION NO. 13:**

Produce all documents that support any argument you will make or are giving serious consideration to making that the class representatives do not meet the adequacy requirements of Federal Rule of Civil Procedure 23(a)(4).

**RESPONSE:**

PwC objects to Request No. 10 on the grounds that it seeks material protected from disclosure under the attorney work product doctrine.

**REQUEST FOR PRODUCTION NO. 14:**

Produce all documents that support any argument you will make or are giving serious consideration to making that any of the Plaintiffs' counsel do not meet the adequacy requirements of Federal Rule of Civil Procedure 23(a)(4).

**RESPONSE:**

PwC objects to Request No. 10 on the grounds that it seeks material protected from disclosure under the attorney work product doctrine.

**REQUEST FOR PRODUCTION NO. 15:**

Produce all documents supporting your response to Interrogatory No. 2.

**RESPONSE:**

PwC stated in its responses to Interrogatory No. 2 and Request for Admission No. 5, that it lacks information or personal knowledge sufficient to admit or deny Request for Admission

No. 5. PwC objects to Request No. 15 on the grounds that it purports to require PwC to produce documents to prove a negative, *i.e.*, PwC's lack of knowledge and information.

### REQUEST FOR PRODUCTION NO. 16:

Produce all documents supporting your response to Interrogatory No. 3.

### RESPONSE:

PwC stated in its responses to Interrogatory No. 3 and Request for Admission No. 6, that it lacks information or personal knowledge sufficient to admit or deny Request for Admission No. 6. PwC objects to Request No. 16 on the grounds that it purports to require PwC to produce documents to prove a negative, *i.e.*, PwC's lack of knowledge and information.

### REQUEST FOR PRODUCTION NO. 17:

Produce all documents supporting your response to Interrogatory No. 4.

### RESPONSE:

PwC stated in its responses to Interrogatory No. 4 and Request for Admission No. 7, that it lacks information or personal knowledge sufficient to admit or deny Request for Admission No. 7. PwC objects to Request No. 17 on the grounds that it purports to require PwC to produce documents to prove a negative, *i.e.*, PwC's lack of knowledge and information.

### REQUEST FOR PRODUCTION NO. 18:

Produce all documents supporting your response to Interrogatory No. 8.

### RESPONSE:

PwC believes there is a typo in Request No. 18 and plaintiffs actually seek in this request documents supporting PwC's response to Interrogatory No. 5. PwC stated in its responses to Interrogatory No. 5 and Request for Admission No. 8, that it lacks information or personal knowledge sufficient to admit or deny Request for Admission No. 8. PwC objects to Request

No. 18 on the grounds that it purports to require PwC to produce documents to prove a negative, *i.e.*, PwC's lack of knowledge and information.

**REQUEST FOR PRODUCTION NO. 19:**

Produce all documents supporting your response to Interrogatory No. 6.

**RESPONSE:**

PwC stated in its responses to Interrogatory No. 6 and Request for Admission No. 9, that it lacks information or personal knowledge sufficient to admit or deny Request for Admission No. 9. PwC objects to Request No. 19 on the grounds that it purports to require PwC to produce documents to prove a negative, *i.e.*, PwC's lack of knowledge and information.

**REQUEST FOR PRODUCTION NO. 20:**

Produce all documents supporting your response to Interrogatory No. 7.

**RESPONSE:**

PwC stated in its responses to Interrogatory No. 7 and Request for Admission No. 10, that it lacks information or personal knowledge sufficient to admit or deny Request for Admission No. 10. PwC objects to Request No. 20 on the grounds that it purports to require PwC to produce documents to prove a negative, *i.e.*, PwC's lack of knowledge and information.

**REQUEST FOR PRODUCTION NO. 21:**

Produce a copy of all media on which the data and/or archival data for the Pension Plan's pension benefit distributions and the 401(k) Plan's asset transfers is kept for time period July 1, 1998 to the present, together with the necessary software and instructions for utilizing same.

**RESPONSE:**

Subject to and without waiving its General Objections, PwC will produce documents, if any, within its possession, custody, and control that are responsive to Request No. 21.

**REQUEST FOR PRODUCTION NO. 22:**

Produce all documents supporting your response to Interrogatory No. 8.

**RESPONSE:**

For the reasons stated in General Objection No. 6, PwC objects to Request No. 22 on the grounds that it seeks documents relevant, if at all, solely to the merits of plaintiffs' claims and not to class certification.

**REQUEST FOR PRODUCTION NO. 23:**

Produce all documents from which it can be ascertained which and/or how many participants received single lump sum distributions of their vested "account" balances under the Pension Plan, and what percentage of all distributions from the Pension Plan this number represents.

**RESPONSE:**

Subject to and without waiving its General Objections, PwC will produce documents, if any, within its possession, custody, and control that are responsive to Request No. 23.

**REQUEST FOR PRODUCTION NO. 24:**

Produce all documents from which it can be ascertained which and/or how many participants in the Pension Plan received any form of distribution other than a single lump sum distribution, and which particular form was paid.

**RESPONSE:**

Subject to and without waiving its General Objections, PwC will produce documents, if any, within its possession, custody, and control that are responsive to Request No. 24.

**REQUEST FOR PRODUCTION NO. 25:**

Produce one example of every different type or version of the releases referred to in Interrogatory No. 9 (and your responses thereto), using a copy of an actual release signed by an actual participant.

**RESPONSE:**

Subject to and without waiving its General Objections, PwC will produce documents, if any, within its possession, custody, and control that are responsive to Request No. 25.

**REQUEST FOR PRODUCTION NO. 26:**

Produce all documents relating to any participant's challenge to the proper calculation of their benefits under the Pension Plan including but not limited to those that are "relevant" as that term is defined by 29 C.F.R. § 52560.503-1(m)(8).

**RESPONSE:**

For the reasons stated in General Objection No. 6, PwC objects to Request No. 26 on the grounds that it seeks documents relevant, if at all, solely to the merits of plaintiffs' claims and not to class certification.

**REQUEST FOR PRODUCTION NO. 27:**

Produce all documents reflecting all estimated returns on participant-directed "investments" under the Pension Plan and all assumptions used to estimate those returns.

**RESPONSE:**

For the reasons stated in General Objection No. 6, PwC objects to Request No. 27 on the grounds that it seeks documents relevant, if at all, solely to the merits of plaintiffs' claims and not to class certification.

**REQUEST FOR PRODUCTION NO. 28:**

Produce all documents that reflect the number of participants and/or the percentage of participants and/or which participants in the 401(k) Plan (and under each specific 401(k) plan affected) whose account assets were transferred in one or more 401(k) asset transfers.

**RESPONSE:**

Subject to and without waiving its General Objections, PwC will produce documents, if any, within its possession, custody, and control that are responsive to Request No. 28.

**REQUEST FOR PRODUCTION NO. 29:**

Produce all documents supporting your response to Interrogatory No. 12.

**RESPONSE:**

PwC stated in its responses to Interrogatory No. 12 and Request for Admission No. 12, that it lacks information or personal knowledge sufficient to admit or deny Request for

11

Admission No. 12. PwC objects to Request No. 29 on the grounds that it purports to require PwC to produce documents to prove a negative, *i.e.*, PwC's lack of knowledge and information.

### REQUEST FOR PRODUCTION NO. 30:

Produce all documents supporting your response to Interrogatory No. 13.

### RESPONSE:

PwC stated in its responses to Interrogatory No. 13 and Request for Admission No. 13, that it lacks information or personal knowledge sufficient to admit or deny Request for Admission No. 13. PwC objects to Request No. 30 on the grounds that it purports to require PwC to produce documents to prove a negative, *i.e.*, PwC's lack of knowledge and information.

### REQUEST FOR PRODUCTION NO. 31:

Produce all documents relating to the implementation of each of the 401(k) asset transfers (including Plan amendments, participant communications, communications to the Plan Trustees and other fiduciaries, and asset transfer records) that reflect that the transfers were accomplished in a substantially similar manner for all or substantially all participants.

### RESPONSE:

For the reasons stated in General Objection No. 6, PwC objects to Request No. 31 on the grounds that it seeks documents relevant, if at all, solely to the merits of plaintiffs' claims and not to class certification.

### REQUEST FOR PRODUCTION NO. 32:

Produce all documents supporting your response to Interrogatory No. 14.

### RESPONSE:

For the reasons stated in General Objection No. 6, PwC objects to Request No. 32 on the grounds that it seeks documents relevant, if at all, solely to the merits of plaintiffs' claims and not to class certification.

**REQUEST FOR PRODUCTION NO. 33:**

Produce all documents, without regard to their admissibility under the Federal Rules of Evidence, provided to or received from the Internal Revenue Service that can be used to support or challenge the contention that the issue of whether the 401(k) asset transfers were made in violation of ERISA § 204(g), 29 U.S.C. § 1054(g) and/or IRC § 411(d)(6) and/or the applicable regulations thereunder or any other provisions of ERISA (including the fiduciary duty provisions) is an issue common to Plaintiffs and the proposed Cutback Class.

**RESPONSE:**

For the reasons stated in General Objection No. 6, PwC objects to Request No. 33 on the grounds that it seeks documents relevant, if at all, solely to the merits of plaintiffs' claims and not to class certification.

**REQUEST FOR PRODUCTION NO. 34:**

Produce all documents, without regard to their admissibility under the Federal Rules of Evidence, provided to or received from the Internal Revenue Service that relate in whole or in part to the appropriate relief to be afforded any individual participant, group of participants, and/or the Plans that will, should or may follow as a result of the IRS's tentative or final conclusion that the 401(k) asset transfers violated IRC § 411(d)(6) or that will, should or may follow a substantially similar finding under ERISA § 204(g), 29 U.S.C. § 1054(g) by the federal courts.

**RESPONSE:**

For the reasons stated in General Objection No. 6, PwC objects to Request No. 34 on the grounds that it seeks documents relevant, if at all, solely to the merits of plaintiffs' claims and not to class certification.

**REQUEST FOR PRODUCTION NO. 35:**

Produce all documents received from the Internal Revenue Service that evidence the Bank's statement in its March 2005 SEC 10-K filing that the Internal Revenue Service informed the Bank on December 10, 2004 that the IRS had reached the tentative but formal conclusion that the 401(k) plan transfers resulted in illegal cutbacks in participants' accrued retirement benefits, and all documents sent to or received from the Internal Revenue Service sine December 10, 2004.

**RESPONSE:**

13

For the reasons stated in General Objection No. 6, PwC objects to Request No. 35 on the grounds that it seeks documents relevant, if at all, solely to the merits of plaintiffs' claims and not to class certification.

**REQUEST FOR PRODUCTION NO. 36:**

Provide all documents prepared by pension consultants or advisors other than PwC (*e.g.*, Towers Perrin, Hewitt Consultants, Mercer, Kwasha Lipton) that identify potential legal or tax issues or risks relating to the design of the Pension Plan.

**RESPONSE:**

For the reasons stated in General Objection No. 6, PwC objects to Request No. 36 on the grounds that it seeks documents relevant, if at all, solely to the merits of plaintiffs' claims and not to class certification.

**REQUEST FOR PRODUCTION NO. 37:**

Produce all documents supporting your response to Interrogatory No. 15.

**RESPONSE:**

PwC stated in its response to Interrogatory No. 15 and Request for Admission No. 15, that it lacks information or personal knowledge sufficient to admit or deny Request for Admission No. 15. PwC objects to Request No. 37 on the grounds that it purports to require PwC to produce documents to prove a negative, *i.e.*, PwC's lack of knowledge and information.

Dated: November 7, 2005

*Angelique R. Vincent* (signature)

Mark W. Merritt
N.C. State Bar No. 12198
Angelique R. Vincent
N.C. State Bar No. 29547
Robinson, Bradshaw & Hinson, P.A.
101 N. Tryon St., Suite 1900
Charlotte, North Carolina 28246
(704) 377-8357 (telephone)
(704) 378-4000 (facsimile)


Robert J. Kopecky
Douglas G. Smith
Lauren O. Casazza
Jason W. Callen
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

*Co-Counsel for Defendant*
*PricewaterhouseCoopers LLP*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served counsel for the opposing party with a copy of the within and foregoing **PRICEWATERHOUSECOOPERS LLP'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS PERTAINING TO CLASS CERTIFICATION** by depositing a copy of same in the United States mail in an envelope properly addressed to the following, with adequate postage thereon to ensure proper delivery:

Eli Gottesdiener
Gottesdiener Law Firm, PLLC
498 7th Street
Brooklyn, NY 11215

F. Lane Williamson
Thomas D. Garlitz
Garlitz & Williamson, PLLC
212 South Tryon Street, Suite 930
Charlotte, NC 28281

Mr. Irving M. Brenner
Helms Mulliss & Wicker, PLLC
P.O. Box 31247
Charlotte, NC 28231

This 7th day of November, 2005.

*Angelique R. Vincent*
Angelique R. Vincent