IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05-CV-00238C

------------------------------------------------------------- X
WILLIAM L. PENDER, *et al.*, :
 : **DEFENDANTS' RESPONSES TO**
             Plaintiffs, : **PLAINTIFFS' FIRST SET OF**
 : **REQUESTS FOR ADMISSION**
   vs. : **PERTAINING TO CLASS**
 : **CERTIFICATION**
BANK OF AMERICA CORP., *et al.*, :
 :
             Defendants. :
 :
------------------------------------------------------------- X

Defendants Bank of America Corporation, Bank of America, N.A., The Bank of America Pension Plan, The Bank of America 401(k) Plan, and the Bank of America Corporation Corporate Benefits Committee and its current and former members (collectively "Defendants"), by their attorneys, submit the following Responses to Plaintiffs' First Set of Requests For Admission Pertaining to Class Certification ("Requests").

**PRELIMINARY RESPONSES**

Defendants respond to these Requests without waiver of or prejudice to their rights, at any later time, to object to: (a) the relevance, materiality or admissibility of such responses, or any part thereof, and (b) any further demand for discovery involving or relating to matters raised by these Requests.

The information contained in these responses is based upon information currently known to Defendants Bank of America Corporation, Bank of America, N.A., The Bank of America Pension Plan, The Bank of America 401(k) Plan, and the Bank of America Corporation Corporate Benefits Committee in its capacity as administrator of the Plans. To the extent that an individual defendant does not have personal knowledge of the information contained in these

responses, the individual defendant has relied on the information provided by the other defendants above in responding to these Requests. Further investigation and examination may disclose additional information that is responsive to the Requests. Defendants expressly reserve the right at any time to revise, correct, add to or clarify these responses.

## GENERAL OBJECTIONS

The following objections apply to each and every response of Defendants to the Requests whether or not expressly stated in such response.

1. Defendants object to the Requests to the extent they seek documents or information not relevant to the issues relating to class certification.

2. Defendants object to the Requests and to Definition and Instruction 31 to the extent they seek documents or information that are protected from disclosure by the attorney-client privilege, the work product doctrine, the joint defense or common interest privilege, the privilege against disclosure of documents created in anticipation of litigation, and/or other privileges or protections from disclosure.

3. Defendants object to the Requests to the extent they seek Defendants' confidential and proprietary information, including but not limited to confidential participant data. Defendants will produce such information, subject to all of their other objections, upon entry of a suitable protective order.

4. Defendants object to the use of absolute or all-encompassing terms, including but not limited to the terms "any," "all," or "substantially all" in the context of these Requests, such as requests to identify "all" or "substantially all" participants or to produce "all" or "substantially all" documents, as overbroad and attempting to impose an undue burden on Defendants.

5. Defendants object to the use of vague and ambiguous terms, including but not limited to the term "substantially similar."

6. Defendants object to the Requests to the extent they seek information neither related to claims involved in this case nor reasonably calculated to lead to the discovery of admissible evidence.

7. Defendants object to the Requests to the extent that they purport to impose discovery obligations inconsistent with or which exceed those authorized by the Federal Rules of Civil Procedure ("Federal Rules"), the Local Rules of this Court ("Local Rules"), and the Pretrial Order and Case Management Plan in this case, or which are otherwise unreasonably burdensome, including without limitation, Plaintiffs' attempt to require Defendants to respond to merits discovery at this time and Plaintiffs' instructions regarding the timing of Defendants' responses and the timing, manner, and method of document production.

8. Defendants object to the Requests to the extent they call for the production of documents or information that are not within the Defendants' possession, custody, or control, including documents or information that are within the possession of non-affiliated third parties.

9. Defendants object to the Requests to the extent that they call for information that is not reasonably available to Defendants or is not obtainable without unreasonable or undue hardship or expense.

10. In responding to the Requests, Defendants do not in any way waive, or intend to waive, (a) objections as to competency, relevancy, materiality, or admissibility of Plaintiffs' Requests and/or Defendants' Responses; (b) objections as to vagueness, ambiguity, or other defects in Plaintiffs' Requests, as well as to any undue burden imposed by Plaintiffs' Requests; (c) rights to object on any ground to the use of Defendants' Responses in any subsequent

proceeding, including the trial of this or any other action; (d) rights to object on any ground to any further requests for production or other discovery requests involving or related to the subject matter of Plaintiffs' Requests; (e) the right to supplement Defendants' Responses to Plaintiffs' Requests; and (f) any and all privileges and rights under the Federal Rules, the Local Rules, the Pretrial Order and Case Management Plan, statutes, guidelines, or common law.

11. Defendants object to Definition and Instruction 7 on the grounds that it is erroneous and mischaracterizes the relationship between the Barnett Bank Employee Savings and Thrift Plan, the Oxford Resources 401(k) Profit Sharing Plan, the NationsBanc Montgomery 401(k) Plan, the Bank of America 401(k) Plan and the Bank of America Pension Plan. Assets from these 401(k) plans were not transferred to the Pension Plan in any 401(k) asset transfer. All responses made herein with respect to "the 401(k) Plan" are made solely on behalf of The Bank of America 401(k) Plan.

12. Defendants further object to Definition and Instruction 7 on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, insofar as it includes "sponsors, administrators, fiduciaries, representatives, agents, service providers, and all other persons acting or purporting to act on behalf of the 401(k) Plan." All responses made herein with respect to "the 401(k) Plan" are made solely on behalf of The Bank of America 401(k) Plan.

13. Defendants object to Definition and Instruction 8 on the grounds that it is erroneous and mischaracterizes the 401(k) asset transfers to the extent it incorporates paragraphs 38-42 of the Third Amended Complaint (the "Complaint").

14. Defendants object to Definition and Instruction 9 to the extent it incorporates Definition and Instruction 7. See General Objections 11 and 12.

15. Defendants object to Definition and Instruction 10 on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, insofar as it includes "predecessors, successors, parents, subsidiaries, affiliates, and their present and former directors, officers, employees, agents, representatives, lawyers, and all other persons acting or purporting to act on their, its, his or her behalf or behalves." All responses made herein with respect to the "Bank" and "Defendants" are made solely on behalf of the defendants named in the Complaint.

16. Defendants object to Definition and Instruction 11 on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence insofar as it includes "agents, representatives, lawyers, and all other persons acting or purporting to act on their, its, his or her behalf of behalves."

17. Defendants object to Definition and Instruction 13 on the grounds that it is vague and unintelligible. Absent an express statement by Plaintiffs of the time period covered by each Request, Defendants have attempted to interpret the time period relevant to each Request reasonably.

18. Defendants object to Definition and Instruction 14 on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

Defendants further object to the request for the translation of certain documents into "usable form" as vague and unduly burdensome.

19. Defendants object to Definition and Instruction 15 on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

20. Defendants object to Definition and Instruction 18 on the grounds that it would cause requests including multiple verb tenses to be unintelligible.

21. Defendants further object to Definition and Instruction 21 on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

22. Defendants further object to Definition and Instruction 22 on the grounds that it is overbroad and attempts to impose an undue burden on Defendants.

23. Defendants object to Definition and Instruction 25 on the grounds that it is overbroad and unduly burdensome and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence insofar as it includes, on a wholesale basis, "predecessors, successors, subsidiaries, parents, departments, divisions, or affiliates, including without limitation any organization or entity in which any Defendant has management or control interests, together with all present and former directors, officers, employees, agents, representatives, lawyers, and all other persons acting or purporting to act on behalf of Defendant." Defendants further object to the definition of "you" and "yours" in Definition and Instruction 25 on the same grounds.

24. Defendants object to Definition and Instruction 26 on the grounds that it is overbroad, unduly burdensome, and calls for the production of confidential information.

25. Defendants object to Definitions and Instructions 29 and 30 on the ground that they are vague, ambiguous, overbroad, unduly burdensome, and seek information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

26. Defendants object to Definition and Instruction 30 on the grounds that it is vague, overbroad, and unduly burdensome and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence insofar as it includes, on a wholesale basis, "predecessors, successors, or current or former parents, subsidiaries, affiliates, divisions, officers, directors, partners, employees, agents, consultants, servants, representatives, attorneys, and/or other persons directly employed or retained by you, or anyone else acting on your behalf or otherwise subject to your control."

27. Defendants object to Definition and Instruction 31 to the extent it seeks the waiver of any applicable privilege.

28. Defendants object to Definition and Instructions 32 through 36 to the extent they exceed the requirements of the Federal Rules or Local Rules.

29. Defendants object to Definition and Instruction 36 on the grounds that it is improper and seeks information protected from disclosure by the attorney-client privilege and/or the work product doctrine.

30. Defendants object to Plaintiffs' references and requests relating to "original" documents as vague, ambiguous, and unreasonably burdensome. Defendants further object to any request by Plaintiffs to identify documents that are duplicates on the ground that it is unduly burdensome.

31. Defendants object to the Requests to the extent that they exceed the number permitted by the Court.

32. Any disclosure of privileged information or documents is inadvertent, does not waive the applicable privilege or rule of non-disclosure, and will be withdrawn promptly.

## SPECIFIC OBJECTIONS AND RESPONSES

### Request for Admission No. 1

Admit that Plaintiff William L. Pender is a current Bank employee and fully vested participant in the Plans.

**RESPONSE**:

Subject to their General Objections, Defendants admit Request No. 1.

### Request for Admission No. 2

Admit that Plaintiff David L. McCorkle was a Bank employee and fully vested participant in the Plans.

**RESPONSE**:

Subject to their General Objections, Defendants admit that Plaintiff McCorkle was a Bank employee at one time and that after termination of his employment he requested and received a lump sum distribution of his vested benefit from the Pension Plan. Defendants also admit that McCorkle was a vested participant in the Plans. Defendants deny that McCorkle is a current participant in the Plans and deny any remaining allegations of Request No. 2.

### Request for Admission No. 3

Admit that Plaintiffs Pender and McCorkle are both members of each of the two proposed Classes as defined in Complaint ¶ 92.

**RESPONSE**:

Subject to their General Objections, Defendants admit that Plaintiffs define two

putative classes in paragraph 92 of the Complaint and that Pender and McCorkle fall within the definition of the classes as set forth in paragraph 92 of the Complaint. Defendants deny that these putative classes should be certified, deny that Pender and McCorkle are proper representatives or members of these classes, and deny any remaining allegations of Request No. 3.

### Request for Admission No. 4

Admit that all or most of the 111,800 "participants with cash balance accounts who were employed by the Bank or its subsidiaries" as of June 30, 2004 that the Bank discusses in Doc. 68 are members of the proposed Cash Balance Formula Class.

### RESPONSE:

Subject to their General Objections, Defendants admit that all or most of the 111,800 "participants with cash balance accounts who were employed by the Bank or its subsidiaries" fall within the literal definition of the Cash Balance Formula Class set forth in paragraph 92 of the Complaint. Defendants deny that the proposed Cash Balance Formula Class should be certified, that "all or most of the 111,800" participants referenced in this request are proper members of this class, and deny any remaining allegations of Request No. 4.

### Request for Admission No. 5

Admit that for all participants and former participants in the Pension Plan, all benefits have been, are being, and will be calculated assuming that the normal retirement age under the Pension Plan is the "Normal Retirement Date" defined in § 2.1(c)(35) of the Pension Plan, and without taking into account the value of the right to continue earning investment credits after the Normal Retirement Date for as long as a participant's benefits remain in the Plan.

### RESPONSE:

Subject to their General Objections, Defendants deny Request No. 5.

**Request for Admission No. 6**

Admit that for all participants and former participants in the Pension Plan, all benefit distribution options disclosed in distribution election and spousal consent forms have been, are being, and will be calculated assuming that the normal retirement age under the Pension Plan is the "Normal Retirement Date" defined in § 2.1(c)(35) of the Pension Plan, and without taking into account the value of the right to continue earning investment credits after the Normal Retirement Date for as long as a participant's benefits remain in the Plan.

**RESPONSE**:

In addition to their General Objections, Defendants object to the phrase "value of the right to continue earning investment credits" on the ground that it is vague and ambiguous.

Subject to all of their objections, Defendants deny Request No. 6.

**Request for Admission No. 7**

Admit that all participants whose benefits under the Pension Plan have been paid or will in the future be paid in the form of a single lump sum were or will be paid an amount equal to the nominal balance of the participant's hypothetical account balance under the Pension Plan as of the Benefit Commencement Date.

**RESPONSE**:

Subject to their General Objections, Defendants deny Request No. 7.

**Request for Admission No. 8**

Admit that the manner in which the benefit distribution options provided to Plaintiff McCorkle were calculated, and the manner in which the amount of Plaintiff McCorkle's lump sum distribution was calculated, was substantially similar to the manner in which distribution options and lump sum distribution amounts have been calculated for all or substantially all other participants in the Pension Plan.

**RESPONSE:**

In addition to their General Objections, Defendants object to the phrases "substantially similar" and "substantially all" on the grounds that they are vague and ambiguous.

Subject to all of their objections, Defendants deny Request No. 8.

**Request for Admission No. 9**

Admit that all participants whose benefits under the Pension Plan have been paid or will in the future be paid in the form of annual payments were or will be paid an amount equal to the nominal balance of the participant's hypothetical account balance under the Pension Plan as of the Benefit Commencement Date multiplied (or divided by) an immediate annuity factor.

**RESPONSE:**

Subject to their General Objections, Defendants deny Request No. 9.

**Request for Admission No. 10**

Admit that Plaintiffs and all members of the proposed Cash Balance Formula Class accrued, are now accruing, and/or will in the future receive compensation credits determined pursuant to the chart that appears in Section 5.2 of the Pension Plan (or the predecessor chart under the NationsBank Cash Balance Plan).

**RESPONSE:**

Subject to their General Objections, Defendants admit that the pension accounts of Plaintiffs Pender and McCorkle and members of the proposed Cash Balance Formula Class were credited with compensation credits pursuant to the NationsBank Cash Balance chart and/or the Pension Plan Section 5.2 chart, as applicable. Defendants deny that the proposed Cash Balance Formula Class should be certified and deny that Pender and McCorkle are proper representatives or members of this class. In addition, because the Bank has the authority to amend the Pension Plan, Defendants deny that all of the existing provisions of the Pension Plan will continue in effect without alteration for all future time.

**Request for Admission No. 11**

Admit that no participant in the Pension Plan during the relevant period received a "suspension of benefits" notice.

**RESPONSE:**

Subject to their General Objections, and without waiving their objection that Request No. 11 seeks information not relevant to class certification, Defendants deny Request

11

No. 11.

### Request for Admission No. 12

Admit that each of the 401(k) asset transfers was implemented in substantially the same manner. For purposes of this Request for Admission, "in substantially the same manner" means that each transfer was accomplished via 401(k) Plan or 401(k) plan amendments that required the in-service transfer to the Pension Plan of assets from 401(k) Plan accounts of participants who authorized such transfers.

### RESPONSE:

In addition to their General Objections, Defendants object to the phrases "substantially the same manner" and "in-service transfer" on the grounds that they are vague and ambiguous. Subject to all of their objections, Defendants admit that each of the 401(k) asset transfers was accomplished by means of amendment to the 401(k) Plan, that assets were transferred to the Pension Plan from the 401(k) Plan, and that the 401(k) account transfers were made at the direction of participants authorizing the transfers. Defendants deny any remaining allegations of Request No. 12.

### Request for Admission No. 13

Admit that the 401(k) transfers of assets from Plaintiff Pender's and Plaintiff McCorkle's 401(k) Plan accounts was accomplished in a manner substantially similar to substantially all of the other asset transfers from 401(k) Plan accounts of other participants.

### RESPONSE:

In addition to their General Objections, Defendants object to the phrases "substantially similar" and "substantially all" on the grounds that they are vague and ambiguous. Subject to all of their objections, Defendants deny Request No. 13.

### Request for Admission No. 14

Admit that following each of the 401(k) asset transfers, the assets that had been held in individual accounts for each participant in the 401(k) Plan (within the meaning of ERISA

§ 3(34), 29 U.S.C. § 1002(34)) were and are no longer held in individual accounts (within the meaning of ERISA § 3(34), 29 U.S.C. § 1002(34)), within the Pension Plan or otherwise.

**RESPONSE:**

Subject to their General Objections, and without waiving their objection that Request No. 14 seeks information not relevant to class certification, Defendants deny Request No. 14.

**Request for Admission No. 15**

Admit that all or most of the participants whose account assets were transferred in whole or part to the Pension Plan pursuant to any of the 401(k) asset transfers are members of the proposed Cutback Class.

**RESPONSE:**

Subject to their General Objections, Defendants admit that the participants identified in this Request fall within the definition of the proposed Cutback Class set forth in the Complaint, but Defendants deny that the proposed Cutback Class should be certified, deny that Plaintiffs Pender and McCorkle are proper representatives or members of this class, and deny any remaining allegations of Request No. 15.

Dated: November 7, 2005

*Anne E. Rea*
Peter J. Covington (Attorney Bar Number 9175)
Irving M. Brenner (Attorney Bar Number 15483)
HELMS MULLISS & WICKER, PLLC
201 North Tryon Street
P.O. Box 31247
Charlotte, North Carolina 28282
(704) 343-2000

William F. Conlon
Priscilla E. Ryan
Jeffrey R. Tone
Anne E. Rea
Erin E. Kelly
SIDLEY AUSTIN BROWN & WOOD LLP
10 South Dearborn Street
Chicago, IL 60603
(312) 853-7000

COUNSEL FOR BANK OF AMERICA DEFENDANTS