**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:05-CV-00238C**

------------------------------------------------------------- X

WILLIAM L. PENDER, *et al.*,                          :

                Plaintiffs,     :

                       :

              vs.              :

                       :

BANK OF AMERICA CORP., *et al.*,                       :

                       :

              Defendants.      :

                       :

------------------------------------------------------------- X

**DEFENDANTS' RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES PERTAINING TO CLASS CERTIFICATION**

Defendants Bank of America Corporation, Bank of America, N.A., The Bank of America Pension Plan, The Bank of America 401(k) Plan, the Bank of America Corporation Corporate Benefits Committee and its current and former members (collectively "Defendants"), by their attorneys, submit the following Responses to Plaintiffs' First Set of Interrogatories Pertaining to Class Certification ("Requests").

## PRELIMINARY RESPONSES

Defendants respond to these Requests without waiver of or prejudice to their rights, at any later time, to object to: (a) the relevance, materiality or admissibility of such responses, or any part thereof, and (b) any further demand for discovery involving or relating to matters raised by these Requests.

The information contained in these responses is based upon information currently known to Defendants Bank of America Corporation, Bank of America, N.A., The Bank of America Pension Plan, The Bank of America 401(k) Plan, and the Bank of America Corporation Corporate Benefits Committee in its capacity as administrator of the Plans. To the extent that an individual defendant does not have personal knowledge of the information contained in these

responses, the individual defendant has relied on the information provided by the other
defendants above in responding to these Requests. Further investigation and examination may
disclose additional information that is responsive to the Requests. Defendants expressly reserve
the right at any time to revise, correct, add to or clarify these responses.

## GENERAL OBJECTIONS

The following objections apply to each and every response of Defendants to the
Requests whether or not expressly stated in such response.

1.    Defendants object to the Requests to the extent they seek documents or
information not relevant to the issues relating to class certification.

2.    Defendants object to the Requests and to Definition and Instruction 31 to the
extent they seek documents or information that are protected from disclosure by the attorney-
client privilege, the work product doctrine, the joint defense or common interest privilege, the
privilege against disclosure of documents created in anticipation of litigation, and/or other
privileges or protections from disclosure.

3.    Defendants object to the Requests to the extent they seek Defendants' confidential
and proprietary information, including but not limited to confidential participant data.
Defendants will produce such information, subject to all of their other objections, upon entry of a
suitable protective order.

4.    Defendants object to the use of absolute or all-encompassing terms, including but
not limited to the terms "any," "all," or "substantially all" in the context of these Requests, such
as requests to identify "all" or "substantially all" participants or to produce "all" or "substantially
all" documents, as overbroad and attempting to impose an undue burden on Defendants.

2

5.    Defendants object to the use of vague and ambiguous terms, including but not limited to the term "substantially similar."

6.    Defendants object to the Requests to the extent they seek information neither related to claims involved in this case nor reasonably calculated to lead to the discovery of admissible evidence.

7.    Defendants object to the Requests to the extent that they purport to impose discovery obligations inconsistent with or which exceed those authorized by the Federal Rules of Civil Procedure ("Federal Rules"), the Local Rules of this Court ("Local Rules"), and the Pretrial Order and Case Management Plan in this case, or which are otherwise unreasonably burdensome, including without limitation, Plaintiffs' attempt to require Defendants to respond to merits discovery at this time and Plaintiffs' instructions regarding the timing of Defendants' responses and the timing, manner, and method of document production.

8.    Defendants object to the Requests to the extent they call for the production of documents or information that are not within the Defendants' possession, custody, or control, including documents or information that are within the possession of non-affiliated third parties.

9.    Defendants object to the Requests to the extent that they call for information that is not reasonably available to Defendants or is not obtainable without unreasonable or undue hardship or expense.

10.    In responding to the Requests, Defendants do not in any way waive, or intend to waive, (a) objections as to competency, relevancy, materiality, or admissibility of Plaintiffs' Requests and/or Defendants' Responses; (b) objections as to vagueness, ambiguity, or other defects in Plaintiffs' Requests, as well as to any undue burden imposed by Plaintiffs' Requests; (c) rights to object on any ground to the use of Defendants' Responses in any subsequent

proceeding, including the trial of this or any other action; (d) rights to object on any ground to any further requests for production or other discovery requests involving or related to the subject matter of Plaintiffs' Requests; (e) the right to supplement Defendants' Responses to Plaintiffs' Requests; and (f) any and all privileges and rights under the Federal Rules, the Local Rules, the Pretrial Order and Case Management Plan, statutes, guidelines, or common law.

11.    Defendants object to Definition and Instruction 7 on the grounds that it is erroneous and mischaracterizes the relationship between the Barnett Bank Employee Savings and Thrift Plan, the Oxford Resources 401(k) Profit Sharing Plan, the NationsBanc Montgomery 401(k) Plan, the Bank of America 401(k) Plan and the Bank of America Pension Plan. Assets from these 401(k) plans were not transferred to the Pension Plan in any 401(k) asset transfer. All responses made herein with respect to "the 401(k) Plan" are made solely on behalf of The Bank of America 401(k) Plan.

12.    Defendants further object to Definition and Instruction 7 on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, insofar as it includes "sponsors, administrators, fiduciaries, representatives, agents, service providers, and all other persons acting or purporting to act on behalf of the 401(k) Plan." All responses made herein with respect to "the 401(k) Plan" are made solely on behalf of The Bank of America 401(k) Plan.

13.    Defendants object to Definition and Instruction 8 on the grounds that it is erroneous and mischaracterizes the 401(k) asset transfers to the extent it incorporates paragraphs 38-42 of the Third Amended Complaint (the "Complaint").

4

14.     Defendants object to Definition and Instruction 9 to the extent it incorporates Definition and Instruction 7. See General Objections 11 and 12.

15.     Defendants object to Definition and Instruction 10 on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, insofar as it includes "predecessors, successors, parents, subsidiaries, affiliates, and their present and former directors, officers, employees, agents, representatives, lawyers, and all other persons acting or purporting to act on their, its, his or her behalf or behalves." All responses made herein with respect to the "Bank" and "Defendants" are made solely on behalf of the defendants named in the Complaint.

16.     Defendants object to Definition and Instruction 11 on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence insofar as it includes "agents, representatives, lawyers, and all other persons acting or purporting to act on their, its, his or her behalf of behalves."

17.     Defendants object to Definition and Instruction 13 on the grounds that it is vague and unintelligible. Absent an express statement by Plaintiffs of the time period covered by each Request, Defendants have attempted to interpret the time period relevant to each Request reasonably.

18.     Defendants object to Definition and Instruction 14 on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

Defendants further object to the request for the translation of certain documents into "usable form" as vague and unduly burdensome.

19.    Defendants object to Definition and Instruction 15 on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

20.    Defendants object to Definition and Instruction 18 on the grounds that it would cause requests including multiple verb tenses to be unintelligible.

21.    Defendants further object to Definition and Instruction 21 on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

22.    Defendants further object to Definition and Instruction 22 on the grounds that it is overbroad and attempts to impose an undue burden on Defendants.

23.    Defendants object to Definition and Instruction 25 on the grounds that it is overbroad and unduly burdensome and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence insofar as it includes, on a wholesale basis, "predecessors, successors, subsidiaries, parents, departments, divisions, or affiliates, including without limitation any organization or entity in which any Defendant has management or control interests, together with all present and former directors, officers, employees, agents, representatives, lawyers, and all other persons acting or purporting to act on behalf of Defendant." Defendants further object to the definition of "you" and "yours" in Definition and Instruction 25 on the same grounds.

24.    Defendants object to Definition and Instruction 26 on the grounds that it is overbroad, unduly burdensome, and calls for the production of confidential information.

6

25.      Defendants object to Definitions and Instructions 29 and 30 on the ground that they are vague, ambiguous, overbroad, unduly burdensome, and seek information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

26.      Defendants object to Definition and Instruction 30 on the grounds that it is vague, overbroad, and unduly burdensome and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence insofar as it includes, on a wholesale basis, "predecessors, successors, or current or former parents, subsidiaries, affiliates, divisions, officers, directors, partners, employees, agents, consultants, servants, representatives, attorneys, and/or other persons directly employed or retained by you, or anyone else acting on your behalf or otherwise subject to your control."

27.      Defendants object to Definition and Instruction 31 to the extent it seeks the waiver of any applicable privilege.

28.      Defendants object to Definition and Instructions 32 through 36 to the extent they exceed the requirements of the Federal Rules or Local Rules.

29.      Defendants object to Definition and Instruction 36 on the grounds that it is improper and seeks information protected from disclosure by the attorney-client privilege and/or the work product doctrine.

30.      Defendants object to Plaintiffs' references and requests relating to "original" documents as vague, ambiguous, and unreasonably burdensome.  Defendants further object to any request by Plaintiffs to identify documents that are duplicates on the ground that it is unduly burdensome.

31.    Defendants object to the Requests to the extent that they exceed the number permitted by the Court.

32.    Any disclosure of privileged information or documents is inadvertent, does not waive the applicable privilege or rule of non-disclosure, and will be withdrawn promptly.

## SPECIFIC OBJECTIONS AND RESPONSES

**Interrogatory No. 1**

If you do not provide an unqualified admission in response to Request for Admission No. 4, explain the grounds or bases for your less than unqualified admission, admitting such portion of the Request for Admission as you can, and denying by explanation that portion of the Request which is not accurate. In particular, identify all participants who are not members of the proposed Cash Balance Formula Class from among the 111,800 referenced above and explain the reason(s) they are not member [sic] of the proposed Class.

**RESPONSE**:

In addition to their General Objections, Defendants object to Interrogatory No. 1 as overbroad and unduly burdensome. Subject to all of their objections, Defendants incorporate by reference their response to Request for Admission No. 4.

**Interrogatory No. 2**

If you do not provide an unqualified admission in response to Request for Admission No. 5, explain the grounds or bases for your less than unqualified admission, admitting such portion of the Request for Admission as you can, and denying by explanation that portion of the Request which is not accurate. In particular, identify participants whose benefits were calculated based on a different retirement date assumption and explain the reason the assumption was different.

**RESPONSE**:

In addition to their General Objections, Defendants object to Interrogatory No. 2 on the grounds that it is vague, overbroad and unduly burdensome. Subject to all of their objections, Defendants respond that numerous benefits under the Pension Plan prior to and since July 1, 1998, have been calculated without reliance on the normal retirement age definition in §

2.1(c)(35). See, e.g., Pension Plan § 6.5. In addition, because the Bank has the authority to amend the Pension Plan, Defendants deny that all of the existing provisions of the Pension Plan will continue in effect without alteration for all future time.

**Interrogatory No. 3**

If you do not provide an unqualified admission in response to Request for Admission No. 6, explain the grounds or bases for your less than unqualified admission, admitting such portion of the Request for Admission as you can, and denying by explanation that portion of the Request which is not accurate. In particular, identify participants whose optional forms were calculated based on a different retirement date assumption and explain the reason the assumption was different.

**RESPONSE**:

In addition to their General Objections, Defendants object to Interrogatory No. 3 on the grounds that it is vague, overbroad and unduly burdensome. Defendants further object on the ground that the phrase "value of the right to continue earning investment credits" is vague and ambiguous. Subject to all of their objections, Defendants answer that numerous benefit distribution options disclosed in distribution election and spousal consent forms prior to and since July 1, 1998, have been calculated without reliance on the normal retirement age definition in § 2.1(c)(35). See, e.g., Pension Plan § 6.5. In addition, because the Bank has the authority to amend the Pension Plan, Defendants deny that all of the existing provisions of the Pension Plan will continue in effect without alteration for all future time.

**Interrogatory No. 4**

If you do not provide an unqualified admission in response to Request for Admission No. 7, explain the grounds or bases for your less than unqualified admission, admitting such portion of the Request for Admission as you can, and denying by explanation that portion of the Request which is not accurate. In particular, identify participants whose lump sum benefits were calculated in a different manner and explain the reason the calculation was different.

**RESPONSE**:

   In addition to their General Objections, Defendants object to Interrogatory No. 4

on the grounds that it is vague, overbroad and unduly burdensome. Subject to all of their

objections, Defendants refer Plaintiffs to § 6.5 of the Pension Plan. In addition, because the

Bank has the authority to amend the Pension Plan, Defendants deny that all of the existing

provisions of the Pension Plan will continue in effect without alteration for all future time.

**Interrogatory No. 5**

   If you do not provide an unqualified admission in response to Request for
Admission No. 8, explain the grounds or bases for your less than unqualified admission,
admitting such portion of the Request for Admission as you can, and denying by explanation that
portion of the Request which is not accurate. In particular, explain how Plaintiff McCorkle's
lump sum benefit was calculated differently than other participants' lump sum payments or vice
versa, or how some groups of participants lump sums were calculated differently than others, and
explain the reason the calculations were different.

**RESPONSE**:

   In addition to their General Objections, Defendants object to Interrogatory No. 5

on the grounds that it is overbroad and unduly burdensome. Defendants further object on the

grounds that the phrase "substantially similar to the manner" is vague and ambiguous. Subject to

all of their objections, Defendants refer Plaintiffs to § 6.5 of the Pension Plan.

**Interrogatory No. 6**:

   If you do not provide an unqualified admission in response to Request for
Admission No. 9, explain the grounds or bases for your less than unqualified admission,
admitting such portion of the Request for Admission as you can, and denying by explanation that
portion of the Request which is not accurate. In particular, identify which participants who have
been paid or will in the future be paid in the form of annual payments were not or will not be
paid an amount equal to the nominal balance of the participant's hypothetical account balance
under the Pension Plan as of the Benefit Commencement Date multiplied or divided by an
immediate annuity factor and explain the calculation that was or will in fact be made.

**RESPONSE**:

   In addition to their General Objections, Defendants object to Interrogatory No. 6

on the grounds that it is overbroad and unduly burdensome. Subject to all of their objections,

Defendants refer Plaintiffs to § 6.5 of the Pension Plan. In addition, because the Bank has the

authority to amend the Pension Plan, Defendants deny that all of the existing provisions of the

Pension Plan will continue in effect without alteration for all future time.

**Interrogatory No. 7**

If you do not provide an unqualified admission in response to Request for
Admission No. 10, explain the grounds or bases for your less than unqualified admission,
admitting such portion of the Request for Admission as you can, and denying by explanation that
portion of the Request which is not accurate. In particular, identify which participants did not or
will not receive compensation credits pursuant to the chart that appears in Section 5.2 of the
Pension Plan (or the predecessor chart under the NationsBank Cash Balance Plan) and the reason
why.

**RESPONSE**:

In addition to their General Objections, Defendants object to Interrogatory No. 7

on the grounds that it is overbroad and unduly burdensome. Subject to all of their objections,

Defendants incorporate by reference their response to Request for Admission No. 10.

**Interrogatory No. 8**

If you do not provide an unqualified admission in response to Request for
Admission No. 11, explain the grounds or bases for your less than unqualified admission,
admitting such portion of the Request for Admission as you can, and denying by explanation that
portion of the Request which is not accurate. In particular, identify which participants received
suspension of benefits notices and the reasons why they received the notice.

**RESPONSE:**

In addition to their General Objections, Defendants object to Interrogatory No. 8

on the grounds that it is overbroad and unduly burdensome. Defendant further object to

Interrogatory No. 8 on the ground that it seeks information not relevant to class certification.

**Interrogatory No. 9**

Identify all participants who signed or executed any type of release that ran or runs or could reasonably be construed as running in favor of any named Defendant and that arguably releases one or more of them from liability for any of the alleged violations of ERISA and/or the terms of the Pension Plan or 401(k) Plan referred to in the Complaint.

**RESPONSE:**

In addition to their General Objections, Defendants object to Interrogatory No. 9

on the ground that it is vague, ambiguous, overbroad and unduly burdensome. Subject to all of

their objections, Defendants refer Plaintiffs to documents to be produced listing participants who

either have or are reasonably believed to have executed releases meeting this description.

Investigation continues.


**Interrogatory No. 10**

For each participant identified in Interrogatory No. 9, identify the type of release (as provided pursuant to Request for Production No. 25) that was signed or executed by the participant.

**RESPONSE:**

Subject to their General Objections, Defendants incorporate by reference their

response to Interrogatory No. 9 as their response to Interrogatory No. 10.


**Interrogatory No. 11**

Identify the assumptions used to estimate returns on participant-directed "investments" under the Pension Plan for any and all purposes under the Plan (e.g., Code nondiscrimination testing, funding, accounting, SEC disclosures, actuarial assumptions) and identify all estimated returns on participant-directed "investments" under the Pension Plan.

**RESPONSE:**

In addition to their General Objections, Defendants object to Interrogatory No. 11

on the grounds that it is vague, ambiguous, overbroad and unduly burdensome, and seeks

information that is not relevant to the subject matter involved in this action or reasonably

calculated to lead to the discovery of admissible evidence. Defendant further object to this

interrogatory, including but not limited to the phrase "any and all purposes," on the ground that it

seeks information not relevant to class certification.

**Interrogatory No. 12**

       If you do not provide an unqualified admission in response to Request for
Admission No. 12, explain in what manner and for which specific participants or groups of
participants the 401(k) asset transfer were not implemented in a substantially same manner as for
all other participants.

**RESPONSE:**

       In addition to their General Objections, Defendants object to Interrogatory No. 12

on the grounds that it is vague, ambiguous, overbroad and unduly burdensome. Subject to all of

their objections, Defendants incorporate by reference their response to Request for Admission

No. 12.

**Interrogatory No. 13**

       If you do not provide an unqualified admission in response to Request for
Admission No. 13, explain the grounds or bases for your less than unqualified admission,
admitting such portion of the Request for Admission as you can, and denying by explanation that
portion of the Request which is not accurate. In particular, how the transfers in question differed
and explain the reasons why.

**RESPONSE:**

       In addition to their General Objections, Defendants object to Interrogatory No. 13

on the grounds that it is vague, overbroad, unduly burdensome, and seeks information that is not

relevant to the subject matter involved in this action or reasonably calculated to lead to the

discovery of admissible evidence. Defendants further object to the phrases "substantially

similar" and "substantially all of the other asset transfers" on the grounds that they are vague and

ambiguous. Subject to all of their objections, Defendants respond that participants in the 401(k)

Plan were able to transfer their account balances to the Pension Plan for various reasons

unrelated to the allegations of Paragraphs 38-42 of the Complaint, which are incorporated by

reference into plaintiffs' definition of "401(k) asset transfer." The Complaint also inaccurately

describes the transfers. Therefore, the 401(k) asset transfers of Plaintiffs Pender and McCorkle's

401(k) plan account balances were not "accomplished in a manner substantially similar to

substantially all of the other asset transfers" as alleged in Plaintiffs' Request for Admission 13.

**Interrogatory No. 14**

        If you do not provide an unqualified admission in response to Request for
Admission No. 14, explain the grounds or bases for your less than unqualified admission,
admitting such portion of the Request for Admission as you can, and denying by explanation that
portion of the Request which is not accurate.

**RESPONSE:**

        In addition to their General Objections, Defendants object to Interrogatory No. 14

on the grounds that it is overbroad and unduly burdensome. Defendant further object to this

interrogatory on the ground that it seeks information not relevant to class certification.

**Interrogatory No. 15**

        If you do not provide an unqualified admission in response to Request for
Admission No. 15, identify participants who fit the description in such Request but are not
members of the proposed Cutback Class, and explain the reason they are not members of the
proposed Class.

**RESPONSE:**

        In addition to their General Objections, Defendants object to Interrogatory No. 15

on the grounds that it is overbroad and unduly burdensome. Subject to all of their objections,

Defendants incorporate by reference their response to Request for Admission No. 15.

14

Dated:  November 7, 2005

*Anne E. Rea* (signature)

Peter J. Covington (Attorney Bar Number 9175)
Irving M. Brenner (Attorney Bar Number 15483)
HELMS MULLISS & WICKER, PLLC
201 North Tryon Street
P.O. Box 31247
Charlotte, North Carolina  28282
(704) 343-2000

William F. Conlon
Priscilla E. Ryan
Jeffrey R. Tone
Anne E. Rea
Erin E. Kelly
SIDLEY AUSTIN BROWN & WOOD LLP
10 South Dearborn Street
Chicago, IL 60603
(312) 853-7000

COUNSEL FOR BANK OF AMERICA DEFENDANTS

## VERIFICATION

I, Tom Hortenstine, declare that I am declare that I am employed at Bank of America,
N.A.; I am authorized to execute this verification on behalf of Bank of America, N.A.; that I
have read the foregoing Defendants' Response To Plaintiffs' First Set Of Interrogatories
Pertaining To Class Certification ("Response"); that the Response, subject to inadvertent or
undiscovered errors, is based on, and is therefore necessarily limited by, the records and
information still in existence, presently recollected, and thus far discovered in the course of
preparation of the Response; and subject to the limitations set forth herein, the statements set
forth in the foregoing Response are true and correct to the best of my knowledge, information
and belief.

Name: Tom Hortenstine

Title: SENIOR VICE PRESIDENT

SUBSCRIBED AND SWORN to
before me this 4th day
of _____, 2005.
November

Notary Public

My Commission expires:

9-29-07



ROSIE CHAVEZ
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Exp. 09-29-07

## VERIFICATION

I, J. Steele Alphin, declare that I am authorized to execute this verification on behalf of

the Bank of America Corporation Corporate Benefits Committee; that I have read the foregoing

Defendants' Response To Plaintiffs' First Set Of Interrogatories Pertaining To Class

Certification ("Response"); that the Response, subject to inadvertent or undiscovered errors, is

based on, and is therefore necessarily limited by, the records and information still in existence,

presently recollected, and thus far discovered in the course of preparation of the Response; and

subject to the limitations set forth herein, the statements set forth in the foregoing Response are

true and correct to the best of my knowledge, information and belief.

Name: J. Steele Alphin

Title: _____

SUBSCRIBED AND SWORN to
before me this _4th_ day
of _Nov_ , 2005.

Notary Public

My Commission expires:

_Aug 2, 2010_

## VERIFICATION

I, J. Steele Alphin, declare that I am authorized to execute this verification on behalf of

the Bank of America Pension Plan; that I have read the foregoing Defendants' Response To

Plaintiffs' First Set Of Interrogatories Pertaining To Class Certification ("Response"); that the

Response, subject to inadvertent or undiscovered errors, is based on, and is therefore necessarily

limited by, the records and information still in existence, presently recollected, and thus far

discovered in the course of preparation of the Response; and subject to the limitations set forth

herein, the statements set forth in the foregoing Response are true and correct to the best of my

knowledge, information and belief.

Name: J. Steele Alphin

Title: _____

SUBSCRIBED AND SWORN to
before me this 4th day
of Nov , 2005.

_____
Notary Public

My Commission expires:

Aug 2, 2010

## **VERIFICATION**

I, J. Steele Alphin, declare that I am authorized to execute this verification on behalf of the Bank of America 401(k) Plan; that I have read the foregoing Defendants' Response To Plaintiffs' First Set Of Interrogatories Pertaining To Class Certification ("Response"); that the Response, subject to inadvertent or undiscovered errors, is based on, and is therefore necessarily limited by, the records and information still in existence, presently recollected, and thus far discovered in the course of preparation of the Response; and subject to the limitations set forth herein, the statements set forth in the foregoing Response are true and correct to the best of my knowledge, information and belief.

Name: J. Steele Alphin

Title:

SUBSCRIBED AND SWORN to
before me this 4th day
of Nov , 2005.

Mary Ann Hynes
Notary Public

My Commission expires:

Aug. 2, 2010

## VERIFICATION

I, Richard J. Dorazil, declare that I am employed at Bank of America Corporation

("Bank"), that I am authorized to execute this verification on behalf of the Bank; that I have read

the foregoing Defendants' Response To Plaintiffs' First Set Of Interrogatories Pertaining To

Class Certification ("Response"); that the Response, subject to inadvertent or undiscovered

errors, is based on, and is therefore necessarily limited by, the records and information still in

existence, presently recollected, and thus far discovered in the course of preparation of the

Response; and subject to the limitations set forth herein, the statements set forth in the foregoing

Response are true and correct to the best of my knowledge, information and belief.

Name: Richard J. Dorazil

Title: _Richard J. Dorazil_
       _Sr. V.P. Global Benefits Executive_

SUBSCRIBED AND SWORN to
before me this _4th_ day
of _November_ 2005.

_Mary Ann Hynes_
Notary Public

My Commission expires:

_August 2nd, 2010_

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing **DEFENDANTS' RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES PERTAINING TO CLASS CERTIFICATION** as follows:

### BY FEDERAL EXPRESS

Eli Gottesdiener
GOTTESDIENER LAW FIRM, PLC
498 7th Street
Brooklyn, NY 11215
eli@gottesdienerlaw.com

F. Lane Williamson
GARLITZ & WILLIAMSON, PLLC
212 South Tryon Street, Suite 930
Charlotte, NC 28281
lwilliamson@gwattorneys.com
*Counsel for Plaintiffs*

Robert J. Kopecky
KIRKLAND & ELLIS LLP
200 East Randolph Street
Chicago, IL 60601
rkopecky@kirkland.com

Mark W. Merritt
ROBINSON, BRADSHAW & HINSON, P.A.
101 N. Tryon Street, Suite 1900
Charlotte, NC 28246
mmerritt@rbh.com
*Counsel for Defendant PricewaterhouseCoopers LLP*

This the 7th day of November, 2005.

*Anne E. Rea*

Anne E. Rea