## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### 3:05-CV-00238C

```
----------------------------------------------------- X
WILLIAM L. PENDER, et al.,                             :
                                                       :
            Plaintiffs,                                :
                                                       :  DEFENDANTS' RESPONSES TO
            vs.                                        :  PLAINTIFFS' FIRST SET OF
                                                       :  REQUESTS FOR PRODUCTION
BANK OF AMERICA CORP., et al.,                         :  PERTAINING TO CLASS
                                                       :  CERTIFICATION
            Defendants.                                :
                                                       :
----------------------------------------------------- X
```

Defendants Bank of America Corporation, Bank of America, N.A., The Bank of America Pension Plan, The Bank of America 401(k) Plan, the Bank of America Corporation Corporate Benefits Committee and its current and former members (collectively "Defendants"), by their attorneys, submit the following Responses to Plaintiffs' First Set of Requests For Production Pertaining to Class Certification ("Requests").

### PRELIMINARY RESPONSES

Defendants respond to these Requests without waiver of or prejudice to their rights, at any later time, to object to: (a) the relevance, materiality or admissibility of such responses, or any part thereof, and (b) any further demand for discovery involving or relating to matters raised by these Requests.

The information contained in these responses is based upon information currently known to Defendants Bank of America Corporation, Bank of America, N.A., The Bank of America Pension Plan, The Bank of America 401(k) Plan, and the Bank of America Corporation Corporate Benefits Committee in its capacity as administrator of the Plans. To the extent that an individual defendant does not have personal knowledge of the information contained in these

responses, the individual defendant has relied on the information provided by the other defendants above in responding to these Requests. Further investigation and examination may disclose additional information that is responsive to the Requests. Defendants expressly reserve the right at any time to revise, correct, add to or clarify these responses.

## GENERAL OBJECTIONS

The following objections apply to each and every response of Defendants to the Requests whether or not expressly stated in such response.

1.      Defendants object to the Requests to the extent they seek documents or information not relevant to the issues relating to class certification.

2.      Defendants object to the Requests and to Definition and Instruction 31 to the extent they seek documents or information that are protected from disclosure by the attorney-client privilege, the work product doctrine, the joint defense or common interest privilege, the privilege against disclosure of documents created in anticipation of litigation, and/or other privileges or protections from disclosure.

3.      Defendants object to the Requests to the extent they seek Defendants' confidential and proprietary information, including but not limited to confidential participant data. Defendants will produce such information, subject to all of their other objections, upon entry of a suitable protective order.

4.      Defendants object to the use of absolute or all-encompassing terms, including but not limited to the terms "any," "all," or "substantially all" in the context of these Requests, such as requests to identify "all" or "substantially all" participants or to produce "all" or "substantially all" documents, as overbroad and attempting to impose an undue burden on Defendants.

5.     Defendants object to the use of vague and ambiguous terms, including but not limited to the term "substantially similar."

6.     Defendants object to the Requests to the extent they seek information neither related to claims involved in this case nor reasonably calculated to lead to the discovery of admissible evidence.

7.     Defendants object to the Requests to the extent that they purport to impose discovery obligations inconsistent with or which exceed those authorized by the Federal Rules of Civil Procedure ("Federal Rules"), the Local Rules of this Court ("Local Rules"), and the Pretrial Order and Case Management Plan in this case, or which are otherwise unreasonably burdensome, including without limitation, Plaintiffs' attempt to require Defendants to respond to merits discovery at this time and Plaintiffs' instructions regarding the timing of Defendants' responses and the timing, manner, and method of document production.

8.     Defendants object to the Requests to the extent they call for the production of documents or information that are not within the Defendants' possession, custody, or control, including documents or information that are within the possession of non-affiliated third parties.

9.     Defendants object to the Requests to the extent that they call for information that is not reasonably available to Defendants or is not obtainable without unreasonable or undue hardship or expense.

10.     In responding to the Requests, Defendants do not in any way waive, or intend to waive, (a) objections as to competency, relevancy, materiality, or admissibility of Plaintiffs' Requests and/or Defendants' Responses; (b) objections as to vagueness, ambiguity, or other defects in Plaintiffs' Requests, as well as to any undue burden imposed by Plaintiffs' Requests; (c) rights to object on any ground to the use of Defendants' Responses in any subsequent

proceeding, including the trial of this or any other action; (d) rights to object on any ground to any further requests for production or other discovery requests involving or related to the subject matter of Plaintiffs' Requests; (e) the right to supplement Defendants' Responses to Plaintiffs' Requests; and (f) any and all privileges and rights under the Federal Rules, the Local Rules, the Pretrial Order and Case Management Plan, statutes, guidelines, or common law.

11.      Defendants object to Definition and Instruction 7 on the grounds that it is erroneous and mischaracterizes the relationship between the Barnett Bank Employee Savings and Thrift Plan, the Oxford Resources 401(k) Profit Sharing Plan, the NationsBanc Montgomery 401(k) Plan, the Bank of America 401(k) Plan and the Bank of America Pension Plan. Assets from these 401(k) plans were not transferred to the Pension Plan in any 401(k) asset transfer. All responses made herein with respect to "the 401(k) Plan" are made solely on behalf of The Bank of America 401(k) Plan.

12.      Defendants further object to Definition and Instruction 7 on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, insofar as it includes "sponsors, administrators, fiduciaries, representatives, agents, service providers, and all other persons acting or purporting to act on behalf of the 401(k) Plan." All responses made herein with respect to "the 401(k) Plan" are made solely on behalf of The Bank of America 401(k) Plan.

13.      Defendants object to Definition and Instruction 8 on the grounds that it is erroneous and mischaracterizes the 401(k) asset transfers to the extent it incorporates paragraphs 38-42 of the Third Amended Complaint (the "Complaint").

14.     Defendants object to Definition and Instruction 9 to the extent it incorporates Definition and Instruction 7.  See General Objections 11 and 12.

15.     Defendants object to Definition and Instruction 10 on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, insofar as it includes "predecessors, successors, parents, subsidiaries, affiliates, and their present and former directors, officers, employees, agents, representatives, lawyers, and all other persons acting or purporting to act on their, its, his or her behalf or behalves."  All responses made herein with respect to the "Bank" and "Defendants" are made solely on behalf of the defendants named in the Complaint.

16.     Defendants object to Definition and Instruction 11 on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence insofar as it includes "agents, representatives, lawyers, and all other persons acting or purporting to act on their, its, his or her behalf of behalves."

17.     Defendants object to Definition and Instruction 13 on the grounds that it is vague and unintelligible.  Absent an express statement by Plaintiffs of the time period covered by each Request, Defendants have attempted to interpret the time period relevant to each Request reasonably.

18.     Defendants object to Definition and Instruction 14 on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

Defendants further object to the request for the translation of certain documents into "usable form" as vague and unduly burdensome.

19.     Defendants object to Definition and Instruction 15 on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

20.     Defendants object to Definition and Instruction 18 on the grounds that it would cause requests including multiple verb tenses to be unintelligible.

21.     Defendants further object to Definition and Instruction 21 on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

22.     Defendants further object to Definition and Instruction 22 on the grounds that it is overbroad and attempts to impose an undue burden on Defendants.

23.     Defendants object to Definition and Instruction 25 on the grounds that it is overbroad and unduly burdensome and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence insofar as it includes, on a wholesale basis, "predecessors, successors, subsidiaries, parents, departments, divisions, or affiliates, including without limitation any organization or entity in which any Defendant has management or control interests, together with all present and former directors, officers, employees, agents, representatives, lawyers, and all other persons acting or purporting to act on behalf of Defendant." Defendants further object to the definition of "you" and "yours" in Definition and Instruction 25 on the same grounds.

24.     Defendants object to Definition and Instruction 26 on the grounds that it is overbroad, unduly burdensome, and calls for the production of confidential information.

25.     Defendants object to Definitions and Instructions 29 and 30 on the ground that they are vague, ambiguous, overbroad, unduly burdensome, and seek information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

26.     Defendants object to Definition and Instruction 30 on the grounds that it is vague, overbroad, and unduly burdensome and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence insofar as it includes, on a wholesale basis, "predecessors, successors, or current or former parents, subsidiaries, affiliates, divisions, officers, directors, partners, employees, agents, consultants, servants, representatives, attorneys, and/or other persons directly employed or retained by you, or anyone else acting on your behalf or otherwise subject to your control."

27.     Defendants object to Definition and Instruction 31 to the extent it seeks the waiver of any applicable privilege.

28.     Defendants object to Definition and Instructions 32 through 36 to the extent they exceed the requirements of the Federal Rules or Local Rules.

29.     Defendants object to Definition and Instruction 36 on the grounds that it is improper and seeks information protected from disclosure by the attorney-client privilege and/or the work product doctrine.

30.     Defendants object to Plaintiffs' references and requests relating to "original" documents as vague, ambiguous, and unreasonably burdensome. Defendants further object to any request by Plaintiffs to identify documents that are duplicates on the ground that it is unduly burdensome.

7

31.     Defendants object to the Requests to the extent that they exceed the number

permitted by the Court.

32.     Any disclosure of privileged information or documents is inadvertent, does not

waive the applicable privilege or rule of non-disclosure, and will be withdrawn promptly.


## SPECIFIC OBJECTIONS AND RESPONSES

### Request for Production No. 1

Produce all plan documents under which the Plans have been or are now operated
since January 1, 1998, including all versions of the operative formal Plan documents, all
amendments to the operative formal Plan documents, all versions of the summary plan
descriptions ever provided to a participant under the Plans, and all versions of the operative trust
documents.

### RESPONSE:

In addition to their General Objections, Defendants object to Request No. 1 on the

grounds that it is unduly burdensome and seeks information related to the 401(k) Plan that is not

relevant to the subject matter involved in this action or reasonably calculated to lead to the

discovery of admissible evidence. Subject to all of their objections, Defendants will produce

responsive documents.


### Request for Production No. 2

Produce all applications to the IRS for a determination letter on any of the Plans
since January 1, 1997, including but not limited to complete submissions, with all attachments,
demonstrations, exhibits, explanations, and alike.

### RESPONSE:

In addition to their General Objections, Defendants object to Request No. 2 on the

ground that it seeks documents not relevant to class certification.


8

**Request for Production No. 3**

Produce all documents relating to the consideration, planning, analysis, and drafting of the Pension Plan, including but not limited to all documents relating to the adoption of the Pension Plan's Normal Retirement Date or normal retirement age, and the Pension Plan's participant-directed investment feature and/or their uniform application to all or substantial [sic] all Pension Plan participants.

**RESPONSE**:

In addition to their General Objections, Defendants object to Request No. 3 on the

grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that

is not relevant to the subject matter involved in this action or reasonably calculated to lead to the

discovery of admissible evidence, and information not relevant to class certification. See also

Response to Request No. 1.

**Request for Production No. 4**

Produce all documents relating to PwC's advice regarding the accounting treatment and other potential benefits to either Plan and/or the Bank of the proposed Pension Plan design and/or the 401(k) asset transfer prepared between January 1, 1995 and December 31, 1998, including but not limited to any advice or conclusions relating to the anticipated or potential impact of the participant-directed investment feature and 5-years of service normal retirement date, and including but not limited to valuations or quantifications of the potential benefits.

**RESPONSE**:

In addition to their General Objections, Defendants object to Request No. 4 on the

grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks documents not

relevant to class certification.

**Request for Production No. 5**

Produce all documents analyzing or discussing the legal or tax implications and/or risks potentially arising from, or addressed by, the cash balance design features that are incorporated into the Pension Plan, including issues relating to "whipsaw" calculations, age discrimination, backloading, and fiduciary duties.

9

**RESPONSE**:

In addition to their General Objections, Defendants object to Request No. 5 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, seeks documents not relevant to class certification, and calls for information that is protected by the attorney-client privilege and work product doctrine.

### Request for Production No. 6

Produce all documents and records of other communications between the Bank and PwC relating to the Letter from Ira Cohen, PricewaterhouseCoopers LLP, to IRS Commissioner Charles O. Rossotti and Deputy Assistant Secretary for Tax Policy Jonathan Talisman, dated Sep. 30, 1999, *reprinted in* Tax Notes Today, Nov. 18, 1999, *see* Complaint ¶ 34, including but not limited to all documents and records of other communications relating to the consideration, preparation, or approval of the letter or any drafts or outlines of the letter; and including the letter itself and all drafts, outlines, preliminary versions, or revisions.

**RESPONSE**:

In addition to their General Objections, Defendants object to Request No. 6 on the ground that it seeks documents not relevant to class certification.

### Request for Production No. 7

Produce all documents and records of other communications between the Bank and PwC relating to class certification issues in this litigation and/or class certification in the putative class action filed against PwC by Timothy D. Laurent. If a claim of privilege is interposed under the joint defense privilege in whole or in part, produce all documents evidencing the existence and scope of any such purported joint defense privilege between and/or among one or more Bank of America Defendants and PwC.

**RESPONSE**:

In addition to their General Objections, Defendants object to Request No. 7 on the grounds that it is overbroad and calls for documents that are protected by the attorney-client privilege, joint defense privilege, common interest doctrine, work product doctrine, and other applicable privileges.

**Request for Production No. 8**

Produce all documents relating to Plaintiff Pender and/or Plaintiff McCorkle including without limitation all documents relating to their participation in the Plans and their employment with the Bank and all documents that came into your possession, custody or control relating to them in any way subsequent to the time you first learned that they were plaintiffs and proposed class representatives in this case.

**RESPONSE:**

In addition to their General Objections, Defendants object to Request No. 8 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and seeks information that is not relevant to the subject matter involved in this action or reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to Plaintiffs' request for documents post-dating the filing of this litigation for the reasons set forth above and because it calls for documents that are protected by the attorney-client privilege and work product doctrine. To take just one example, Plaintiffs' request would require the production of all court filings and other materials using the caption in this case. Subject to all of their objections, Defendants will produce responsive documents related to the subject matter of the claims in this litigation.

**Request for Production No. 9**

Produce all documents supporting your response to Interrogatory No. 1.

**RESPONSE:**

Subject to their General Objections, Defendants refer Plaintiffs to Response to Interrogatory No. 1.

**Request for Production No. 10**

Produce all documents that support any argument you will make or are giving serious consideration to making that either of the two Classes proposed by Plaintiffs does not meet the numerosity requirements of Federal Rule of Civil Procedure 23(a)(1).

**RESPONSE:**

In addition to their General Objections, Defendants object to Request No. 10 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and calls for information that is protected by the attorney-client privilege and work product doctrine. Defendants also object to this request as premature in that Defendants have not received Plaintiffs' class certification brief and Defendants' class certification opposition brief is not due until December 15, 2005. Subject to all of their objections, Defendants state that documents that are responsive to this request are being produced in response to other requests served by Plaintiffs, including Mr. Pender's request for documents pursuant to ERISA § 104(b).

## Request for Production No. 11

Produce all documents that support any argument you will make or are giving serious consideration to making that the claims of the two Classes proposed by Plaintiffs do not meet the commonality requirements of Federal Rule of Civil Procedure 23(a)(2).

**RESPONSE:**

In addition to their General Objections, Defendants object to Request No. 11 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and calls for information that is protected by the attorney-client privilege and work product doctrine. Defendants also object to this request as premature in that Defendants have not received Plaintiffs' class certification brief and Defendants' class certification opposition brief is not due until December 15, 2005. Subject to all of their objections, Defendants state that documents that are responsive to this request are being produced in response to other requests served by Plaintiffs, including Mr. Pender's request for documents pursuant to ERISA § 104(b).

**Request for Production No. 12**

Produce all documents that support any argument you will make or are giving serious consideration to making that Plaintiff Pender or Plaintiff McCorkle as the class representatives named in this case do not meet the typicality requirements of Federal Rule of Civil Procedure 23(a)(3).

**RESPONSE:**

In addition to their General Objections, Defendants object to Request No. 12 on

the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and calls for

information that is protected by the attorney-client privilege and work product doctrine.

Defendants also object to this request as premature in that Defendants have not received

Plaintiffs' class certification brief and Defendants' class certification opposition brief is not due

until December 15, 2005. Subject to all of their objections, Defendants state that documents that

are responsive to this request have been or will be produced in response to other requests served

by Plaintiffs, including Mr. Pender's request for documents pursuant to ERISA § 104(b).

**Request for Production No. 13**

Produce all documents that support any argument you will make or are giving serious consideration to making that the class representatives do not meet the adequacy requirements of Federal Rule of Civil Procedure 23(a)(4).

**RESPONSE:**

In addition to their General Objections, Defendants object to this request on the

grounds that it is vague, ambiguous, overbroad, unduly burdensome, and calls for information

that is protected by the attorney-client privilege and work product doctrine. Defendants also

object to this request as premature in that Defendants have not received Plaintiffs' class

certification brief and Defendants' class certification opposition brief is not due until December

15, 2005. Subject to all of their objections, Defendants state that documents that are responsive

to this request have been or will be produced in response to other requests served by Plaintiffs, including Mr. Pender's request for documents pursuant to ERISA § 104(b).

## Request for Production No. 14

Produce all documents that support any argument you will make or are giving serious consideration to making that any of the Plaintiffs' counsel do not meet the adequacy requirements of Federal Rule of Civil Procedure 23(a)(4).

## RESPONSE:

In addition to their General Objections, Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and calls for information that is protected by the attorney-client privilege and work product doctrine. Defendants also object to this request as premature in that Defendants have not received Plaintiffs' class certification brief and Defendants' class certification opposition brief is not due until December 15, 2005.

## Request for Production No. 15

Produce all documents supporting your response to Interrogatory No. 2.

## RESPONSE:

In addition to their General Objections, Defendants object to Request No. 15 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and seeks information that is not relevant to the subject matter involved in this action or reasonably calculated to lead to the discovery of admissible evidence. Subject to all of their objections, Defendants will produce documents sufficient to support their response to Interrogatory No. 2.

## Request for Production No. 16

Produce all documents supporting your response to Interrogatory No. 3.

**RESPONSE:**

In addition to their General Objections, Defendants object to Request No. 16 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and seeks information that is not relevant to the subject matter involved in this action or reasonably calculated to lead to the discovery of admissible evidence. Subject to all of their objections, Defendants will produce documents sufficient to support their response to Interrogatory No. 3.

**Request for Production No. 17**

Produce all documents supporting your response to Interrogatory No. 4.

**RESPONSE:**

In addition to their General Objections, Defendants object to Request No. 17 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and seeks information that is not relevant to the subject matter involved in this action or reasonably calculated to lead to the discovery of admissible evidence. Subject to all of their objections, Defendants will produce documents sufficient to support their response to Interrogatory No. 4.

**Request for Production No. 18**

Produce all documents supporting your response to Interrogatory No. 8.

**RESPONSE:**

In addition to their General Objections, Defendants object to Request No. 18 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and seeks information that is not relevant to the subject matter involved in this action or reasonably calculated to lead to

the discovery of admissible evidence. Subject to all of their objections, Defendants will produce documents sufficient to support their response to Interrogatory No. 5.[1]

**Request for Production No. 19**

Produce all documents supporting your response to Interrogatory No. 6.

**RESPONSE:**

In addition to their General Objections, Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and seeks information that is not relevant to the subject matter of this action or reasonably calculated to lead to the discovery of admissible evidence. Subject to all of their objections, Defendants will produce documents sufficient to support their response to Interrogatory No. 6.

**Request for Production No. 20**

Produce all documents supporting your response to Interrogatory No. 7.

**RESPONSE:**

In addition to their General Objections, Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and seeks information that is not relevant to the subject matter involved in this action or reasonably calculated to lead to the discovery of admissible evidence. Subject to all of their objections, Defendants refer Plaintiffs to Response to Interrogatory No. 7.

**Request for Production No. 21**

Produce a copy of all media on which the data and/or archival data for the Pension Plan's pension benefit distributions and the 401(k) Plan's asset transfers is kept for time

---

[1] Defendants assume that Plaintiffs' reference to Interrogatory 8 is a typographical error and that Plaintiffs intend to refer to Interrogatory 5.

period July 1, 1998 to the present, together with the necessary software and instructions for utilizing same.

## RESPONSE:

In addition to their General Objections, Defendants object to Request No. 21 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, seeks information that is not relevant to the subject matter involved in this action or reasonably calculated to lead to the discovery of admissible evidence, and seeks proprietary and confidential information, including participant data. Subject to all of their objections, Defendants will produce responsive documents.

## Request for Production No. 22

Produce all documents supporting your response to Interrogatory No. 8.

## RESPONSE:

In addition to their General Objections, Defendants object to Request No. 22 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is not relevant to the subject matter involved in this action or reasonably calculated to lead to the discovery of admissible evidence, and seeks documents not relevant to class certification.

## Request for Production No. 23

Produce all documents from which it can be ascertained which and/or how many participants received single lump sum distributions of their vested "account" balances under the Pension Plan, and what percentage of all distributions from the Pension Plan this number represents.

## RESPONSE:

In addition to their General Objections, Defendants object to Request No. 23 on the grounds that it is overbroad, unduly burdensome, seeks information that is not relevant to the subject matter involved in this action or reasonably calculated to lead to the discovery of

admissible evidence, and seeks proprietary and confidential information, including participant

data. Subject to all of their objections, Defendants will produce responsive documents.

## Request for Production No. 24

Produce all documents from which it can be ascertained which and/or how many
participants in the Pension Plan received any form of distribution other than a single lump sum
distribution, and which particular form was paid.

### RESPONSE:

In addition to their General Objections, Defendants object to Request No. 24 on

the grounds that it is overbroad, unduly burdensome, seeks information that is not relevant to the

subject matter involved in this action or reasonably calculated to lead to the discovery of

admissible evidence, and seeks proprietary and confidential information, including participant

data. Subject to all of their objections, Defendants will produce responsive documents.

## Request for Production No. 25

Produce one example of every different type or version of the releases referred to
in Interrogatory No. 1 (and your responses thereto), using a copy of an actual release signed by
an actual participant.

### RESPONSE:

In addition to their General Objections, Defendants object to Request No. 25 on

the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and unintelligible.

Subject to all their objections, Defendants will produce responsive documents.[2]

## Request for Production No. 26

Produce all documents relating to any participant's challenge to the proper
calculation of their benefits under the Pension Plan including but not limited to those that are
"relevant" as that term is defined by 29 C.F.R. § 52560.503-1(m)(8).

---

[2] Defendants assume that Plaintiffs' reference to Interrogatory 1 is a typographical error and that Plaintiffs intend to
refer to Interrogatory 9.

18

**RESPONSE:**

In addition to their General Objections, Defendants object to Request No. 26 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is not relevant to the subject matter involved in this action or reasonably calculated to lead to the discovery of admissible evidence, and seeks documents not relevant to class certification, and calls for a legal conclusion.

**Request for Production No. 27**

Produce all documents reflecting all estimated returns on participant-directed "investments" under the Pension Plan and all assumptions used to estimate those returns.

**RESPONSE:**

In addition to their General Objections, Defendants object to Request No. 27 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and seeks information that is not relevant to the subject matter involved in this action or reasonably calculated to lead to the discovery of admissible evidence, and seeks documents not relevant to class certification.

**Request for Production No. 28**

Produce all documents that reflect the number of participants and/or the percentage of participants and/or which participants in the 401(k) Plan (and under each specific 401(k) plan affected) whose account assets were transferred in one or more 401(k) asset transfers.

**RESPONSE:**

In addition to their General Objections, Defendants object to Request No. 28 on the grounds that it is overbroad, unduly burdensome, seeks information that is not relevant to the subject matter involved in this action or reasonably calculated to lead to the discovery of admissible evidence, and seeks proprietary and confidential information, including participant data. Subject to all of their objections, Defendants will produce responsive documents.

**Request for Production No. 29**

        Produce all documents supporting your response to Interrogatory No. 12.

**RESPONSE:**

        In addition to their General Objections, Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and seeks information that is not relevant to the subject matter involved in this action or reasonably calculated to lead to the discovery of admissible evidence. Subject to all of their objections, Defendants refer Plaintiffs to Response to Interrogatory No. 12.

**Request for Production No. 30**

        Produce all documents supporting your response to Interrogatory No. 13.

**RESPONSE:**

        In addition to their General Objections, Defendants object to Request No. 30 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and seeks information that is not relevant to the subject matter involved in this action or reasonably calculated to lead to the discovery of admissible evidence. Subject to all of their objections, Defendants refer Plaintiffs to Response to Interrogatory No. 13.

**Request for Production No. 31**

        Produce all of the documents relating to the implementation of each of the 401(k) asset transfers (including Plan amendments, participant communications, communications to the Plan Trustees and other fiduciaries, and asset transfer records) that reflect that the transfers were accomplished in a substantially similar manner for all or substantially all participants.

**RESPONSE:**

        In addition to their General Objections, Defendants object to Request No. 31 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information

that is not relevant to the subject matter involved in this action or reasonably calculated to lead to

the discovery of admissible evidence, and seeks documents not relevant to class certification.

## Request for Production No. 32

Produce all documents supporting your response to Interrogatory No. 14.

## RESPONSE:

In addition to their General Objections, Defendants object to Request No. 32 on

the grounds that it is vague, ambiguous, overbroad, unduly burdensome and seeks information

that is not relevant to the subject matter involved in this action or reasonably calculated to lead to

the discovery of admissible evidence, and seeks documents not relevant to class certification.

## Request for Production No. 33

Produce all documents, without regard to their admissibility under the Federal
Rules of Evidence, provided to or received from the Internal Revenue Service that can be used to
support or challenge the contention that the issue of whether the 401(k) asset transfers were
made in violation of ERISA § 204(g), 29 U.S.C. § 1054(g) and/or IRC § 411(d)(6) and/or the
applicable regulations thereunder or any other provisions of ERISA (including the fiduciary duty
provisions) is an issue common to Plaintiffs and the proposed Cutback Class.

## RESPONSE:

In addition to their General Objections, Defendants object to Request No. 33 on

the ground that it calls for information protected by the attorney-client privilege and/or work-

product doctrine and seeks documents not relevant to class certification.

## Request for Production No. 34

Produce all documents, without regard to their admissibility under the Federal
Rules of Evidence, provided to or received from the Internal Revenue Service that relate in
whole or in part to the appropriate relief to be afforded any individual participant, group of
participants, and/or the Plans that will, should or may follow as a result of the IRS's tentative or
final conclusion that the 401(k) asset transfers violated IRC § 411(d)(6) or that will, should or
may follow a substantially similar finding under ERISA § 204(g), 29 U.S.C. § 1054(g) by the
federal courts.

**RESPONSE:**

In addition to their General Objections, Defendants object to Request No. 34 on

the ground that it seeks documents not relevant to class certification.


**Request for Production No. 35**

Produce all documents received from the Internal Revenue Service that evidence
the Bank's statement in its March 2005 SEC 10-K filing that the Internal Revenue Service
informed the Bank on December 10, 2004 that the IRS had reached the tentative but formal
conclusion that the 401(k) plan transfers resulted in illegal cutbacks in participants' accrued
retirement benefits, and all documents sent to or received from the Internal Revenue Service
since December 10, 2004.

**RESPONSE:**

In addition to their General Objections, Defendants object to Request No. 35 on

the grounds that it mischaracterizes the Internal Revenue Service's tentative conclusion and

seeks documents not relevant to class certification.


**Request for Production No. 36**

Provide all documents prepared by pension consultants or advisors other than
PwC (*e.g.*, Towers Perrin, Hewitt Consultants, Mercer, Kwasha Lipton) that identify potential
legal or tax issues or risks relating to the design of the Pension Plan.

**RESPONSE:**

In addition to their General Objections, Defendants object to Request No. 36 on

the ground that it is vague, ambiguous, overbroad, unduly burdensome and seeks information

that is not relevant to the subject matter involved in this action or reasonably calculated to lead to

the discovery of admissible evidence, seeks documents not relevant to class certification, and

calls for information that is protected by the attorney-client privilege and/or the attorney work-

product doctrine.

**Request for Production No. 37**

Produce all documents supporting your response to Interrogatory No. 15.

**RESPONSE:**

In addition to their General Objections, Defendants object to Request No. 37 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and seeks information that is not relevant to the subject matter involved in this action or reasonably calculated to lead to the discovery of admissible evidence. Subject to all of their objections, Defendants refer Plaintiffs to Response to Interrogatory No. 15.

Dated: November 7, 2005

_Anne E. Rea_

Peter J. Covington (Attorney Bar Number 9175)
Irving M. Brenner (Attorney Bar Number 15483)
HELMS MULLISS & WICKER, PLLC
201 North Tryon Street
P.O. Box 31247
Charlotte, North Carolina 28282
(704) 343-2000

William F. Conlon
Priscilla E. Ryan
Jeffrey R. Tone
Anne E. Rea
Erin E. Kelly
SIDLEY AUSTIN BROWN & WOOD LLP
10 South Dearborn Street
Chicago, IL 60603
(312) 853-7000

COUNSEL FOR BANK OF AMERICA DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing **DEFENDANTS' RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION PERTAINING TO CLASS CERTIFICATION** as follows:

**BY FEDERAL EXPRESS**

Eli Gottesdiener
GOTTESDIENER LAW FIRM, PLC
498 7th Street
Brooklyn, NY 11215
eli@gottesdienerlaw.com

F. Lane Williamson
GARLITZ & WILLIAMSON, PLLC
212 South Tryon Street, Suite 930
Charlotte, NC 28281
lwilliamson@gwattorneys.com
*Counsel for Plaintiffs*

Robert J. Kopecky
KIRKLAND & ELLIS LLP
200 East Randolph Street
Chicago, IL 60601
rkopecky@kirkland.com

Mark W. Merritt
ROBINSON, BRADSHAW & HINSON, P.A.
101 N. Tryon Street, Suite 1900
Charlotte, NC 28246
mmerritt@rbh.com
*Counsel for Defendant PricewaterhouseCoopers LLP*

This the 7th day of November, 2005.

_____
Anne E. Rea