# GOTTESDIENER LAW FIRM, PLLC

**ELI GOTTESDIENER**

498 7th Street
Brooklyn, New York  11215
Phone:  (718) 788-1500
Fax:     (718) 788-1650

WRITER'S EMAIL ADDRESS                                                  Member, District of Columbia,
eli@gottesdienerlaw.com                                              New York, Maryland and Pennsylvania Bar

November 8, 2005

<u>Via Email</u>

Anne E. Rea
Sidley Austin Brown & Wood LLP
10 S. Dearborn Street
Chicago, Illinois 60603

        Re:       <u>Pender, et al.  v. Bank of America Corp., et al.,</u> Civ. No. 05-238-C (W.D.N.C.)

Dear Anne:

    I write concerning several matters relative to Plaintiffs' First Set of Discovery Requests Pertaining to Class Certification and to request an immediate meet-and-confer on the matters referenced below.

    **1.**    **<u>Defendants' withholding of producible material without leave of court</u>.**

    I will be forwarding you tomorrow morning (November 9th) for your review and for counsel for PricewaterhouseCoopers LLP's review a proposed Stipulation and Proposed Confidentiality Order relative to the above-entitled action.  As we indicated to you previously, we find the Bank's draft inappropriate in numerous fundamental respects.  We have carefully reviewed your draft to ensure that we included in ours as much of the substance of your draft as we found appropriate and unobjectionable under Fed. R. Civ. P. 26(c).  We believe that all of the protections to which your clients are entitled under Fed. R. Civ. P. 26(c) are amply safeguarded by the provisions of our draft stipulation and proposed order.  I hope we can submit this proposed draft to the Court for its review and entry promptly, *i.e.,* within the next day or so, and that you will promptly made production of all withheld and redacted material.

    However, pending such a production by the Bank pursuant to an agreed proposed order or the entry by the Court of a confidentiality order whether based on the parties' stipulation or otherwise, you are required to produce all material you have withheld or redacted on the grounds of confidentiality.  Defendants are in violation of the Federal Rules and the Court's Case Management Order by failing to produce, simply on the grounds of alleged confidentiality,

material concededly otherwise producible without leave of Court to do. The timely entry of a Rule 26(c) order was Defendants' responsibility, not Plaintiffs.[1]

One month ago, Plaintiffs produced material that we would deem confidential without awaiting entry of a confidentiality order as soon as we received assurance that Defendants would treat that material in an appropriate fashion pending the entry of such an order. Defendants have chosen to proceed otherwise: despite the fact that we offered you the same assurance and indeed agreed to temporarily honor *all of the provisions of the very order that you want to control your production*, you unilaterally elected to withhold and redact materials that you have no right to withhold and have no right to have redacted under the Federal Rules absent a court order.

We therefore ask that you immediately remedy this problem. Defendants' withholding of producible material is extremely prejudicial to Plaintiffs given the very short period of time that we have remaining to us until we are required to file our motion for class certification. This is a problem compounded by the fact that what materials you did produce were produced a day late without obtaining our consent.[2]

2. **Defendants' failure to object and respond to Plaintiffs' First Set of Discovery Requests Pertaining to Class Certification.**

We were disappointed to see that Defendants also unilaterally elected to rewrite our discovery requests. You purport to object and respond to our requests in such a way as to unnecessarily complicate and confuse their logical, interlocking sequence. Indeed, we consider your objections and responses to be no objections or responses *at all*. We did not serve upon Defendants a "First Set of Requests for Admission Pertaining to Class Certification" and a "First Set of Interrogatories Pertaining to Class Certification" and a "First Set of Requests for Production Pertaining to Class Certification." We served upon you a unified First Set of *Discovery Requests* Pertaining to Class Certification. You were required by the Federal Rules, the Local Rules and the Court's August 31st Case Management Order to respond to what was served upon you. You had no right to trifurcate and jumble our requests for some perceived tactical advantage. Again, your decision to proceed in this fashion is extremely prejudicial given the short time in which we have to file our motion for class certification. You chose not to alert us in advance of your plan to breakup our requests into three different documents and discuss the matter with us or give us the opportunity to petition the Court for relief. We object.

You should immediately respond in one unified document to our requests as propounded. We further ask that you agree for purposes of further meet-and-confers and motions to compel

---

[1] We disagree with the suggestions in your letters of November 4th and November 7th that we have delayed matters in any way. You omit mention of the fact that we requested a draft proposed order from the Bank long ago and that the Bank committed to getting us one, and reiterated its commitment to do so, long before it finally did so. You also omit mention of the fact that we gave you ample notice that objected to your approach to confidentiality and would not willingly consent to it.

[2] Defendant PricewaterhouseCoopers LLP ("PwC")'s production was also a day late. In fact, notwithstanding reference in a letter dated November 7th but which was not delivered to us until November 8th, we still do not have PwC's objections and responses.

2

relative to our First Set of Discovery Requests to conform your written replies to the format that it was our right to elect and your obligation to honor.[3]

### 3. Absence of any privilege log.

It is apparent from the limited review of the objections and responses you have served upon us[4] that you are withholding documents or information on the grounds of privilege. *See, e.g.,* Response to Request for Production No. 7 (asserting only "overbr[eadth]" apart from privilege as supposedly justifying a failure to produce). For any request as to which you are interposing privilege as *the* reason for failing to produce some or all of what is requested, you must immediately produce such a log, absent some other agreement or arrangement you have not stated you seek.

### 4. Unauthorized access to and disclosure of David McCorkle's private financial information.

With the production made November 8th, it is now clear that, possibly in violation of federal and state law, the Bank and your law firm have accessed and disseminated to numerous other persons copies of even more private financial documents pertaining to Mr. McCorkle than surfaced at his deposition. It is more than two weeks since we requested an explanation. None has been forthcoming. As stated at Mr. McCorkle's deposition, we would like to know exactly how the Bank and your law firm came into possession of these records, by what right you believe you accessed them and by what right you believe you have disseminated or disclosed them to others. We also want to know how it is that the third-party affiliate of the Bank which apparently released them to you believes that it was lawfully entitled to do so since it did not have Mr. McCorkle's prior express written consent, gave us no notice of your law firm's or the Bank's efforts to obtain these documents and had not, to our knowledge, been served with any lawful court order, subpoena or other process requiring such production.

* * *

As we continue our review of your objections and responses, we will be forwarding additional objections to your responses to our requests. We ask that you set aside time each day for the remainder of this week for additional meet-and-confer conferences.

---

[3] The same applies to such objections and responses that PwC may eventually serve on Plaintiffs.
[4] This is without prejudice to our contention that, in fact and/or in law, you served no objections or responses to the discovery requests served upon you.

Sincerely,

Eli Gottesdiener

Cc: F. Lane Williamson
Robert J. Kopecky
Peter J. Covington
Irving M. Brenner
Mark W. Merritt

4