# GOTTESDIENER LAW FIRM, PLLC

**ELI GOTTESDIENER**

1025 Connecticut Avenue, N.W., Suite 1000
Washington, D.C. 20036
Phone: (202) 243-1000
Fax:    (202) 243-1001

WRITER'S EMAIL ADDRESS                                             Member, District of Columbia,
eli@gottesdienerlaw.com                                        New York, Maryland and Pennsylvania Bar

November 9, 2005

Via Email

Robert J. Kopecky
Douglas G. Smith
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636

Patrick J. Attridge
King & Attridge
39 W. Montgomery Ave
Rockville, Md. 20850

   Re: *Laurent v. PricewaterhouseCoopers LLP, et al.,* Civ. No. 05-1291 PLF (D.D.C.)

Gentlemen:

  This constitutes a request for an immediate meet-and-confer in conformance with Local Civil Rule 7(m).

  Your clients, through you, were served by hand on October 21, 2005 with Plaintiff's First Set of Discovery Request Pertaining to Class Certification. We expect to receive in our offices on or before November 21, 2005 from each Defendant one unified set of objections and responses to the First Set of Discovery Requests Pertaining to Class Certification, as well as all responsive documents and/or information for which Defendants are not interposing a claim of privilege. For any documents and/or information withheld or redacted on the basis of alleged privilege, we also expect to receive in our offices, on or before November 21, 2005, a privilege log conforming to the requirements of the Federal Rules and local practice and case law.[1]

---

[1] We do not, of course, object to one or more Defendants consolidating their respective positions into one unified set of objections and responses and one privilege log.

The manner in which PricewaterhouseCoopers LLP ("PwC") chose to respond to a very similar set of written discovery requests in the related action of *Pender, et al. v. Bank of America Corp., et al.,* Civ. No. 05-236-C (W.D.N.C.) is unacceptable to us. In that case, in addition to serving us with objections and responses two days beyond the agreed deadline and without producing a privilege log notwithstanding the assertion of privilege as the basis for withholding responsive material, PwC unilaterally elected to rewrite Plaintiffs' single set of unified discovery requests and purported to object and respond to those requests as if they had been separately propounded in *three* separate set of requests, unnecessarily complicating and confusing their logical, interlocking sequence, apparently for some perceived tactical advantage.

If any Defendant in this case seeks:

(a) To proceed here as PwC proceeded in *Pender* by breaking up our single set of discovery requests into two or three different parts and objecting and responding in two or more different documents instead of proceeding sequentially through the unified set of requests as served;

(b) To interpose an objection on the grounds of privilege without contemporaneously producing a privilege log conforming to the requirements of the law;

(c) To cause Defendants' objections and responses and responsive documents to arrive at the place designated in the First Set of Discovery Requests Pertaining to Class Certification at a point in time subsequent to November 21, 2005; or

(d) To withhold or redact responsive documents solely on the grounds of alleged confidentiality without having first moved for a protective order under Fed. R. Civ. P. 26(c),

we hereby object. If any Defendant seeks (a), (b), (c) or (d), we request that you so inform us no later than noon, Friday, November 11th, state the grounds upon which such Defendant believes it may proceed in such fashion and propose a time for a meet-and-confer to occur no later than noon, November 14th, so we have adequate time to seek relief with the Court if necessary.

If we do not receive a written reply to this letter by noon, Friday, November 11th, we will assume that no Defendant seeks (a), (b), (c) or (d).

Sincerely,

Eli Gottesdiener

2