IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| TIMOTHY D. LAURENT<br><br>On behalf of himself and on<br>behalf of all others similarly situated,<br><br>　　　　　　　　　Plaintiff,<br>　　v.<br><br>PRICEWATERHOUSECOOPERS LLP, *et al.*<br><br>　　　　　　　　　Defendants. | Civil Action No. 05-1291 (PLF) |

**PLAINTIFF'S OBJECTIONS AND RESPONSES
TO DEFENDANTS' FIRST SET OF INTERROGATORIES
TO PLAINTIFF CONCERNING CLASS CERTIFICATION**

　　　　Plaintiff, through undersigned counsel, hereby serves upon the Defendants in the above-referenced action his objections and responses to Defendants' First Set of Interrogatories to Plaintiff Concerning Class Certification (the "Interrogatories") as follows:

**OBJECTIONS APPLICABLE TO ALL INTERROGATORIES**

　　　　1.　　　Plaintiff objects to the Interrogatories to the extent that they seek information beyond the scope of permissible discovery under the Federal Rules of Civil Procedure ("the Rules").

　　　　2.　　　Plaintiff objects to the Interrogatories to the extent that they seek merits discovery. Defendants insisted on the bifurcation of discovery into class and merits pending a ruling on the issue from the Court. Accepting only for purposes of these responses Defendants' premise that class and merits can be separated here, much of what Defendants seeks relates, if at all, to merits.

3. Plaintiff objects to the Interrogatories to the extent that they seek to impose on Plaintiff an unreasonable burden or expense not permitted under the Rules or other applicable law.

4. Plaintiff objects to the Interrogatories to the extent that they seek disclosure of documents and information protected by the attorney-client privilege, the attorney work-product doctrine, or other applicable privilege or rule of non-disclosure.

5. By making these Objections and Responses, Plaintiff does not admit or represent that any Interrogatory Response is relevant or admissible for any purpose.

6. Plaintiff reserves the right to supplement or amend his Objections and Responses as discovery in this action progresses.

7. Any disclosure of privileged information is inadvertent, does not waive the applicable privilege or rule of non-disclosure and will be withdrawn as soon as discovered.

## SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

Subject to and without waiving the foregoing objections, conditions and reservations, each of which apply to each objection and response below even when not again referenced, Plaintiff objects and responds to the numbered items in Defendants' Interrogatories as follows:

## INTERROGATORIES

### Interrogatory No. 1

Identify the dates you commenced and terminated your employment with PwC and the reason(s) for your termination.

**Objections and Response to Interrogatory No. 1**

I commenced employment with PwC (as Coopers & Lybrand, LLC) on or about November 8, 1995 and worked there until approximately September 1, 2001. I was laid off as an "excess number" according to what I was told.

**Interrogatory No. 2**

For any of the Plans in which you participated, state (a) the name of the Plan and the date on which you first became a participant in it, (b) the date on which your participation in each such Plan terminated and (c) if you received a distribution, the amount and form of the distribution *(e.g.,* lump sum payment, rollover to another plan) and the date of the distribution.

**Objections and Response to Interrogatory No. 2**

I was and am a participant in the RBAP and the Savings Plan (the "primary" Savings Plan, as defined in the Complaint). I was also a participant in the Coopers & Lybrand Retirement Plan and the Coopers & Lybrand 401(k) plan. I received a distribution from the RBAP on or about May 2002. I received a distribution from the Savings Plan on or about February 2002 that I rolled into an IRA. The distributions were lump sum distributions. You have my records, TDL 1-171, that provide further details, as well as your own, PwC-L 1-172. *See* Fed. R. Civ. P. 33(d). Plaintiff objects to and denies the legal implications inherent in this Interrogatory and inherent in the various account statements to which he refers.

**Interrogatory No. 3**

If you have ever lodged a charge or complaint against PwC (which is defined above to include, without limitation, PwC's affiliates and predecessors) with any state or federal agency or entity, identify the agency or entity, the case or matter number, and the nature of the charge or complaint.

**Objections and Response to Interrogatory No. 3**

I have not lodged any such charge or complaint against PwC, outside of this matter, such as is described in Interrogatory No. 3.

**Interrogatory No. 4**

Identify all communications you have had with any of the Defendants relating to any of the Plans (including, without limitation, your participation in any of the Plans, the Investment Measures available under the RBAP, and the investment options available under the 401 (k) Plans).

**Objections and Response to Interrogatory No. 4**

Plaintiff objects that this Interrogatory is overbroad because it is temporally unlimited and "Defendants" include the Plans themselves and Plaintiff was arguably in continuous communication or contact with the Plans prior to receiving the partial distributions he received in 2002. It is also overbroad insofar as "Defendants" also includes PricewaterhouseCoopers LLP with which Plaintiff communicated on a consistent if not continuous basis while employed with respect to matters "relating to any of the Plans." Construing the Interrogatory reasonably to seek communications with individual Defendants, Plaintiff states: I have not had such communications to my knowledge.

**Interrogatory No. 5**

Identify each member of the putative class with whom you have communicated, directly or indirectly, about the Litigation or the subject matters of the Complaint and when the communications occurred.

**Objections and Response to Interrogatory No. 5**

Plaintiff objects that "subject matters of the Complaint" and the lack of temporal limitation on this question makes it overbroad, vague, and unduly burdensome. The "subject matters of the Complaint" include, for example, PricewaterhouseCoopers LLP which is where Plaintiff worked

and members of the putative class worked or work. Coupled with the lack of temporal limitation, it is inevitable that, literally construed, Plaintiff would have frequently communicated with putative class members about PricewaterhouseCoopers LLP at least during the time of his employment. Plaintiff gives this Interrogatory a reasonable construction to seek his communications with putative class members about the Litigation or the contested allegations of the Complaint. Speaking for only himself, Plaintiff states: I did not speak with any putative class members about the Litigation or the contested allegations of the Complaint that I can recall at this time.

**Interrogatory No. 6**

Identify all communications you have had with your counsel in this Litigation relating to any of the Plans (including, without limitation, your participation in any of the Plans), prior to retaining such counsel.

**Objections and Response to Interrogatory No. 6**

Plaintiff objects to this Interrogatory as not relevant to class certification and objects to the use of the term "retain[]" as if formal retention (undefined) is a *sine qua non* for the establishment of the attorney-client privilege. It is not. But because the Interrogatory as phrased indicates an intention to exclude from its scope privileged communications, Plaintiff construes the reference as a reference to the point at which privilege attached, *i.e.*, when Plaintiff sought legal advice or representation from counsel. As so construed, Plaintiff states: I had no communications with my counsel prior to seeking his legal advice or representation.

**Interrogatory No. 7**

Identify all civil lawsuits, or any other legal or administrative proceeding in which you have served or sought to serve as a representative party on behalf of a class.

**Objections and Response to Interrogatory No. 7**

I have not served or sought to serve as a representative party on behalf of a class before this case.

**Interrogatory No. 8**

With respect to each count of the First Amended Class Action Complaint and with respect to each Plan at issue in that Complaint, identify the specific relief you seek on your own behalf and on behalf of the class you purport to represent.

**Objections and Response to Interrogatory No. 8**

Plaintiff objects to this Interrogatory as a premature contention interrogatory concerned largely with the issues of merits and relief. Defendants have ample information from the Complaint and other multiple submissions made by Plaintiff from which to understand the relief he seeks for himself and the proposed Class for purposes of responding to his motion for class certification. This interrogatory is also objectionable at least in part because it calls for disclosure of attorney-client and attorney-work product privileged information and/or because it directly or indirectly seeks disclosure from Plaintiffs' experts prior to the commencement of merits discovery and completion of fact discovery.

**Interrogatory No. 9**

State the basis for your assertion that, if you prevail in the Litigation, "the different amounts participants will be due will be determined pursuant to simple, mechanical calculations" (Class Cert. Mot. & Mem. 29), and specify each component of that "simple mechanical calculation."

**Objections and Response to Interrogatory No. 9**

Plaintiff objects to this Interrogatory as a premature contention interrogatory concerned largely with the issues of merits and relief. Defendants have ample information from the Complaint and other multiple submissions made by Plaintiff from which to understand the relief he seeks for himself and the proposed Class for purposes of responding to his motion for class certification.

6

This interrogatory is also objectionable at least in part because it calls for disclosure of attorney-client and attorney-work product privileged information and/or because it directly or indirectly seeks disclosure from Plaintiffs' experts prior to the commencement of merits discovery and completion of fact discovery.

**Interrogatory No. 10**

Identify each person who provided any information concerning or relating to any of the answers to these interrogatories and, with respect to each such person, describe the information provided by such person and identify the interrogatory answer(s) to which such information relates.

**Objections and Response to Interrogatory No. 10**

I supplied all of the information needed for answering these Interrogatories and had the assistance of counsel in responding and objecting. Any further information concerning the details of my responses and objections would require disclosure of attorney-client and attorney work-product privileged information. I respectfully decline to make such disclosures. To be more specific would disclose some of the information privileged from disclosure.

I hereby declare under penalty of perjury that the foregoing is true and correct:

_____
Timothy D. Laurent
November 18, 2005

By and through:

*/s/ Eli Gottesdiener*
Eli Gottesdiener
**Gottesdiener Law Firm, PLLC**
Attorney for Plaintiff and Proposed Class
1025 Connecticut Avenue, N.W.
Suite 1000
Washington, D.C. 20036
Phone:      (202) 243-1000
Fax:          (202) 243-1001
E-mail address: eli@gottesdienerlaw.com

### CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2005 I caused the Defendants to be served with a copy of the foregoing Objections and Responses to the First Set of Interrogatories to Plaintiff Concerning Class Certification by causing a copy of same to be served on their counsel, listed below, by first-class mail as follows:

David E. Mendelson
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005-5793
(202) 879-5000 (phone)
(202) 879-5200 (fax)
dmendelson@kirkland.com

Counsel for Defendants PricewaterhouseCoopers LLP, PricewaterhouseCoopers LLP Board of Partners and Principals, the Retirement Benefit Accumulation Plan for Employees of PricewaterhouseCoopers LLP, the Savings Plan for Employees and Partners of PricewaterhouseCoopers LLP, the Savings Plan for Employees of PricewaterhouseCoopers LLP, the Administrative Committee to the Retirement Benefit Accumulation Plan for Employees of PricewaterhouseCoopers LLP, the Administrative Committee to the Savings Plan for Employees and Partners of PricewaterhouseCoopers LLP, the Administrative Committee to the Savings Plan for Employees of PricewaterhouseCoopers LLP, Lawrence H. Anderson, John J. Barry, William L. Bax, Michael J. Boberschmidt, W. Keith Booth, David J. Breen, Willard W. Brittain, Jay Brodish, J. Frank Brown, Philip J. Clements, Ira Cohen, Marsha R. Cohen, Michael S. Collins, Brian L. Cornell, James E. Daley, G. William Dauphinais, Jonathan J. Davies, Sherry T. Davis, Samuel A. DiPiazza, Robert B. Dubner, John R. Dunleavy, J. Christopher Everett, Iris D. Goldfein, Robert H. Herz, Roger C. Hindman, Stephen D. Higgins, Craig M. Jacobsen, Eugene S. Katz, Scott W. Kaufman, Richard P. Kearns, Peter Kelly, Richard R. Kilgust, Wendy L. Kornreich, James P. Kovacs, Frederic L. Laughlin, D. Leon Leonhardt, Keith D. Levingston,

Dennis J. Lubozynski, Ronald T. Maheu, Philip P. Mannino, Anthony F. Martin, James L. McDonald, Donald A. McGovern, James P. McNally, Nicholas G. Moore, Robert C. Morris, Jr., Dennis M. Nally, Eldon Olson, Shaun F. O'Malley, Matthew O'Rourke, Gary Pell, Lawrence F. Portnoy, Louise A. Root, Denis J. Salamone, Robert M. Sarsany, Frank V. Scalia, James J. Schiro, Christine G. Snyder, Garrett L. Stauffer, George G. Strong Jr., Paul J. Sullivan, Robert P. Sullivan, Ann M. Thornburg, Randell S. Vallen, Francis J. Van Kirk, Peggy M. Vaughn, Gary W. Van Wagnen, Gerald M. Ward, Brett D. Yacker, and George J. Yost III.

Patrick James Attridge
KING & ATTRIDGE
39 West Montgomery Avenue
Rockville, MD 20850
(301) 279-0780 (phone)
(301) 279-2988 (fax)

Counsel for Defendants Donald T. Nicolaisen and Walter G. Ricciardi

_____
Eli Gottesdiener