UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TIMOTHY D. LAURENT, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> PRICEWATERHOUSECOOPERS LLP, et al., ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 05-1291 (PLF) <br><br> Judge Paul L. Friedman |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR AN ORDER DIRECTING DEFENDANTS TO OBJECT AND RESPOND TO THE COMBINED DISCOVERY REQUESTS SERVED UPON THEM IN CONFORMING FASHION

Plaintiff served a First Set of Discovery Requests Pertaining to Class Certification ("First Request") on October 21, 2005. The First Request included 40 requests for production of documents, 17 interrogatories, and 24 requests for admission addressed to each of the 79 defendants named in the First Amended Complaint. Of those defendants, more than 40 are individuals who are former partners of defendant PricewaterhouseCoopers LLP ("PwC") living throughout the United States. The discovery requests cover a period of time from 1994 to the present.

Plaintiff combined all of his discovery requests against defendants into a single document, interspersing document requests, interrogatories and requests to admit. Plaintiff's counsel had employed a similar approach in another case, involving different plaintiffs, against the Bank of America, numerous individuals, and PwC in the Western District of North Carolina. In that case, defendants responded to plaintiffs' discovery by grouping each of the three different forms of discovery requests into three separate responses.

On November 9, 2005, plaintiff demanded that defendants in this case provide advance assurance that their responses and objections to plaintiff's 81 document requests, interrogatories and requests to admit would be combined in a single document. Plaintiffs' counsel also demanded an immediate "meet and confer" conference regarding defendants' prospective responses to the discovery requests – even though they were not due for another 12 days. Defendants' counsel promptly responded, asking for any authority plaintiff had to support this demand and stating that they would be prepared to meet and confer after serving their responses to discuss any disagreements the parties might have.

On November 11, 2005, Plaintiffs' counsel wrote that he would "assume that you refuse to conform your objections and responses to the discovery requests" unless defendants agreed to his demand by the end of the day. Defendants' counsel again promptly responded on November 11th, telling plaintiff's counsel he should not assume that defendants would refuse his demand and again offered to consider any authority plaintiff's counsel wished to share on the issue. That letter also noted that no ripe dispute existed that would warrant a Rule 7(m) conference and reiterated that "we are willing to meet and confer to discuss any disagreements you may have regarding our responses and objections after we have served them."

Rather than wait for defendants to give full consideration to the issue and serve their responses within the time provided by the Rules, plaintiff filed this wholly unnecessary preemptive motion. Defendants have today served their timely responses and objections to the First Request, in the form requested by plaintiff. This motion is moot. There is no controversy warranting any action by the Court on this issue.

Dated:  November 21, 2005                                    Respectfully submitted,

_____s/ David E. Mendelson_____
David E. Mendelson (471863)
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C.  20005-5793
(202) 879-5000 (phone)
(202) 879-5200 (fax)
dmendelson@kirkland.com

Robert J. Kopecky
Douglas G. Smith
Lauren O. Casazza
Jason W. Callen
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL  60601
(312) 861-2000 (phone)
(312) 861-2200 (fax)

*Counsel for all defendants except Nicolaisen and Ricciardi*

_____s/ Patrick James Attridge_____
Patrick James Attridge (357973)
KING & ATTRIDGE
39 West Montgomery Avenue
Rockville, MD  20850
(301) 279-0780 (phone)
(301) 279-2988 (fax)

*Counsel for defendants Nicolaisen and Ricciardi*