# EXHIBIT D

**SPE Plan Documents**
**(amended and restated; effective October 1, 1995) (excerpts)**

*SAVINGS PLAN FOR EMPLOYEES*
*OF PRICEWATERHOUSECOOPERS LLP*

**As Amended and Restated**
**Effective October 1, 1995**

*SAVINGS PLAN FOR EMPLOYEES*
*OF PRICEWATERHOUSECOOPERS LLP*

**Table of Contents**

**ARTICLE 1**     PURPOSE AND APPLICABILITY OF PLAN ................................ 2
    1.1   Purpose of Plan ................................................................. 2
    1.2   Applicability of Plan ........................................................... 2

**ARTICLE 2**     DEFINITIONS ................................................................. 3
    2.1   Account ....................................................................... 3
    2.2   Adoption Agreement ........................................................... 3
    2.3   Administrative Committee ...................................................... 3
    2.4   Affiliated Employer ........................................................... 3
    2.5   After-Tax Contribution ........................................................ 4
    2.6   Basic Contribution ............................................................ 4
    2.7   Beneficiary ................................................................... 4
    2.8   Benefit ....................................................................... 5
    2.9   Break in Service .............................................................. 5
    2.10  Code .......................................................................... 5
    2.11  Compensation .................................................................. 5
    2.12  Effective Date ................................................................ 7
    2.13  Eligible Employee ............................................................. 7
    2.14  Employee ...................................................................... 7
    2.15  Employer ...................................................................... 9
    2.16  Employing Firm ................................................................ 10
    2.17  Entry Date .................................................................... 10
    2.18  ERISA ......................................................................... 11
    2.19  Family Member ................................................................. 12
    2.20  Fiduciary ..................................................................... 12
    2.21  Firm .......................................................................... 13
    2.22  Highly Compensated Employee ................................................... 13
    2.23  Hour of Service ............................................................... 15
    2.24  Investment Manager ............................................................ 17
    2.25  Leased Employee ............................................................... 17
    2.26  Matching Contribution ......................................................... 18
    2.27  Normal Retirement Age ......................................................... 18
    2.28  Normal Retirement Date ........................................................ 18
    2.29  Participant ................................................................... 18
    2.30  Plan .......................................................................... 19
    2.31  Plan Administrator ............................................................ 19
    2.32  Plan Year ..................................................................... 19
    2.33  Policy Board .................................................................. 19
    2.34  Rollover Contribution ......................................................... 19

2.35    Salary Deferral Contribution .................................................................. 20
2.36    Spouse ................................................................................................... 20
2.37    Spousal Consent .................................................................................... 20
2.38    State ...................................................................................................... 20
2.39    Subaccount ........................................................................................... 20
2.40    Transfer Contribution ........................................................................... 20
2.41    Trust ...................................................................................................... 21
2.42    Trustee .................................................................................................. 21
2.43    Valuation Date ...................................................................................... 21
2.44    Year of Service ..................................................................................... 22

**ARTICLE 3        ELIGIBILITY AND YEARS OF SERVICE** ............................. 25
3.1    Eligibility Requirements ........................................................................ 25
3.2    Blank ...................................................................................................... 25
3.3    Cessation of Eligibility .......................................................................... 25
3.4    Eligible Employee .................................................................................. 25
3.5    Transfer to Savings Plan For Employees And
       Partners Of Price Waterhouse LLP ...................................................... 26

**ARTICLE 4        CONTRIBUTIONS** ................................................................. 27
4.1    After-Tax Contributions ......................................................................... 27
4.2    Salary Deferral Contributions ............................................................... 27
4.3    Limitation on Amount of Participant Contributions ............................... 30
4.4    Employer Matching Contributions ......................................................... 31
4.5    Discrimination Test for Salary Deferral Contributions .......................... 32
4.6    Salary Deferral Agreement ................................................................... 34
4.7    Discrimination Test for After-Tax and Matching Contributions ............ 36
4.8    Multiple Use of Alternative Limitation .................................................... 39
4.9    Return of Reduced Compensation Amounts to Participants .................. 39
4.10   Contribution Limits ................................................................................ 39
4.11   Profits Not Required .............................................................................. 39
4.12   Form of Contributions ........................................................................... 40
4.13   Transfers and Rollovers ........................................................................ 40

**ARTICLE 5        ALLOCATIONS** ...................................................................... 42
5.1    Individual Accounts ............................................................................... 42
5.2    Allocation of Contributions .................................................................... 42
5.3    Withdrawals, Transfers and Distributions ............................................. 43
5.4    Determination of Net Earnings or Losses ............................................. 43
5.5    Method of Valuation .............................................................................. 43
5.6    Allocation of Net Earnings or Losses ................................................... 44
5.7    Responsibilities of the Plan Administrator ............................................ 44
5.8    Responsibilities of Employer ................................................................. 45

**ARTICLE 6        LIMITATIONS ON ALLOCATIONS** ................................................. 46
    6.1   Employer Maintains One Plan ........................................................................ 46
    6.2   Employer Maintains Other Qualified Defined Contribution Plans ........................ 48
    6.3   Employer Maintains Qualified Defined Benefit Plan ........................................... 49
    6.4   Definitions ................................................................................................... 50

**ARTICLE 7        VESTING** .................................................................................... 56
    7.1   Vesting of Contributions ................................................................................ 56
    7.2   Amendments Affecting Benefits ..................................................................... 58

**ARTICLE 8        DISTRIBUTION OF BENEFITS** ....................................................... 60
    8.1   Method of Distribution ................................................................................... 60
    8.2   Distribution Procedures ................................................................................. 64
    8.3   Death of the Participant ................................................................................ 66
    8.4   Designation of Beneficiary ............................................................................. 67
    8.5   Spousal Consent .......................................................................................... 69
    8.6   Distribution Only Upon Written Instructions .................................................... 70
    8.7   Direct Rollover ............................................................................................. 70
    8.8   Distribution for Minor or Incompetent Beneficiary ............................................ 72
    8.9   Location of Participant or Beneficiary Unknown ............................................... 73
    8.10  Distribution of Excess Salary Deferral Contributions ........................................ 73
    8.11  Distribution of Excess Aggregate Contributions .............................................. 75

**ARTICLE 9        WITHDRAWALS AND PLAN LOANS** ................................................ 78
    9.1   Withdrawals ................................................................................................. 78
    9.2   Loans to Participants .................................................................................... 81
    9.3   Terms and Conditions of Loans ..................................................................... 82
    9.4   Loan Policy .................................................................................................. 84
    9.5   Hardship Withdrawals ................................................................................... 84

**ARTICLE 10       TOP-HEAVY** ............................................................................... 89
    10.1  Applicability of Top-Heavy Rules .................................................................... 89
    10.2  Top-Heavy Status ........................................................................................ 89
    10.3  Top-Heavy Ratio .......................................................................................... 89
    10.4  Top-Heavy Requirements .............................................................................. 91
    10.5  Definitions ................................................................................................... 94

**ARTICLE 11       ADMINISTRATION** ....................................................................... 96
    11.1  Duties and Responsibilities of Fiduciaries;
          Allocation of Fiduciary Responsibility ............................................................. 96

11.2  Powers and Responsibilities of the Plan
       Administrator .......................................................................... 96
11.3  Allocation of Duties and Responsibilities ................................ 99
11.4  Appointment of the Plan Administrator .................................... 99
11.5  Expenses ............................................................................... 100
11.6  Liabilities .............................................................................. 100
11.7  Claim Procedure .................................................................... 101

ARTICLE 12      TRUST FUND; POWERS, DUTIES AND IMMUNITIES OF
                 TRUSTEE ........................................................................ 103
12.1  Receipt of Contributions by Trustee ...................................... 103
12.2  Investment Responsibility ...................................................... 103
12.3  Appointment of Investment Manager ...................................... 103
12.4  Directed Investments ............................................................ 103
12.5  No Prohibited Transaction ..................................................... 106
12.6  Duties of Trustee Concerning Contributions ........................... 106
12.7  Distribution of Benefits by the Trustee ................................... 106
12.8  Contributions Held in Trust .................................................... 107
12.9  Investment of Trust Fund ....................................................... 107
12.10 Powers and Duties of Trustee ................................................ 108
12.11 Application of Trust Funds ..................................................... 111
12.12 Litigation .............................................................................. 112
12.13 Accounting by Trustee ........................................................... 112
12.14 Reliance on Written Instructions ........................................... 112
12.15 Disputes ............................................................................... 113
12.16 Duties of Trustee Limited ...................................................... 113
12.17 Notices to Trustee ................................................................ 113
12.18 Notices to Employer or Participants ....................................... 113
12.19 Resignation, Removal and Appointment of Trustee ................. 114
12.20 No Diversion of Trust ............................................................ 114

ARTICLE 13      INDEMNIFICATION OF FIDUCIARIES ............................... 115
13.1  Rights To Indemnification ..................................................... 115
13.2  Advancement of Expenses ..................................................... 115
13.3  Determination of Right to Indemnity ...................................... 116
13.4  Other Rights ......................................................................... 117

ARTICLE 14      PARTICIPATING EMPLOYERS ........................................ 118
14.1  Adoption by Other Employers ................................................ 118
14.2  Adoption of Plan and Trust by Affiliated
       Employer .............................................................................. 118
14.3  Designation of Agent ............................................................ 118
14.4  Amendment ........................................................................... 119
14.5  Discontinuance of Participation ............................................. 119

14.6   Plan Administrator's Authority ...............................................................119

**ARTICLE 15        CHANGE IN EMPLOYMENT** ...............................................120
15.1   Participant Transfer from Employer to Employer ...............................120
15.2   Participant Transfer from Employer to Affiliated
       Non-Employer............................................................................................120

15.3   Employee Credit for Services With Affiliated Non-
       Employer....................................................................................................121

**ARTICLE 16        AMENDMENT, TERMINATION AND MERGER**..........................122
16.1   Establishment of Plan ..............................................................................122
16.2   Power of Amendment ...............................................................................122
16.3   Failure of Plan to Qualify Upon Amendment .....................................122
16.4   Plan Termination; Discontinuance of Employer
       Contributions............................................................................................122
16.5   Merger, Consolidation, or Transfer .......................................................123

**ARTICLE 17        MISCELLANEOUS** ...............................................................124
17.1   Exclusive Benefit of Participants and
       Beneficiaries .............................................................................................124
17.2   Nonguarantee of Employment ...............................................................125
17.3   Rights to Trust Assets .............................................................................125
17.4   Nonalienation of Benefits .......................................................................126
17.5   Bonding ......................................................................................................126
17.6   Employer's and Trustee's Protective Clause .......................................127
17.7   Insurer's Protective Clause.....................................................................127
17.8   Receipt and Release for Payments .........................................................127
17.9   Construction...............................................................................................128
17.10  Discretionary Acts To Be Non-Discriminatory ...................................128
17.11  Titles and Headings .................................................................................129
17.12  Counterparts...............................................................................................129
17.13  USERRA ....................................................................................................129

**APPENDICES**
Appendix A ............................................................................................130
Appendix B  ...........................................................................................132

### SAVINGS PLAN FOR EMPLOYEES
### OF PRICEWATERHOUSECOOPERS LLP

AGREEMENT, effective, as of the first day of October, 1994, by and between Price Waterhouse LLP (the "Firm"), and, as of the first day of July 1998, by and between PricewaterhouseCoopers LLP (the "Firm"), a partnership with its principal office in New York, NY, and the Trustees.

### WITNESSETH

WHEREAS, effective as of the first day of October 1994, Price Waterhouse LLP adopted this defined contribution retirement plan, as the Savings Plan for Employees of Price Waterhouse LLP (the "Plan") and, effective as of the first day of July 1998, PricewaterhouseCoopers LLP adopted this Plan, as the Savings Plan for Employees of PricewaterhouseCoopers LLP; and

WHEREAS, it is intended that this Plan meet the requirements of Sections 401 and 501 of the Internal Revenue Code of 1986, as amended; and

WHEREAS, this Plan must be amended to reflect changes in law and for other purposes.

NOW, THEREFORE, it is agreed that, effective as of the first day of October, 1995, the Firm hereby amends and restates this Plan, to read as follows:

# ARTICLE 1

## PURPOSE AND APPLICABILITY OF PLAN

1.1     <u>Purpose of Plan</u>.  The purpose of the Plan shall be to provide benefits to Participants upon retirement, death, and, in certain events, upon termination of employment, or in the case of a Participant who is a Partner, Principal, Limited Equity Partner or Limited Equity Principal when he ceases to be active upon the terms and conditions, and subject to the limitations, contained herein.

1.2     <u>Applicability of Plan</u>.  The provisions of the Plan shall apply only to persons employed by the Employer on and after its Effective Date or the effective date of any amendment hereto.

2

# ARTICLE 4

## CONTRIBUTIONS

4.1     After-Tax Contributions.  A Participant may elect to have the Employer make After-Tax Contributions on his or her behalf to the Participant's After-Tax Contributions Subaccount.  The amount of After-Tax Contributions that may be made on behalf of a Participant shall be an integral percent (as selected by the Participant) that is not less than one percent (1%) nor more than twenty percent (20%) (sixteen percent (16%) prior to July 1, 1999) of the Compensation otherwise payable to the Participant during a payroll period.  Notwithstanding the foregoing, effective for Plan Years beginning on or after October 1, 1998, only for the first Plan Year during which a Participant is eligible to participate in the Plan, the Participant may elect to have the Employer make such Contributions on his or her behalf as are previously described in this Section in an amount that is not more than one hundred percent (100%) of the net Compensation otherwise payable to the Participant during the payroll period(s) during the month of September during the first Plan Year during which the Participant is first eligible to participate in the Plan.  For purposes of the preceding sentence, net Compensation is the amount such that the sum of net Compensation and other withholdings equals the gross compensation of the Participant.  Notwithstanding the foregoing, effective January 1, 2002 and thereafter, the amount of After-Tax Contributions that may be made on behalf of a Participant for a payroll period during a Plan Year shall be an integral percent (as selected by the Participant) that is not less than one percent (1%) nor more than one hundred percent (100%) of the net Compensation otherwise payable to the Participant during such payroll period.  For purposes of the preceding sentence,

27

net Compensation is the amount such that the sum of net Compensation and other withholdings equals the gross Compensation of the Participant.

4.2     Salary Deferral Contributions.  A Participant may elect to have the Employer make Salary Deferral Contributions on his or her behalf to the Participant's Salary Deferral Contributions Subaccount by executing a Salary Deferral Agreement, as described in Section 4.6.  The amount of Salary Deferral Contributions that may be made on behalf of a Participant shall be an integral percent (as selected by the Participant in his or her Salary Deferral Agreement) that is not less than one percent (1%) nor more than twenty percent (20%) (sixteen percent (16%) prior to July 1, 1999) of the Compensation otherwise payable to the Participant during a payroll period.  Notwithstanding the foregoing, effective for Plan Years beginning on or after October 1, 1998, only for the first Plan Year during which a Participant is eligible to participate in the Plan, the Participant may elect to have the Employer make such Contributions on his or her behalf as are previously described in this Section in an amount that is not more than one hundred percent (100%) of the net Compensation otherwise payable to the Participant during the payroll period(s) during the month of September during the first Plan Year during which the Participant is first eligible to participate in the Plan.  For purposes of the preceding sentence, net Compensation is the amount such that the sum of net Compensation and other withholdings equals the gross compensation of the Participant.  Notwithstanding the foregoing, effective January 1, 2002 and thereafter, the amount of Salary Deferral Contributions that may be made on behalf of a Participant for a payroll period during a Plan Year shall be an integral percent (as selected by the Participant) that is not less than one percent (1%) nor more than one hundred percent (100%) of the net Compensation otherwise payable to the Participant during such payroll

28

period. For purposes of the preceding sentence, net Compensation is the amount such that the sum of net Compensation and other withholdings equals the gross Compensation of the Participant. No Participant shall be permitted to have Salary Deferral Contributions made to this Plan that in combination with elective deferral contributions made to any other plan maintained by the Employer exceed, during any taxable year of the Participant, the dollar limitation in Section 402(g) of the Code in effect at the beginning of such taxable year. Elective deferral contribution shall mean any Employer contribution made to a plan at the election of the Participant, in lieu of cash compensation, and shall include salary deferral contributions made to a plan pursuant to a salary deferral agreement. With respect to any taxable year of a Participant, a Participant's elective deferral contributions are the sum of all Employer contributions made on behalf of such Participant pursuant to an election to defer under any qualified cash or deferred arrangement, as described in Section 401(k) of the Code, any simplified employee pension cash or deferred arrangement, as described in Section 402(h)(1)(B) of the Code, any eligible deferred compensation plan under Section 457 of the Code, any plan as described under Section 501(c)(18) of the Code, and any employer contribution made on behalf of such Participant for the purchase of an annuity contract under Section 403(b) of the Code pursuant to a salary reduction agreement. With respect to a Participant who made a hardship withdrawal during the immediately preceding calendar year, such dollar limitation in Section 402(g) of the Code shall be reduced by the Participant's Salary Deferral Contributions made during such immediately preceding calendar year. Any income on elective deferral contributions that are required to be returned to a Participant because of the limitations of Section 402(g) of the Code shall be calculated as provided for in Section 1.402(g)-1(e)(5)(iii) of the Income Tax Regulations with no "gap period".

4.3     <u>Limitation on Amount of Participant Contributions</u>.  The sum of After-Tax

Contributions and Salary Deferral Contributions that may be made on behalf of a Participant

shall be an integral percent (as selected by the Participant) that is not less than one percent (1%)

nor more than twenty percent (20%) (sixteen percent (16%) prior to July 1, 1999) of the

Compensation otherwise payable to the Participant during a payroll period.  Notwithstanding the

foregoing, effective for Plan Years beginning on or after October 1, 1998, only for the first Plan

Year during which a Participant is eligible to participate in the Plan, the Participant may elect to

have the Employer make such Contributions on his or her behalf as are previously described in

this Section in an amount that is not more than one hundred percent (100%) of the net

Compensation otherwise payable to the Participant during the payroll period(s) during the month

of September during the first Plan Year during which the Participant is first eligible to participate

in the Plan.  For purposes of the preceding sentence, net Compensation is the amount such that

the sum of net Compensation and other withholdings equals the gross compensation of the

Participant.  Notwithstanding the foregoing, effective January 1, 2002 and thereafter, the sum of

After-Tax Contributions and Salary Deferral Contributions that may be made on behalf of a

Participant for a payroll period during a Plan Year shall be an integral percent (as selected by the

Participant) that is not less than one percent (1%) nor more than one hundred percent (100%) of

the net Compensation otherwise payable to the Participant during such payroll period.  For

purposes of the preceding sentence, net Compensation is the amount such that the sum of net

Compensation and other withholdings equals the gross Compensation of the Participant.

4.4    Employer Matching Contributions.  The Employer shall make Matching Contributions to a Participant's Matching Contributions Subaccount on behalf of a Participant who has had After-Tax Contributions, Salary Deferral Contributions, or both, made on his or her behalf for a payroll period in an amount equal to twenty-five percent (25%) of the Participant's Basic Contribution for such payroll period; provided, however, that no Matching Contributions shall be made on behalf of a Participant who is a Partner or Principal.  Notwithstanding the foregoing, effective for Plan Years ending on or after September 30, 1999, the Employer shall make Matching Contributions to a Participant's Matching Contributions Subaccount on behalf of a Participant who has had After-Tax Contributions, Salary Deferral Contributions, or both, made on his or her behalf for a payroll period in an amount equal to twenty-five percent (25%) of the Participant's Basic Contribution for such payroll period; provided, however, that for the first Plan Year during which a Participant (who is not a Partner, Principal, Limited Equity Partner, or Limited Equity Principal) is eligible to participate in the Plan and for any Plan Year during which a Participant (who is a Partner, Principal, Limited Equity Partner, or Limited Equity Principal) participates in the Plan, the Matching Contribution shall be in an amount equal to two hundred percent (200%) of the Participant's Basic Contribution.  Any Matching Contributions that are not vested upon a Participant's termination of employment, or in the case of a Participant who is a Partner, Principal, Limited Equity Partner or Limited Equity Principal when he ceases to be active for reasons other than death or disability, as provided in Section 7.1(b)(2), shall be used to reduce Matching Contributions that are otherwise required to be made under the terms of the Plan.

31

IN WITNESS WHEREOF, the Firm and the Trustees have caused this Plan to be executed on the dates indicated below to be effective as of the dates stated above.

PricewaterhouseCoopers LLP

By:                                        Date: 8/15/02
John F. Carter
U.S. Partner Affairs Leader

TRUSTEE                                TRUSTEE

_____                    _____
Marsha R. Cohen         Date           Roger C. Hindman        Date

TRUSTEE                                TRUSTEE

_____                    _____
Peter K. Kelly          Date           Richard R. Kilgust      Date

TRUSTEE                                TRUSTEE

_____                    _____
Wendy L. Kornreich      Date           Robert C. Morris Jr.    Date

TRUSTEE                                TRUSTEE

_____                    _____
Robert P. Sullivan      Date           Randal S. Vallen        Date

TRUSTEE

_____
Brett D. Yacker         Date

G:\ebt\DRAFT\Nacron\PW Plans\PwC Savings Plan for EEs 20010801.doc

130

IN WITNESS WHEREOF, the Firm and the Trustees have caused this Plan to be executed on the dates indicated below to be effective as of the dates stated above.

PricewaterhouseCoopers LLP

By: _____    Date: _____
      John F. Carter
      U.S. Partner Affairs Leader

TRUSTEE

*[signature]*    8/15/02
Marsha R. Cohen    Date

TRUSTEE

_____    _____
Peter K. Kelly    Date

TRUSTEE

_____    _____
Wendy L. Kornreich    Date

TRUSTEE

_____    _____
Robert P. Sullivan    Date

TRUSTEE

_____    _____
Brett D. Yacker    Date

TRUSTEE

_____    _____
Roger C. Hindman    Date

TRUSTEE

_____    _____
Richard R. Kilgust    Date

TRUSTEE

_____    _____
Robert C. Morris Jr.    Date

TRUSTEE

_____    _____
Randal S. Vallen    Date

G:\cbs\DRAFT\Nacron\PW Plans\PwC Savings Plan for EEs 20010801.doc

130

IN WITNESS WHEREOF, the Firm and the Trustees have caused this Plan to be executed on the dates indicated below to be effective as of the dates stated above.

PricewaterhouseCoopers LLP

By: _____     Date: _____
     John F. Carter
     U.S. Partner Affairs Leader

TRUSTEE                                                 TRUSTEE

_____     Date          _____     Date
Marsha R. Cohen                                    Roger C. Hindman

TRUSTEE                                                 TRUSTEE

_____     8-16-02      _____     Date
Peter K. Kelly                          Date          Richard R. Kilgust

TRUSTEE                                                 TRUSTEE

_____     Date          _____     Date
Wendy L. Kornreich                             Robert C. Morris Jr.

TRUSTEE                                                 TRUSTEE

_____     Date          _____     Date
Robert P. Sullivan                                 Randal S. Vallen

TRUSTEE

_____     Date
Brett D. Yacker

IN WITNESS WHEREOF, the Firm and the Trustees have caused this Plan to be executed on the dates indicated below to be effective as of the dates stated above.

PricewaterhouseCoopers LLP

By: _____    Date: _____
John F. Carter
U.S. Partner Affairs Leader

TRUSTEE                                           TRUSTEE

_____    _____         _____    _____
Marsha R. Cohen       Date             Roger C. Hindman       Date

TRUSTEE                                           TRUSTEE

_____    _____         _____    _____
Peter K. Kelly        Date             Richard R. Kilgust     Date

TRUSTEE                                           TRUSTEE

*Wendy L. Kornreich*   8/15/02         _____    _____
_____    _____         Robert C. Morris Jr.   Date
Wendy L. Kornreich    Date

TRUSTEE                                           TRUSTEE

_____    _____         _____    _____
Robert P. Sullivan    Date             Randal S. Vallen       Date

TRUSTEE

_____    _____
Brett D. Yacker       Date

G:\cbs\DRAFT\Nacron\PW Plans\PwC Savings Plan for EEs 20010801.doc

IN WITNESS WHEREOF, the Firm and the Trustees have caused this Plan to be executed on the dates indicated below to be effective as of the dates stated above.

PricewaterhouseCoopers LLP

By: _____    . Date: _____
John F. Carter
U.S. Partner Affairs Leader

TRUSTEE                                     TRUSTEE

_____    _____    _____    _____
Marsha R. Cohen        Date        Roger C. Hindman       Date

TRUSTEE                                     TRUSTEE

_____    _____    _____    _____
Peter K. Kelly         Date        Richard R. Kilgust     Date

TRUSTEE                                     TRUSTEE

_____    _____    _____    _____
Wendy L. Kornreich     Date        Robert C. Morris Jr.   Date

TRUSTEE                                     TRUSTEE

_____    8/15/00    _____    _____
Robert P. Sullivan     Date        Randal S. Vallen       Date

TRUSTEE

_____    _____
Brett D. Yacker        Date

G:\eis\DRAFT\Nacros\PW Plans\PwC Savings Plan for EEs 20010801.doc

130

IN WITNESS WHEREOF, the Firm and the Trustees have caused this Plan to be executed on the dates indicated below to be effective as of the dates stated above.

PricewaterhouseCoopers LLP

By: _____    Date: _____
John F. Carter
U.S. Partner Affairs Leader

TRUSTEE                                    TRUSTEE

_____  _____       _____  _____
Marsha R. Cohen        Date              Roger C. Hindman        Date

TRUSTEE                                    TRUSTEE

_____  _____       _____  _____
Peter K. Kelly            Date              Richard R. Kilgust        Date

TRUSTEE                                    TRUSTEE

_____  _____       _____  _____
Wendy L. Kornreich      Date              Robert C. Morris Jr.      Date

TRUSTEE                                    TRUSTEE

_____  _____       _____  _____
Robert P. Sullivan       Date              Randal S. Vallen          Date

TRUSTEE

_____  _____
Brett D. Zacker           Date

G:\ebs\DRAFT\Nacron\PW Plans\PwC Savings Plan for EEs 20010801.doc

130

IN WITNESS WHEREOF, the Firm and the Trustees have caused this Plan to be executed on the dates indicated below to be effective as of the dates stated above.

PricewaterhouseCoopers LLP

By: _____    Date: _____
      John F. Carter
      U.S. Partner Affairs Leader

TRUSTEE                                  TRUSTEE

_____                _____  _8-15-02_
Marsha R. Cohen         Date             Roger C. Hindman           Date

TRUSTEE                                  TRUSTEE

_____                _____  _____
Peter K. Kelly          Date             Richard R. Kilgust         Date

TRUSTEE                                  TRUSTEE

_____                _____  _____
Wendy L. Kornreich      Date             Robert C. Morris Jr.       Date

TRUSTEE                                  TRUSTEE

_____                _____  _____
Robert P. Sullivan      Date             Randal S. Vallen           Date

TRUSTEE

_____
Brett D. Yacker         Date

G:\ebs\DRAFT\Nacron\PW Plans\PwC Savings Plan for EEs 20010801.doc

130

IN WITNESS WHEREOF, the Firm and the Trustees have caused this Plan to be executed on the dates indicated below to be effective as of the dates stated above.

PricewaterhouseCoopers LLP

By: _____     Date: _____
     John F. Carter
     U.S. Partner Affairs Leader

TRUSTEE                      TRUSTEE

_____     _____     _____     _____
Marsha R. Cohen        Date       Roger C. Hindman      Date

TRUSTEE                      TRUSTEE

_____     _____     _____     8/15/00
Peter K. Kelly          Date       Richard R. Kilgust      Date

TRUSTEE                      TRUSTEE

_____     _____     _____     _____
Wendy L. Kornreich     Date       Robert C. Morris Jr.     Date

TRUSTEE                      TRUSTEE

_____     _____     _____     _____
Robert P. Sullivan       Date       Randal S. Vallen       Date

TRUSTEE

_____     _____
Brett D. Yacker         Date

G:\ebs\DRAFT\Nacron\PW Plans\PwC Savings Plan for EEs 20010801.doc

IN WITNESS WHEREOF, the Firm and the Trustees have caused this Plan to be executed on the dates indicated below to be effective as of the dates stated above.

PricewaterhouseCoopers LLP

By: _____    Date: _____
    John F. Carter
    U.S. Partner Affairs Leader

TRUSTEE                            TRUSTEE

_____  _____    _____  _____
Marsha R. Cohen          Date        Roger C. Hindman          Date

TRUSTEE                            TRUSTEE

_____  _____    _____  _____
Peter K. Kelly           Date        Richard R. Kilgust        Date

TRUSTEE                            TRUSTEE

_____  _____    _Robert C. Morris_____  _8/16/02_
Wendy L. Kornreich       Date        Robert C. Morris Jr.      Date

TRUSTEE                            TRUSTEE

_____  _____    _____  _____
Robert P. Sullivan       Date        Randal S. Vallen          Date

TRUSTEE

_____  _____
Brett D. Yacker          Date

G:\cbs\DRAFT\Nacrontr\PW Plans\PwC Savings Plan for EEs 20010801.doc

130

IN WITNESS WHEREOF, the Firm and the Trustees have caused this Plan to be executed on the dates indicated below to be effective as of the dates stated above.

PricewaterhouseCoopers LLP

By: _____    Date: _____
     John F. Carter
     U.S. Partner Affairs Leader

TRUSTEE                          TRUSTEE

_____  _____    _____  _____
Marsha R. Cohen      Date      Roger C. Hindman      Date

TRUSTEE                          TRUSTEE

_____  _____    _____  _____
Peter K. Kelly      Date      Richard R. Kilgust      Date

TRUSTEE                          TRUSTEE

_____  _____    _____  _____
Wendy L. Kornreich      Date      Robert C. Morris Jr.      Date

TRUSTEE                          TRUSTEE _Randal S Vallen_   8/16/02

_____  _____    _____  _____
Robert P. Sullivan      Date      Randal S. Vallen      Date

TRUSTEE

_____  _____
Brett D. Yacker      Date

G:\ebs\DRAFT\Nacron\PW Plans\PwC Savings Plan for EEs 20010501.doc

## EXHIBIT E

**Plaintiff's Objections and Responses to
Defendants' First Set of Interrogatories to Plaintiff Concerning Class Certification**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **TIMOTHY D. LAURENT** | : | |
| | : | |
| **On behalf of himself and on** | : | |
| **behalf of all others similarly situated,** | : | |
| | : | |
| **Plaintiff,** | : | **Civil Action No. 05-1291 (PLF)** |
| **v.** | : | |
| | : | |
| **PRICEWATERHOUSECOOPERS LLP,** *et al.* | : | |
| | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

### PLAINTIFF'S OBJECTIONS AND RESPONSES
### TO DEFENDANTS' FIRST SET OF INTERROGATORIES
### TO PLAINTIFF CONCERNING CLASS CERTIFICATION

Plaintiff, through undersigned counsel, hereby serves upon the Defendants in the above-referenced action his objections and responses to Defendants' First Set of Interrogatories to Plaintiff Concerning Class Certification (the "Interrogatories") as follows:

### OBJECTIONS APPLICABLE TO ALL INTERROGATORIES

1.      Plaintiff objects to the Interrogatories to the extent that they seek information beyond the scope of permissible discovery under the Federal Rules of Civil Procedure ("the Rules").

2.      Plaintiff objects to the Interrogatories to the extent that they seek merits discovery. Defendants insisted on the bifurcation of discovery into class and merits pending a ruling on the issue from the Court. Accepting only for purposes of these responses Defendants' premise that class and merits can be separated here, much of what Defendants seeks relates, if at all, to merits.

3.      Plaintiff objects to the Interrogatories to the extent that they seek to impose on Plaintiff an unreasonable burden or expense not permitted under the Rules or other applicable law.

4.      Plaintiff objects to the Interrogatories to the extent that they seek disclosure of documents and information protected by the attorney-client privilege, the attorney work-product doctrine, or other applicable privilege or rule of non-disclosure.

5.      By making these Objections and Responses, Plaintiff does not admit or represent that any Interrogatory Response is relevant or admissible for any purpose.

6.      Plaintiff reserves the right to supplement or amend his Objections and Responses as discovery in this action progresses.

7.      Any disclosure of privileged information is inadvertent, does not waive the applicable privilege or rule of non-disclosure and will be withdrawn as soon as discovered.

## SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

Subject to and without waiving the foregoing objections, conditions and reservations, each of which apply to each objection and response below even when not again referenced, Plaintiff objects and responds to the numbered items in Defendants' Interrogatories as follows:

## INTERROGATORIES

**Interrogatory No. 1**

Identify the dates you commenced and terminated your employment with PwC and the reason(s) for your termination.

2

**Objections and Response to Interrogatory No. 1**

I commenced employment with PwC (as Coopers & Lybrand, LLC) on or about November 8, 1995 and worked there until approximately September 1, 2001. I was laid off as an "excess number" according to what I was told.

**Interrogatory No. 2**

For any of the Plans in which you participated, state (a) the name of the Plan and the date on which you first became a participant in it, (b) the date on which your participation in each such Plan terminated and (c) if you received a distribution, the amount and form of the distribution *(e.g.,* lump sum payment, rollover to another plan) and the date of the distribution.

**Objections and Response to Interrogatory No. 2**

I was and am a participant in the RBAP and the Savings Plan (the "primary" Savings Plan, as defined in the Complaint). I was also a participant in the Coopers & Lybrand Retirement Plan and the Coopers & Lybrand 401(k) plan. I received a distribution from the RBAP on or about May 2002. I received a distribution from the Savings Plan on or about February 2002 that I rolled into an IRA. The distributions were lump sum distributions. You have my records, TDL 1-171, that provide further details, as well as your own, PwC-L 1-172. *See* Fed. R. Civ. P. 33(d). Plaintiff objects to and denies the legal implications inherent in this Interrogatory and inherent in the various account statements to which he refers.

**Interrogatory No. 3**

If you have ever lodged a charge or complaint against PwC (which is defined above to include, without limitation, PwC's affiliates and predecessors) with any state or federal agency or entity, identify the agency or entity, the case or matter number, and the nature of the charge or complaint.

**Objections and Response to Interrogatory No. 3**

I have not lodged any such charge or complaint against PwC, outside of this matter, such as is described in Interrogatory No. 3.

**Interrogatory No. 4**

Identify all communications you have had with any of the Defendants relating to any of the Plans (including, without limitation, your participation in any of the Plans, the Investment Measures available under the RBAP, and the investment options available under the 401 (k) Plans).

**Objections and Response to Interrogatory No. 4**

Plaintiff objects that this Interrogatory is overbroad because it is temporally unlimited and "Defendants" include the Plans themselves and Plaintiff was arguably in continuous communication or contact with the Plans prior to receiving the partial distributions he received in 2002. It is also overbroad insofar as "Defendants" also includes PricewaterhouseCoopers LLP with which Plaintiff communicated on a consistent if not continuous basis while employed with respect to matters "relating to any of the Plans." Construing the Interrogatory reasonably to seek communications with individual Defendants, Plaintiff states: I have not had such communications to my knowledge.

**Interrogatory No. 5**

Identify each member of the putative class with whom you have communicated, directly or indirectly, about the Litigation or the subject matters of the Complaint and when the communications occurred.

**Objections and Response to Interrogatory No. 5**

Plaintiff objects that "subject matters of the Complaint" and the lack of temporal limitation on this question makes it overbroad, vague, and unduly burdensome. The "subject matters of the Complaint" include, for example, PricewaterhouseCoopers LLP which is where Plaintiff worked

4

and members of the putative class worked or work. Coupled with the lack of temporal limitation, it is inevitable that, literally construed, Plaintiff would have frequently communicated with putative class members about PricewaterhouseCoopers LLP at least during the time of his employment. Plaintiff gives this Interrogatory a reasonable construction to seek his communications with putative class members about the Litigation or the contested allegations of the Complaint. Speaking for only himself, Plaintiff states: I did not speak with any putative class members about the Litigation or the contested allegations of the Complaint that I can recall at this time.

## Interrogatory No. 6

Identify all communications you have had with your counsel in this Litigation relating to any of the Plans (including, without limitation, your participation in any of the Plans), prior to retaining such counsel.

## Objections and Response to Interrogatory No. 6

Plaintiff objects to this Interrogatory as not relevant to class certification and objects to the use of the term "retain[]" as if formal retention (undefined) is a *sine qua non* for the establishment of the attorney-client privilege. It is not. But because the Interrogatory as phrased indicates an intention to exclude from its scope privileged communications, Plaintiff construes the reference as a reference to the point at which privilege attached, *i.e.,* when Plaintiff sought legal advice or representation from counsel. As so construed, Plaintiff states: I had no communications with my counsel prior to seeking his legal advice or representation.

## Interrogatory No. 7

Identify all civil lawsuits, or any other legal or administrative proceeding in which you have served or sought to serve as a representative party on behalf of a class.

**Objections and Response to Interrogatory No. 7**

I have not served or sought to serve as a representative party on behalf of a class before this case.

**Interrogatory No. 8**

With respect to each count of the First Amended Class Action Complaint and with respect to each Plan at issue in that Complaint, identify the specific relief you seek on your own behalf and on behalf of the class you purport to represent.

**Objections and Response to Interrogatory No. 8**

Plaintiff objects to this Interrogatory as a premature contention interrogatory concerned largely with the issues of merits and relief. Defendants have ample information from the Complaint and other multiple submissions made by Plaintiff from which to understand the relief he seeks for himself and the proposed Class for purposes of responding to his motion for class certification. This interrogatory is also objectionable at least in part because it calls for disclosure of attorney-client and attorney-work product privileged information and/or because it directly or indirectly seeks disclosure from Plaintiffs' experts prior to the commencement of merits discovery and completion of fact discovery.

**Interrogatory No. 9**

State the basis for your assertion that, if you prevail in the Litigation, "the different amounts participants will be due will be determined pursuant to simple, mechanical calculations" (Class Cert. Mot. & Mem. 29), and specify each component of that "simple mechanical calculation."

**Objections and Response to Interrogatory No. 9**

Plaintiff objects to this Interrogatory as a premature contention interrogatory concerned largely with the issues of merits and relief. Defendants have ample information from the Complaint and other multiple submissions made by Plaintiff from which to understand the relief he seeks for himself and the proposed Class for purposes of responding to his motion for class certification.

This interrogatory is also objectionable at least in part because it calls for disclosure of attorney-client and attorney-work product privileged information and/or because it directly or indirectly seeks disclosure from Plaintiffs' experts prior to the commencement of merits discovery and completion of fact discovery.

**Interrogatory No. 10**

Identify each person who provided any information concerning or relating to any of the answers to these interrogatories and, with respect to each such person, describe the information provided by such person and identify the interrogatory answer(s) to which such information relates.

**Objections and Response to Interrogatory No. 10**

I supplied all of the information needed for answering these Interrogatories and had the assistance of counsel in responding and objecting. Any further information concerning the details of my responses and objections would require disclosure of attorney-client and attorney work-product privileged information. I respectfully decline to make such disclosures. To be more specific would disclose some of the information privileged from disclosure.

I hereby declare under penalty of perjury that the foregoing
is true and correct:

Timothy D. Laurent
November 18, 2005

By and through:

Eli Gottesdiener

**Gottesdiener Law Firm, PLLC**
Attorney for Plaintiff and Proposed Class
1025 Connecticut Avenue, N.W.
Suite 1000
Washington, D.C.  20036
Phone:      (202) 243-1000
Fax:        (202) 243-1001
E-mail address:  eli@gottesdienerlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2005 I caused the Defendants to be served with a

copy of the foregoing Objections and Responses to the First Set of Interrogatories to Plaintiff

Concerning Class Certification by causing a copy of same to be served on their counsel, listed

below, by first-class mail as follows:

David E. Mendelson
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005-5793
(202) 879-5000 (phone)
(202) 879-5200 (fax)
dmendelson@kirkland.com

Counsel for Defendants PricewaterhouseCoopers LLP, PricewaterhouseCoopers LLP Board of
Partners and Principals, the Retirement Benefit Accumulation Plan for Employees of
PricewaterhouseCoopers LLP, the Savings Plan for Employees and Partners of
PricewaterhouseCoopers LLP, the Savings Plan for Employees of PricewaterhouseCoopers LLP,
the Administrative Committee to the Retirement Benefit Accumulation Plan for Employees of
PricewaterhouseCoopers LLP, the Administrative Committee to the Savings Plan for Employees
and Partners of PricewaterhouseCoopers LLP, the Administrative Committee to the Savings Plan
for Employees of PricewaterhouseCoopers LLP, Lawrence H. Anderson, John J. Barry, William
L. Bax, Michael J. Boberschmidt, W. Keith Booth, David J. Breen, Willard W. Brittain, Jay
Brodish, J. Frank Brown, Philip J. Clements, Ira Cohen, Marsha R. Cohen, Michael S. Collins,
Brian L. Cornell, James E. Daley, G. William Dauphinais, Jonathan J. Davies, Sherry T. Davis,
Samuel A. DiPiazza, Robert B. Dubner, John R. Dunleavy, J. Christopher Everett, Iris D.
Goldfein, Robert H. Herz, Roger C. Hindman, Stephen D. Higgins, Craig M. Jacobsen, Eugene S.
Katz, Scott W. Kaufman, Richard P. Kearns, Peter Kelly, Richard R. Kilgust, Wendy L.
Kornreich, James P. Kovacs, Frederic L. Laughlin, D. Leon Leonhardt, Keith D. Levingston,

9

Dennis J. Lubozynski, Ronald T. Maheu, Philip P. Mannino, Anthony F. Martin, James L. McDonald, Donald A. McGovern, James P. McNally, Nicholas G. Moore, Robert C. Morris, Jr., Dennis M. Nally, Eldon Olson, Shaun F. O'Malley, Matthew O'Rourke, Gary Pell, Lawrence F. Portnoy, Louise A. Root, Denis J. Salamone, Robert M. Sarsany, Frank V. Scalia, James J. Schiro, Christine G. Snyder, Garrett L. Stauffer, George G. Strong Jr., Paul J. Sullivan, Robert P. Sullivan, Ann M. Thornburg, Randell S. Vallen, Francis J. Van Kirk, Peggy M. Vaughn, Gary W. Van Wagnen, Gerald M. Ward, Brett D. Yacker, and George J. Yost III.

Patrick James Attridge
KING & ATTRIDGE
39 West Montgomery Avenue
Rockville,MD 20850
(301) 279-0780 (phone)
(301) 279-2988 (fax)

Counsel for Defendants Donald T. Nicolaisen and Walter G. Ricciardi

_____
Eli Gottesdiener