**EXHIBIT I**

**Defendants' Responses and Objections to Plaintiff's**
**First Set of Discovery Requests to All Defendants Pertaining to Class Certification**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **TIMOTHY D. LAURENT,** | ) | |
| | ) | |
| **On behalf of himself and on behalf** | ) | |
| **of all others similarly situated,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No. 05-1291 (PLF)** |
| **v.** | ) | |
| | ) | |
| **PRICEWATERHOUSECOOPERS LLP,** | ) | |
| ***et al.,*** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**DEFENDANTS' RESPONSES AND OBJECTIONS TO**
**PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS TO**
**ALL DEFENDANTS PERTAINING TO CLASS CERTIFICATION**

Defendants PricewaterhouseCoopers LLP ("PwC") and all other named defendants (collectively "Defendants"), by their attorneys, hereby respond to Plaintiff's First Set of Discovery Requests ("First Request") as follows:

**GENERAL RESPONSES AND OBJECTIONS**

The following Responses and Objections apply to all of Defendants' responses regardless of whether they are referenced in the body of those answers. Each of these General Objections is incorporated into the objections to each specific Request. In some instances, certain comments and objections are referenced in the body of Defendants' responses for the sake of emphasis. Any reference in a specific objection to any of the General Objections in response to a specific Request is not intended to limit the applicability of other General Objections to that Request.

1. In responding to certain Requests, which are directed to each named defendant in the First Amended Class Action Complaint ("Complaint"), Defendants have separated their responses into three categories reflecting three different groups of named defendants.

Responses made by the "PwC Defendants" shall include defendants PwC, The Retirement Benefit Accumulation Plan for Employees of PricewaterhouseCoopers LLP ("RBAP"), The Savings Plan for Employees and Partners of PricewaterhouseCoopers LLP, The Savings Plan for Employees of PricewaterhouseCoopers LLP, the PwC Board of Partners and Principals, The Administrative Committee to the Retirement Benefit Accumulation Plan for Employees of PricewaterhouseCoopers LLP, The Administrative Committee to the Savings Plan for Employees and Partners of PricewaterhouseCoopers LLP, and The Administrative Committee to the Savings Plan for Employees of PricewaterhouseCoopers LLP.

Responses made by the "Former Partner Defendants" shall include each individually named defendant who, at the time of service of these requests, no longer serves in the capacity referenced in the Complaint and is no longer employed with PwC. These individuals include: Lawrence H. Anderson, William L. Bax, Michael J. Boberschmidt, Willard W. Brittain, Jay D. Brodish, Philip J. Clements, Michael S. Collins, Brian L. Cornell, James E. Daley, G. William Dauphinais, Robert B. Dubner, J. Christopher Everett, Iris D. Goldfein, Robert H. Herz, Stephen D. Higgins, Craig M. Jacobsen, Scott W. Kaufman, Richard P. Kearns, Peter K. Kelly, James P. Kovacs, Frederic L. Laughlin, D. Leon Leonhardt, Ronald T. Maheu, Philip P. Mannino, Anthony F. Martin, James L. McDonald, James P. McNally, Nicholas G. Moore, Donald T. Nicoliasen, Matthew J. O'Rourke, Eldon Olson, Shaun F. O'Malley, Lawrence F. Portnoy, Walter G. Riccardi, Louise A. Root, Denis J. Salamone, Robert M. Sarsany, Frank V. Scalia, James T. Schiro, Christine G. Snyder, George G. Strong, Francis J. Van Kirk, Gary W. Van Wagnen, Peggy M. Vaughn, Gerald M. Ward, and George J. Yost.

Responses made by the "Current Partner Defendants" shall include each individually named defendant who, at the time of service of these requests, continues to serve in the capacity referenced in the Complaint and/or is a current partner of PwC.

2.      The First Request and Defendants' Objections and Responses to the First Request are served per agreement of counsel, under Federal Rule of Civil Procedure 26(f), to proceed with discovery as to plaintiff's class certification motion. (*See* Dkt. No. 36, Rule 16.3(d) Report at ¶ 8).

3.      Defendants object to the First Request because the burden and expense of the "class discovery" requested outweigh any likely benefit.  Plaintiff filed his Motion for Class Certification on October 5, 2005, but did not seek relief from the Court to extend the deadline for filing that motion in order to take class discovery, nor did plaintiff state that any such discovery was needed to support his motion.  Accordingly, plaintiff clearly indicated he did not believe discovery was necessary to carry his burden under Rule 23 of the Federal Rules of Civil Procedure.

4.      Defendants object to the First Request as unduly burdensome, duplicative, and cumulative because it seeks in many cases to require 79 defendants to search for and provide identical documents and information regarding the Plans and participants in those Plans.

5.      Defendants object to the First Request to the extent it purports to require Defendants to provide information regarding the identity of individual participants in the Plans on the ground that such information is not relevant to class certification.  Defendants further object to producing confidential, proprietary, or commercially sensitive information absent entry of a mutually agreeable protective order.

6.      Defendants object to the First Request to the extent it purports to require Defendants to provide documents and information relevant, if at all, solely to the merits of plaintiff's claims and not to class certification, the issue to which plaintiff states these Requests are limited.

3

7.    Defendants object to plaintiff's demand that all documents responsive to the First Request be produced within 30 days and that all Requests for Admission and Interrogatories be answered within 30 days.  Plaintiff has served 81 discovery requests on each of 79 defendants (including more than 40 individuals no longer affiliated with PwC) relating to events covering a period of more than 10 years.  Defendants are making a good faith effort to gather and produce responsive documents and to answer questions related to class certification.  Defendants' efforts in this regard, however, remain ongoing and Defendants will produce any additional responsive documents and/or supplement their answers to requests to admit and interrogatories subject to the objections stated herein, as such documents and/or information are obtained.

8.    Defendants object to plaintiff's Definitions and Instructions to the extent they purport to impose obligations beyond those set forth in the Federal Rules of Civil Procedure, local rules, or orders of the Court.

9.    Defendants object to plaintiff's demand that documents be produced in their native electronic or digital format as unduly burdensome.

10.    Defendants object to plaintiff's demand that they identify potentially responsive documents that have been destroyed, lost, or discarded as unduly burdensome and impossible to answer.

11.    Defendants object to plaintiff's definition of "PwC," "PwC Defendants," "Individual Defendants," "you" and "your" on the grounds that they are overly broad, unduly burdensome and vague and, as defined, call for production of documents, answers to interrogatories and admissions based on information held by third parties that are not within Defendants' possession, custody or control.

12.    Defendants object to the First Request to the extent it seeks documents, answers to interrogatories and admissions based on information protected from disclosure by the

4

attorney-client privilege, the work product doctrine, and any other applicable doctrine or privilege. Defendants do not intend any inadvertent disclosure of privileged or protected information to constitute a waiver of any privilege or protection.

13.    Defendants object to the First Request to the extent it seeks documents and information not reasonably calculated to lead to discovery of admissible evidence.

14.    Defendants object to the First Request to the extent it calls for documents already in plaintiff's possession or that are publicly available to plaintiff as unreasonably cumulative duplicative and burdensome.

15.    Defendants' agreement to produce documents is not intended and should not be construed as: (a) an acknowledgement that the material is relevant or admissible, (b) a waiver of Defendants' General Objections or objections asserted in response to specific requests, or (c) an agreement that requests for similar information will be treated in a similar manner.

16.    By stating that they will agree to produce responsive documents within their possession, custody or control, Defendants are not representing that any such documents exist.

17.    Defendants object to plaintiff's demand for a privilege log to the extent that demand applies to documents created after commencement of the litigation on the ground that such a demand is unduly burdensome and harassing.

18.    Defendants reserve the right to assert additional general and specific objections or supplemental responses should they discover any additional documents and/or information, or additional grounds for objection and to supplement or amend this response at any time. Defendants also reserve the right to assert additional or general and specific objections arising from matters discovered during the course of this litigation.

## REQUESTS

### REQUEST FOR PRODUCTION NO. 1:

Produce all plan documents by which the Plans were and are established, operated, maintained and administered including but not limited to all documents within the meaning of: (1) ERISA § 104(b)(4), 29 U.S.C. § 1024(b)(4) ("the latest updated summary plan description, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated"); (2) ERISA § 402(a)(1), 29 U.S.C. § 1102(a)(1) ("Every employee benefit plan shall be established and maintained pursuant to a written instrument"); and (3) ERISA § 403(a), 29 U.S.C. § 1103(a) (requiring trustees be named either "in the trust instrument or in the plan instrument") in existence at any time during the relevant time. *See also* ERISA § 102, 103, 29 U.S.C. § 1022, 1023 (defining summary plan description and annual report).

Included in this request are: (a) all versions of the operative formal Plan documents; (b) all amendments to the operative formal Plan documents; (c) all versions of the summary plan descriptions and summary of material modifications; (d) all versions of the operative trust documents; (e) all IRS Form 5500's (including all appendices, exhibits, schedules and attachments); (f) all annual reports, audited financial statements, actuarial statements, plan valuations, actuarial valuations and all Actuarial Valuation Reports; (g) and all contracts with Plan vendors, investment managers and other service providers.

Also requested are all administrative manuals, guidelines, or similar administrative documents used by or available to be used by (or referred to by) the Plans' third-party administrator or recordkeeper or other persons to calculate Plan benefits. This includes what is typically referred to as the "administrative manual" or "calculation procedure book" for the Plans.

Also called for by this Request are copies of each of the "separate annual memoranda to partners" that describe "[partners'] payroll-period credits" and "partner ... benefits structure" under the RBAP, *see, e.g.*, 2004 RBAP SPD at 3, and the "separate annual memoranda to partners" "primarily relating to earnings definitions, enrollment, and timing of elections and contributions" under the primary 401(k) Plan, *see, e.g.*, 2004 401(k) Plans SPD at 3, since January 1, 1994.

### RESPONSE:

Subject to and without waiving its General Objections, PwC will produce documents within its possession, custody or control that are responsive to Request No. 1. The remaining Defendants object to this Request as unduly burdensome, duplicative and cumulative.

### REQUEST FOR PRODUCTION NO. 2:

Produce all documents constituting or reflecting communications between one or more Defendants and the Internal Revenue Service ("IRS"), the U.S. Department of the Treasury

6

("Treasury"), the U.S. Department of Labor ("DOL"), the Pension Benefit Guaranty Corporation ("PBGC") or any other Federal governmental entity or representative regarding the Plans, including communications relating to any actual or threatened investigations or audits of any of the Plans and applications for determination letters made since January 1, 1993, including but not limited to complete submissions, with all attachments, demonstrations, exhibits, explanations, and alike.    For this purpose, any actual or threatened investigation or audit of PricewaterhouseCoopers LLP shall be considered an actual or threatened audit of one or more of the Plans to the extent there is an indication that one or more of the Plans (or PricewaterhouseCoopers LLP's treatment of matters related to the Plans in any way) may be or were examined as part of the investigation or audit.

**RESPONSE:**

In addition to the General Objections, Defendants specifically object to Request No. 2 on the ground that it seeks documents relevant, if at all, solely to the merits of plaintiff's claims and not to class certification. Defendants further object to this Request as overbroad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 3:**

Produce all documents analyzing or discussing the legal or tax implications and/or risks potentially arising from, or addressed by, the cash balance design features that are incorporated into the RBAP, including issues relating to "whipsaw" calculations, age discrimination, backloading, and fiduciary duties. Excluded from this request are documents created by or at the direction [of] one or more attorneys employed by Kirkland & Ellis, LLP on or after November 5, 2004.

**RESPONSE:**

In addition to the General Objections, Defendants specifically object to Request No. 3 on the grounds that it seeks documents relevant, if at all, solely to the merits of plaintiff's claims and not to class certification. Defendants also object to Request No. 3 to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, and any applicable doctrine or privilege. Defendants further object to this Request as vague, overbroad and unduly burdensome.

**REQUEST FOR ADMISSION NO. 1:**

Admit that Plaintiff Timothy D. Laurent was a PwC employee and fully vested participant in the RBAP and primary 401(k) Plan.

**RESPONSE BY PWC DEFENDANTS:**

The PwC Defendants object to Request No. 1 as vague.  Subject to this objection, the PwC Defendants admit that Mr. Laurent was a PwC employee at one time and was at one time a fully vested participant in the RBAP and the Savings Plan for Employees and Partners of PricewaterhouseCoopers LLP (referred to by plaintiff as the "primary 401(k) plan").

**RESPONSE BY FORMER PARTNER DEFENDANTS:**

In addition to the objection to this Request stated above, the Former Partner Defendants object to this Request upon them as unreasonably burdensome, cumulative and duplicative, and state that this information can be less burdensomely obtained from other sources.  The Former Partner Defendants further state that they lack information or personal knowledge sufficient to admit or deny this Request.

**RESPONSE BY CURRENT PARTNER DEFENDANTS:**

In addition to the objection to this Request stated above, the Current Partner Defendants object to this Request upon them as unreasonably burdensome, cumulative and duplicative, and state that this information can be less burdensomely obtained from other sources.  To the extent some or all of the Current Partner Defendants have information relevant to this Request, that information is reflected in the response given by the PwC Defendants to this Request.

**REQUEST FOR ADMISSION NO. 2:**

Admit that Plaintiff Laurent is a member of the proposed Class as defined in Complaint ¶ 208.

**RESPONSE BY PWC DEFENDANTS:**

The PwC Defendants admit that Mr. Laurent falls within the definition of the proposed class set forth in paragraph 208 of the Complaint.

**RESPONSE BY FORMER PARTNER DEFENDANTS:**

The Former Partner Defendants object to this request upon them as unreasonably burdensome, cumulative and duplicative, and state that this information can be less burdensomely obtained from other sources. The Former Partner Defendants further state that they lack information or personal knowledge sufficient to admit or deny this request.

**RESPONSE BY CURRENT PARTNER DEFENDANTS:**

The Current Partner Defendants object to this request upon them as unreasonably burdensome, cumulative and duplicative, and state that this information can be less burdensomely obtained from other sources. To the extent some or all of the Current Partner Defendants have information relevant to this request, that information is reflected in the response given by the PwC Defendants to this request.

**INTERROGATORY NO. 1:**

If you do not provide an unqualified admission in response to Request for Admission No. 1 or 2, explain the grounds or bases for your less than unqualified admission, admitting such portion of the Request for Admission as you can, and denying by explanation that portion of the Request which is not accurate.

**RESPONSE:**

Defendants incorporate by reference their objections and responses to Request for Admission No. 1 in response to Interrogatory No. 1. The PwC Defendants also state that Request for Admission No. 1 includes no time frame for its assertions. The PwC Defendants further state that plaintiff Laurent was not fully vested in the RBAP and the Savings Plan for Employees and Partners of PricewaterhouseCoopers LLP during his entire period of employment at PwC.

**REQUEST FOR PRODUCTION NO. 4:**

Produce all documents supporting your response to Interrogatory No. 1.

9

**RESPONSE:**

Subject to and without waiving its General Objections, Defendants will produce documents within their possession, custody or control, in addition to the documents already produced by PwC, that are responsive to Request No. 4.

**REQUEST FOR ADMISSION NO. 3:**

Admit that at the time Plaintiff Laurent received a lump sum distribution from the RBAP in May 2002, PricewaterhouseCoopers LLP and/or the RBAP knew that one or more representatives of the IRS or Treasury had expressed, stated, communicated or otherwise indicated (whether privately or publicly, formally or informally, directly to PricewaterhouseCoopers LLP or one or more other Defendants or indirectly) their skepticism or doubt as to the legitimacy or legality of a cash balance pension plan purporting to specify the earlier of 5 years of employment (regardless of age) or age 65 as a "normal retirement age under the plan."

**RESPONSE BY PWC DEFENDANTS:**

In addition to the General Objections, the PwC Defendants specifically object to Request No. 3 on the ground that it seeks information relevant, if at all, solely to the merits of plaintiff's claim and not to class certification. The PwC Defendants further object to this Request as overbroad and object to the terms "skepticism" and "doubt" as vague and ambiguous.

**RESPONSE BY FORMER PARTNER DEFENDANTS:**

In addition to the objections to this Request stated above, the Former Partner Defendants further object to this Request upon them as unreasonably cumulative and duplicative and state that this information can be less burdensomely obtained from other sources.

**RESPONSE BY CURRENT PARTNER DEFENDANTS:**

In addition to the objections to this Request stated above, the Current Partner Defendants further object to this request upon them as unreasonably cumulative and duplicative and state that this information can be less burdensomely obtained from other sources.

**REQUEST FOR ADMISSION NO. 4:**

Admit that at the time Plaintiff Laurent received a lump sum distribution from the RBAP in May 2002, PricewaterhouseCoopers LLP and/or the RBAP knew that one or more of the IRS or Treasury representatives referred to in Request for Admission No. 3 had expressed, stated, communicated or otherwise indicated (whether privately or publicly, formally or informally, directly to PricewaterhouseCoopers LLP or one or more other Defendants or indirectly) their concern that the 5 years of employment retirement-age definition referred to in Request for Admission No. 3 would or could impact the calculation of benefits under cash balance plans in a manner contrary to the requirements of the statutes and regulations applicable to such plans.

**RESPONSE BY PWC DEFENDANTS:**

In addition to the General Objections, the PwC Defendants specifically object to Request No. 3 on the ground that it seeks information relevant, if at all, solely to the merits of plaintiff's claim and not to class certification.

**RESPONSE BY FORMER PARTNER DEFENDANTS:**

In addition to the objections to this Request stated above, the Former Partner Defendants object to this Request upon them as unreasonably cumulative and duplicative and state that this information can be less burdensomely obtained from other sources.

**RESPONSE BY CURRENT PARTNER DEFENDANTS:**

In addition to the objections to this Request stated above, the Current Partner Defendants object to this Request upon them as unreasonably cumulative and duplicative and state that this information can be less burdensomely obtained from other sources.

**REQUEST FOR ADMISSION NO. 5:**

Admit that, as to each Defendant, Defendants did not directly communicate orally or in writing to Plaintiff the facts referred to in Requests for Admission No. 3 or 4 (whether or not Defendants or any of them admits those facts) prior to November 5, 2004.

**RESPONSE BY PWC DEFENDANTS:**

In addition to the General Objections, the PwC Defendants specifically object to Request No. 5 on the ground that it seeks information relevant, if at all, solely to the merits of plaintiff's claim and not to class certification.

**RESPONSE BY FORMER PARTNER DEFENDANTS:**

In addition to the objections to this Request stated above, the Former Partner Defendants object to this Request upon them as unreasonably cumulative and duplicative and state that this information can be less burdensomely obtained from other sources.

**RESPONSE BY CURRENT PARTNER DEFENDANTS:**

In addition to the objections to this Request stated above, the Current Partner Defendants object to this Request upon them as unreasonably cumulative and duplicative and state that this information can be less burdensomely obtained from other sources.

**REQUEST FOR ADMISSION NO. 6:**

Admit that, as to each Defendant, Defendants did not provide Plaintiff with a copy of PricewaterhouseCoopers LLP's September 1999 letter to the IRS (Ex. 1 to the Complaint) or specifically inform him of the existence of that letter or the statements PwC made in that letter as to the purpose, intent and/or effect of the 5-years-of-employment retirement-age definition referred to in Request for Admission No. 3.

**RESPONSE BY PWC DEFENDANTS:**

In addition to the General Objections, the PwC Defendants specifically object to Request No. 6 on the ground that it seeks information relevant, if at all, solely to the merits of plaintiff's claim and not to class certification. The PwC Defendants further object to the characterization of Exhibit 1 to the Complaint as "PricewaterhouseCoopers LLP's September 1999 letter to the IRS." The PwC Defendants also object to the assertion that within Exhibit 1 to the Complaint there were "statements PwC made. . . as to the purpose, intent and/or effect of the 5-years-of-employment retirement-age definition referred to in Request for Admission No. 3" because PwC did not make any statements in the letter, which was written and sent by Ira Cohen and was not submitted on PwC's behalf.

**RESPONSE BY FORMER PARTNER DEFENDANTS:**

In addition to the objections to this Request stated above, the Former Partner Defendants object to this Request upon them as unreasonably cumulative and duplicative and state that this information can be less burdensomely obtained from other sources.

**RESPONSE BY CURRENT PARTNER DEFENDANTS:**

In addition to the objections to this Request stated above, the Current Partner Defendants object to this Request upon them as unreasonably cumulative and duplicative and state that this information can be less burdensomely obtained from other sources.

**REQUEST FOR ADMISSION NO. 7:**

Admit that, as to each Defendant, Defendants did not specifically inform or directly communicate to Plaintiff that he did or may have a claim for additional benefits based in whole or in part on the potential invalidity or illegality of the 5-years-of-employment retirement-age definition referred to in Request for Admission No. 3.

**RESPONSE BY PWC DEFENDANTS:**

In addition to the General Objections, the PwC Defendants specifically object to Request No. 7 on the ground that it seeks information relevant, if at all, solely to the merits of plaintiff's claim and not to class certification. The PwC Defendants further object to the use of the term "additional benefits" as vague and ambiguous.

**RESPONSE BY FORMER PARTNER DEFENDANTS:**

In addition to the objections to this Request stated above, the Former Partner Defendants object to this Request upon them as unreasonably cumulative and duplicative and state that this information can be less burdensomely obtained from other sources.

**RESPONSE BY CURRENT PARTNER DEFENDANTS:**

In addition to the objections to this Request stated above, the Current Partner Defendants object to this Request upon them as unreasonably cumulative and duplicative and state that this information can be less burdensomely obtained from other sources.

**INTERROGATORY NO. 2:**

If you do not provide an unqualified admission in response to Request for Admission Nos. 3-7, explain the grounds or bases for your less than unqualified admission, admitting such portion of the Request for Admission as you can, and denying by explanation that portion of the Request which is not accurate.

**RESPONSE:**

Defendants incorporate by reference their objections to Request for Admission Nos. 3-7 in response to Interrogatory No. 2.

**REQUEST FOR PRODUCTION NO. 5:**

Produce all documents supporting your response to Interrogatory No. 2 and, whatever your response to Interrogatory No. 2, produce all documents constituting or reflecting communications, at any time between 1994 and May 20, 2002, between one or more Defendants and one or more representatives of the IRS or Treasury regarding the RBAP's (or any other cash balance plan's) definition of "normal retirement age under the plan" or any such proposed or contemplated definition.

**RESPONSE:**

In addition to the General Objection, Defendants specifically object to Request No. 5 on the grounds that it seeks documents relevant, if at all, solely to the merits of plaintiff's claims and not to class certification. Defendants further object to Request No. 5 as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to Request No. 5 to the extent it seeks documents protected from disclosure by the attorney-client privilege or the work product doctrine.

**REQUEST FOR ADMISSION NO. 8:**

Admit that after the RBAP sent Plaintiff a lump sum distribution in May 2002, Plaintiff made no claim for additional benefits prior to November 5, 2004 (whether or not Plaintiff contends or you agree that he made such a claim on November 5, 2004 or at any time thereafter).

14

**RESPONSE BY PWC DEFENDANTS:**

In addition to the General Objections, the PwC Defendants specifically object to Request No. 8 on the ground that it seeks information relevant, if at all, solely to the merits of plaintiff's claim and not to class certification.

**RESPONSE BY FORMER PARTNER DEFENDANTS:**

In addition to the objection to this Request stated above, the Former Partner Defendants further object to this Request upon them as unreasonably burdensome, cumulative and duplicative, and state that this information can be less burdensomely obtained from other sources.

**RESPONSE BY CURRENT PARTNER DEFENDANTS:**

In addition to the objection to this Request stated above, the Current Partner Defendants further object to this Request upon them as unreasonably burdensome, cumulative and duplicative, and state that this information can be less burdensomely obtained from other sources.

**REQUEST FOR ADMISSION NO. 9:**

Admit that after the RBAP sent Plaintiff a lump sum distribution in May 2002, the RBAP did not specifically inform or directly communicate to Plaintiff that he did not have a claim for additional benefits at any time prior to February 16, 2005 (whether or not Plaintiff contends or you agree that the RBAP informed or communicated to Plaintiff that he did not have a claim for benefits at that time or at any time since then).

**RESPONSE BY PWC DEFENDANTS:**

In addition to the General Objections, the PwC Defendants specifically object to Request No. 9 on the ground that it seeks information relevant, if at all, solely to the merits of plaintiff's claim and not to class certification.

### RESPONSE BY FORMER PARTNER DEFENDANTS:

In addition to the objection to this Request stated above, the Former Partner Defendants further object to this Request upon them as unreasonably burdensome, cumulative and duplicative, and state that this information can be less burdensomely obtained from other sources.

### RESPONSE BY CURRENT PARTNER DEFENDANTS:

In addition to the objection to this Request stated above, the Current Partner Defendants further object to this Request upon them as unreasonably burdensome, cumulative and duplicative, and state that this information can be less burdensomely obtained from other sources.

### REQUEST FOR ADMISSION NO. 10:

Admit that TDL 167-71 (and the check TDL 167 references) are true and accurate copies of the last communications the RBAP had with Plaintiff prior to November 5, 2004 and admit that except through the instant litigation and prior litigation in the Southern District of Illinois that the RBAP has not communicated with Plaintiff since it sent him TDL 167-71 and the check TDL 167 references.

### RESPONSE BY PWC DEFENDANTS:

In addition to the General Objections, the PwC Defendants specifically object to Request No. 10 on the ground that it seeks information relevant, if at all, solely to the merits of plaintiff's claim and not to class certification. The PwC Defendants object to this request to the extent it asks that the PwC Defendants admit or deny the accuracy of a check that although is referenced in the document Bates-stamped TDL 000167, is not reproduced therein.

### RESPONSE BY FORMER PARTNER DEFENDANTS:

In addition to the objections to this Request stated above, the Former Partner Defendants object to this Request upon them as unreasonably burdensome, cumulative and duplicative, and state that this information can be less burdensomely obtained from other sources.

**RESPONSE BY CURRENT PARTNER DEFENDANTS:**

In addition to the objections to this Request stated above, the Current Partner Defendants object to this Request upon them as unreasonably cumulative and duplicative and state that this information can be less burdensomely obtained from other sources.

**INTERROGATORY NO. 3:**

If you do not provide an unqualified admission in response to Request for Admission Nos. 8-10, explain the grounds or bases for your less than unqualified admission, admitting such portion of the Requests for Admission as you can, and denying by explanation that portion of the Request which is not accurate.

**RESPONSE:**

Defendants incorporate by reference their objections to Request for Admission Nos. 8-10 in response to Interrogatory No. 3.

**REQUEST FOR PRODUCTION NO. 6:**

Produce all documents supporting your response to Interrogatory No. 3.

**RESPONSE:**

In addition to the General Objections, Defendants specifically object to Request No. 6 on the ground that it seeks documents relevant, if at all, solely to the merits of plaintiff's claim and not to class certification.

**REQUEST FOR PRODUCTION NO. 7:**

Produce all documents relating to Plaintiff Laurent including without limitation all documents relating to his participation in the RBAP and primary 401(k) Plan and his employment with PwC and all documents that came into your possession, custody or control relating to him in any way subsequent to the time you first learned that he was a plaintiff and proposed class representative in this case. Excluded from this Request are copies of the documents that Plaintiff has produced to Defendants but included in this Request are Defendants' own, pre-existing versions of those same documents prior to receiving Plaintiff's copies from Plaintiff. Also included in this Request are all election forms, opening balances/benefits, investment performance summaries (personal and as compared to other participants or the market as a whole or certain indices or on an absolute basis), benefit calculations, participation notices, loan applications, hardship forms, distribution election forms, distribution checks, summary annual reports, educational material and special notices provided or intended to be provided to Plaintiff Laurent.

**RESPONSE:**

In addition to the General Objections, Defendants specifically object to Request No. 7 as duplicative and cumulative to the extent it seeks documents PwC has previously produced to plaintiff, the Bates ranges of which are PWC-L000001-PWC-L000175 . Defendants also object to Request No. 7 on the grounds that it is overbroad and unduly burdensome and to the extent it seeks documents protected from disclosure by the attorney-client privilege and the work product doctrine. Subject to and without waiving these objections and their General Objections, Defendants will produce any additional documents within their possession, custody or control that are responsive to Request No. 7.

**REQUEST FOR PRODUCTION NO. 8:**

Produce all documents that constitute or reflect evidentiary support for any contention that the Class proposed by Plaintiff does not satisfy the numerosity requirements of Federal Rule of Civil Procedure 23(a)(1).

**RESPONSE:**

In addition to the General Objections, Defendants specifically object to Request No. 8 on the grounds that it seeks material protected from disclosure under the attorney-client privilege and work product doctrine.

**REQUEST FOR PRODUCTION NO. 9:**

Produce all documents in your possession, custody or control that as of the date of your objections and responses that constitute or reflect evidentiary support for any contention you have made or do make or are giving serious consideration to making that none of Plaintiff's claims satisfy, or any of one or more of them do not satisfy, the commonality requirements of Federal Rule of Civil Procedure 23(a)(2).

**RESPONSE:**

In addition to the General Objections, Defendants object to Request No. 9 on the grounds that it seeks material protected from disclosure under the attorney-client privilege and work product doctrine.

**REQUEST FOR PRODUCTION NO. 10:**

To the extent that any of the five bases identified by Defendants in ¶ 10 of the Parties' Joint Report (Doc. 36) as supporting a denial of Plaintiff's class certification motion were intended to form in whole or in part an assertion that none of Plaintiff's claims satisfy, or any of one or more of them do not satisfy, the commonality requirements of Federal Rule of Civil Procedure 23(a)(2), produce all documents that Defendants had in their possession, custody or control as of October 18, 2005 that constitute or reflect evidentiary support for the contention that none of Plaintiff's claims satisfy, or any of one or more of them do not satisfy, those requirements. *See* Fed. R. Civ. P. 11(b).

**RESPONSE:**

In addition to the General Objections, Defendants object to Request No. 10 on the

grounds that it seeks material protected from disclosure under the attorney-client privilege and

work product doctrine.

**REQUEST FOR PRODUCTION NO. 11:**

Produce all documents that Defendants had in their possession, custody or control as of October 18, 2005 that constitute or reflect evidentiary support for the contention that one or more of Plaintiff's claims do not satisfy the typicality requirements of Fed. R. Civ. P. 23(a)(3). *See* Fed. R. Civ. P. 11(b). Included in this Request are all documents that constitute or reflect evidentiary support for the contention made to the Court on October 18, 2005 in the Joint Report to the Court ¶ 10 (Doc. 36) that "many of Plaintiff's claims require individualized proof for members of the purported class and therefore are not appropriate for class adjudication." Also, included in this Request are all documents that constitute or reflect evidentiary support for the contention made to the Court on October 18, 2005 that "Plaintiff's claims are not typical of the class he purports to represent and he is subject to unique defenses."

**RESPONSE:**

In addition to the General Objections, Defendants object to Request No. 11 on the

grounds that it seeks material protected from disclosure under the attorney-client privilege and

work product doctrine.

**REQUEST FOR PRODUCTION NO. 12:**

Produce all documents that Defendants did not have in their possession, custody or control as of October 18, 2005 but now do that constitute or reflect evidentiary support for the contention that one or more of Plaintiff's claims do not satisfy the typicality requirements of Fed. R. Civ. P. 23(a)(3). *See* Fed. R. Civ. P. 11(b). Included in this Request are all such documents that constitute or reflect evidentiary support for the contention made to the Court on October 18, 2005 in the Joint Report to the Court ¶ 10 (Doc. 36) that "many of Plaintiff's claims require

individualized proof for members of the purported class and therefore are not appropriate for class adjudication" and all such documents that constitute or reflect evidentiary support for the contention made to the Court on October 18, 2005 that "Plaintiff's claims are not typical of the class he purports to represent and he is subject to unique defenses."

**RESPONSE:**

In addition to the General Objections, Defendants object to Request No. 12 on the grounds that it seeks material protected from disclosure under the attorney-client privilege and work product doctrine.

### REQUEST FOR PRODUCTION NO. 13:

Produce all documents that Defendants had in their possession, custody or control as of October 18, 2005 that constitute or reflect evidentiary support for the contention that Plaintiff is an inadequate class representative within the meaning of Fed. R. Civ. P. 23(a)(4). *Compare* Joint Report ¶ 10 (asserting that "Plaintiff is not an adequate representative of the class he purports to represent" *with* Fed. R. Civ. P. 11(b).

**RESPONSE:**

In addition to the General Objections, Defendants object to Request No. 13 on the grounds that it seeks material protected from disclosure under the attorney-client privilege and work product doctrine.

### REQUEST FOR PRODUCTION NO. 14:

Produce all documents that Defendants did not have in their possession, custody or control as of October 18, 2005 but now do that constitute or reflect evidentiary support for the contention that Plaintiff is an inadequate representative of the class he seeks to represent.

**RESPONSE:**

In addition to the General Objections, Defendants object to Request No. 14 on the grounds that it seeks material protected from disclosure under the attorney-client privilege and work product doctrine.

### REQUEST FOR PRODUCTION NO. 15:

Produce all documents that Defendants had in their possession, custody or control as of October 18, 2005 that constitute or reflect evidentiary support for the contention that

"certification is not appropriate under either Rule 23(b)(1) or (b)(2) because the damages claims are not merely incidental but predominate over any claims for equitable relief."

**RESPONSE:**

In addition to the General Objections, Defendants object to Request No. 15 on the grounds that it seeks material protected from disclosure under the attorney-client privilege and work product doctrine.

**REQUEST FOR PRODUCTION NO. 16:**

Produce all documents that Defendants did not have in their possession, custody or control as of October 18, 2005 but now do that constitute or reflect evidentiary support for the contention that "certification is not appropriate under either Rule 23(b)(1) or (b)(2) because the damages claims are not merely incidental but predominate over any claims for equitable relief."

**RESPONSE:**

In addition to the General Objections, Defendants object to Request No. 16 on the grounds that it seeks material protected from disclosure under the attorney-client privilege and work product doctrine.

**REQUEST FOR PRODUCTION NO. 17:**

Produce all documents that Defendants had in their possession, custody or control as of October 18, 2005 that constitute or reflect evidentiary support for the contention that "Plaintiff lacks standing to represent the class."

**RESPONSE:**

In addition to the General Objections, Defendants object to Request No. 17 on the grounds that it seeks material protected from disclosure under the attorney-client privilege and work product doctrine.

**REQUEST FOR PRODUCTION NO. 18:**

Produce all documents that Defendants did not have in their possession, custody or control as of October 18, 2005 but now do that constitute or reflect evidentiary support for the contention that "Plaintiff lacks standing to represent the class."

**RESPONSE:**

In addition to the General Objections, Defendants object to Request No. 18 on the grounds that it seeks material protected from disclosure under the attorney-client privilege and work product doctrine.

**INTERROGATORY NO. 4:**

Identify which documents that you are producing or have produced or will produce as responsive to Requests for Production Nos. 8-18, taking care to specifically identify as to each separate document under which Request or Requests for Production the document was produced, is being produced or will be produced.

**RESPONSE:**

Defendants incorporate by reference their objections to Request for Production Nos. 8-18 in response to Interrogatory No. 4.

**REQUEST FOR ADMISSION NO. 11:**

Admit that for all RBAP participants all benefits have been, are being, and will be calculated assuming that the normal retirement age under the RBAP is the "Normal Retirement Age" defined in § 2.32 of the RBAP plan instrument defendants submitted to the Court in their motion to dismiss (Doc. 9) (hereinafter the "RBAP plan instrument"), and without taking into account the value of the right to continue earning investment credits after the Normal Retirement Age for as long as a participant's benefits remain in the RBAP.

**RESPONSE BY PWC DEFENDANTS:**

In addition to the General Objections, the PwC Defendants object to this request to the extent it asks them to "admit" events that have not yet occurred. Subject to these objections, the PwC Defendants deny Request No. 11.

**RESPONSE BY FORMER PARTNER DEFENDANTS:**

In addition to the objections to this Request stated above, the Former Partner Defendants specifically object to this Request upon them as unreasonably burdensome, cumulative and duplicative, and state that this information can be less burdensomely obtained from other

sources. The Former Partner Defendants lack information or personal knowledge sufficient to admit or deny this Request.

**RESPONSE BY CURRENT PARTNER DEFENDANTS:**

In addition to the objections to this Request stated above, the Current Partner Defendants specifically object to this Request upon them as unreasonably burdensome, cumulative and duplicative, and state that this information can be less burdensomely obtained from other sources. To the extent some or all of the Current Partner Defendants have or could obtain information relevant to this Request, that information is reflected in the response given by the PwC Defendants to this Request.

**INTERROGATORY NO. 5:**

If you do not provide an unqualified admission in response to Request for Admission No. 11, explain the grounds or bases for your less than unqualified admission, admitting such portion of the Request for Admission as you can, and denying by explanation that portion of the Request which is not accurate.

**RESPONSE BY PWC DEFENDANTS:**

In addition to the General Objections, the PwC Defendants object to Interrogatory No. 5 as vague and ambiguous. Subject to all of their objections, the PwC Defendants respond that it is not correct to state that "all" RBAP participants "have been" paid a benefit under the RBAP calculated based on the normal retirement age in § 2.32 of the Plan because, for example, (1) the RBAP was formerly the "Coopers & Lybrand Retirement Plan," which did not incorporate the normal retirement age of § 2.32, (2) a participant who was a former Coopers & Lybrand ("C&L") employee and employed by PwC after June 30, 1998 (such as Mr. Laurent) would have received a benefit calculated under Appendix B of the RBAP notwithstanding section § 2.32 of the RBAP, and (3) certain participants received a benefit payment of $7,000 (plus interest) if that amount was greater than the benefit otherwise accrued under the RBAP's cash balance formula or the benefit defined under Appendix B of the RBAP.

Second, it is not correct to say that "all" RBAP participants "are being" paid a benefit under the RBAP calculated based on the normal retirement age in § 2.32 of the Plan because, for example, (1) those who have previously terminated employment and received a lump sum benefit are not now "being paid" any amounts, (2) to the extent a benefit is being paid to a RBAP participant, a participant who was a former C&L employee is receiving a benefit calculated in accordance with Appendix B of the RBAP (as applicable), and (3) certain participants are recieving $7,000 (plus interest) if that amount is larger than the benefit determined under the cash balance formula or the benefit defined under Appendix B of the RBAP.

In addition, the plaintiff's term "participant" includes "alternate payees." The PwC Defendants deny that each qualified domestic relations order establishing the rights of an alternate payee to a benefit under the RBAP requires a payment, or that each alternate payee is paid (or is being paid or has been paid), an amount that is (or was) calculated pursuant to the RBAP's formula or based on the normal retirement age in § 2.32 of the Plan.

Further, with respect to the cash balance formula, the RBAP does permit participants to receive investment credits after Normal Retirement Age for as long as the participant's benefits remain in the RBAP. The benefits payable under the RBAP's cash balance formula reflect such continued investment credits until the valuation date as described in § 5.2 of the Plan.

Because PwC has the authority to amend the RBAP, the PwC Defendants deny that all of the existing provisions of the RBAP will continue in effect without alteration for all future time.

**RESPONSE BY FORMER PARTNER DEFENDANTS:**

In addition to the objections to this Interrogatory stated above, the Former Partner Defendants specifically object to this Interrogatory upon them as unreasonably burdensome, cumulative and duplicative, and state that this information can be less burdensomely obtained