from other sources. The Former Partner Defendants lack information or personal knowledge sufficient to answer this Interrogatory.

**RESPONSE BY CURRENT PARTNER DEFENDANTS:**

In addition to the objections to this Interrogatory stated above, the Current Partner Defendants specifically object to this Interrogatory upon them as unreasonably burdensome, cumulative and duplicative, and state that this information can be less burdensomely obtained from other sources. To the extent some or all of the Current Partner Defendants have or could obtain information relevant to this Interrogatory, that information is reflected in the response given by the PwC Defendants to this Interrogatory.

**REQUEST FOR PRODUCTION NO. 19:**

Produce all documents supporting your response to Interrogatory No. 5.

**RESPONSE:**

Subject to and without waiving its General Objections, Defendants will produce documents within their possession, custody or control that are responsive to Request No. 19.

**REQUEST FOR ADMISSION NO. 12:**

Admit that for all RBAP participants all benefit distribution options disclosed in distribution election and spousal consent forms have been, are being, and will be calculated assuming that the normal retirement age under the RBAP is the "Normal Retirement Age" defined in § 2.32 of the RBAP, and without taking into account the value of the right to continue earning investment credits after the Normal Retirement Age for as long as a participant's benefits remain in the Plan.

**RESPONSE BY PWC DEFENDANTS:**

In addition to the General Objections, the PwC Defendants further specifically object to this Request to the extent it asks them to "admit" events that have not yet occurred. Subject to these objections, the PwC Defendants deny Request No. 12.

**RESPONSE BY FORMER PARTNER DEFENDANTS:**

In addition to the objections to this Request stated above, the Former Partner Defendants specifically object to this Request upon them as unreasonably burdensome, cumulative and duplicative, and state that this information can be less burdensomely obtained from other sources. The Former Partner Defendants lack information or personal knowledge sufficient to admit or deny this Request.

**RESPONSE BY CURRENT PARTNER DEFENDANTS:**

In addition to the objections to this Request stated above, the Current Partner Defendants specifically object to this Request upon them as unreasonably cumulative and duplicative and state that this information can be less burdensomely obtained from other sources. To the extent some or all of the Current Partner Defendants have information relevant to this Request, that information is reflected in the response given by the PwC Defendants to this Request.

**INTERROGATORY NO. 6:**

If you do not provide an unqualified admission in response to Request for Admission No. 12, explain the grounds or bases for your less than unqualified admission, admitting such portion of the Request for Admission as you can, and denying by explanation that portion of the Request which is not accurate.

**RESPONSE:**

Subject to the General Objections, Defendants incorporate by reference their objections and responses to Interrogatory No. 5.

**REQUEST FOR PRODUCTION NO. 20:**

Produce all documents supporting your response to Interrogatory No. 6.

**RESPONSE:**

Subject to and without waiving its General Objections, Defendants will produce documents within their possession, custody or control that are responsive to Request No. 20.

**REQUEST FOR ADMISSION NO. 13:**

Admit that all participants whose benefits under the RBAP have been paid or will in the future be paid in the form of a single lump sum were or will be paid an amount equal to the nominal balance of the participant's hypothetical account balance under the RBAP as of the date on account of which the distribution is made, in the same way that the amount of Plaintiff's benefits paid in the form of a single lump sum were equal to the nominal balance of his hypothetical account balance as of the date on account of which payment was made.

**RESPONSE BY PWC DEFENDANTS:**

In addition to the General Objections, the PwC Defendants specifically object to the phrase "as of the date on account of which the distribution is made" as vague and ambiguous. The PwC Defendants further object to this Request to the extent it asks them to "admit" events that have not yet occurred. Subject to these objections, the PwC Defendants deny Request No. 13.

**RESPONSE BY FORMER PARTNER DEFENDANTS:**

In addition to the objections to this Request stated above, the Former Partner Defendants specifically object to this Request upon them as unreasonably burdensome, cumulative and duplicative, and state that this information can be less burdensomely obtained from other sources. The Former Partner Defendants lack information or personal knowledge sufficient to admit or deny this Request.

**RESPONSE BY CURRENT PARTNER DEFENDANTS:**

In addition to the objection to this Request stated above, the Current Partner Defendants specifically object to this Request upon them as unreasonably burdensome, cumulative and duplicative, and state that this information can be less burdensomely obtained from other sources. To the extent some or all of the Current Partner Defendants have information relevant to this Request, that information is reflected in the response given by the PwC Defendants to this Request.

27

**INTERROGATORY NO. 7:**

If you do not provide an unqualified admission in response to Request for Admission No. 13, explain the grounds or bases for your less than unqualified admission, admitting such portion of the Request for Admission as you can, and denying by explanation that portion of the Request which is not accurate.

**RESPONSE BY PWC DEFENDANTS:**

In addition to the General Objections, the PwC Defendants object to Interrogatory No. 7 as vague and ambiguous. Subject to these objections, the PwC Defendants state that the statements in Request for Admission No. 13 are not correct because, among other reasons, participants who were former C&L employees, such as Mr. Laurent, do not merely receive a single lump equal to their hypothetical account balance. Instead these participants receive, as described in Appendix B of the RBAP, the greater of: (1) what they would have received under the C&L Plan's traditional defined pension formula if that formula had continued in operation after June 30, 1998; or (2) the balance in their RBAP account plus their accrued benefit under the C&L Plan traditional defined pension formula as of June 30, 1998. Mr. Laurent's lump sum payment consisted of the amount of his hypothetical account balance plus his accrued benefit under the C&L Plan as of June 30, 1998, and it is therefore incorrect to say that he only received his nominal account balance.

In addition, certain participants have received a $7,000 (plus interest) minimum benefit rather than their hypothetical account balance if $7,000 (plus interest) is greater than their hypothetical account balance. Also, certain other participants may receive a benefit in an amount less than their hypothetical account balance if necessary to satisfy the limitations in section 415(b) of the Tax Code. And "alternate payees" (who are included in plaintiff's definition of "participant") may receive a benefit in an amount that is different than a participant's hypothetical account balance, as specified in the applicable qualified domestic relations order.

28

The PwC Defendants object to the phrase "as of the date on account of which the distribution is made" as vague and ambiguous. For benefits over $5,000, the benefit is valued as of the last "valuation date" occurring on the last business day of the calendar month during which the participant provides the plan administrator with a request for a distribution of his or her benefit if the request is received by the plan administrator by the 20th day of such month; provided, however, that a request for a distribution which is provided to the plan administrator during the same calendar month in which a participant's termination of employment occurs shall result in such participant's benefits being valued on the valuation date occurring on the last business day of the next calendar month if the request is received by the plan administrator by the 20th day of the month in which the participant's termination of employment occurs. (See RBAP § 5.2) The "valuation date" is each day during the plan year that shares are traded on a national stock exchange. (See RBAP § 2.45)

In addition, because PwC has the authority to amend the RBAP, the PwC Defendants deny that all of the existing provisions of the RBAP will continue in effect without alteration for all future time.

## RESPONSE BY FORMER PARTNER DEFENDANTS:

In addition to the objections to this Interrogatory stated above, the Former Partner Defendants specifically object to this Interrogatory upon them as unreasonably burdensome, cumulative and duplicative, and state that this information can be less burdensomely obtained from other sources. The Former Partner Defendants lack information or personal knowledge sufficient to answer this Interrogatory.

## RESPONSE BY CURRENT PARTNER DEFENDANTS:

In addition to the objections to this Interrogatory stated above, the Current Partner Defendants specifically object to this Interrogatory upon them as unreasonably burdensome,

cumulative and duplicative, and state that this information can be less burdensomely obtained from other sources. To the extent some or all of the Current Partner Defendants have or could obtain information relevant to this Interrogatory, that information is reflected in the response given by the PwC Defendants to this Interrogatory.

## REQUEST FOR PRODUCTION NO. 21:

Produce all documents supporting your response to Interrogatory No. 7.

## RESPONSE:

Subject to and without waiving the General Objections and their specific objections to Interrogatory No. 7 above, Defendants will produce documents within their possession, custody or control that are responsive to Request No. 21.

## REQUEST FOR ADMISSION NO. 14:

Admit that the manner in which the benefit distribution options available to Plaintiff were calculated was substantially similar to the manner in which distribution options and lump sum distribution amounts have been calculated for all or substantially all other participants in the RBAP, are currently being calculated and will continue to be calculated in the future for all other participants.

## RESPONSE BY PWC DEFENDANTS:

In addition to the General Objections, the PwC Defendants specifically object to the use of the terms "substantially similar" and "substantially all" as vague and ambiguous. The PwC Defendants further object to this Request to the extent it asks them to "admit" events that have not yet occurred. Subject to these objections, the PwC Defendants deny Request No. 14.

## RESPONSE BY FORMER PARTNER DEFENDANTS:

In addition to the objections to this Request stated above, the Former Partner Defendants specifically object to this Request upon them as unreasonably burdensome, cumulative and duplicative, and state that this information can be less burdensomely obtained from other

sources. The Former Partner Defendants lack information or personal knowledge sufficient to admit or deny this Request.

**RESPONSE BY CURRENT PARTNER DEFENDANTS:**

In addition to the objections to this Request stated above, the Current Partner Defendants specifically object to this Request upon them as unreasonably cumulative and duplicative and state that this information can be less burdensomely obtained from other sources. To the extent some or all of the Current Partner Defendants have information relevant to this Request, that information is reflected in the response given by the PwC Defendants to this Request.

**INTERROGATORY NO. 8:**

If you do not provide an unqualified admission in response to Request for Admission No. 14, explain the grounds or bases for your less than unqualified admission, admitting such portion of the Request for Admission as you can, and denying by explanation that portion of the Request which is not accurate.

**RESPONSE BY PWC DEFENDANTS:**

In addition to their General Objections, the PwC Defendants object to Interrogatory No. 8 on the grounds that it is overly broad, unduly burdensome, vague and ambiguous. The PwC Defendants further object that the terms "substantially similar" and "substantially all" are vague and ambiguous. Subject to all of their objections, the PwC Defendants state that there are a number of factors that make this statement incorrect, including for example, (1) whether or not the other participants were former C&L employees who went to serve with PwC after June 30, 1998, (2) whether or not they were entitled to the $7,000 (plus interest) minimum benefit, (3) whether or not they were married (and if so, whether or not their spouses waived their rights to the joint and survivor annuity option), (4) what their investment elections were (as investment credits factor into the determination of the amounts distributed), (5) when they requested their distribution (see description of valuation date in previous question), (6) whether or not they were ever employed by any of the other employers described in the appendices to the RBAP, (7)

whether or not they died after commencing benefit payments, and (8) whether or not a qualified domestic relations establishing rights of an alternate payee to a portion of the participants' benefits was entered.

In addition, because PwC has the authority to amend the RBAP, the PwC Defendants deny that all of the existing provisions of the RBAP will continue in effect without alteration for all future time.

**RESPONSE BY FORMER PARTNER DEFENDANTS:**

In addition to the objections to this Interrogatory stated above, the Former Partner Defendants specifically object to this Interrogatory upon them as unreasonably burdensome, cumulative and duplicative, and state that this information can be less burdensomely obtained from other sources. The Former Partner Defendants lack information or personal knowledge sufficient to answer this Interrogatory.

**RESPONSE BY CURRENT PARTNER DEFENDANTS:**

In addition to the objections to this Interrogatory stated above, the Current Partner Defendants specifically object to this Interrogatory upon them as unreasonably burdensome, cumulative and duplicative, and state that this information can be less burdensomely obtained from other sources. To the extent some or all of the Current Partner Defendants have or could obtain information relevant to this Interrogatory, that information is reflected in the response given by the PwC Defendants to this Interrogatory.

**REQUEST FOR PRODUCTION NO. 22:**

Produce all documents supporting your response to Interrogatory No. 8.

**RESPONSE:**

Subject to and without waiving the General Objections and the specific objections to Interrogatory No. 8 above, Defendants will produce documents within their possession, custody or control that are responsive to Request No. 22.

**REQUEST FOR ADMISSION NO. 15:**

Admit that all participants whose benefits under the RBAP have been paid or will in the future be paid in the form of annual payments were or will be paid an amount equal to the nominal balance of the participant's hypothetical account balance under the RBAP as of the annuity starting date, multiplied or divided by an immediate annuity factor.

**RESPONSE BY PWC DEFENDANTS:**

In addition to the General Objections, the PwC Defendants specifically object to this Request to the extent it asks them to "admit" events that have not yet occurred. Subject to this objection, the PwC Defendants deny Request No. 15.

**RESPONSE BY FORMER PARTNER DEFENDANTS:**

In addition to the objections to this Request stated above, the Former Partner Defendants object to this Request upon them as unreasonably burdensome, cumulative and duplicative, and state that this information can be less burdensomely obtained from other sources. The Former Partner Defendants lack information or personal knowledge sufficient to admit or deny this Request.

**RESPONSE BY CURRENT PARTNER DEFENDANTS:**

In addition to the objections to this Request stated above, the Current Partner Defendants object to this Request upon them as unreasonably cumulative and duplicative and state that this information can be less burdensomely obtained from other sources. To the extent some or all of the Current Partner Defendants have information relevant to this Request, that information is reflected in the response given by the PwC Defendants to this Request.

**INTERROGATORY NO. 9:**

If you do not provide an unqualified admission in response to Request for Admission No. 15, explain the grounds or bases for your less than unqualified admission, admitting such portion of the Request for Admission as you can, and denying by explanation that portion of the Request which is not accurate.

**RESPONSE BY PWC DEFENDANTS:**

In addition to the General Objections, the PwC Defendants object to Interrogatory No. 9 as overly broad, unduly burdensome, vague and ambiguous. Subject to all of their objections, the PwC Defendants incorporate by reference their responses and objections to Interrogatory No. 7.

**REQUEST FOR PRODUCTION NO. 23:**

Produce all documents supporting your response to Interrogatory No. 9.

**RESPONSE:**

Subject to and without waiving the General Objections and their specific objections to Interrogatory No. 9 above, Defendants will produce documents within their possession, custody or control that are responsive to Request No. 23.

**REQUEST FOR ADMISSION NO. 16:**

Admit that Plaintiff accrued Deemed Payroll Period Allocations pursuant to RBAP § 2.15 and that all members of the proposed Class also accrued, are now accruing, and/or will in the future accrue Deemed Payroll Period Allocations pursuant to RBAP § 2.15.

**RESPONSE BY PWC DEFENDANTS:**

In addition to the General Objections, the PwC Defendants object to this Request to the extent it asks them to "admit" events that have not yet occurred. Subject to these objections, the PwC Defendants admit that Mr. Laurent accrued Deemed Payroll Period Allocations pursuant to RBAP § 2.15 subject to Appendix B of the Plan (as well as other benefits described in the Plan), and deny the remaining allegations contained in Request No. 16.

**RESPONSE BY FORMER PARTNER DEFENDANTS:**

In addition to the objections to this Request stated above, the Former Partner Defendants object to this Request upon them as unreasonably burdensome, cumulative and duplicative, and state that this information can be less burdensomely obtained from other sources. The Former Partner Defendants lack information or personal knowledge sufficient to admit or deny this Request.

**RESPONSE BY CURRENT PARTNER DEFENDANTS:**

In addition to the objections to this Request stated above, the Current Partner Defendants object to this Request upon them as unreasonably cumulative and duplicative and state that this information can be less burdensomely obtained from other sources. To the extent some or all of the Current Partner Defendants have information relevant to this Request, that information reflected in the response given by the PwC Defendants to this Request.

**INTERROGATORY NO. 10:**

If you do not provide an unqualified admission in response to Request for Admission No. 16, explain the grounds or bases for your less than unqualified admission, admitting such portion of the Request for Admission as you can, and denying by explanation that portion of the Request which is not accurate.

**RESPONSE BY PWC DEFENDANTS:**

In addition to the General Objections, the PwC Defendants object to Interrogatory No. 10 as overbroad, unduly burdensome, vague and ambiguous. The PwC Defendants deny the remaining allegations in Interrogatory No. 10 because not all purported class members accrued such allocations because, for example: (1) the class includes participants in the 401(k) plans, regardless of whether they are also participants in the RBAP, and no participant in the 401(k) plans accrued Deemed Payroll Period Allocations under the 401(k) plans; (2) the class includes beneficiaries and estates of participants that are not eligible to accrue Deemed Payroll Period Allocations under the RBAP; (3) the class includes legacy C&L employees of PwC who accrue

35

Deemed Payroll Allocations under RBAP § 2.15 subject to Appendix B; and (4) the class includes former C&L employees who participated in the C&L traditional defined benefit plan after June 30, 1994, but who terminated employment with C&L prior to July 1, 1998.

In addition, because PwC has the authority to amend the RBAP, the PwC Defendants deny that all of the existing provisions of the RBAP will continue in effect without alteration for all future time.

**RESPONSE BY FORMER PARTNER DEFENDANTS:**

In addition to the objections to this Interrogatory stated above, the Former Partner Defendants specifically object to this Interrogatory upon them as unreasonably burdensome, cumulative and duplicative, and state that this information can be less burdensomely obtained from other sources. The Former Partner Defendants lack information or personal knowledge sufficient to answer this Interrogatory.

**RESPONSE BY CURRENT PARTNER DEFENDANTS:**

In addition to the objections to this Interrogatory stated above, the Current Partner Defendants specifically object to this Interrogatory upon them as unreasonably burdensome, cumulative and duplicative, and state that this information can be less burdensomely obtained from other sources. To the extent some or all of the Current Partner Defendants have or could obtain information relevant to this Interrogatory, that information is reflected in the response given by the PwC Defendants to this Interrogatory.

**REQUEST FOR PRODUCTION NO. 24:**

Produce all documents supporting your response to Interrogatory No. 10.

**RESPONSE:**

Subject to and without waiving its General Objections, Defendants will produce documents within their possession, custody or control that are responsive to Request No. 24.

**REQUEST FOR ADMISSION NO. 17:**

Admit that the RBAP did not issue any RBAP participant a "suspension of benefits" notice during the relevant period.

**RESPONSE BY PWC DEFENDANTS:**

In addition to the General Objections, the PwC Defendants specifically object to this Request on the ground that it seeks information relevant, if at all, solely to the merits of Plaintiff's claim and not to class certification.

**RESPONSE BY FORMER PARTNER DEFENDANTS:**

In addition to the objections to this Request stated above, the Former Partner Defendants object to this Request upon them as unreasonably burdensome, cumulative and duplicative, and state that this information can be less burdensomely obtained from other sources.

**RESPONSE BY CURRENT PARTNER DEFENDANTS:**

In addition to the objections to this Request stated above, the Current Partner Defendants object to this Request upon them as unreasonably cumulative and duplicative and state that this information can be less burdensomely obtained from other sources.

**INTERROGATORY NO. 11:**

If you do not provide an unqualified admission in response to Request for Admission No. 17, explain the grounds or bases for your less than unqualified admission, admitting such portion of the Request for Admission as you can, and denying by explanation that portion of the Request which is not accurate.

**RESPONSE:**

Defendants incorporate by reference their objections to Request for Admission No. 17 in response to Interrogatory No. 11.

**REQUEST FOR PRODUCTION NO. 25:**

Produce all documents supporting your response to Interrogatory No. 11.

**RESPONSE:**

In addition to the General Objections, Defendants specifically object to this Request on

the ground that it seeks information relevant, if at all, solely to the merits of Plaintiff's claim and

not to class certification.

**REQUEST FOR PRODUCTION NO. 26:**

Produce all documents from which the number and identity of the RBAP participants
who received single lump sum distributions of their vested "account" balances during the
relevant period may be ascertained (in as much as[sic] detail as is available), from which it may
be determined what percentage of all distributions from the RBAP were taken as single lump
sum distributions, and/or from which it can be ascertained which and/or how many participants
in the RBAP received any form of distribution other than a single lump sum distribution, and
which particular form was paid.

**RESPONSE:**

In addition to the General Objections, Defendants specifically object to Request No. 26

on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to

the discovery of admissible evidence.  Defendants further object that the identity of individual

RBAP participants who received lump sum distributions of benefits is not relevant to class

certification.   Subject to these objections, PwC will make reasonable efforts to provide

documents or information reflecting the numbers of former participants who took lump sum

distributions and other forms of distributions from the RBAP.

**INTERROGATORY NO. 12:**

Identify all participants who signed or executed any type of release that ran or runs or
could reasonably be construed as running in favor of any named Defendant and that arguably
releases or that Defendants do contend or would contend releases one or more of them from
liability for any of the alleged violations of ERISA and/or the terms of the RBAP or 401(k) Plans
referred to in the Complaint.

**RESPONSE:**

In addition to their General Objections, the PwC Defendants object to Interrogatory No.

12 on the grounds that it is vague, ambiguous, overbroad and unduly burdensome.  The PwC

Defendants further object that the identity of individual participants who signed releases is not relevant to class certification. Subject to all of their objections, the PwC Defendants state that some RBAP participants have signed forms releasing PwC from claims based on alleged violations of ERISA. The PwC Defendants will make reasonable efforts to supplement this response with additional information about the approximate number of persons who have executed such releases.

**RESPONSE BY FORMER PARTNER DEFENDANTS:**

In addition to the objections to this Interrogatory stated above, the Former Partner Defendants specifically object to this Interrogatory upon them as unreasonably burdensome, cumulative and duplicative, and state that this information can be less burdensomely obtained from other sources. The Former Partner Defendants lack information or personal knowledge sufficient to answer this Interrogatory.

**RESPONSE BY CURRENT PARTNER DEFENDANTS:**

In addition to the objections to this Interrogatory stated above, the Current Partner Defendants specifically object to this Interrogatory upon them as unreasonably burdensome, cumulative and duplicative, and state that this information can be less burdensomely obtained from other sources. To the extent some or all of the Current Partner Defendants have or could obtain information relevant to this Interrogatory, that information is reflected in the response given by the PwC Defendants to this Interrogatory.

**REQUEST FOR PRODUCTION NO. 27:**

Produce one example of every different type or version of the releases referred to in Interrogatory No. 12 (and your responses thereto), using a copy of an actual release signed by an actual participant.

**RESPONSE:**

In addition to their General Objections, Defendants specifically object to Request No. 27 on the grounds that it is vague, ambiguous are broad and unduly burdensome. Defendants further specifically object to this Request to the extent it seeks documents reflecting the identity of individuals who signed such forms as not relevant to class certification. Subject to and without waiving these objections, and based on Defendants' understanding of what plaintiff means by "release," Defendants will produce samples of forms of release signed during the class period.

**INTERROGATORY NO. 13:**

For each participant identified in Interrogatory No. 12, identify the type of release (as provided pursuant to Request for Production No. 27) that was signed or executed by the participant.

**RESPONSE:**

Defendants incorporate by reference their objections and responses to Interrogatory No. 12 as their response to Interrogatory No. 13.

**REQUEST FOR PRODUCTION NO. 28:**

Produce all documents relating to any participant's challenge to the proper calculation of their benefits under the RBAP including but not limited to those that are "relevant" as that term is defined by 29 C.F.R. § 52560.503-1(m)(8). (The participant's name and SSN can be redacted pending entry of a protective order). Included in this Requests[sic] are all documents from which it can be ascertained what administrative processes and safeguards if any the RBAP had in place designed to ensure and verify that benefit claim determinations on behalf of the Plan were made in accordance with the governing plan documents, and where appropriate, designed to ensure and verify that the plan provisions were applied consistently with respect to similarly situated participants. This request includes all documents that establish the dates on which such administrative processes or safeguards were put in place and applied, and the persons involved in ensuring consistency. Also included in this Request are all documents that relate to legal advice sought or received by any person relating to any participant's challenge to the calculation of his or her benefits under the RBAP including but not limited to those documents that are "relevant" as that term is defined by 29 C.F.R. § 52560.503-1(m)(8) and all documents relating to any and all deliberations of[sic] by any Defendant concerning the proper interpretation of the RBAP.

Case 1:05-cv-01291-JR    Document 43-8    Filed 11/29/2005    Page 17 of 29


**RESPONSE:**

In addition to their General Objections, Defendants specifically object to Request No. 28 on the grounds that it is vague, overbroad, and unduly burdensome, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks documents not relevant to class certification.

**REQUEST FOR ADMISSION NO. 18:**

Admit that for purposes of demonstrating compliance with Internal Revenue Code ("Tax Code") § 401(a)(4) nondiscrimination and § 410(b) coverage requirements, the RBAP assumes a uniform normal retirement age for testing purposes of age 65 (or the employee's current age, if later) for all participants.

**RESPONSE BY PWC DEFENDANTS:**

In addition to the General Objections, the PwC Defendants specifically object to this Request on the ground that it seeks information relevant, if at all, solely to the merits of Plaintiff's claim and not to class certification.

**RESPONSE BY FORMER PARTNER DEFENDANTS:**

In addition to the objections to this Request stated above, the Former Partner Defendants object to this Request upon them as unreasonably burdensome, cumulative and duplicative, and state that this information can be less burdensomely obtained from other sources.

**RESPONSE BY CURRENT PARTNER DEFENDANTS:**

In addition to the objections to this Request stated above, the Current Partner Defendants object to this Request upon them as unreasonably cumulative and duplicative and state that this information can be less burdensomely obtained from other sources.

**REQUEST FOR ADMISSION NO. 19:**

Admit that for purposes of demonstrating compliance with Tax Code § 401(a)(4) nondiscrimination and § 410(b) coverage requirements, the RBAP uses a uniform projection rate to calculate the projected benefit of each participant at age 65 (or the employee's current age, if later).

**RESPONSE BY PWC DEFENDANTS:**

In addition to the General Objections, the PwC Defendants specifically object to this Request on the ground that it seeks information relevant, if at all, solely to the merits of Plaintiff's claim and not to class certification. The PwC Defendants further object to the term "uniform projection rate" as vague and ambiguous.

**RESPONSE BY FORMER PARTNER DEFENDANTS:**

In addition to the objections to this Request stated above, the Former Partner Defendants object to this Request upon them as unreasonably burdensome, cumulative and duplicative, and state that this information can be less burdensomely obtained from other sources.

**RESPONSE BY CURRENT PARTNER DEFENDANTS:**

In addition to the objections to this Request stated above, the Current Partner Defendants object to this Request upon them as unreasonably cumulative and duplicative and state that this information can be less burdensomely obtained from other sources.

**REQUEST FOR ADMISSION NO. 20:**

Admit that for funding purposes, the RBAP uses a uniform projection rate to calculate the projected benefit of each participant.

**RESPONSE BY PWC DEFENDANTS:**

In addition to the General Objections, the PwC Defendants specifically object to this Request on the ground that it seeks information relevant, if at all, solely to the merits of Plaintiff's claim and not to class certification. The PwC Defendants further object to the terms "funding purposes" and "uniform projection rate" as vague and ambiguous.

**RESPONSE BY FORMER PARTNER DEFENDANTS:**

In addition to the objections to this Request stated above, the Former Partner Defendants object to this Request upon them as unreasonably burdensome, cumulative and duplicative, and state that this information can be less burdensomely obtained from other sources.

**RESPONSE BY CURRENT PARTNER DEFENDANTS:**

In addition to the objections to this Request stated above, the Current Partner Defendants object to this Request upon them as unreasonably cumulative and duplicative and state that this information can be less burdensomely obtained from other sources.

**REQUEST FOR ADMISSION NO. 21:**

Admit that for accounting purposes, the RBAP uses a uniform projection rate to calculate the projected benefit of each participant.

**RESPONSE BY PWC DEFENDANTS:**

In addition to the General Objections, the PwC Defendants specifically object to this Request on the ground that it seeks information relevant, if at all, solely to the merits of Plaintiff's claim and not to class certification.  The PwC Defendants further object to the terms "accounting purposes" and "uniform projection rate" as vague and ambiguous.

**RESPONSE BY FORMER PARTNER DEFENDANTS:**

In addition to the objections to this Request stated above, the Former Partner Defendants object to this Request upon them as unreasonably burdensome, cumulative and duplicative, and state that this information can be less burdensomely obtained from other sources.

**RESPONSE BY CURRENT PARTNER DEFENDANTS:**

In addition to the objections to this Request stated above, the Current Partner Defendants object to this Request upon them as unreasonably cumulative and duplicative and state that this information can be less burdensomely obtained from other sources.

**REQUEST FOR PRODUCTION NO. 29:**

Produce all documents from which, for each year during the relevant period, the projection rate used for each of the purposes described in Requests for Admissions Nos. 19-21 can be identified, and the methodology used to determine such projection rates can also be identified.

**RESPONSE:**

In addition to the General Objections, Defendants specifically object to this Request on the ground that it seeks information relevant, if at all, solely to the merits of Plaintiff's claim and not to class certification.

**REQUEST FOR ADMISSION NO. 22:**

Admit that for purposes of demonstrating compliance with Tax Code § 401(a)(4) nondiscrimination and § 410(b) coverage requirements, the RBAP interprets the term benefit "accrual rate" in Treasury Regulations (*e.g.*, Treas. Reg. § 1.401(a)(4)-3(d)) as the increase in each participant's projected age-65 accrued benefit under the RBAP from one year to the next.

**RESPONSE BY PWC DEFENDANTS:**

In addition to the General Objections, the PwC Defendants specifically object to this Request on the ground that it seeks information relevant, if at all, solely to the merits of Plaintiff's claim and not to class certification.

**RESPONSE BY FORMER PARTNER DEFENDANTS:**

In addition to the objections to this Request stated above, the Former Partner Defendants object to this Request upon them as unreasonably burdensome, cumulative and duplicative, and state that this information can be less burdensomely obtained from other sources.

**RESPONSE BY CURRENT PARTNER DEFENDANTS:**

In addition to the objections to this Request stated above, the Current Partner Defendants object to this Request upon them as unreasonably burdensome, burdensome, cumulative and duplicative, and state that this information can be less burdensomely obtained from other sources.

**INTERROGATORY NO. 14:**

If you do not provide an unqualified admission in response to Request for Admission Nos. 18-22, explain the grounds or bases for your less than unqualified admission, admitting such portion of the Requests for Admission as you can, and denying by explanation that portion of the Request which is not accurate.

**RESPONSE:**

Defendants incorporate by reference their objections to Requests for Admission Nos. 18-22 in response to Interrogatory No. 14.

**REQUEST FOR PRODUCTION NO. 30:**

Produce all documents supporting your response to Interrogatory No. 14.

**RESPONSE:**

In addition to the General Objections, the Defendants specifically object to this Request on the ground that it seeks documents relevant, if at all, solely to the merits of Plaintiff's claim and not to class certification.

**REQUEST FOR PRODUCTION NO. 31:**

Produce all documents reflecting the negotiations that culminated in the eventual agreement with the PBGC dated September 30, 2002 (the "Agreement") which required PwC, *inter alia*, to contribute $200 million to the RBAP within one week following the effective date of PwC's sale of its consulting business, PwC Consulting, to International Business Machines Corp. ("IBM"). Included in this Request are all documents that describe the assumptions used to calculate the amounts of the additional contributions that PwC was asked to and/or agreed to make to the RBAP.

**RESPONSE:**

In addition to their General Objections, Defendants specifically object to Request No. 31 on the grounds that it is vague, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks documents relevant if at all, to the merits and not to class certification.

**REQUEST FOR ADMISSION NO. 23:**

Admit that if a partner who is a member of the proposed Class requests a lump sum distribution of his entire accrued benefit under the RBAP, the partner is paid merely the nominal balance in his cash balance account, regardless of past or projected "investment" performance for that particular partner.

**RESPONSE BY PWC DEFENDANTS:**

In addition to the General Objections, the PwC Defendants specifically object to this Request on the ground that it seeks information relevant, if at all, solely to the merits of Plaintiff's claim and not to class certification.

**RESPONSE BY FORMER PARTNER DEFENDANTS:**

In addition to the objections to this Request stated above, the Former Partner Defendants object to this Request upon them as unreasonably burdensome, cumulative and duplicative, and state that this information can be less burdensomely obtained from other sources.

**RESPONSE BY CURRENT PARTNER DEFENDANTS:**

In addition to the objections to this Request stated above, the Current Partner Defendants object to this Request upon them as unreasonably burdensome, cumulative and duplicative, and state that this information can be less burdensomely obtained from other sources.

**INTERROGATORY NO. 15:**

If you do not provide an unqualified admission in response to Request for Admission No. 23, explain the grounds or bases for your less than unqualified admission, admitting such portion of the Request for Admission as you can, and denying by explanation that portion of the Request which is not accurate.

**RESPONSE:**

Defendants incorporate by reference their objections to Request for Admission No. 23 in response to Interrogatory No. 15.

**REQUEST FOR PRODUCTION NO. 32:**

Produce all documents supporting your response to Interrogatory No. 15.

**RESPONSE:**

In addition to the General Objections, the Defendants specifically object to this Request on the ground that it seeks documents relevant, if at all, solely to the merits of Plaintiff's claim and not to class certification.

46

**INTERROGATORY NO. 16:**

Identify which of the three available anti-backloading standards set forth in ERISA § 204(b)(1)(A)-(C) the Pension Plan is able to satisfy.

**RESPONSE BY PWC DEFENDANTS:**

In addition to the General Objections, the PwC Defendants specifically object to this Request on the ground that it seeks information relevant, if at all, solely to the merits of Plaintiff's claim and not to class certification.

**RESPONSE BY FORMER PARTNER DEFENDANTS:**

In addition to the objections to this Interrogatory stated above, the Former Partner Defendants specifically object to this Interrogatory upon them as unreasonably burdensome, cumulative and duplicative, and state that this information can be less burdensomely obtained from other sources.

**RESPONSE BY CURRENT PARTNER DEFENDANTS:**

In addition to the objections to this Interrogatory stated above, the Current Partner Defendants specifically object to this Interrogatory upon them as unreasonably burdensome, cumulative and duplicative, and state that this information can be less burdensomely obtained from other sources.

**REQUEST FOR PRODUCTION NO. 33:**

Produce all documents supporting your response to Interrogatory No. 16.

**RESPONSE:**

In addition to the General Objections, Defendants specifically object to this Request on the ground that it seeks information relevant, if at all, solely to the merits of Plaintiff's claim, not to class certification.

**REQUEST FOR PRODUCTION NO. 34:**

Produce all documents constituting or reflecting sworn testimony or statements made by any person concerning the terms, administration or operation of RBAP or the 401(k) Plans, including but not limited to sworn testimony given by Roger Hindman in *Hussey v. Hussey*, Civ. No. FA010183296S, 2004 WL 2397146 (Super. Ct. Conn) and other proceedings.

**RESPONSE:**

In addition to their General Objections, Defendants specifically object to Request No. 34 on the grounds that it is overbroad, unduly burdensome, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks documents not relevant to class certification.

**REQUEST FOR PRODUCTION NO. 35:**

Produce all documents relating to all contracts and other agreements between Defendants and one or more Mellon Bank-related entities and/or ACS Inc. relating to the administration of the Plan including all documents relating to such third-party administrator or recordkeeper's role(s), duties, responsibilities regarding the RBAP. Included in this Request are all documents relating to delegations of authority (including interpretative authority) with respect to the RBAP, directions for the calculation of plan benefits, directions for handling administrative claims, and all manuals, handbooks, protocols and training manuals relating to the RBAP. Included in this Request are all documents reflecting any instructions, directions, advice or guidance or consideration and/or approval of same communicated to, from or with any person involved in calculating of any participant's RBAP benefits.

**RESPONSE:**

In addition to their General Objections, Defendants specifically object to Request No. 35 on the grounds that it is vague, overbroad, unduly burdensome, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks documents not relevant to class certification. Subject to all of their objections, Defendants state that in response to Request for Production No. 1, PwC is producing contracts between the RBAP, the Savings Plan for Employees of PricewaterhouseCoopers LLP, the Savings Plan for Employees and Partners of PricewaterhouseCoopers LLP, and these Plans' service providers.

**REQUEST FOR PRODUCTION NO. 36:**

Produce all documents from which, for each year during the relevant period, the average aggregate "investment" return for all participant accounts in the RBAP can be identified, and the methodology used to determine such returns can also be identified.

**RESPONSE:**

In addition to their General Objections, Defendants object to Request No. 36 on the grounds that it is vague, overbroad, unduly burdensome, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks documents not relevant to class certification.

**REQUEST FOR PRODUCTION NO. 37:**

Produce all documents from which, for each year during the relevant period, the aggregate "investment" mix for all participant accounts in the RBAP can be identified.

**RESPONSE:**

In addition to their General Objections, Defendants specifically object to Request No. 37 on the grounds that it is vague, overbroad, unduly burdensome, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks documents not relevant to class certification.

**REQUEST FOR PRODUCTION NO. 38:**

Produce all documents from which, for each year during the relevant period, the "investment" return for all "investment" choices available to participants [in] the RBAP can be identified.

**RESPONSE:**

In addition to their General Objections, Defendants specifically object to Request No. 38 on the grounds that it is vague, overbroad, unduly burdensome, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks documents not relevant to class certification.

**REQUEST FOR ADMISSION NO. 24:**

Admit that if the Segregated 401(k) Plan had not been adopted and participants in that plan had instead participated in the Primary 401(k) Plan, the Primary 401(k) Plan would have been unable to satisfy the nondiscrimination standards set forth in Tax Code §§ 401(a)(4) and 401(k) and the regulations thereunder in one or more years during the relevant period.

**RESPONSE BY PWC DEFENDANTS:**

In addition to the General Objections, the PwC Defendants specifically object to this Request on the ground that it seeks information relevant, if at all, solely to the merits of Plaintiff's claim and not to class certification.

**RESPONSE BY FORMER PARTNER DEFENDANTS:**

In addition to the objections to this Request stated above, the Former Partner Defendants object to this Request upon them as unreasonably burdensome, cumulative and duplicative, and state that this information can be less burdensomely obtained from other sources.

**RESPONSE BY CURRENT PARTNER DEFENDANTS:**

In addition to the objections to this Request stated above, the Current Partner Defendants object to this Request upon them as unreasonably burdensome, cumulative and duplicative, and state that this information can be less burdensomely obtained from other sources.

**INTERROGATORY NO. 16 [sic]:**

If you do not provide an unqualified admission in response to Request for Admission No. 24, explain the grounds or bases for your less than unqualified admission, admitting such portion of the Request for Admission as you can, and denying by explanation that portion of the Request which is not accurate.

**RESPONSE:**

Defendants incorporate by reference their objections to Request for Admission No. 24 in response to this Interrogatory.

**REQUEST FOR PRODUCTION NO. 39:**

Produce all documents supporting your response to Interrogatory No. 16 [sic].

**RESPONSE:**

In addition to their General Objections, Defendants specifically object to Request No. 39 on the grounds that it is vague, overbroad, unduly burdensome, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks documents not relevant to class certification.

**REQUEST FOR PRODUCTION NO. 40:**

Produce all documents prepared and distributed internally within PricewaterhouseCoopers that reflect awareness by any Defendant that one or more of the design features of any of the Plans posed legal risks, or were controversial, aggressive, innovative, cutting edge, new, unique, subject to potential challenge, had been or might be questioned by government agencies or officials, or might be challenged or potentially be subject to challenge by participants. Excluded from this request are documents created at the direction [of] one or more attorneys employed by Kirkland & Ellis, LLP on or after November 5, 2004.

**RESPONSE:**

In addition to their General Objections, Defendants specifically object to Request No. 40 on the grounds that it is vague, overbroad, unduly burdensome, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks documents not relevant to class certification. Defendants also object to Request No. 40 to the extent it seeks documents protected from disclosure by the attorney-client privilege and the work product doctrine.

Dated:  November 21, 2005

Respectfully submitted,

David E. Mendelson (471863)
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C.  20005-5793
(202) 879-5000 (phone)
(202) 879-5200 (fax)
dmendelson@kirkland.com

Robert J. Kopecky
Douglas G. Smith
Lauren O. Casazza
Jason W. Callen
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL  60601
(312) 861-2000 (phone)
(312) 861-2200 (fax)

*Counsel for all defendants except Nicolaisen*
*and Ricciardi*

Patrick James Attridge (357973)
KING & ATTRIDGE
39 West Montgomery Avenue
Rockville, MD  20850
(301) 279-0780 (phone)
(301) 279-2988 (fax)

(signed by JWC-
as authorized 11/21)

*Counsel for defendants Nicolaisen and*
*Ricciardi*

52

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2005, I caused Plaintiff to be served with a true and correct copy of the foregoing Defendants' Responses And Objections To Plaintiff's First Set of Discovery Requests To All Defendants Pertaining To Class Certification by causing a copy to be served on his counsel, listed below, by Federal Express delivery.

Eli Gottesdiener
Gottesdiener Law Firm
1025 Connecticut Avenue, N.W.
Suite 1000
Washington, D.C. 20036
eli@gottesdienerlaw.com
**Attorney for Plaintiff**

_____
Jason W. Callen

53