# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **TIMOTHY D. LAURENT** : | |
| : | |
| **On behalf of himself and all** : | |
| **others similarly situated,** : | |
| : | |
| **Plaintiff,** : | **Civil Action No.  05-1291 (PLF)** |
| **v.** : | |
| : | |
| **PRICEWATERHOUSECOOPERS LLP,** *et al.*, : | |
| : | |
| **Defendants.** : | |
| : | |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' NOTICE OF
## SUPPLEMENTAL AUTHORITY IN SUPPORT
## OF THEIR MOTION TO DISMISS

Contrary to PwC's contention, *Register v. PNC Financial Services Group, Inc.*, No.
04-CV-6097 (E.D. Pa. Nov. 21, 2005) does not support PwC's motion to dismiss
Plaintiff's ERISA § 204(b)(1)(H) age discrimination allegations under Count Three of the
Complaint.  Instead, it proves again that there is no principled basis for concluding that
defined benefit plans of the "cash balance" variety should be permitted to satisfy ERISA's
age discrimination standards that under the statute apply only to *defined contribution* plans.

Moreover, as a threshold matter, *Register* is easily distinguishable from the case at
bar.  The cash balance plan addressed in *Register* specified an interest crediting rate based on
30-year Treasury bond rates, as permitted under IRS Notice 96-8.  PwC's cash balance plan
does not.  The problem for PwC's plan is that the "whipsaw" premium – which is part of the
account balance, *see Berger v. Xerox,* 338 F.3d 755 (7th Cir. 2003); *Esden v. Bank Boston,*
229 F.3d 154 (2d Cir. 2000); *Lyons v. Georgia-Pacific Corp. Salaried Employees Retirement*

*Plan,* 221 F.3d 1235 (11th Cir. 2000) – is always larger for younger participants because of the longer projection period to age 65. This follows directly from the legal concepts that underlie Count One of the Complaint and *Berger, Esden* and *Lyons*. It would thus be premature to dismiss the ERISA § 204(b)(1)(H), 29 U.S.C. § 1054(b)(1)(H) claim in Count Three before the Count One "whipsaw" has been litigated on the merits.

Interest crediting rate aside, *Register* contains no analysis that can help this Court resolve the ERISA § 204(b)(1)(H) issue presented here. *Register* recites the holdings in *Tootle* and *Onan* without analyzing them – and then simply adopts them. It makes no effort to distinguish *Cooper v. IBM Personal Pension Plan,* 274 F. Supp.2d 1010 (S.D. Ill. 2003). It cites proposed Treasury Regulations that the court fails to note were withdrawn within months of their release because of public outcry and a challenge by Congress. It cites various other proposals described by the Treasury Department, none of which set forth any basis for their conclusions and which therefore do not warrant *Skidmore* deference, contrary to what *Register* posits. *Register,* slip op. at 14.

*Register,* like *Tootle* and *Onan,* confirms that a results-oriented approach, not reason or fidelity to the statutory text, is responsible for these defense outcomes which PwC urges the Court to adopt here. In identical footnotes (notes 13 and 18), *Register* uncritically accepts the defense theme that disastrous results would ensue if courts read ERISA as written and test "cash balance" defined benefit plans as any other defined benefit plan – *i.e.,* in terms of the plan's accrued benefit at age 65 – for compliance with the rules against age discriminatory benefit accruals. Like *Tootle* and *Onan, Register* quite openly "consider[s] the practical effects of alternative interpretations," *Register,* slip op. at 15 *citing Onan*, and concludes that the rate of an employee's benefit accrual within the

2

meaning of ERISA § 204(b)(1)(H) does not "necessarily" refer to the accrued benefit at age 65. *Id.* But *Register* makes no attempt to explain what the "rate of an employee's benefit accrual" *does* in fact refer to: Is it the age 65 accrued benefit for most defined benefit plans but something else for defined benefit plans of the "cash balance" variety? If so, where can one find such a distinction in the text of ERISA or its legislative history?

*Register*'s failure to even acknowledge these unanswered (and unanswerable) questions shows it to be just another instance of judicial activism in favor of plan sponsors who knew full well the risks they were running in adopting plans known inside the industry years ago to be age discriminatory. This Court should reject *Register,* respect the statute's clear and unyielding defined benefit-defined contribution plan distinctions, and follow *Cooper* – which, seeing the line Congress explicitly drew in the sand with respect to *all* defined benefit plans, refused to "perform legal legerdemain by dodging the detail requirements of ERISA in order to save" the cash balance plan at issue in that case. *Cooper,* 274 F. Supp.2d at 1022.

Like the *Register* decision itself, PwC provides no cogent argument for why this Court should follow *Register* and reject *Cooper*, other than to imply that *Cooper* may be overturned on appeal. *See* PwC Reply (Doc. 24) at 11 & Ex. 1. That seems unlikely. Plaintiff attaches the main briefs filed recently by IBM (Ex. 1) and by the *Cooper* plaintiffs (Ex. 2) with the Seventh Circuit, and respectfully invites the Court to decide for itself which side has the more persuasive argument.

## **CONCLUSION**

Wherefore, the motion to dismiss should be denied as to the ERISA § 204(b)(1)(H) claim of age discrimination raised in Count Three, as well as in all other regards.  PwC should be required to answer the Complaint.

December 11, 2005                                Respectfully submitted,


_____/s/ Eli Gottesdiener_____
Eli Gottesdiener

**Gottesdiener Law Firm, PLLC**
1025 Connecticut Avenue, N.W., Suite 1000
Washington, D.C.  20036
Phone: (202) 243-1000
Fax:    (202) 243-1001
E-mail address:  eli@gottesdienerlaw.com


Attorney for Plaintiff and the proposed Class