IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TIMOTHY D. LAURENT<br><br>On behalf of himself and on<br>behalf of all others similarly situated,<br><br>                      Plaintiff,<br>v.<br><br>PRICEWATERHOUSECOOPERS LLP, *et al.*<br><br>                      Defendants. | Civil Action No. 05-1291 (PLF) |

**PLAINTIFF'S REVISED OBJECTIONS AND RESPONSES
TO DEFENDANTS' INTERROGATORIES NOS. 8 AND 9**

Plaintiff, through undersigned counsel, hereby serves upon Defendants his revised objections and responses to Defendants' Interrogatories to Plaintiff Concerning Class Certification Nos. 8 and 9 as follows:

**Interrogatory No. 8**

With respect to each count of the First Amended Class Action Complaint and with respect to each Plan at issue in that Complaint, identify the specific relief you seek on your own behalf and on behalf of the class you purport to represent.

**Revised Objections and Response to Interrogatory No. 8**

Plaintiff objects to this Interrogatory as a premature contention interrogatory concerned largely with the issues of merits and relief. Defendants have ample information from the Complaint and other multiple submissions made by Plaintiff from which to understand the relief he seeks for himself and the proposed Class for purposes of responding to his motion for class certification. This interrogatory is also objectionable at least in part because it calls for disclosure of attorney-client and attorney-work product privileged information and/or because it directly or

indirectly seeks disclosure from Plaintiff's experts prior to the commencement of merits discovery and completion of fact discovery.

Subject to the foregoing objections, and based on information currently available to them, Plaintiff responds as follows:

Plaintiff contends under each Count of the Complaint that the harms suffered by him and each member of the proposed Class include that each member of the proposed Class (a) participated in retirement plans that violated ERISA and the Internal Revenue Code, (b) had his or her benefit accruals and benefit payments calculated under an unlawful benefit formula, and (c) suffered all other harms described in the Complaint. Plaintiff and members of the proposed Class are entitled to have their benefits calculated or re-calculated under lawful Plan terms as amended in a manner consistent with the illustrative amendments set forth below, and are entitled to all other appropriate relief as set forth below.

Thus, Plaintiff seeks for himself and the proposed Class and, where applicable, the Plans as a whole, all of the relief described in the Prayer for Relief set forth in the Complaint, and any and all other relief available to him, the proposed Class and the Plans, including:

A.  An order certifying this action a class action and undersigned counsel as class counsel pursuant to Fed. R. Civ. P. 23;

B.  Judgment against Defendants and on behalf of Plaintiff, the RBAP, and/or the Class; and

C.  An order awarding, declaring or otherwise providing Plaintiff, the RBAP and the Class all other such relief to which Plaintiff, the RBAP and the Class are or may be entitled whether or not specified herein.

D.  An order declaring that:

(1) Defendants violated and are violating ERISA's accrued benefit standards in the specific manners alleged in Counts One through Five and otherwise;

(2) The RBAP and the 401(k) Plans unlawfully discriminated and discriminate in the amount of contributions and benefits they provided and provide to PwC partners versus PwC's non-partner employees in the specific manners alleged in Counts Six and Seven and otherwise;

(3) The RBAP failed and fails to define its benefit formula in a sufficiently objective manner to meet the Plan's "definitely determinable" standard, Defendants cut back participants' protected benefits when they changed the "investment" options available to RBAP participants, and that Defendants engaged and are engaging in prohibited transactions and breaches of fiduciary and co-fiduciary duty in the manner in which they are purporting to set participants' benefit levels, as alleged in Counts Eight, Nine and Ten otherwise; and

(4) Defendants have breached their fiduciary and co-fiduciary duties in the investment of RBAP plan assets, causing the Plan large losses or lost investment return, as alleged in Count Eleven and otherwise;

E. An order enjoining Defendants from continuing to violate the law and the terms of the Plans in manner alleged or referenced in this Complaint, reforming the Plans, and compelling Defendants to bring the terms and administration of the Plans into compliance with ERISA or the lawful provisions of the Plans *nunc pro tunc*;

F. An order requiring Defendants to re-calculate the contributions and benefit amounts due under the terms of the Plans in accordance with the requirements of ERISA, and for the Plans to pay the difference, plus interest, to or on behalf of all Class members who received less in contributions and benefits or benefit accruals than the amount to which they are entitled;

  G. An order compelling the non-Plan Defendants to make the RBAP and the 401(k) Plans whole for all losses or lost investment return resulting from their breaches or prohibited transactions, and disgorgement of any benefit they received which is traceable to such breaches, restitution, and such other equitable or remedial or other relief as the Court may deem appropriate.

  H. An order awarding pre- and post-judgment interest.

  I. An order awarding attorney's fees on the basis of the common fund doctrine (and/or other applicable law, at Plaintiff's election), along with the reimbursement of the expenses incurred in connection with this action.

**Illustrative Amendments to the PwC RBAP**

  The following draft amendments illustrate the form of amendments Plaintiff seeks or may seek, to bring the PwC RBAP (as amended and restated effective July 1, 1995) into compliance with ERISA and the Internal Revenue Code. All of the amendments are effective as of July 1, 1994. More complete, final proposed amendments will be provided in the relief stage of the litigation.

Count One – Failure to Pay Present Value of Accrued Benefits

1. Amend Section 5.1 (definition of "Normal Retirement Benefit") to replace the term "Deemed Plan Interest Rate" with the term "ERISA-Required Projection Rate."

2. Add a new Section 2.25A to read as follows:

  2.25A <u>ERISA-Required Projection Rate</u>. Nine percent (9.0%), the approximate long-term market rate of return of a portfolio invested 70% in equities and 30% in debt securities.

3. Amend Section 2.32 (definition of "Normal Retirement Age") to strike the words "earlier of the" and the words "or completes five (5) Years of Service".

4. Make such other conforming amendments to the Plan as necessary to be consistent with amendments 1-4.

Count Two – Age Discrimination Under ERISA § 204(b)(1)(G)

5. Amend the Plan to add a new Section 2.15A that reads as follows:

> 2.15A **Additional Deemed Payroll Period Allocation to Avoid Age Discrimination Under ERISA § 204(b)(1)(G)**. In addition to the Deemed Payroll Period Allocations credited pursuant to any other Section(s) of this Plan, each Participant shall receive an additional Deemed Payroll Period Allocation equal to the excess, if any, of (i) over (ii), where:
>
> > (i) is an amount equal to the Actuarial Equivalent of the Normal Retirement Benefit the Participant would have received had he commenced benefit distributions at the end of the previous payroll period, and
> >
> > (ii) is the Actuarial Equivalent of the Normal Retirement Benefit the Participant would receive if he commenced benefit distributions at the end of the current payroll period, disregarding any Payroll Period Allocations credited after the end of the previous payroll period.

6. Make such other conforming amendments to the Plan as necessary to be consistent with amendment 5.

Count Three – Age Discrimination Under ERISA § 204(b)(1)(H)

In addition to amendments 1-6 above:

7. Amend the Plan to add a new Section 2.15B that reads as follows:

> 2.15B **Additional Deemed Payroll Period Allocation to Avoid Age Discrimination Under ERISA § 204(b)(1)(H)**. In addition to the Deemed Payroll Period Allocation credited pursuant to any other Section(s) of this Plan, each Participant shall receive an additional Deemed Payroll Period Allocation equal to the excess, if any, of (i) over (ii), where:
>
> > (i) is an amount equal to the Actuarial Equivalent of the Normal Retirement Benefit the Participant would have accrued under Section 2.15 during the pay period had the Participant's age been age 17 (the Plan's minimum eligibility age), and
> >
> > (ii) is the Deemed Payroll Period Allocation in fact credited under the Plan, without regard to this Section .

8. Make such other conforming amendments to the Plan as necessary to be consistent with amendment 7.

Count Four – Backloading

In addition to amendments 1-8 above:

9. Amend the Plan to add a new Section 2.15C that reads as follows:

> 2.15C **Additional Deemed Payroll Period Allocation to Avoid Unlawful Backloading**. In addition to the Deemed Payroll Period Allocations credited pursuant to any other Section(s) of this Plan, each Participant shall receive an additional Deemed Payroll Period Allocation equal to the excess, if any, of (i) over (ii), where:
>
> > (i) is an amount equal to the Actuarial Equivalent of the Normal Retirement Benefit the Participant would be required to accrue to comply with the ERISA anti-backloading standards set forth in Sections 204(b)(1)(A) – (b)(1)(C) of ERISA, and
> >
> > (ii) is the Deemed Payroll Period Allocation in fact credited under the Plan, without regard to this Section.

10. Make such other conforming amendments to the Plan as necessary to be consistent with amendment 9.

Count Five – Forfeiture of RBAP Normal Retirement Benefit

11. Amend the Plan to add a new Section 2.15D that reads as follows:

> 2.15D **Additional Deemed Payroll Period Allocation to Avoid Unlawful Forfeiture of Normal Retirement Benefit**. In addition to the Deemed Payroll Period Allocations credited pursuant to any other Section(s) of this Plan, each Participant who has attained Normal Retirement Age under the Plan shall receive an additional Deemed Payroll Period Allocation equal to the excess of (i) over (ii), where:
>
> > (i) is an amount equal to the Actuarial Equivalent of the Normal Retirement Benefit the Participant would have received had he commenced benefit distributions at the end of the immediately preceding payroll period, and
> >
> > (ii) is the Actuarial Equivalent of the Normal Retirement Benefit the Participant would receive if he commenced benefit distributions at the end of the current payroll period.

12. Make such other conforming amendments to the Plan as necessary to be consistent with amendment 11.

Count Six – Discrimination Against Rank-and-File Employees

13. Amend the Plan to add a new Section 2.15E that reads as follows:

    2.15E  Additional Deemed Payroll Period Allocation to Avoid Discrimination Under Code § 401(a)(4). In addition to the Deemed Payroll Period Allocation credited pursuant to any other Section(s) of this Plan, each Participant shall receive an additional Deemed Payroll Period Allocation equal to the excess, if any, of (i) over (ii), where:

    (i)    is the Deemed Payroll Period Allocation the Participant is required to accrue under Section 2.15 during the pay period to comply with Code § 401(a)(4) and the regulations thereunder, including Treasury Regulation § 1.401(a)(4)-1(c)(2), and

    (ii)    is the Deemed Payroll Period Allocation in fact credited under the Plan, without regard to this Section .

14.  Make such other conforming amendments to the Plan as necessary to be consistent with amendment 13.

Count Seven – Interference with Attainment of Pension Rights

15.  [See Amendments 13 and 14]

Count Eight – No Objective Benefit Formula Under the RBAP

16.  Amend the first sentence of Section 2.14(a) of the Plan to read as follows:

    (a) An increase or decrease to a Participant's Deemed Account Balance in accordance with his or her investment experience election from among the following choices:  [Insert a list specifically identifying the investment choices (by name) that were initially available under the Plan as of July 1, 1994.]

17.  Amend Section 2.14(a) of the Plan by adding the following new sentences following the first sentence, as amended, that reads as follows:

    The list of investment choices set forth in the preceding sentence may be amended from time to time pursuant to Plan amendment adopted by the Firm pursuant to Section 15.2 of the Plan.  However, to comply with ERISA, the Code, and Section 15.2(b) of the Plan, in the event any investment choice is removed from the list, the removal of such choice shall be effective only prospectively, so that the investment choice remains available with respect to all benefits accrued under the Plan as of the date the investment choice is removed.  In the event any investment choice is no longer available because the investment no longer exists (*e.g.*, a mutual fund on the list is discontinued by the fund sponsor), such choice shall be replaced with a substantially similar choice identified by an independent fiduciary appointed by the Firm.

18.  Make such other conforming amendments to the Plan as necessary to be consistent with amendment 16-17.

Count Nine – Illegal Cutback Under the RBAP

19.     [See Amendments 16 through 18]

Count Ten – Fiduciary Breaches in Connection with Selection of RBAP Investment Measures

20.     [See Amendments 16 through 19]

Count Eleven – Fiduciary Breaches in Connection with RBAP Plan Investments

21.     [No Plan amendment needed. ERISA and the Plan are sufficiently clear that assets in the Trust should not have been, and in the future should not be, invested in retail-priced mutual offered to Participants pursuant to Section 2.14, when when comparable or superior funds were available for a fraction of the cost. See, e.g., Article 11, and specifically Sections 11.2, 11.8(e), 11.4, and 11.19.]

No Benefit Reductions

In no event shall the Accrued Benefit or the Normal Retirement Benefit of any Participant in the Plan (or any other accrued benefit under the Plan or any other pension plan subject to ERISA) be reduced as a result of the amendments above.

**Illustrative Amendments to the PwC Savings Plan**

The following draft amendments illustrate the form of amendments Plaintiff seeks or may seek, to bring The Savings Plan for Employees and Partners of PricewaterhouseCoopers LLP ("PwC Savings Plan") into compliance with ERISA and the Internal Revenue Code. All of the amendments would be effective as of July 1, 1994. More complete, final proposed amendments will be provided in the relief stage of the litigation.

Count Seven – Discrimination Against Rank-and-File Employees

1.     Amend the second sentence of Section 4.4 (regarding employer matching contributions) to substitute the following for clause (i) of such sentence:

> (i) for any Plan Year during which a Participant participates in the Plan, the Matching Contribution shall be in an amount equal to two hundred percent (200%) of the Participant's Basic Contribution, and

2.     Amend Section 4.5 to add a new clause before the period in paragraph (iv) that reads as follows: ", specifically including Treasury Regulation § 1.401(a)(4)-1(c)(2)."

3.     Amend Section 4.5 to add a new paragraph (vi) to the end thereof that reads as follows:

    (vi) The discrimination tests described in this Section 4.5 shall be applied to this Plan and the Savings Plan for Employees of PricewaterhouseCoopers LLP on an aggregated basis, as though the two plans were a single plan.

4.  Make such other conforming amendments to the Plan as necessary to be consistent with amendments 1 through 3.

Count Seven – Interference with Attainment of Pension Rights

5.  [See Amendments 1-4]

Count Eleven – Fiduciary Breaches in Connection with 401(k) Plan Investments

6.  [No Plan amendment needed. ERISA and both 401(k) Plans are sufficiently clear that assets in the Trust should not have been, and in the future should not be, invested in the retail-priced funds offered to Participants when comparable or superior funds were available for a fraction of the cost.]

No Benefit Reductions

In no event shall the Account Balance or other accrued benefit of any participant in the Plan or The Savings Plan for Employees of PricewaterhouseCoopers LLP be reduced as a result of the amendments above.

**Interrogatory No. 9**

State the basis for your assertion that, if you prevail in the Litigation, "the different amounts participants will be due will be determined pursuant to simple, mechanical calculations" (Class Cert. Mot. & Mem. 29), and specify each component of that "simple mechanical calculation."

**Revised Objections and Response to Interrogatory No. 9**

Plaintiff objects to this Interrogatory as a premature contention interrogatory concerned largely with the issues of merits and relief. Defendants have ample information from the Complaint and other multiple submissions made by Plaintiff from which to understand the relief he seeks for himself and the proposed Class for purposes of responding to his motion for class certification. This interrogatory is also objectionable at least in part because it calls for disclosure of attorney-client and attorney-work product privileged information and/or because it directly or indirectly seeks disclosure from Plaintiffs' experts prior to the commencement of merits discovery and completion of fact discovery.

Subject to the foregoing objections, and based on information currently available to them, Plaintiffs respond as follows:

As set forth in the Revised Objections and Responses to Interrogatory No. 8, benefits should have been calculated and in the future should be calculated according to lawful formulae as described in the draft illustrative amendments. The calculations and their component parts are as described in the Revised Objections and Responses to Interrogatory No. 8. It is a simple, mechanical process for Defendants to substitute the legal for the illegal formulae. It is likewise a simple, mechanical process to re-use the same data points applicable to each individual participant's circumstances that were used to calculate participants' benefits initially to re-calculate those benefits in a lawful manner.

By: _____
Eli Gottesdiener
**Gottesdiener Law Firm, PLLC**
Attorney for Plaintiff and Proposed Class
1025 Connecticut Avenue, N.W.
Suite 1000
Washington, D.C. 20036
Phone:    (202) 243-1000
Fax:       (202) 243-1001
E-mail address: eli@gottesdienerlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on November 22, 2005 I caused the Defendants to be served with a copy of the foregoing Revised Objections and Responses to Defendants' Interrogatories to Plaintiff Concerning Class Certification No. 8 and 9 by causing a copy of same to be served on their counsel, listed below, by first-class mail as follows:

David E. Mendelson
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005-5793
(202) 879-5000 (phone)
(202) 879-5200 (fax)
dmendelson@kirkland.com

Counsel for Defendants PricewaterhouseCoopers LLP, PricewaterhouseCoopers LLP Board of Partners and Principals, the Retirement Benefit Accumulation Plan for Employees of PricewaterhouseCoopers LLP, the Savings Plan for Employees and Partners of PricewaterhouseCoopers LLP, the Savings Plan for Employees of PricewaterhouseCoopers LLP, the Administrative Committee to the Retirement Benefit Accumulation Plan for Employees of PricewaterhouseCoopers LLP, the Administrative Committee to the Savings Plan for Employees and Partners of PricewaterhouseCoopers LLP, the Administrative Committee to the Savings Plan for Employees of PricewaterhouseCoopers LLP, Lawrence H. Anderson, John J. Barry, William L. Bax, Michael J. Boberschmidt, W. Keith Booth, David J. Breen, Willard W. Brittain, Jay Brodish, J. Frank Brown, Philip J. Clements, Ira Cohen, Marsha R. Cohen, Michael S. Collins, Brian L. Cornell, James E. Daley, G. William Dauphinais, Jonathan J. Davies, Sherry T. Davis, Samuel A. DiPiazza, Robert B. Dubner, John R. Dunleavy, J. Christopher Everett, Iris D. Goldfein, Robert H. Herz, Roger C. Hindman, Stephen D. Higgins, Craig M. Jacobsen, Eugene S. Katz, Scott W. Kaufman, Richard P. Kearns, Peter Kelly, Richard R. Kilgust, Wendy L.

Kornreich, James P. Kovacs, Frederic L. Laughlin, D. Leon Leonhardt, Keith D. Levingston, Dennis J. Lubozynski, Ronald T. Maheu, Philip P. Mannino, Anthony F. Martin, James L. McDonald, Donald A. McGovern, James P. McNally, Nicholas G. Moore, Robert C. Morris, Jr., Dennis M. Nally, Eldon Olson, Shaun F. O'Malley, Matthew O'Rourke, Gary Pell, Lawrence F. Portnoy, Louise A. Root, Denis J. Salamone, Robert M. Sarsany, Frank V. Scalia, James J. Schiro, Christine G. Snyder, Garrett L. Stauffer, George G. Strong Jr., Paul J. Sullivan, Robert P. Sullivan, Ann M. Thornburg, Randell S. Vallen, Francis J. Van Kirk, Peggy M. Vaughn, Gary W. Van Wagnen, Gerald M. Ward, Brett D. Yacker, and George J. Yost III.

Patrick James Attridge
KING & ATTRIDGE
39 West Montgomery Avenue
Rockville, MD 20850
(301) 279-0780 (phone)
(301) 279-2988 (fax)

Counsel for Defendants Donald T. Nicolaisen and Walter G. Ricciardi

*Eli Gottesdiener*