IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| GARY WILLIAMS, Individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Civil No.  4:04-CV-0078 SEB-WGH |
| vs. | ) ) ) | |
| ROHM AND HAAS PENSION PLAN, | ) ) | |
| Defendant. | ) | |

**JOINT MEMORANDUM IN SUPPORT OF THE PARTIES
JOINT MOTION FOR CLASS CERTIFICATION**

Come now Plaintiff, by his counsel, and Defendant, by its counsel, and in support of their Joint Motion for Class Certification state:

**I.      INTRODUCTION**

Pursuant to Rule 23, Fed.R.Civ.P., the Court should certify this action as a class action because the prerequisites of Rule 23(a) and the requirements of Rule 23(b)(2) are satisfied. With respect to Rule 23(a), the requirements are met because: 1) the class is comprised of literally thousands of participants in the Rohm & Haas Pension Plan (the "Plan"), and is so numerous that joinder of all class members would be impracticable; 2) the Plan's computation of lump sum benefits is standardized, thus there exist common questions of fact as to each member; 3) each class members' rights will be determined by resort to the same Plan documents and the same provisions of ERISA, thus there exist common questions of law as to each class member; 4) Plaintiff's claims are typical of the claims of the class members in that his lump sum distribution was calculated in the same fashion as the rest of the class, and his rights as well as those of the class are similarly provided for under the Plan document and applicable provisions of ERISA; and 5) Plaintiff is an adequate representative of the class.

With respect to Rule 23(b)(2), the Plan computed the lump sum benefits of the Class members in the same contested manner; therefore, Defendant has acted or refused to act on grounds generally applicable to the Class making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## II.     DISCUSSION

### A.     Factual Background

For purposes of class certification, the parties have stipulated to the following facts:

1. Gary L. Williams ("Plaintiff") is an individual residing in this judicial district and a former employee of Rohm & Haas Corporation ("Rohm & Haas").

2. The Plan is a defined benefit pension plan as defined by the Employee Retirement Income Security Act of 1974 as amended. The Plan is sponsored and administered by Rohm & Haas.

3. During his employment with Rohm & Haas, Williams accrued benefits under the Plan.

4. In 1997, Williams separated employment from Rohm & Haas, and elected to receive his benefits in the form of a lump sum payment.

5. If Plaintiff had elected to receive his benefits in the form of an annuity, the Plan provided that the annuity would annually increase (to a maximum of 3%) relative to the Consumer Price Index (this feature is known as a "cost of living adjustment").

6. Pursuant to the lump sum provisions in the Plan, the calculation of the lump sum payable to Plaintiff did not take into account the value of the cost of living adjustment feature included in the annuity form.

7.     Plaintiff alleges in his Complaint that the Plan's failure to include the value of the cost of living adjustment in his lump sum distribution deprived him of an accrued benefit in violation of ERISA.

8.     The Plan denies that Plaintiff and/or the Class were entitled to have the value of the cost of living adjustment included in their lump sum distributions.

9.     Since the lump sum option has been available, at least 4,000 employees had lump sum distributions calculated in the same manner as Plaintiff's benefits.

10.    Plaintiff has exhausted his administrative remedies.

**B.     Requirements for Class Certification**

To maintain a class action under Rule 23, Fed.R.Civ.P., the prerequisites of Rule 23(a) and one of the requirements of Rule 23(b) must be satisfied. In determining whether to certify a class, the supporting allegations are taken as true and the Court should not delve into the merits of the case. Eisen v. Carlisle and Jacqueline, 417 U.S. 156, 177-78 (1974).

**1.     Rule 23(a)'s Prerequisites Are Met.**

Rule 23(a) provides that one or more members of a class may sue or be sued as representative parties on behalf of all if (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representatives will fairly and adequately protect the interests of the class. These prerequisites to class certification, often referred to as numerosity, commonality, typicality, and adequacy of representation, are met in this action.

*a.     Numerosity*

Defendants have indicated that the class is comprised of nearly 4,000 individuals. Joinder of this many individuals in this action would obviously be impracticable. In cases involving this many individuals, the issue of numerosity ordinarily receives only summary treatment and often goes uncontested. Newberg on Class Actions, §3.05, p. 3-23 (3rd Ed.1992).[*]

*b.     Commonality*

Rule 23(a)(2) requires that there be either questions of law or fact common to the class. Commonality exists where "standardized conduct by Defendants toward members of the proposed class, a common nucleus of operative facts is typically presented, and the commonality requirement is usually met." Rosario v. Livaditis, 963 F.2d 1013, 1018 (7th Cir. 1992). Questions of law and/or fact common to the class include whether Defendants correctly calculated the benefits due to plan participants who elected distribution in a lump sum.

An action brought under ERISA on behalf of a pension plan's participants and challenging a plan's lump sum methodology is particularly well-suited for class certification. Berger v. Xerox Corp. Ret. Income Guarantee Plan, 338 F.2d 755, 763-64 (7th Cir. 2003) (affirming certification of ERISA pension case under Rule 23(b)(2) where method of pension plan's computation of lump sums was challenged). Each purported class member's alleged damages arise out of alleged standardized conduct by Defendant, that being calculation of benefits using what is alleged to be a prohibited methodology. Each purported class member's

---

[*] The parties note that the exact make-up of the purported class will be determined by the statute of limitations applicable to plaintiff's ERISA claim. Because the parties disagree as the applicable statute of limitations to the purported class' claim, the parties do not stipulate or agree as to the accrual date for the class. The parties intend to brief this issue for the Court's determination at a later date.

alleged damages can be computed using roughly the same calculation. Because ERISA dictates the sufficiency and propriety of the Plan's provisions at issue, each purported class member's rights will be determined by resort to the same statutory provisions.

        *c.*      *Typicality*

Rule 23(a)(3) requires that the claims or defenses of the representative parties be typical of the claims or defenses of the class. The question of typicality is closely related to the question of commonality. Rosario, 963 F.2d at 1018. A class representative's claim is typical "if it arises from the same . . . practice or course of conduct that gives rise to the claims of other class members" and if his "claims are based on the same legal theory." Id. (quoting De La Fuente v. Stokely-Van Camp, Inc., 713 F.2d 225, 232 (7th Cir. 1983)).

In this case, Plaintiff and the class members are participants in the Plan who received lump sum distributions which it is alleged were less than ERISA requires. The legal theory advanced by Plaintiff under ERISA applies to the entire class and the harm allegedly suffered by Plaintiff (under-payment of pension benefits) typifies the harms allegedly suffered by members of the proposed class. In sum, Plaintiff's claims are typical of those of the proposed class. See also Newberg on Class Actions, Section 1115(b) at 185 (1st Ed. 1977).

        *d.*      *Adequacy of Representation*

Rule 23(a)(4) requires that the named plaintiff fairly and adequately protect the interests of the members of the class. The adequacy requirement "serves to uncover conflicts of interest between the named parties and the Class they seek to represent." Amchem Products, Inc. v. Windsor, 521 U.S. 591, 595 (1997).

Here, Plaintiff's interests are the same as, and not in conflict with, the other members of the class. He seeks the same relief on his own behalf as he does for the class. Moreover, the parties do not dispute that plaintiff is an adequate representative of the class, as his counsel is uniquely experienced in ERISA pension class action litigation. Accordingly, this requirement is met by Plaintiff and Plaintiff's counsel here.

### 2. Rule 23(b)(2) Is Satisfied.

Rule 23(b)(2) allows maintenance of a class action where the requirements of Rule 23(a) are met and in addition:

> "(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole ..."

In this case, the Defendant has calculated the lump sum payments of each Plan participant using the same methodology. Berger v. Xerox Corp. Ret. Income Guarantee Plan, 338 F.2d 755, 763-64 (7th Cir. 2003) (affirming certification of ERISA pension case under Rule 23(b)(2) where method of pension plan's computation of lump sums was challenged). The Plan denied Plaintiff's claim under the Plan to recalculate his lump sum distribution to include a COLA, and Plaintiff alleges that this determination violates ERISA and/or the Internal Revenue Code. Plaintiff exhausted his administrative remedies in seeking such recalculation and seeks corresponding relief under ERISA Section 502(a).

## III. CONCLUSION

This action meets the requirements of Rule 23 and should be certified by the Court as a class action. Such an order will facilitate prosecution and resolution of the case, protect the

putative class from inconsistent and differing rulings, and promote efficiency in other courts from unnecessary duplicative proceedings in the interest of commonality.

                                          **/s/   Douglas R. Sprong**
Douglas R. Sprong
Steven A. Katz
Korein Tillery, LLC
701 Market, Suite 300
St. Louis, MO 63101
(314) 241-4844
Fax:  (314) 588-7036

T.J. Smith
Law Offices of T.J. Smith, LLC
500 West Jefferson Street
PNC Plaza, Suite 2000
Louisville, KY 40202
(502) 589-2560
Fax: (502) 568-3600

William K. Carr
Law Offices of William K. Carr
2222 E. Tennessee Avenue
Denver, CO 80209
(303) 296-6383
Fax: (303) 296-6652

and

THE ROHM & HAAS PENSION PLAN

Linda M. Doyle
Michael T. Graham
McDermott Will & Emery LLP
227 West Monroe Street
Chicago, IL 60606-5096
(312) 372-2000
(312) 984-3689

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

      I hereby certify that this 13th day of October, 2004, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filings to the following:

Linda M. Doyle
Michael T. Graham
McDermott Will & Emery LLP
227 West Monroe Street
Chicago, IL 60606-5096
(312) 372-2000
(312) 984-3689

Attorneys for Defendant

                              **/s/Douglas R. Sprong**