# GOTTESDIENER LAW FIRM, PLLC

ELI GOTTESDIENER

1025 Connecticut Avenue, N.W., Suite 1000
Washington, D.C. 20036
Phone: (202) 243-1000
Fax:    (202) 243-1001

WRITER'S EMAIL ADDRESS                                          Member, District of Columbia,
eli@gottesdienerlaw.com                                          New York, Maryland and Pennsylvania Bar

December 13, 2005

<u>Via email</u>

Douglas G. Smith
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636

    Re:  <u>Laurent v. PricewaterhouseCoopers LLP, et al.,</u> Civ. No. 05-1291 PLF (D.D.C.)

Dear Doug:

    I write with respect to our class-related discovery requests.

    1.    Defendants' failure to collect and review for relevance documents responsive to <u>our requests and refusal to cooperate in scheduling depositions regarding same</u>.

    In my letter to you dated December 5th I advised you that Plaintiff would wish to learn during our meet-and-confer what kinds of responsive documents have been located with respect to Request for Production Nos. 2, 3, 5, 28 and 40 which Defendants are refusing to honor claiming they are not relevant to class certification. I specifically asked that if no one has pulled documents responsive to those requests after diligent search and specifically reviewed them for relevance, that we promptly schedule a Rule 30(b)(6) deposition of one of more of the Defendants that you represent (*e.g.,* the RBAP, PwC, Ira Cohen) on, among other possible topics, the question of what kinds of responsive documents exist.

    During our call on Wednesday, December 6th you disclosed that indeed no one has looked for documents responsive to Request for Production Nos. 2, 3, 5, 28 and 40 – and indeed no one has looked for documents responsive to any document request to which you are not producing documents based on a relevance objection.

    I informed you that, especially with respect to 2, 3, 5, 28 and 40 that we consider your position to be unreasonable. You asked, and we explained (repeatedly), why those requests and Requests for Admission Nos. 19, 20 and 21 are relevant to class certification in light of

Defendants' Opposition. In response to our explanations, you stated that you remained unconvinced of the need to collect and review *any* documents responsive to requests 2, 3, 5, 28 and 40, or the other production requests you are not honoring on relevance grounds. In reply, I informed you that we believe that simply proves our point that it is unreasonable for you not to even *look at* some of the documents we seek before concluding solely on the basis of our written requests that responsive *and relevant* documents will not be found: in other words, we are limited in the points we can marshal to convince you of relevance when you won't tell us (because you say you don't know) what Defendants have responsive to our requests.

It was for that reason that I said we wished to go forward with depositions promptly to determine what kinds of documents exist responsive to our requests. I explained that a deposition of Defendant Ira Cohen, the Plans' designer, for example, would help us identify the kinds of documents that exist responsive to our Requests and that for more recent documents, we could take the RBAP's deposition or perhaps with Mr. Cohen's assistance, determine which persons in the Firm have the most familiarity with those materials.

As your letter of December 7th confirms, you refuse to cooperate.

2.     <u>IRS Audit of PwC or PwC Plans</u>.

With respect to Document Request No. 2, I explained the heightened relevance of materials responsive to Request No. 2 based on your Opposition if the PwC Plans at issue in this case are being audited, directly or indirectly as part of an audit of PwC, as we have heard. Although you claimed that you would take "under advisement" whether or not you would disclose whether or not the PwC Plans are being audited by the IRS, you have thus far refused to so state in connection with our request for documents responsive to Document Request No. 2. You noted that there was no interrogatory posed with respect to that issue but of course if there is such an audit it would be reflected in documents responsive to Document Request No. 2.

We thus assume that you refuse to admit or deny that the PwC Plans at issue in this case are being audited by the IRS, directly or indirectly as part of an audit of PwC.

3.     <u>Items provided to the IRS available under the FOIA</u>

I asked you as a courtesy without waiving your objections to provide us all documents responsive to Document Request No. 2 that we could obtain if there were sufficient time through the IRS directly via the FOIA. Again, while you said you would take the request under advisement, you also indicated that you would likely not honor that request either on grounds of relevance and we are assuming by your continued silence on this item that you are indeed refusing to produce such materials to us.

4.     <u>Other objections as to relevance</u>.

We are also assuming from our conversation and your failure to produce additional responsive documents that Defendants refuse to modify their stance in any respect as to their withholdings based on relevance as to all other requests they have not answered on that basis.

Sincerely,

Eli Gottesdiener

Cc: Patrick J. Attridge