IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TIMOTHY D. LAURENT<br><br>On behalf of himself and all<br>others similarly situated,<br><br>　　　　　　　　　Plaintiff,<br>v.<br><br>PRICEWATERHOUSECOOPERS LLP, *et al.*,<br><br>　　　　　　　　　Defendants. | Civil Action No. 05-1291 (JR) |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE
SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS ON STATUTE OF LIMITATIONS GROUNDS**

Plaintiff Timothy L. Laurent, through undersigned counsel, respectfully requests leave to file the attached supplemental memorandum (Ex. 1) in support of his opposition to Defendants' motion to dismiss on statute of limitations grounds, currently scheduled for oral argument on Wednesday March 8, 2006 at 2:00 p.m. Defendants oppose Plaintiff's motion. Undersigned counsel called defense counsel on Tuesday, February 28, 2006 to say Plaintiff was considering filing a brief supplement in advance of next week's argument, that Plaintiff would not be opposed if Defendants wished to briefly respond, and to ask Defendants' position. Defense counsel said he would consult with his clients. He responded the following day, Wednesday March 1, 2006, with an email which appears to have been written so it could be attached to this motion, and is attached. Ex. 2. Defendants' position, fairly summarized, is: "Absent newly-decided authority, it is too late to make additional arguments. You had your chance."

It is true that Plaintiff had a chance to refute Defendants' limitations argument, and undersigned counsel apologizes that he left that issue for last (literally and figuratively),

spending too much time in Plaintiff's opposition to the motion to dismiss on the substance of the Complaint and not enough on the limitations issue. Undersigned counsel was initially startled by the Court's February 14th Order, but upon reflection, the Court's reaction is hardly surprising. Plaintiff did not clearly frame for the Court the three separate questions that Defendants' limitation argument raises – two of which neither side addressed – all three of which must be decided in Defendants' favor before the Court can conclude that Mr. Laurent's claims are time-barred.

The point of this filing is not to engage in a new round of briefing, but to put the Court and the defense on notice of what Plaintiff intends to argue next week. Requesting leave to file a short supplement seemed the lesser of two evils. (The alternative was to just show up and hope to have the opportunity to raise new arguments for the first time on the spot).

Plaintiff can see the disruption this request may cause the Court, which surely does not need more reading material. More difficult for Plaintiff to discern is how Defendants are cognizably prejudiced by this proposed filing. The Court has said it is inclined to dismiss this case on statute of limitations grounds. Now, with this filing, Defendants will additionally have in their hands, almost a week in advance, a 9-page blueprint of Plaintiff's expected oral presentation. Plaintiff sees in his proposal advantage, not prejudice, to the defense.

Defendants did not oppose this filing on the ground that they will not have had sufficient time to respond. Plaintiff offered them such time as they may need. If the Court wants to hear further from Defendants – or if they themselves ask for another opportunity to be heard – Plaintiff will not object. So why Defendants are opposed is not clear. It is Plaintiff – and the members of the proposed Class – who may be prejudiced if Defendants are permitted to stand in the way of counsel briefly summarizing for the Court what he acknowledges should have been

contained or more clearly expressed in his earlier filing. If Plaintiff's contentions lack merit, reducing them to writing is not going to help him a bit. By contrast, even winning arguments might get buried if raised without notice at oral argument, particularly at a hearing that will be the first time the parties will have appeared before the Court in this matter. Although that may be in Defendants' interest, it would not be in the interest of justice. Fed. R. Civ. P. 1.

The Court has noted its concern about the potential effect that a ruling adverse to Mr. Laurent might have on absent proposed Class members. Doc. 49 at 1. That concern is well founded. But the matters raised in this litigation also are matters of national importance, as news articles about this case that Defendants introduced into the record make clear. Ex. 3 (*Wall Street Journal* and *Pensions & Investments* articles, as filed by Defendants in Doc. 43). Indeed, so troubled are federal pension regulators by the broader implications of PwC's alleged behavior that, on information and belief, this lawsuit has triggered **an IRS audit** of PwC and the RBAP – something which Defendants, thus far, refuse to admit or deny.[1] *See also* Ex. 6 (cartoon, introduced into the record via Doc. 43 by Defendants, that ran in *Pensions & Investments*, depicting IRS and Department of Labor officials reading an article about this lawsuit; the IRS official says to the stunned, disbelieving Labor Department official: "Of course, our concern isn't **only** 'Did they do it?' – But with our guidelines, '**How** could they do it?'") (emphasis in the original).

This would seem to be the kind of case that the law prefers be decided on the merits – which is not to say statutes of limitations do not serve important, even vital purposes in our law. But here, Defendants' limitations defense is a true technicality: Defendants had actual notice of Plaintiff's claims and indeed were engaged in full-scale litigation of them a full 8 months before

---

[1] Ex. 4 at 17 (transcript of December 2005 status hearing before Judge Friedman); Ex. 5 (discovery letter to defense counsel memorializing meet-and-confer; noting that Defendants refuse to confirm or deny that PwC and the Plans are being audited by the IRS).

3

the date Defendants now claim the statute of limitations expired.  Especially given that, granting Plaintiff leave to file a short supplement, to set the stage for next week's argument, hardly seems unfair.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the instant motion be granted.  A proposed Order is attached.


Dated:  March 2, 2006                             Respectfully submitted,



      /s/Eli Gottesdiener
Eli Gottesdiener

**GOTTESDIENER LAW FIRM, PLLC**
1025 Connecticut Avenue, N.W.
Suite 1000
Washington, D.C.  20036
Phone:        (202) 243-1000
Fax:           (202) 243-1001

Attorney for Plaintiff and the proposed Class