```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLUMBIA

TIMOTHY D. LAURENT,              . Docket No. CV 05-1291 (PLF)
                                 .
     Plaintiff,                  .
                                 . Washington, D.C.
     v.                          . December 15, 2005
                                 . 9:30 a.m.
PRICEWATERHOUSECOOPERS, LLP, et al.
                                 .
     Defendants.                 .
 . . . . . . . . . . . . . . . . .

             TRANSCRIPT OF STATUS CONFERENCE
           BEFORE THE HONORABLE PAUL L. FRIEDMAN
                UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Plaintiff:       By: Eli Gottesdiener, Esquire
                         1025 Connecticut Avenue, NW
                         Suite 1100
                         Washington, D.C. 20036
                         202.243.1000

For the Defendant        Kirkland & Ellis, LLP
Pricewaterhousecoopers:  By: Robert J. Kopecky, Esquire
                             Douglas G. Smith, Esquire
                         200 East Randolph Drive
                         Chicago, Illinois 60601
                         312.861.2000

For the Defendants       King and Attridge
Nicolaison and           By:  Patrick J. Attridge, Esquire
Ricciardi:               39 West Montgomery Avenue
                         Rockville, Maryland 20850
                         301.279.0780

Court Reporter:          LINDA L. RUSSO, RPR
                         Official Court Reporter
                         Room 6808, U.S. Courthouse
                         Washington, D.C. 20001
                         (202) 408-5222


Proceedings reported by machine shorthand, transcript produced
by computer-aided transcription
```

Linda L. Russo, RPR
Official Court Reporter

0947a29a-917d-4f42-9145-decf37b5a485

1                    P R O C E E D I N G S
2            THE CLERK:  Civil action 05-1291, Timothy Laurent
3  versus Pricewaterhousecoopers, LLC, et al.  Mr. Gottesdiener
4  for the plaintiff.  Mr. Kopecky and Mr. Smith for the
5  defendant.
6            THE COURT:  Good morning.
7            MR. GOTTESDIENER:  Good morning, Your Honor.  Eli
8  Gottesdiener with Mr. Laurent for the plaintiff.
9            MR. KOPECKY:  Good morning, Your Honor.  Robert
10 Kopecky for Pricewaterhousecoopers, and all of the defendants
11 except for Messers Nicolaisen and Ricciardi.  And my colleague
12 Douglas Smith is with me.
13           MR. ATTRIDGE:  Good morning, Your Honor.  I'm Patrick
14 Attridge.  I'm here on behalf of the other two defendants,
15 Nicolaison and Ricciardi.
16           THE COURT:  How do they spell their names?
17           MR. ATTRIDGE:  N-i-c-o-l-a-i-s-o-n.  And Ricciardi is
18 R-i-c-c-i-a-r-d-i, I think.  Yes, that's correct.
19           THE COURT:  I'm looking at this, and the 16.3 report
20 that you all filed was not a typical sort of straightforward
21 one.  There's a lot going on here, and I think I've sort of
22 figured it out, but at first I was thinking perhaps the motions
23 with respect to the individual defendants could be decided and
24 get them out of the case if they're going to be out of the
25 case, or some of them if they're going to be out.  But it looks

1  like in reading the motion to the opposition, while there are
2  certain arguments that are made with respect to the
3  individuals, one also has to look at all the other arguments
4  that are made in the big motion, and there are a lot of them.
5  There are 11 counts.
6          Then the summary judgment motion deals with four
7  counts, and I suppose one of the questions I would ask
8  plaintiff's counsel is whether or not the summary judgment
9  motion on those four counts is ripe, or whether or not some of
10 the discovery that you want to take is going to relate to
11 issues on those four counts, or is that ready to be decided?
12         MR. GOTTESDIENER:  It is ready to be decided, Your
13 Honor.  The legal question as to what normal retirement age is
14 under the plan, if it's resolved one way or another would move
15 the case forward.  We don't need discovery on that question.
16         THE COURT:  With respect to class certification, does
17 it matter whether class certification is resolved before or
18 after the other pending motions?
19         MR. GOTTESDIENER:  Our position, Your Honor, we have
20 gone back and forth with this in this Court and the Southern
21 District of Illinois, at this point, Your Honor it's fully
22 briefed.
23         THE COURT:  The class certification is?
24         MR. GOTTESDIENER:  Yes, Your Honor.  We basically
25 would ask the Court to do whatever it finds most convenient and

1   useful to the Court.  We're amenable to the defendants' primary
2   suggestion, which is the Court just decide its motion to
3   dismiss.  We're amenable to the Court deciding the motion to
4   dismiss and the summary judgment motion all before class, or
5   doing it the other way around, deciding class first.  It
6   doesn't -- to us it doesn't matter, and legally our position is
7   the plan has to treat everybody the same anyway, so we think
8   class certification in a way is kind of a formality.
9           So we did go ahead and tell the Court and provide
10  authorities and arguments that summary judgment can be reached
11  now and should be reached, particularly since they have cross
12  moved in effect for dismissal.  They seek dismissal, Your
13  Honor, on the ground that they can state retirement as being
14  five years of work.  And we say in response, no, you can't.
15          And they moved for dismissal, for example, on Count
16  One.  That's their only defense.  They don't have another
17  defense.  Their defense is they don't have to do what three
18  Federal Court of Appeals say they have to do, which is project
19  out to age 65, because they can say that retirement is five
20  years of work.  And we say you can't do that.  And so it's in
21  effect a cross motion.
22          THE COURT:  My question was, what should I decide
23  first, class certification or the motions to dismiss?
24          MR. KOPECKY:  Your Honor, it's our position that the
25  motion to dismiss should be decided first, and then if there's

1  anything left of the case, we don't believe there will be but
2  if there is, then the Court should proceed to consider class
3  certification.  We believe --
4            THE COURT:  Why don't you come up to the microphone
5  so she can hear you.
6            MR. KOPECKY:  We have opposed class certification.
7  We don't believe a class is appropriate here, but we don't
8  think we ever need to get to that issue because we believe the
9  case should be dismissed.  We are not asking the Court to
10 dismiss notwithstanding three contrary Court of Appeals
11 decisions.  We don't agree with Mr. Gottesdiener on that point.
12 We do believe the case is subject to dismissal for a variety of
13 reasons, all which are set forth in our brief, and we believe
14 that ought to be the first order of business.
15           THE COURT:  What would you both say if I told you
16 it's unlikely I'll be able to get to any of those motions in
17 calendar year 2006?
18           MR. KOPECKY:  I would say that's unfortunate, but I
19 realize the realities of the Court's docket.  Mr. Gottesdiener
20 has taken the position repeatedly that these are purely
21 questions of law, that there are no disputed issues of fact.
22           THE COURT:  But he still wants to go ahead with
23 discovery?
24           MR. KOPECKY:  Right.  I think the discovery he's
25 asked for would be exceptionally burdensome.  We have 84

1  defendants in this case, at least 40 of whom are retired
2  partners of Pricewaterhousecoopers, or partners who have gone
3  on to other jobs.
4          THE COURT:  One of the reasons I asked about the
5  individual defendants to begin with is, if the arguments with
6  respect to them were sufficiently distinct from the larger
7  issues, and I've done this in other cases, lets get them out of
8  the case first if they don't belong in this case.  But it
9  sounds like in this case it's going to be hard to carve them
10 off in that fashion.  I suppose it's conceivable with respect
11 to certain counts or certain claims, but one really has to deal
12 with all the defendants at once, I think, if I'm reading both
13 sides papers correctly.
14         MR. KOPECKY:  I think that's right, Your Honor.  I do
15 believe this is largely a case about questions of law, so I
16 think deferring discovery -- I'm not sure discovery is ever
17 going to be necessary in this case.  So we would respectfully
18 ask that the Court defer merits discovery until a ruling on the
19 motion to dismiss, whenever that may be.
20         THE COURT:  I'll ask you, and I'll ask plaintiffs,
21 there was a Motion to Compel filed and an opposition filed?
22         MR. KOPECKY:  It's moot, Your Honor.
23         THE COURT:  That's what I thought.  I just wanted to
24 be sure that I was reading all of that properly.  Do you agree
25 that's moot?

     Linda L. Russo, RPR
     Official Court Reporter

1        MR. GOTTESDIENER:  I do, Your Honor.

2        THE COURT:  What do you want to say about discovery?

3        MR. GOTTESDIENER:  I did want to apologize for going
4   on.  My point was at this point we don't -- and now the Court
5   said with respect to its schedule that it's going to have a
6   hard time getting to decisions any time soon, it's all the same
7   to us.  We think the Court has wide discretion whether it deals
8   with class certification first.  Obviously, that's a
9   traditional thing, but I was explaining to the Court that there
10  were at least three modalities the Court could elect, and at
11  this point we are confident that we're not going to get
12  dismissed, we are confident that class certification is a no
13  brainer here.  So I'm just telling the Court that.

14       With respect to discovery, a completely diametrically
15  opposed view, obviously.  Their internal memoranda that
16  Pricewaterhousecoopers has, they have also documents that they
17  have exchanged with the I.R.S. about all of these issues, and
18  while there are pure questions of law here, that doesn't mean
19  that those documents are not very, very relevant.  And we have
20  only acquiesced in doing the bifurcation of class and merits
21  discovery, and as predicted in the joint report, we got
22  nothing.  We got absolutely nothing.  They say nothing is
23  relevant to class certification.  And, Your Honor again, we
24  could go ahead and have the Court decide it without filing
25  motions to compel for things that are clearly relevant to class

1  certification, given what they have said in their opposition.
2         THE COURT:  Wait a minute.  Both of you just told me
3  that the class certification motion is ripe and you don't need
4  anything else, I thought.
5         MR. GOTTESDIENER:  Yes, I was making the point that
6  he's saying don't go ahead with merits discovery.  I just
7  wanted to let the Court know that we didn't really get any
8  class discovery.  We got some plan documents.  But other things
9  that are relevant, it's because they drew a line in the sand
10 and we didn't file a Motion to Compel, because while it's
11 relevant, class can be decided without us getting that
12 discovery.
13        So I don't want to talk out of both sides of my
14 mouth.  There are questions of law as to substance, and class
15 certification is what it is.  We could use all of that
16 material, we think very effectively, both for substance and for
17 class, but we don't need it.  The case is submitted at this
18 point to our way of thinking.
19        If the Court wants to do what the defendants want,
20 the only thing I would ask which is just look at their motion
21 to dismiss and not look at my summary judgment motion, is just
22 that retirement age issue, the only issue I raise in the
23 summary judgment.  I don't brief it fully in the context of the
24 opposition.
25        THE COURT:  I don't have a problem.

1    MR. GOTTESDIENER: And that's it. So the Court could
2  decide everything at once, which might be the best thing for
3  the Court to do because the issues are involved, or it could
4  take their approach or could take what we initially asked,
5  which is, they moved to dismiss and they said they don't need
6  res judicata for class. We said, fine, you want to throw Mr.
7  Laurent out of court, he wants a judgment. So we responded
8  with a motion for summary judgment. Subsequently, before we
9  came before the Court, we briefed and finished briefing class
10 now. So that's kind of moot what goes first.
11   THE COURT: Okay, it doesn't matter to you what goes
12 first. You think class should go second, he says it sort of
13 doesn't matter.
14   MR. KOPECKY: I do, but I don't think it's critical.
15   THE COURT: What makes sense, and Mr. Attridge is
16 going to add his footnote.
17   MR. ATTRIDGE: I kind of look at this from the
18 perspective of the individual defendants, even though I only
19 represent two. There's about 70 plus individual defendants,
20 and they are -- actually, there's several types. Some are
21 just, my two clients were simply members of the board of
22 management of this firm. Some of the defendants actually
23 served in a capacity with respect to the retirement plan,
24 administrators, trustees, what have you. And there's really,
25 in my mind, you really got to go pretty far to say that someone

1  who's simply on the board of management has some responsibility
2  for whatever these allegations are, and I really don't want to
3  see --
4         THE COURT:  I know I didn't like to get sued when I
5  was a partner in a law firm for something I didn't know
6  anything about.
7         MR. ATTRIDGE:  Much less a pension plan that somebody
8  else put together and is running.  That's really the position
9  my clients are in.  We really don't want to get involved in
10 class issues if we can get the dispositive motions heard first.
11 And for several reasons.  Then you get into the class and
12 you've got 70 plus defendants, you have this whole overlap of
13 period.  Some defendants were on a board from say '95 to '97,
14 another defendant from '99 to 2001.  Then we have to match
15 these up with not only Mr. Laurent but other potential
16 participants in this plan, and I'm just not familiar with any
17 class action that's involved 70 plus individual defendants
18 because of the overlap and the confusion that you're going to
19 have.  So I'd rather not go there if my clients can get out
20 initially on a motion to dismiss.  We'd be much happier.
21        THE COURT:  Again, it seems like, am I wrong that
22 unless I were to grant the motion to dismiss with respect to
23 all 11 counts, we'd still be in the posture of dealing with
24 whether it should be a class action with the same sort of
25 problems that you're raising now, or does it depend which

1  counts go and which counts stay?

2          MR. ATTRIDGE: In terms of what's on file, I think
3  you're right, ours do go to the substance of their claim.

4          THE COURT: My point is, the concerns that you raise,
5  let's suppose that the defendants are right on seven of the
6  eleven counts, that they ought to be dismissed, but the other
7  four stay, we're still going to be back discussing the same
8  concerns you raise today, I assume.

9          MR. ATTRIDGE: I think most of our arguments, either
10 they're all going to work or they're not going to work. There
11 could be a little bit of something goes anyway, but the core
12 substance, I think, is going to apply across the board.

13         One other point that has come to mind. There has not
14 been a briefing on this as I just mentioned. Some of the
15 defendants are in a different posture than other individual
16 defendants, people who are simply members of the board. And it
17 may be possible we could tee up a separate dispositive motion.
18 It wouldn't really be a motion to dismiss, but if the Court's
19 thinking that this might take months, if not a year, just to
20 deal with this.

21         THE COURT: I'm not promising anybody that I'm not
22 going to get to it in 2006, but I did want you to understand
23 that I'm very backed up with a number of things that have to
24 take priority, including still trying to get an opinion out
25 from a patent trial I had that took most of the summer, and a

1  four to six month criminal trial that's going to start maybe in
2  March or April.  So, obviously, I don't want to postpone
3  deciding these motions for a year, but if putting on the table
4  the fact that it might not be happening real soon in any way
5  affects the strategy of either side, or the requests that
6  either side wants to make of me, other than please decide the
7  motions, that's why I put it out there for consideration.
8        Now, again, if there are issues that are specific to
9  the 70 individuals, or to some significant subset of the 70
10 individuals, that you and -- I mean, if it's just your two
11 guys, but probably it isn't.  Your two guys are probably in the
12 same boat as some other people.  I just don't know if it works
13 or not.  I assume that if it worked, the motion that was filed
14 on the individuals would not have said -- plus which we have to
15 incorporate by reference everything that's said in the big
16 motion.  When I read it, I thought if it were otherwise it
17 would have said, or in the alternative we incorporate by
18 reference, rather than we must include all these other
19 arguments.  Now, you might want to look at it.
20        MR. ATTRIDGE:  I will let Mr. Kopecky address it.
21        THE COURT:  You understand my point.  If the
22 individuals were truly separate and could get out on their own,
23 your motion to dismiss would have been written a little
24 differently.
25        MR. KOPECKY:  Yeah.  It may have just been unartful

Linda L. Russo, RPR
Official Court Reporter

0947a29a-917d-4f42-9145-decf37b5a485

1  phrasing, but I believe the thrust of the motion we filed on
2  behalf of the individuals, it was a very limited argument that
3  we made, I believe, which was that the former partners, the
4  people who have left the firm, that there is no relief that can
5  be awarded against them, and they should be dismissed, in
6  addition to all the reasons why the complaint doesn't state a
7  cause of action.  But I believe that that alone would be enough
8  reason to dismiss the roughly 40 former partners.
9          THE COURT:  Does that include Mr. Attridge's clients?
10         MR. KOPECKY:  It does, Your Honor.  So it was an
11 additional reason, but only if you grant the motion on all
12 these other grounds, I believe it stood on its own.  We didn't
13 identify who the 40 were.  What we said was, if the Court ruled
14 as a matter of law that former partners were not amenable to
15 suit, we would then simply submit affidavits along with a
16 motion for summary judgment identifying who the formers were
17 and providing evidence to the Court that they were indeed
18 former partners and no longer affiliated with the firm.  So
19 that was the basis of that motion.
20         And I know Mr. Gottesdiener is going to want to say
21 something else, but while I'm up here if I could just address
22 two things briefly?
23         THE COURT:  Sure.
24         MR. KOPECKY:  The class issue, we don't feel terribly
25 strongly about the order on that.  I do disagree with one thing

Linda L. Russo, RPR
Official Court Reporter

1  Mr. Gottesdiener said.  It is not a trivial motion.  We have a
2  substantial opposition to the motion, and just in terms of the
3  Court's workload, since I believe it is ultimately going to be
4  unnecessary to reach the class certification motion, it seems
5  like you don't need to.
6         THE COURT:  That was my reaction to it.  If you're
7  right on the motion to dismiss, then we never have to reach the
8  class.  If you're partly right or wrong, then we're going to
9  have to reach the class motion.
10        MR. KOPECKY:  The second thing I want to address
11 briefly is the point about discovery.  This is one where we do
12 feel strongly discovery will be burdensome.  We think it is
13 completely unnecessary.  Mr. Gottesdiener has said in his class
14 motion repeatedly that the issue of liability can be decided as
15 a matter of law.  Liability depends on whether the plan's terms
16 violate statutory norms, and whether the plan's fiduciaries
17 breached their duties.  No issue of liability turns in whole or
18 in part on the specific circumstances of any particular
19 employees.  The claims are legal, and there are few, if any,
20 facts genuinely in dispute.
21        So the discovery here, Your Honor, will be burdensome
22 even if just limited to PWC.  The class period is 11 years, PWC
23 is the result of a merger of Coopers and Librandt and
24 Waterhouse.  The firm has moved about five or six times during
25 that 11 year period.  We have inquired about what it's going to

Linda L. Russo, RPR
Official Court Reporter

1   take to gather the documents, and the job is enormous.  So we
2   believe that's a burden we shouldn't be put to when we have a
3   case dispositive motion.  Thank you.
4             MR. GOTTESDIENER:  I'm not pressing the Court to give
5   me discovery.  I just want to correct a very bad misimpression.
6             We're talking about a couple of red wells of smoking
7   gun memos.  Ira Cohen wrote this plan in 1994, knew it was
8   illegal.  There's a lot of documentation, Your Honor, that we
9   can use as admissions.  The fact that he can quote from my
10  papers, he's absolutely right.  And I'll repeat, these are
11  questions of law, and most of the counts, Your Honor, don't
12  deal with the 70 partners.  They're really actions against the
13  plans, which are calculating benefits unlawfully.  But the fact
14  is, the notion that discovery would be burdensome is silly.
15            They have a file drawer, they wrote the plan, they
16  tried to sell this plan to other clients.  Nobody else would
17  buy it because he's so controversial except for one other
18  client.  It's easy to give that discovery.  The fact that the
19  Court hasn't rolled up its sleeves yet and got into the
20  substance, I'm not going to press the Court on that.  And I
21  would say to Your Honor that I think what Mr. Kopecky said
22  might be a good idea is, don't reach class, because if the
23  Court looks at the 11 counts and decides their motion to
24  dismiss and decides my cross motion, in effect a cross motion
25  on four of the counts, that will then make class much clearer.

Linda L. Russo, RPR
Official Court Reporter

1  The contours of the case will be much clearer as well.  So if
2  the Court does have limited resources, it might make sense just
3  to deal with the cross motions first.
4          THE COURT:  Why don't you fashion a very limited
5  discovery request asking for the two red wells of smoking gun
6  documents.
7          MR. GOTTESDIENER:  Well, I already tried to get from
8  them documents that I can't get from the I.R.S.  It takes three
9  years to get anything from the I.R.S.  They won't even give me
10 that.
11         MR. KOPECKY:  Your Honor, Mr. Gottesdiener says the
12 discovery isn't burdensome.  He's already served 24 requests to
13 admit, 17 Interrogatories, and 40 document requests, and he has
14 asked that every one of the 84 defendants respond to those.  It
15 is burdensome.  He didn't say only PWC should respond.
16         MR. GOTTESDIENER:  I don't need them to respond.
17         MR. KOPECKY:  That's good to know.  I wish he told me
18 that sooner.
19         MR. GOTTESDIENER:  It's a nonissue, Your Honor.
20         MR. KOPECKY:  We did serve objections and responses
21 to all of these requests.  Your Honor, there are no smoking
22 guns.  The question is one of law.  Did we violate ERISA or
23 didn't we?  It's a matter of statutory construction, as statute
24 has been interpreted by the I.R.S.  We believe it's a clear
25 legal issue as to the legality of the plan.

     Linda L. Russo, RPR
    Official Court Reporter

1        THE COURT: I take it this is -- I think I clearly
2   know the answer to this question but I'd like to have you
3   answer it on the record. If discovery is stayed, the fact that
4   there are discovery requests that have been made, the client
5   understands that anything potentially responsive has to be
6   retained, regardless of any normal retention or destruction
7   policy.
8        MR. KOPECKY: Absolutely. That order was put in
9   place when the lawsuit was filed. Absolutely, Your Honor.
10       MR. GOTTESDIENER: There is one question, Your Honor,
11  that we ask them to answer. We've heard very reliable rumors
12  that because of our lawsuit the I.R.S. has opened up an audit,
13  the first audit of Pricewaterhouse in 80 years. And it's
14  auditing the plans. They will not even answer us whether or
15  not there is such an audit. If they were audited, the same
16  thing happened to Bank of America, they're producing documents
17  and memos, legal memos, to the I.R.S. explaining their legal
18  position, and we think that that's the kind of thing that
19  should be answered.
20       THE COURT: What I'm going to do is, I'm going to
21  enter an order staying all discovery in the case, with the
22  caveat that if the plaintiff, for whatever reason, and keeping
23  in mind that I may not get to these motions as quickly as any
24  of us would like, if for any reason there are narrowly tailored
25  requests that the plaintiff thinks they need for some reason,

     Linda L. Russo, RPR
     Official Court Reporter

1  that they can file a very brief motion with me saying we'd like
2  an exception to your stay order, and we'd like you to direct
3  them to produce the following.  They can file that kind of a
4  motion.  It's the sort of thing you could do by letter, but
5  since I'm going to put a stay order in place I think you're
6  going to have to come back to me if you think you need things
7  while we're waiting.  And try to make the filings brief and
8  clear and narrow.
9          And then you respond, and try to respond by not being
10 too litigious.  Don't just say, well, he doesn't need it now,
11 maybe later, but if it's truly burdensome -- I don't want to
12 get in the middle of the discovery disputes, but I'm trying to
13 preserve his right to seek narrow things.  You say his requests
14 have been very broad, he says I don't need it all now anyway.
15 I'm going to put a stay in place.  He can come in and seek
16 limited exceptions to that stay as we go forward.  And I will
17 think about when and how -- all of these motions are now ripe
18 or will be by next week.  So I'm going to try to think of when
19 and how I can try to resolve these sooner than I'm concerned
20 that I might be able to.
21         And I'm not going to set any new dates for anything
22 unless you come to me jointly or separately and say something's
23 happened, we need to come to court, or you really want to
24 rattle my cage a little bit, or something.  I understand the
25 importance of trying to get this done, but I also have to be

Linda L. Russo, RPR
Official Court Reporter

1  realistic about what I know I'm facing in the next six to eight
2  months.
3           Anything else we should talk about?
4           MR. GOTTESDIENER:  No.
5           MR. KOPECKY:  No, Your Honor.
6           MR. GOTTESDIENER:  The only last thing I would say,
7  the one thing that I didn't push, Your Honor, is maybe the
8  easiest thing the Court could take up first would be our motion
9  and their motion to dismiss to the extent of those four counts.
10 That one pure legal question, can they write whatever they want
11 into their plan as a retirement age.  We think that that could
12 be -- it would decide a lot of the case, and it would not
13 necessarily require the Court to get into 11 counts.  It just
14 deals with a few counts.  The Court wouldn't even have to reach
15 class certification.  Upon reflection, I think that's the
16 easiest way for the Court to get some things decided in the
17 case.  Thank you.
18          THE COURT:  Thank you.  I'll think about that.  Okay,
19 thanks a lot.
20          (Proceedings concluded.)
21
22
23
24
25

          Linda L. Russo, RPR
        Official Court Reporter

1                        CERTIFICATE

2         I, LINDA L. RUSSO, Official Court Reporter, certify

3    that the foregoing pages are a correct transcript from the

4    record of proceedings in the above-entitled matter.

5

6

7                                    _____
                                     Linda L. Russo, RPR
8                                    Virginia CCR No: 0313102

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

        Linda L. Russo, RPR
      Official Court Reporter

0947a29a-917d-4f42-9145-decf37b5a485