UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TIMOTHY D. LAURENT, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>PRICEWATERHOUSECOOPERS LLP, et al., )<br>)<br>Defendants. )<br>) | Civil Action No. 05-1291 (PLF)<br><br>Judge Paul L. Friedman |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S
## MOTION FOR LEAVE TO FILE SUPPLEMENTAL MEMORANDUM

The purpose of briefing on a motion is to bring to the Court's attention any arguments and authorities each party believes the Court should consider with respect to the grounds raised and relief sought by the motion. Here, defendants moved to dismiss plaintiff's Complaint on July 29, 2005. Defendants raised the statute of limitations defense as the first point in their motion to dismiss, and plaintiff has filed two separate briefs in response to defendants' motion addressing this issue.[1] That motion was fully briefed in September 2005, and plaintiff concedes he had a full opportunity to make his arguments in opposition. (Pl. Mot. 1)

Now, five months later and on the eve of oral argument, plaintiff seeks leave to file a third brief, rearguing one point addressed in both of his prior briefs (when his ERISA claims accrued for purposes of the statute of limitations) and making two entirely new arguments

---

[1] This is not the first time plaintiff has decided he did not adequately address the statute of limitations. After defendants filed their reply brief in support of their motion to dismiss, plaintiff filed a reply in support of his motion for partial summary judgment. (Doc. 34) Even though that motion did not involve the statute of limitations, plaintiff spent five pages making a surreply argument on this issue, elaborating the points in his original opposition to defendants' motion.

never raised in either of his prior briefs (choice of law and fraudulent concealment). Plaintiffs' only explanation for his delay in raising these arguments is that he did not take the statute of limitations issue seriously until the Court's February 14, 2006 Order setting this motion for argument. (Pl. Mot. 1-2) Plaintiff does not assert that any relevant new information has come to his attention; indeed, the "Background" section of his brief is based entirely on the allegations of his Complaint filed eight months ago.

Defendants respectfully submit there is no basis for permitting plaintiff to file this additional brief. With respect to the accrual issue, which plaintiff has addressed in two prior briefs, plaintiff offers no rationale for why he should be allowed to file a *third* brief on this point. As for plaintiff's two new arguments, the process of orderly presentation of motions is substantially undermined if a party can wait to see how a court is leaning and then go back to the drawing board to dredge up new arguments. That is precisely what plaintiff has done here.

Nor is there any basis for plaintiff's assertion that this Court should be reluctant to dismiss his complaint because federal regulators were "so troubled" by this lawsuit that it "triggered an IRS audit of PwC." (Pl. Mot. 3) The only support plaintiff cites for this assertion is (1) his own unsubstantiated statement to this effect made to Judge Friedman, and (2) an editorial *cartoon* portraying an imaginary conversation between two fictional government employees that plaintiff's counsel posted on his web site. Plaintiff's unsupported speculation is unrelated to whether his claim is time-barred and provides no reason to disregard the courts' repeated statements that "strict adherence to limitation periods 'is the best guarantee of evenhanded administration of the law.'" *Carey v. Int'l Bhd. of Elec. Workers Local 363 Pension*, 201 F.3d 44, 47 (2d Cir. 1999) (affirming dismissal of ERISA claim); *Union Pacific R.R. v. Beckham*, 138 F.3d 325, 330 (8th Cir. 1998) (same).

While defendants believe plaintiff's motion should be denied, if the Court is inclined to permit plaintiff to file this new brief and raise these new arguments, defendants respectfully request that they be given a reasonable opportunity to provide a fully-considered response in writing. Accordingly, defendants request 14 days to file a response to plaintiff's supplemental brief if the Court decides to grant plaintiff's motion and entertain additional briefing on the statute of limitations.[2] Defendants also request that, if plaintiff's motion is granted, the Court make clear that plaintiff may not file any further briefs on this issue.

Dated: March 6, 2006                    Respectfully submitted,

    s/ David E. Mendelson
David E. Mendelson (471863)
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005-5793
(202) 879-5000 (phone)
(202) 879-5200 (fax)
dmendelson@kirkland.com

Robert J. Kopecky
Douglas G. Smith
Lauren O. Casazza
Jason W. Callen
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL 60601
(312) 861-2000 (phone)
(312) 861-2200 (fax)

*Counsel for defendants*

---

[2] Plaintiff's motion states he does not object to defendants having "such time as they may need" to respond. (Pl. Mot. 2)