IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TIMOTHY D. LAURENT

    On behalf of himself and all
    others similarly situated,

                      Plaintiff,

v.

PRICEWATERHOUSECOOPERS LLP, *et al.*,

                      Defendants.

Civil Action No.  05-1291 (JR)

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION
TO PLAINTIFF'S MOTION FOR LEAVE TO FILE
SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS ON STATUTE OF LIMITATIONS GROUNDS**

When this Court set this matter down for argument it presumably wanted to hear something other than what was already contained in the parties' briefs. Rather than take the Court or the defense by surprise by the points he expects to make, Plaintiff asked for leave to file a 9-page memorandum where he had previously tried to address the issues presented by Defendants' motion in just 2 pages.[1]

Defendants' suggestion that Plaintiff is somehow "out of order" by asking for a brief additional opportunity to be heard in writing before oral argument conveniently overlooks that it is Defendants who elected to proceed in unorthodox fashion here:

> There is an inherent problem in using a motion to dismiss for purposes of raising a statute of limitations defense. Although it is true that a complaint sometimes discloses such defects on its face, it is more likely that the plaintiff can raise factual setoffs to such an affirmative defense. The filing of an answer, raising the statute of limitations, allows both parties to make a record adequate to measure the applicability of such a defense, to the

---

[1] Contrary to Defendants' implication, there is no reason to think based on the Court's Order that the Court would have had any occasion to read what Plaintiff said on this topic in his reply brief in support of his motion for partial summary judgment.

benefit of both the trial court and any reviewing tribunal. We do not hold that the use of a motion to dismiss is always improper to raise a statute of limitations defense, but we do suggest that a responding party often imposes an undue burden on the trial court and impedes the orderly administration of the lawsuit when he relies on a motion to dismiss to raise such an affirmative defense.

*Richards v. Mileski,* 662 F.2d 65, 73 (D.C. Cir. 1981).

Plaintiff respectfully submits that the Court should convene the parties for argument as scheduled and permit the filing of such briefs as it deems appropriate after hearing from them.

Dated:  March 6, 2006                         Respectfully submitted,


      /s/Eli Gottesdiener
Eli Gottesdiener

**GOTTESDIENER LAW FIRM, PLLC**
1025 Connecticut Avenue, N.W.
Suite 1000
Washington, D.C.  20036
Phone:         (202) 243-1000
Fax:             (202) 243-1001

Attorney for Plaintiff and the proposed Class