IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TIMOTHY D. LAURENT**<br><br>  On behalf of himself and all<br>  others similarly situated,<br><br>                           Plaintiff,<br>        v.<br><br>**PRICEWATERHOUSECOOPERS LLP**, *et al.*,<br><br>                           Defendants. | Civil Action No.  05-1291 (JR) |

## MOTION TO RECONSIDER ORDER OF MARCH 16, 2006

Mr. Laurent, through undersigned counsel, respectfully moves for reconsideration of the Court's Order of March 16, 2006.  While Mr. Laurent and undersigned counsel have no opposition to responding to the Court's questions, they respectfully submit that they should be relieved of any obligation to do so in the setting of this case (which would entail, among other things, disclosure to Defendants and the general public) because this action was dismissed, effective March 14, 2006, upon Mr. Laurent's filing of a properly drawn notice of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1).

Rule 41(a)(1) provides that "an action may be dismissed by the plaintiff without order of court . . . by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs."  Fed. R. Civ. P. 41(a)(1). Dismissal is achieved by filing a notice rather than a motion; no court order is required and the notice is effective when filed.  *See, e.g., Marques v. Federal Reserve Bank of Chicago,* 286 F.3d 1014, 1018 (7th Cir. 2002) (order entered after voluntary dismissal is void); *Commercial Space*

*Management Co., Inc. v. The Boeing Co., Inc.,* 193 F.3d 1074, 1076 (9th Cir. 1999) (once notice is file, court loses jurisdiction over the action).

  The Court is correct that Rule 41(a)(1) is subject to Rule 23(e).  However, Fed. R. Civ. P. 23(e) was specifically amended in 2003 to clarify that court approval of the voluntary dismissal of a putative class action is not required.  Approval is required only with respect to dismissal of a "*certified* class action."  *See* Fed. R. Civ. P. 23(e); 2003 Advisory Committee Notes, Rule 23 (noting that Rule 23(e) was amended to "resolve[] the ambiguity in former Rule 23(e)'s reference to dismissal or compromise of 'a class action.'  That language could be – and at times was – read to require court approval of settlements with putative class representatives that resolved only individual claims.  The new rule requires approval only the claims, issues, or defenses of a *certified* class are resolved by a settlement, voluntary dismissal, or compromise") (citation omitted, emphasis added).

  In support of the Court's Order, the Court cited to the part of *Moore's Federal Practice* dealing with Rule 41 and accurately so, but it appears that the editors of *Moore's* forgot to update the Rule 41 section of the treatise relating to dismissal of class actions.  However, the editors did revise the Rule 23 portion of the treatise, which unlike the Rule 41 portion states the now-correct rule of law:

> The court's powers and obligations to review and approve settlements or dismissals apply only to classes that have been certified, however.  Prior to 2003, the language of Rule 23(e) prevented any 'class action' from being 'dismissed or compromised without the approval of the court.'  Some, but not all, courts interpreting the pre-2003 language of the Rule 23(e) concluded that courts had a right and obligation to review a settlement or dismissal of any action in which there were class allegations, even if no class had been certified. As explained at § 23.64[2], there were sound reasons for taking this position.  Nonetheless, the 2003 amendments to Rule 23(e) intentionally resolved the debate in favor of limiting the courts' supervisory powers over dismissals and voluntary settlements to class actions in which a class has been certified.

5-23 *Moore's Federal Practice,* § 23.160 (footnotes omitted).

Here, although Mr. Laurent filed and briefed a motion for class certification, the Defendants opposed it and, as of March 14, 2006, the Court had not reached or granted it. Therefore, Mr. Laurent's right to dismiss pursuant to Rule 41(a)(1) was not limited by Rule 23(e).

Mr. Laurent and counsel thank the Court for the time it devoted to this case and regret any inconvenience they may have caused.  They would welcome the opportunity to address the Court's questions, but ask that the Court not require Mr. Laurent and counsel share their answers with anyone other than the Court or to do so under the heading of this now-dismissed action.

A proposed Order is attached.


Dated:  March 17, 2006                    Respectfully submitted,



                                          _____/s/ Eli Gottesdiener____
                                          Eli Gottesdiener

                                          **GOTTESDIENER LAW FIRM, PLLC**
                                          1025 Connecticut Avenue, N.W.
                                          Suite 1000
                                          Washington, D.C.  20036
                                          Phone:       (202) 243-1000
                                          Fax:         (202) 243-1001

                                          Attorney for Mr. Laurent